# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet

PHILADELPHIA _____ County

| For Prothonotary Use Only: |
| --- |
| Docket No: |

Filed and Attested by the
Office of Judicial Records
17 OCT 2025 01:59 pm
B. BALILONIS

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

## SECTION A

**Commencement of Action:**
- [X] Complaint
- [ ] Writ of Summons
- [ ] Petition
- [ ] Transfer from Another Jurisdiction
- [ ] Declaration of Taking

Lead Plaintiff's Name:
CLAUDE SIMPKINS

Lead Defendant's Name:
TAURUS HOLDINGS, INC., ET AL.

**Are money damages requested?** [X] Yes  [ ] No

Dollar Amount Requested:
(check one)
- [ ] within arbitration limits
- [X] outside arbitration limits

**Is this a *Class Action Suit*?** [ ] Yes  [X] No

**Is this an *MDJ Appeal*?** [ ] Yes  [X] No

Name of Plaintiff/Appellant's Attorney: MICHAEL V. TINARI, ESQUIRE

[ ] **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

## SECTION B

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** (*do not include Mass Tort*)
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [ ] Premises Liability
- [X] Product Liability (*does not include mass tort*)
- [ ] Slander/Libel/ Defamation
- [ ] Other: _____

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other: _____

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional: _____

**CONTRACT** (*do not include Judgments*)
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other _____
- [ ] Employment Dispute: Discrimination
- [ ] Employment Dispute: Other _____
- [ ] Other: _____

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other: _____

**CIVIL APPEALS**
Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other _____
- [ ] Zoning Board
- [ ] Other: _____

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [ ] Other: _____

Case ID: 251002020
Updated 1/1/2011
Control No.: 25112931

## NOTICE

**Pennsylvania Rule of Civil Procedure 205.5. (Cover Sheet) provides, in part:**

**Rule 205.5.    Cover Sheet**

(a)(1)   This rule shall apply to all actions governed by the rules of civil procedure except the following:

(i)      actions pursuant to the Protection from Abuse Act, Rules 1901 et seq.

(ii)     actions for support, Rules 1910.1 et seq.

(iii)    actions for custody, partial custody and visitation of minor children, Rules 1915.1 et seq.

(iv)     actions for divorce or annulment of marriage, Rules 1920.1 et seq.

(v)      actions in domestic relations generally, including paternity actions, Rules 1930.1 et seq.

(vi)     voluntary mediation in custody actions, Rules 1940.1 et seq.

(2)      At the commencement of any action, the party initiating the action shall complete the cover sheet set forth in subdivision (e) and file it with the prothonotary.

(b)      The prothonotary shall not accept a filing commencing an action without a completed cover sheet.

(c)      The prothonotary shall assist a party appearing pro se in the completion of the form.

(d)      A judicial district which has implemented an electronic filing system pursuant to Rule 205.4 and has promulgated those procedures pursuant to Rule 239.9 shall be exempt from the provisions of this rule.

(e)      The Court Administrator of Pennsylvania, in conjunction with the Civil Procedural Rules Committee, shall design and publish the cover sheet.  The latest version of the form shall be published on the website of the Administrative Office of Pennsylvania Courts at www.pacourts.us.

Case ID: 251002020
Control No.: 25112931

**LEONARD TINARI, LLP**
By:     Michael V. Tinari, Esquire
Attorney I.D. No. 51853                                    Attorneys for Plaintiff
171 W. Lancaster Avenue, 2nd Floor
Paoli, PA 19301
Telephone: (484) 328-8147
Email: mtinari@lt-lawyer.com

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA
## CIVIL ACTION – LAW

| | | |
|---|---|---|
| **CLAUDE SIMPKINS** | : | |
| 31 West Allegheny Ave, Apt 244 | : | NO. |
| Philadelphia, PA 19132 | : | |
| | : | **JURY TRIAL DEMANDED** |
| Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| **TAURUS HOLDINGS, INC** | : | |
| **d/b/a TAURUS USA** | : | |
| 100 Taurus Way | : | |
| Bainbridge, Georgia 39817 | : | |
| **&** | : | |
| **TAURUS INTERNATIONAL** | : | |
| **MANUFACTURING, INC** | : | |
| 100 Taurus Way | : | |
| Bainbridge, Georgia 39817 | : | |
| **&** | : | |
| **TAURUS ARMAS S.A.** | : | |
| **f/k/a FORJAS TAURUS S.A.** | : | |
| 100 Taurus Way | : | |
| Bainbridge, Georgia 39817 | : | |
| And | : | |
| Av. São Borja, 2181 | : | |
| São Leopoldo, 93035-411, Brazil | : | |
| **&** | : | |
| **FIRING LINE, INC.** | : | |
| 1532 S. Front Street | : | |
| Philadelphia, PA 19147 | : | |
| **&** | : | |

1

Case ID: 251002020
Control No.: 25112931

**THE ARSENAL GUN SHOP LLC**　　　　　　　:
1924 Cooper Street　　　　　　　　　　　　　:
Deptford, NJ 08096　　　　　　　　　　　　:
　　　　　**&**　　　　　　　　　　　　　　:
**JOHN DOE PERSONS AND ENTITIES**　:　　CIVIL ACTION
　　　Defendants　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:
_____ :

## COMPLAINT – CIVIL ACTION
## NOTICE TO DEFEND

<table>
<tr><td align="center">NOTICE</td><td align="center">AVISO</td></tr>
<tr><td>

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action  within twenty (20) days after this complaint and notice are  served, by entering a written appearance personally or by attorney  and filing in writing with the court your defenses or objection to  the claims set forth against you.  You are warned that if you fail  to do so the case may proceed without you and a judgment may  be entered against you by the court without further notice for any  money claimed in the complaint or for any other claim or relief  requested by the plaintiff.  You may lose money or property or  other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT  AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET

LEGAL HELP.

</td><td>

Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación.  Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su personá.  Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación.  Además, la corte puede decidir a favor del demandante y  requiere que usted cumpla con todas las provisiones de esta  demanda.  Usted puede perder dinero o sus propiedades o otros   derechos importantes para usted.

LLEVE  ESTA  DEMANDA  A  UN  ABOGADO INMEDIATAMENTE.  SI NO TIENE ABOGADO O SI NO

</td></tr>
<tr><td align="center">

Philadelphia Bar Association  Lawyer
Referral and Information Service
One Reading Center  Philadelphia,
Pennsylvania 19107
Telephone (215) 238-1701

</td><td>

TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

Asociacion De Licenciados De
Filadelfia  Servicio De Referencia E
Informacion Legal  One Reading
Center
Filadelfia, Pennsylvania 19107
Telefono:  (215)238-1701

</td></tr>
</table>

2

Case ID: 251002020
Control No.: 25112931

**LEONARD TINARI, LLP**
By:    Michael V. Tinari, Esquire
Attorney I.D. No. 51853                           Attorneys for Plaintiff
171 W. Lancaster Avenue, 2ⁿᵈ Floor
Paoli, PA 19301
Telephone: (484) 328-8147
Email: mtinari@lt-lawyer.com

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA
## CIVIL ACTION – LAW

| | |
|---|---|
| **CLAUDE SIMPKINS** : | NO. |
| 31 West Allegheny Ave, Apt 244 : | |
| Philadelphia, PA 19132 : | |
| : | **JURY TRIAL DEMANDED** |
| Plaintiff : | |
| : | |
| vs. : | |
| : | |
| **TAURUS HOLDINGS, INC** : | |
| **d/b/a TAURUS USA** : | |
| 100 Taurus Way : | |
| Bainbridge, Georgia 39817 : | |
| **&** : | |
| **TAURUS INTERNATIONAL** : | |
| **MANUFACTURING, INC** : | |
| 100 Taurus Way : | |
| Bainbridge, Georgia 39817 : | |
| **&** : | |
| **TAURUS ARMAS S.A.** : | |
| **f/k/a FORJAS TAURUS S.A.** : | |
| 100 Taurus Way : | |
| Bainbridge, Georgia 39817 : | |
| And : | |
| Av. São Borja, 2181 : | |
| São Leopoldo, 93035-411, Brazil : | |
| **&** : | |
| **FIRING LINE, INC.** : | |
| 1532 S. Front Street : | |
| Philadelphia, PA 19147 : | |
| **&** : | |
| **THE ARSENAL GUN SHOP LLC** : | |
| 1924 Cooper Street : | |
| Deptford, NJ 08096 : | |
| **&** : | |

Case ID: 251002020
Control No.: 25112931

**JOHN DOE PERSONS AND ENTITIES**    :      CIVIL ACTION
        Defendants             :

_____  :

## *COMPLAINT*

Plaintiff, Claude Simpkins, by and through his attorney, Michal V. Tinari, Esquire, of Leonard Tinari LLP, respectfully represents and avers as follows:

## PARTIES

1.      Plaintiff, Claude Simpkins, is an adult individual who at the time of the injury averred herein resided at 1832 Callowhill Street, Apartment C, City of Philadelphia, and Commonwealth of Pennsylvania, and at the time of the filing of this civil action resides at 31 West Allegheny Ave, Apt 244, City of Philadelphia, and Commonwealth of Pennsylvania.

2.      Defendant, Taurus Holdings, Inc., d/b/a Taurus USA (individually referred to herein as "Taurus Holdings") is a Georgia corporation with its principal place of business located at 100 Taurus Way, Bainbridge, Georgia 39817. Defendant Taurus Holdings is, individually or jointly with one or more of the other Taurus Defendants, in the business of designing, manufacturing, assembling, distributing, importing, selling, marketing for sale, and advertising firearms.

3.      Defendant, Taurus International Manufacturing, Inc., (individually referred to herein as "Taurus International") is a Georgia corporation with its principal place of business located at 100 Taurus Way, Bainbridge, Georgia 39817. Defendant Taurus International is, individually or jointly with one or more of the other Taurus Defendants, in the business of designing, manufacturing, assembling, distributing, importing, selling, marketing for sale, and advertising firearms.

4.      Defendant, Taurus Armas S.A. f/k/a Forjas Taurus S.A. (individually referred to herein as "Taurus Armas") is a Brazilian company with its principal place of business located at Av. São Borja, 2181. São Leopoldo, 93035-411 Brazil and, upon information and belief, with

1

Case ID: 251002020
Control No.: 25112931

corporate offices at 100 Taurus Way, Bainbridge Georgia 39817. Defendant Taurus Armas is, individually or jointly with one or more of the other Taurus Defendants, in the business of designing, manufacturing, distributing, importing, exporting, selling, and marketing and otherwise advertising firearms.

5. Defendants Taurus Holdings, Taurus International, and Taurus Armas will be herein referred to collectively as the "Taurus Defendants."

6. Defendant, Firing Line, Inc., ("Firing Line") is a Pennsylvania corporation and licensed gun broker and dealer by the Bureau of Alcohol, Tobacco, Firearms and Explosives (referred to herein as the "ATF") with a Federal Firearms license. Its principal place of business is located at 1532 S. Front Street, Philadelphia, PA 19147.

7. Defendant, The Arsenal Gun Shop LLC, ("Arsenal") is a New Jersey limited liability company and licensed gun broker and dealer by the ATF with a Federal Firearms License. Its principal place of business is located at 1924 Cooper Street, Deptford, NJ 08096.

8. The Taurus Defendants, Firing Line, Arsenal and Defendants John Doe Persons and Entities (which John Doe Defendants are presently unknown to Plaintiff after a reasonable search with due diligence and as may hereafter be identified) are collectively referred to herein as the "Defendants".

9. Defendants John Doe Persons and Entities are fictitious individuals or entities who, along with known Defendants identified by name herein, are jointly and severally responsible and liable for the actions and omissions of the Defendants as described and averred more fully throughout Plaintiff's Complaint. The John Doe Persons and Entities will be herein referred to collectively as the "John Doe Defendants."

2

Case ID: 251002020
Control No.: 25112931

## JURISDICTION AND VENUE

10.    This Court has personal jurisdiction over the Taurus Defendants pursuant to the Pennsylvania Long-Arm Statute (42 Pa.C.S. §5322). Specifically, the Taurus Defendants, directly and by through their employees and agents, have engaged in systemic and ongoing business transactions in the Commonwealth of Pennsylvania, and have had continuous and substantial business connections in the Commonwealth of Pennsylvania at all times relevant to Plaintiff's averments and claims in this Complaint. The Taurus Defendants have chosen to manufacture, assemble, distribute, sell, import, export, market for sale, and advertise multiple types and brands of firearms, including the revolver that is the subject of this Complaint, throughout the United States, including the Commonwealth of Pennsylvania

11.    This Court has specific personal jurisdiction over the Taurus Defendants, because they have, directly and by and through their employees and agents:

(a)    operated, conducted, engaged in, or carried out a business venture in the United States, more specifically the State of Georgia ,designing. manufacturing, and assembling firearms under the "Taurus" and/or "Taurus USA" (and other) brand names, with the Taurus and Taurus USA brands of firearms being collectively referred to herein as "Taurus"), importing Taurus firearms under the "Taurus" brand name from Brazil into the State of Georgia, distributing Taurus firearms throughout the United States, including within the Commonwealth of Pennsylvania, under the "Taurus" brand name, and receiving revenues from such importation and distribution of the firearms under the "Taurus" brand name, such that specific personal jurisdiction arises under 42 Pa.C.S. §5322(a)(1)(i)(ii)(iii) & (iv);

3

Case ID: 251002020
Control No.: 25112931

(b)     committed various tortious acts and caused harm within the Commonwealth of Pennsylvania, including but not limited to the Plaintiff, by designing, manufacturing, advertising and otherwise marketing for sale, distributing, and selling  a defective Model 605 .357 caliber  revolver, Serial Number AGA9801 (hereinafter "Taurus Model 605" or 'Revolver") such that specific jurisdiction arises under 42 Pa.C.S. §5322(a)(3) and (4);

(c)     caused injury to Plaintiff, a resident of the Commonwealth of Pennsylvania arising out of an act or omission by it outside of the Commonwealth of Pennsylvania while products, materials, or things processed, serviced, manufactured, or assembled by them in Brazil and elsewhere were used or consumed within the Commonwealth of Pennsylvania in the ordinary course of commerce, trade, or use that has caused injuries to Plaintiff arising out of the design, manufacture, assembling, distribution, and marketing of the Taurus Model 605 revolver outside of the Commonwealth of Pennsylvania while the revolver processed, serviced, manufactured, or assemble by Taurus Armas or other Taurus Defendant were used or consumed in the Commonwealth of Pennsylvania in the ordinary course of commerce, trade or use, such that specific personal jurisdiction arises under 42 Pa.C.S. §5322.

12.     This Court has general personal jurisdiction over the Taurus Defendants because, as averred more fully herein, they have engaged in substantial and not isolated activity within the United States and the Commonwealth of Pennsylvania, including but not limited to the continuous, ongoing, extensive importation of thousands of firearms into the United States and the Commonwealth of Pennsylvania from Brazil under the "Taurus" brand name(s) and distributing the revolvers and other firearms throughout the United States under the "Taurus" brand name(s), such that general personal jurisdiction arises under 42 Pa.C.S. §5322(a)(1)-(iv) and (2).

Case ID: 251002020
Control No.: 25112931

13. This Court has personal jurisdiction over Defendant Arsenal because it has committed various tortious acts which have caused harm within the Commonwealth of Pennsylvania, including but not limited injury and damages to Plaintiff, by the advertising, selling and distribution of the defective Taurus Model 605 revolver, such that specific jurisdiction arises under 42 Pa.C.S. §5322(a)(4);

14. Jurisdiction is proper against Defendant Firing Line because Firing Line is a business entity with its principal place of business in Philadelphia, Pennsylvania.

15. Venue is proper in Philadelphia County because, pursuant to Pa.R.C.P. 1006(a)(3), a transaction or occurrence took place out of which the cause of action arose in Philadelphia County.

## FACTS

16. Plaintiff incorporates the foregoing averments as if same were stated below again at length.

17. Defendants Taurus Holdings and Taurus International are subsidiaries of Defendant Taurus Armas.

18. Defendant Taurus Armas is the global parent company of Taurus Holdings, Taurus International and Taurus USA and one of the largest small firearms manufacturers in the world. It produces, distributes and sells firearms and other industrial products throughout the world, including the Commonwealth of Pennsylvania and manufactures distributes and sells revolvers under the brand name "Taurus" and distributes revolvers and other firearms throughout the United States and the Commonwealth of Pennsylvania under the "Taurus" brand name through co-Defendants, Taurus International and Taurus Holdings.

Case ID: 251002020
Control No.: 25112931

19. Defendant Taurus Holdings is a holding company formed and owned by Taurus Armas and the parent company of co-Defendant Taurus International, and they are both in the business of designing, manufacturing, selling, distributing, and marketing for sale firearms, including the Taurus Model 605 revolver, throughout the United States and the Commonwealth of Pennsylvania. In addition, the Taurus Defendants designed, manufactured, assembled, marketed, imported, and distributed revolvers and other firearms, including the Taurus Model 605 revolver at issue in this action, in the Commonwealth of Pennsylvania and elsewhere.

20. Taurus USA is a division of Taurus Holdings and is the importer and distributor of Taurus firearms in the United States, including the Commonwealth of Pennsylvania. It ensures compliance with United States regulations and manages marketing and sales.

21. In addition, the Taurus Defendants manufacture, assemble, market, import, sell, and distribute revolvers and other firearms, including the subject Taurus Model 605 revolver, in the Commonwealth of Pennsylvania and elsewhere within the United States.

22. Forty manufacturers dominated the firearms market in the United States in 2023, controlling over 92% of the total domestic output. Of those manufacturers, Taurus Defendants were the tenth largest manufacturer of firearms in terms of sales in 2022 as reported by the ATF.

23. The subject defective Taurus Model 605 revolver was designed, manufactured, assembled, marketed for sale, distributed, and sold under the Taurus brand. Photos of the subject Taurus Model 605 revolver and packaging are attached as Exhibit A.

24. The Taurus Model 605 revolver is a compact double action revolver designed for individuals to carry concealed.

6

Case ID: 251002020
Control No.: 25112931

25.	Upon information and belief, the Taurus Model 605 revolver is manufactured or assembled (or both) by Taurus Armas and Taurus Holdings and/or Taurus International Manufacturing at the Taurus Defendants' facility located in Georgia.

26.	Upon information and belief, the Taurus Model 605 revolver was manufactured by Taurus Armas in Brazil and Taurus Holdings and/or Taurus International in Georgia but was eventually remanufactured by Taurus International and/or Taurus Holdings in Georgia.

27.	The Taurus Defendants' corporate structures and operations are so intertwined from an organizational standpoint and contractually for each other's responsibilities and liabilities that they are essentially acting under and within one business enterprise with regard to the averments in this Complaint.

28.	This structure allows Taurus Armas to maintain a strong presence in the United States market while leveraging local manufacturing, distribution and service capabilities through its subsidiaries subject to its corporate governance.

29.	The Taurus Defendants design, manufacture, and assemble nearly every part of the revolvers sold under the Taurus brands, including the cylinders, frames, barrels, forcing cones and mechanisms by which the cylinder is attached to the frame.

30.	The Taurus Defendants have designed, manufactured, and distributed various revolvers, including the Taurus Model 605 revolver that is the subject of this action, with defects. These defects include but are not limited to a defect in which the cylinder, forcing cone and barrel are dangerously and defectively misaligned, which causes the bullet to scrape against the barrel upon firing, shaving off pieces of the bullet and creating a blowback of dangerous shrapnel which can seriously injure, maim, or kill an individual operating the firearm or bystanders.

Case ID: 251002020
Control No.: 25112931

31.    The Taurus Defendants have knowingly manufactured, marketed and sold thousands of defective misaligned revolvers to consumers throughout the United States, including to the Plaintiff.

32.    Despite knowing about the alignment defect in Taurus 605 model revolvers for years, the Taurus Defendants consciously and intentionally have failed to warn consumers or voluntarily recall them, including the Plaintiff who was seriously injured by shrapnel ejected from a defective Taurus 605 revolver.

33.    The Taurus Defendants have been alerted to this defect by other consumers in the past, offering replacements for misaligned revolvers under the company's warranty when the defect occurs in lieu of actually correcting the design and manufacture processes to eliminate the known defect.

34.    The Taurus Defendants ignored the indisputable evidence of the same defect in the Taurus 605 revolver firearm that has injured Plaintiff and which had been known to occur dating back to at least 2012. Several videos available on the Internet demonstrate this defect, up to and including injuring the videographer. Screenshots of the videos and community forums demonstrating the revolver's defect are attached hereto as Exhibit "B."

35.    Instead of recalling the Taurus Model 605 revolver from the market or stopping sales of this make of revolver until the defect can be eliminated, the Taurus Defendants have continued to sell the revolver to uninformed end users and as such chose sales and profits over safety

36.    Additionally, Taurus International and Taurus Holdings continue to receive Taurus Model 605 revolvers that are manufactured by Taurus Armas in Brazil and imported to the United States for distribution despite notice of such defect as has injured Plaintiff.

Case ID: 251002020
Control No.: 25112931

37. The Taurus Defendants regularly engage in the business of distributing Taurus Model 605 make revolvers and other firearms to federally licensed sellers of firearms across the United States including such licensed dealers located in the Commonwealth of Pennsylvania and the State of New Jersey.

38. Defendant Firing Line regularly engages in the business of offering for sale and selling Taurus Model 605 revolvers and other firearms to end-users in the Commonwealth of Pennsylvania. Defendant Firing Line additionally represents its staff as particularly knowledgeable about the firearms sold to customers. See Firing Line website representations attached as Exhibit "C."

39. Defendant Arsenal regularly engages in the business of advertising, offering for sale, selling, distributing, and marketing Taurus Model 605 revolvers and other firearms to end-users via its extensive website and other adverting material throughout the United States, including within the Commonwealth of Pennsylvania. As such, Arsenal uses and regularly conducts business with Firing Line in the distribution, sale and registration and ownership of firearms, including the sale of revolvers to end-users in the Commonwealth of Pennsylvania. Defendant Arsenal additionally represents itself as a provider of the "highest quality" firearms. See Arsenal website representations attached as Exhibit "D."

40. On or about August 10, 2024, Plaintiff Claude Simpkins purchased a new, never-used Taurus Model 605 Revolver from Defendants Arsenal and Firing Line.

41. Plaintiff's status as a Pennsylvania resident necessitated the transfer of title to the Taurus 605 revolver at issue in this action and which injured Plaintiff from Arsenal to Firing Line before ownership passed to Plaintiff.

9

Case ID: 251002020
Control No.: 25112931

42.     Firing Line sold, distributed and transferred ownership of the Taurus 605 revolver to Plaintiff, Claude Simpkins. Copies of the Transfer paperwork referencing the sale to Plaintiff is attached as Exhibit "E".

43.     On or about January 30, 2025, at approximately 2:30pm, Plaintiff Claude Simpkins took his Taurus Model 605 Revolver to Range 609, a firing range in Middle Township, New Jersey to use the revolver for the first time since he purchased the gun.

44.     Plaitiff then proceeded to fire the .357 Magnum rounds from the revolver. After firing the second round from the Taurus 605 revolver, the Plaintiff felt a hot stabbing feeling pain on the left side of his face. He placed the revolver down and touched the left side of his face – discovering that his face was bleeding profusely. In essence, firing the Taurus 605 revolver resulted in him being shot in the face by the gun.

45.     Plaintiff immediately retrieved gauze from a nearby first aid kit to stop the bleeding and unloaded the remaining bullets from his revolver.

46.     The owner of the gun range spoke with Plaintiff and strongly advised him to immediately go to the emergency room of a hospital.

47.     Until the point where the Plaintiff sought to use the revolver at the firing range on January 30, the Taurus 605 revolver had not been used or altered in any way.

48.     The Plaintiff, being a retired law enforcement officer, military veteran and experienced firearm user, had at no point prior to shooting the gun at said gun range taken any action which might have manipulated or altered the alignment of the revolver's cylinder.

49.     Plaintiff left the gun range and went immediately to Cooper Cape Regional Emergency Room ("Cooper") to obtain treatment.

Case ID: 251002020
Control No.: 25112931

50.    A CT scan performed by physicians at Cooper revealed that a "metallic foreign body measuring 4.5x4mm" had entered the left side of his face.

51.    After obtaining the results from the CT scan at Cooper, the Plaintiff made an appointment at Thomas Jefferson University Health seeking further diagnosis and treatment and was seen there by Dr. Khashayar Arianpour on February 5, 2025.

52.    Upon observing the Plaintiff's injuries and the results of the CT scan, Dr. Arianpour diagnosed the injuries to Plaintiff as being "consistent with a patient who presents with left malar foreign body secondary to back firing of shrapnel from the 357 magnum on January 30, 2025." A true and correct copy of the 2/5/2025 medical report from Dr. Arianpour is attached hereto as Exhibit "F."

53.    The CT scan revealed that the shrapnel was lodged so deeply in the Plaintiff's face that removal required urgent surgical intervention.

54.    The surgeon who performed the operation, Dr. Howard Krein, at Thomas Jefferson University Health, informed Plaintiff that because the shrapnel was embedded so deeply in his face and struck vital nerves, he would need to undergo anesthesia for the surgery.

55.    Since the surgery, Plaintiff has been routinely following up with Dr. Krein to help with his recovery and deal with his ongoing medical issues directly resulting from the injuries he suffered when he fired the Taurus 605 revolver at the gun range.

56.    In addition to intense ongoing pain, permanent nerve damage, and permanent scarring, and despite the fact that he is an experienced gun owner, Plaintiff now experiences moments of severe anxiety around guns, specifically regarding the possibility of blowback from shrapnel that he had never experienced before.

11

**COUNT I – NEGLIGENCE**
**CLAUDE SIMPKINS v. ALL TAURUS DEFENDANTS**

56.     Plaintiff, Claude Simpkins, hereby incorporates the averments in the foregoing paragraphs by reference as though same were set forth fully at length herein.

57.     At all times relevant to this action, the Taurus Defendants had the duty to exercise that degree of care that a reasonably prudent firearm manufacturer and/or distributor should use in the design, testing, selection, manufacture, assembly, marketing, supply, distribution and sales of its firearms, including the Taurus Model 605 revolver purchased by the Plaintiff.

58.     The negligent, careless, and reckless conduct of the Defendants caused Plaintiff's injuries and the Taurus Defendants or their agents, servants, workmen, employees, or contractors acted with a total disregard for the risk of harm to the plaintiff, which conduct consisted of, but was not limited to, one of the following.

> (a)     the common design of the cylinder of the Taurus Model 605 revolver is defective;
>
> (b)     the common design of the barrel of the Taurus Model 605 revolver to which the cylinder is aligned is defective;
>
> (c)     the common design of the frame of the Taurus Model 605 revolver to which the cylinder is attached is defective;
>
> (d)     failing to warn the Plaintiff of the dangers involved with using the Taurus Model 605 revolver that contained the cylinder alignment defect;
>
> (e)     failing to properly inspect, manage, and make the revolver safe;
>
> (f)     failing to place any warnings on the revolver informing the user that a serious injury could occur if the revolver's cylinder is not properly aligned with the barrel upon firing, and that such misalignments are endemic to the Taurus Model 605 revolver;
>
> (g)     failing to design a revolver without the cylinder alignment defect.

12

Case ID: 251002020
Control No.: 25112931

(h)    designing, manufacturing, distributing, and selling a Taurus Model 605 revolver with a design defect that causes shrapnel to blow back upon the user when fired;

(i)    failing to properly test the Taurus Model 605 revolver;

(j)    failing to advise users, including the Plaintiff, of the dangerous and defective design of the Taurus Model 605 revolver, as set forth above, after being specifically notified of the same through warranty claims submitted to them and public videos discussing and testing the defect;

(k)    Taurus Defendants were negligent under the doctrine of *res ipsa loquitur* as the Plaintiff would not have suffered injuries, as set forth above, if not for the Taurus Model 605 revolver shaving metal shrapnel off of the bullet when fired.

59.    As a direct result of the conduct of the Taurus Defendants, the Plaintiff sustained serious and permanent injuries, including but not limited to, a traumatic piece of shrapnel from a .357 ammunition round shot into his face with resulting nerve injury, severe shock to his nervous system, scarring, and all of which have caused permanent nerve damage, pain, suffering, mental anguish, distress, inconvenience, loss of feeling of well-being, hypoesthesia, loss of ability to enjoy life and normal activities, embarrassment, humiliation, nervousness and loss of self-confidence, all of said injuries are permanent and will continue into the future for an indefinite period.

60.    As a result of the injuries sustained by Plaintiff herein, he has undergone in the past and will continue to undergo in the future pain and suffering.

61.    As a result of the injuries sustained by the Plaintiff herein, he has or may suffer a permanent diminution in the ability to enjoy life and life's pleasures.

62.    As a result of the injuries sustained by the Plaintiff herein, he has or may suffer permanent disability, loss of income or permanent impairment of earning power and capacity.

63.    As a result of the injuries sustained by the Plaintiff herein, he has incurred medical expenses and may incur medical expenses in the future.

13

Case ID: 251002020
Control No.: 25112931

64. As the Taurus Defendants' actions were intentional, willful, malicious, wanton and/or egregious, as set forth above, the Plaintiff is entitled to an award of punitive damages.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendants, Taurus International Manufacturing, Inc., Taurus Holdings, Inc., and Taurus Armas S.A., in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

## COUNT II – 402A STRICT LIABILITY
## CLAUDE SIMPKINS v. ALL TAURUS DEFENDANTS

65. Plaintiff, Claude Simpkins, hereby incorporates the averments in the foregoing paragraphs by reference as though same were set forth fully at length herein.

66. The Taurus Defendants did design, manufacture, distribute, and sell the aforementioned Taurus Model 605 revolver, knowing of its ultimate use by persons such as Plaintiff Claude Simpkins, which was defective and/or poorly designed and/or lacked the proper warnings or instructions, and was in such a condition as to be unreasonably dangerous to the ultimate user and others, at the time of its sale.

67. The Taurus Defendants designed the Taurus Model 605 revolver with a barrel, forcing cone and /or cylinder alignment defect, rendering it inherently dangerous and creating a substantial, clear, extreme, and unreasonable risk of serious injury or death to the purchasers and gun users, including the Plaintiff. The Taurus Defendants manufactured, assembled, marketed, distributed, and sold the Taurus Model 605 revolver with the defect. The revolver was in the same defective condition due to the misaligned cylinder from the time it left the Taurus Defendants' control until it reached the Plaintiff.

14

Case ID: 251002020
Control No.: 25112931

68.     The Taurus Model 605 revolver was sold in a substantially and unreasonably dangerous condition to an extent beyond that which would be contemplated by the ordinary consumer, including the Plaintiff.

69.     As a direct and proximate result of the facts alleged above, the Plaintiff was exposed to a clear, substantial, and unreasonable risk of serious injury from the cylinder alignment defect, and was seriously injured due to the same, as set forth above.

70.     The Taurus Defendants are strictly liable in tort for the injuries and damages to the Plaintiff that resulted from the unintentional and unwanted discharge of the Taurus Model 605 revolver, as set forth above.

72.     Plaintiff maintains that the Taurus Defendants, being the manufacturers, designers, and/or distributors, are strictly liable to the Plaintiff pursuant to the provisions of Section 402A of the Restatement (second) of Torts said defects being, as set forth above, and including but not limited to the following:

> (a)     the common design of the revolver's cylinder and forcing cone are defective;
>
> (b)     the common design of the barrel of the Taurus Model 605 revolver to which the cylinder is aligned is defective;
>
> (c)     the common design of the frame of the Taurus Model 605 revolver to which the cylinder is attached is defective;
>
> (d)     in the course of regular use, the cylinder which houses the ammunition must align with the barrel of the firearm such that the bullet will be unobstructed when fired, yet the design allowed the cylinder to function while misaligned, allowing for the bullet to strike the firearm itself;
>
> (e)     failing to provide proper and adequate signs or other warning devices to persons, like the Plaintiff, using the revolver;
>
> (f)     failing to properly inspect, manage, and make the revolver safe;

15

Case ID: 251002020
Control No.: 25112931

(g)    failing to ensure proper alignment and safe passage of the bullet during the manufacturing process;

(h)    failing to place any warnings on the revolver informing the user that a serious injury could occur if the revolver is fired, due to the alignment defect;

(i)    failing to design a revolver without the alignment defect;

(j)    failing to ensure proper timing upon firing;

(k)    allowing cylinder locking; and

(l)    improper and unsafe milling of the revolver.

72.    As a direct result of the conduct of the Taurus Defendants, the Plaintiff sustained serious and permanent injuries, including but not limited to a traumatic piece of shrapnel from a .357 ammunition round shot into his face with resulting nerve injury, severe shock to his nervous system, scarring, and all of which have caused permanent nerve damage, pain, suffering, mental anguish, distress, inconvenience, loss of feeling of well-being, hypoesthesia, loss of ability to enjoy life and normal activities, embarrassment, humiliation, nervousness and loss of self-confidence, all of said injuries are permanent and will continue into the future for an indefinite period.

73.    As a result of the injuries sustained by Plaintiff herein, he has undergone in the past and will continue to undergo in the future pain and suffering.

74.    As a result of the injuries sustained by the Plaintiff herein, he has or may suffer a permanent diminution in the ability to enjoy life and life's pleasures.

75.    As a result of the injuries sustained by the Plaintiff herein, he has or may suffer permanent disability, loss of income or permanent impairment of earning power and capacity.

76.    As a result of the injuries sustained by the Plaintiff herein, he has incurred medical expenses and may incur medical expenses in the future.

16

Case ID: 251002020
Control No.: 25112931

77.     As the Taurus Defendants' actions were intentional, willful, malicious, wanton and/or egregious, as set forth above, the Plaintiff is entitled to an award of punitive damages.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendants, Taurus International Manufacturing, Inc., Taurus Holdings, Inc., and Taurus Armas S.A., in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

## COUNT III – 402B STRICT LIABILITY
## CLAUDE SIMPKINS v. ALL TAURUS DEFENDANTS

78.     Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

79.     At all times material to this Complaint, the Taurus Defendants were engaged in the business of selling firearms, including the sale of the Taurus Model 605 revolvers to users or consumers.

80.     The Taurus Defendants sold the Taurus Model 605 revolver that was defective and unreasonably dangerous to the public, including the Plaintiff, but advertising, labeling, or otherwise making misrepresentations of materials facts concerning the character or quality of the Taurus Model 605 revolver, and the Plaintiff justifiably relied upon the misrepresentations to purchase the revolver. Defendants, in particular, misrepresented the safety and quality of the revolver through advertising, specifically on its website. See Taurus website representations attached as Exhibit "G."

81.     Specifically, the Taurus Defendants sold the aforementioned Taurus Model 605 revolver, knowing of its ultimate use by persons such as the Plaintiff, which was defective and/or poorly designed and/or lacked the proper warnings or instructions, and was in such a condition as

17

Case ID: 251002020
Control No.: 25112931

to be unreasonably dangerous to the ultimate user and others, including the Plaintiff, as outlined above, at the time of sale.

82.     Plaintiff's injuries, as outlined above, were caused by the defects which were present in the Taurus Model 605 revolver, and the Taurus Defendants are liable pursuant to section 402B of the Restatement (second) of Torts.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendants, Taurus International Manufacturing, Inc., Taurus Holdings, Inc., and Taurus Armas S.A., in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

**COUNT IV – BREACH OF WARRANTY**
**CLAUDE SIMPKINS v. ALL TAURUS DEFENDANTS**

83.     Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

84.     For the reasons set forth at length in this Complaint, which are incorporated herein, the subject Model 605 revolver was defective, unsafe, not fit for the ordinary purpose for which it was used, and was not of merchantable quality at the time it was sold.

85.     At a time prior to the January 30 injury, the Taurus Defendants expressly or in some other manner represented warranties that the subject Model 605 revolver was proper, fit, and safe for its intended uses and of merchantable quality.

86.     By designing, manufacturing, distributing, selling, servicing, and maintaining the subject Model 605 revolver and its component parts, the Taurus Defendants expressly and impliedly warranted that the subject Model 605 revolver was of merchantable quality, effective, proper, fit, and safe for ordinary and particular purposes for which it was old and free from all defects.

18

Case ID: 251002020
Control No.: 25112931

87.     The representations and warranties set forth in the preceding paragraphs formed part of the bargain for selling the subject Model 605 Revolver and were relied upon by the purchase.

88.     In truth and fact, the above representations of the Taurus Defendants were false.

89.     The subject Model 605 revolver was not effective, proper fit, or safe for its intended uses.

90.     The Taurus Defendants breached express and/or implied warranties regarding the subject Model 605 Revolver.

91.     As a direct and proximate result of the Taurus Defendant's breach of the aforementioned express and/or implied warranties, Plaintiff sustained injuries and damages set forth above.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendants, Taurus International Manufacturing, Inc., Taurus Holdings, Inc., and Taurus Armas S.A., in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

### COUNT V – 402A STRICT LIABILITY
### CLAUDE SIMPKINS v. FIRING LINE, INC.

92.     Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

93.     At all times material hereto, Defendant Firing Line, Inc. was engaged in the distribution and sale of the Taurus Model 605 revolver to users or consumers.

94.     Defendant Firing Line distributed and sold the subject Taurus Model 605 revolver that was defective and unreasonably dangerous to the Plaintiff, as a user or consumer, without substantial change in the condition in which it was sold.

19

95.     Defendant Firing Line distributed and  sold the subject Taurus Model 605 revolver, knowing of its ultimate use by persons such as the Plaintiff, which was defective and/or poorly designed and/or lacked the proper warnings or instructions, and was in such condition as to be unreasonably dangerous to the ultimate user and others, including the Plaintiff, as outlined above, at the time of its sale.

96.     Plaintiff's injuries, as outlined above, were caused by the defects which were present in the Taurus Model 605 revolver, pursuant to section 402A of the Restatement (second) of Torts.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendant Firing Line, Inc., in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

## COUNT VI – 402B STRICT LIABILITY
## CLAUDE SIMPKINS v. FIRING LINE, INC.

97.     Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

98.     At all times material, Defendant Firing Line was engaged in the business of selling firearms, including the sale of the Taurus Model 605 revolvers to users or consumers.

99.     Defendant Firing Line distributed and  sold the  Taurus Model 605 revolver that was defective and unreasonably dangerous to the public, including the Plaintiff, by advertising, labeling, or otherwise made misrepresentations of material facts concerning the character or quality of the Taurus Model 605 revolver, and the Plaintiff justifiably relied upon the misrepresentations to purchase the revolver.

100.    Specifically, the Defendant Firing Line distributed and  sold the aforementioned Taurus Model 605 revolver, knowing of its ultimate use by persons such as the Plaintiff herein,

20

Case ID: 251002020
Control No.: 25112931

which was defective and/or poorly designed and/or lacked the proper warnings or instructions, and was in such condition as to be unreasonably dangerous to the ultimate user and others, including the Plaintiff, as outlined above, at the time of its sale.

101.    Plaintiff's injuries, as outlined above, were caused by the defects which were present in the Taurus Model 605 revolver, and the Defendant Firing Line is liable pursuant to section 402B of the Restatement (Second) of Torts.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendant, Firing Line, Inc., in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

## COUNT VII – NEGLIGENCE
## CLAUDE SIMPKINS v. FIRING LINE, INC.

102.    Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

103.    At all relevant times, Defendant owed a duty to distribute the product with the exercise of reasonable care, with the necessary information provided with the product.

104.    The negligent, careless, and reckless conduct of the Defendant caused Plaintiff's injuries and Firing Line or its agents, servants, workmen, employees, or contractors acted with a total disregard for the risk of harm to the plaintiff, which conduct consisted of, but was not limited to, one of the following:

(a)    failing to warn the Plaintiff of the dangers involved with using the Taurus Model 605 revolver that contained the cylinder alignment defect;

(b)    failing to properly inspect, manage, and make the revolver safe;

(c)    failing to use due care in distributing and selling the Taurus Model 605 revolver;

21

Case ID: 251002020
Control No.: 25112931

(d)    failing to make reasonable tests and/or inspections to discover the defective, hazardous and unreasonably dangerous conditions relating to the revolver's propensity for misalignment as described above.

(e)    negligently failing to place any warnings on the revolver informing the user that a serious injury could occur if the revolver's cylinder is not properly aligned with the barrel upon firing, and that such misalignments are endemic to the Taurus Model 605 revolver;

(f)    negligently failing to unambiguously warn purchasers and end users of the gun, including Plaintiff, of said defective, hazardous and unreasonably dangerous conditions relating to its design and manufacture, about which it knew or should have known through the exercise of ordinary care;

(g)    failing to discover the defective, hazardous and unreasonably dangerous conditions relating to the Taurus Model 605 revolver's propensity for misalignment between the cylinder and the barrel;

(h)    misrepresenting the dangers and hazards posed by the Taurus Model 605 revolver;

(i)    distributing and selling a Taurus Model 605 revolver with a design defect that causes shrapnel to blow back upon the user when fired;

(j)    failing to properly test the Taurus Model 605 revolver;

(k)    defendant Firing Line was negligent under the doctrine of *res ipsa loquitur* as the Plaintiff would not have suffered injuries, as set forth above, if not for the Model 605 revolver shaving metal shrapnel off of the bullet when fired; and

(l)    other negligent acts and omissions to be developed in the course of discovery.

105.    Defendant knew, or should have known, that exposing users to the dangerous and defective and hazardous conditions existing in the gun would or could give rise to serious bodily injuries to such users, up to and including death.

106.    Defendant's negligence, as alleged in this Count, directly and proximately caused shrapnel from the Taurus Model 605 revolver to strike and seriously injure Plaintiff Claude Simpkins.

22

Case ID: 251002020
Control No.: 25112931

107.    As a direct result of the conduct of Defendant Firing Line  the Plaintiff sustained serious and permanent injuries, including but not limited to, a traumatic piece of shrapnel from a .357 ammunition round shot into his face with resulting nerve injury, severe shock to his nervous system, scarring, and all of which have caused permanent nerve damage, pain, suffering, mental anguish, distress, inconvenience, loss of feeling of well-being, hypoesthesia, loss of ability to enjoy life and normal activities, embarrassment, humiliation, nervousness and loss of self-confidence, all of said injuries are permanent and will continue into the future for an indefinite period.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendant, Firing Line, Inc., in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

**COUNT VIII – BREACH OF WARRANTY**
**CLAUDE SIMPKINS v. FIRING LINE, INC.**

108.    Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

109.    For the reasons set forth at length in this Complaint, which are incorporated herein, the subject Model 605 revolver was defective, unsafe, not fit for the ordinary purpose for which it was used, and was not of merchantable quality at the time it was sold.

110.    At a time prior to the January 30 injury, Defendant Firing Line, Inc. expressly or in some other manner represented warranties that the subject Model 605 revolver was proper, fit, and safe for its intended uses and of merchantable quality.

111.    By distributing, selling, servicing, and maintaining the subject Model 605 revolver and its component parts, Firing Line, Inc. expressly and impliedly warranted that the subject Model 605 revolver was of merchantable quality, effective, proper, fit, and safe for ordinary and particular purposes for which it was old and free from all defects.

23

Case ID: 251002020
Control No.: 25112931

112.    The representations and warranties set forth in the preceding paragraphs formed part of the bargain for selling the subject Model 605 Revolver and were relied upon by the purchase.

113.    In truth and fact, the above representations of Firing Line, Inc. were false.

114.    The subject Model 605 revolver was not effective, proper fit, or safe for its intended uses.

115.    Firing Line, Inc. breached express and/or implied warranties regarding the subject Model 605 Revolver.

116.    As a direct and proximate result of Defendant's breach of the aforementioned express and/or implied warranties, Plaintiff sustained injuries and damages set forth above.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendant, Firing Line, Inc., in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

**COUNT IX – 402A STRICT LIABILITY**
**CLAUDE SIMPKINS v. THE ARSENAL GUN SHOP LLC**

117.    Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

118.    At all times material, Defendant The Arsenal Gun Shop LLC. was engaged in the sale of the Taurus Model 605 revolver to users or consumers.

119.    Defendant Arsenal distributed and sold the subject Taurus Model 605 revolver that was defective and unreasonably dangerous to the Plaintiff, as a user or consumer, without substantial change in the condition in which it was sold.

120.    Defendant Arsenal distributed and sold the subject Taurus Model 605 revolver, knowing of its ultimate use by persons such as the Plaintiff, which was defective and/or poorly

24

Case ID: 251002020
Control No.: 25112931

designed and/or lacked the proper warnings or instructions, and was in such condition as to be unreasonably dangerous to the ultimate user and others, including the Plaintiff, as outlined above, at the time of its sale.

121.    Plaintiff's injuries, as outlined above, were caused by the defects which were present in the Taurus Model 605 revolver, pursuant to section 402A of the Restatement (second) of Torts.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendant The Arsenal Gun Shop LLC, in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

## COUNT X– 402B STRICT LIABILITY
## CLAUDE SIMPKINS v. THE ARSENAL GUN SHOP LLC

122.    Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

123.    At all times material, Defendant Arsenal was engaged in the business of selling firearms, including the sale of the Taurus Model 605 revolvers to users or consumers.

124.    Defendant Arsenal distributed and sold the subject Taurus Model 605 revolver that was defective and unreasonably dangerous to the public, including the Plaintiff, by advertising, labeling, or otherwise made misrepresentations of material facts concerning the character or quality of the Taurus Model 605 revolver, and the Plaintiff justifiably relied upon the misrepresentations to purchase the revolver.

125.    Specifically, the Defendant  Arsenal  sold the aforementioned Taurus Model 605 revolver, knowing of its ultimate use by persons such as the Plaintiff herein, which was defective and/or poorly designed and/or lacked the proper warnings or instructions, and was in such

25

Case ID: 251002020
Control No.: 25112931

condition as to be unreasonably dangerous to the ultimate user and others, including the Plaintiff, as outlined above, at the time of its sale.

126.    Plaintiff's injuries, as outlined above, were caused by the defects which were present in the Taurus Model 605 revolver, and the Defendant Arsenal  is liable pursuant to section 402B of the Restatement (Second) of Torts.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendant, The Arsenal Gun Shop LLC in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

## COUNT XI – NEGLIGENCE
## CLAUDE SIMPKINS v. THE ARSENAL GUN SHOP LLC

127.    Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

128.    At all relevant times, Defendant owed a duty to distribute the product with the exercise of reasonable care, with the necessary information provided with the product.

129.    The negligent, careless, and reckless conduct of the Defendant caused Plaintiff's injuries and  Arsenal or its agents, servants, workmen, employees, or contractors acted with a total disregard for the risk of harm to the plaintiff, which conduct consisted of, but was not limited to, one of the following:

> (a)    failing to warn the Plaintiff of the dangers involved with using the Taurus Model 605 revolver that contained the cylinder alignment defect;
>
> (b)    failing to properly inspect, manage, and make the revolver safe;
>
> (c)    failing to use due care in distributing and selling the Taurus Model 605 revolver;

26

Case ID: 251002020
Control No.: 25112931

(d)     failing to make reasonable tests and/or inspections to discover the defective, hazardous and unreasonably dangerous conditions relating to the gun's propensity for cylinder misalignment as described above.

(e)     negligently failing to place any warnings on the revolver informing the user that a serious injury could occur if the revolver's cylinder is not properly aligned with the barrel upon firing, and that such misalignments are endemic to the Taurus Model 605 revolver;

(f)     negligently failing to unambiguously warn purchasers and end users of the gun, including Plaintiff, of said defective, hazardous and unreasonably dangerous conditions relating to its design and manufacture, about which it knew or should have known through the exercise of ordinary care;

(g)     failing to discover the defective, hazardous and unreasonably dangerous conditions relating to the Model 605 revolver's propensity for misalignment between the cylinder and the barrel;

(h)     misrepresenting the dangers and hazards posed by the Taurus Model 605 revolver;

(i)     distributing and selling a Taurus Model 605 revolver with a design defect that causes shrapnel to blow back upon the user when fired;

(j)     failing to properly test the Taurus Model 605 revolver;

(k)     Defendant Arsenal was negligent under the doctrine of *res ipsa loquitur* as the Plaintiff would not have suffered injuries, as set forth above, if not for the Taurus Model 605 revolver shaving metal shrapnel off of the bullet when fired; and

(l)     other negligent acts and omissions to be developed in the course of discovery.

130.    Defendant knew, or should have known, that exposing users to the dangerous and defective and hazardous conditions existing in the gun would or could give rise to serious bodily injuries to such users, up to and including death.

131.    Defendant's negligence, as alleged in this Count, directly and proximately caused shrapnel from the Taurus Model 605 revolver to strike and seriously injure Plaintiff Claude Simpkins.

27

Case ID: 251002020
Control No.: 25112931

132.    As a direct result of the conduct of Defendant Arsenal , the Plaintiff sustained serious and permanent injuries, including but not limited to, a traumatic piece of shrapnel from a .357 ammunition round shot into his face with resulting nerve injury, severe shock to his nervous system, scarring, and all of which have caused permanent nerve damage, pain, suffering, mental anguish, distress, inconvenience, loss of feeling of well-being, hypoesthesia, loss of ability to enjoy life and normal activities, embarrassment, humiliation, nervousness and loss of self-confidence, all of said injuries are permanent and will continue into the future for an indefinite period.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendant, The Arsenal Gun Shop LLC, in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

### COUNT XII – BREACH OF WARRANTY
### CLAUDE SIMPKINS v. THE ARSENAL GUN SHOP LLC

133.    Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

134.    For the reasons set forth at length in this Complaint, which are incorporated herein, the subject Model 605 revolver was defective, unsafe, not fit for the ordinary purpose for which it was used, and was not of merchantable quality at the time it was sold.

135.    At a time prior to the January 30 injury, Defendant The Arsenal Gun Shop LLC. expressly or in some other manner represented warranties that the subject Model 605 revolver was proper, fit, and safe for its intended uses and of merchantable quality.

136.    By distributing, selling, servicing, and maintaining the subject Model 605 revolver and its component parts, The Arsenal Gun Shop LLC expressly and impliedly warranted that the

28

Case ID: 251002020
Control No.: 25112931

subject Model 605 revolver was of merchantable quality, effective, proper, fit, and safe for ordinary and particular purposes for which it was old and free from all defects.

137. The representations and warranties set forth in the preceding paragraphs formed part of the bargain for selling the subject Model 605 Revolver and were relied upon by the purchase.

138. In truth and fact, the above representations of The Arsenal Gun Shop LLC were false.

139. The subject Model 605 revolver was not effective, proper fit, or safe for its intended uses.

140. The Arsenal Gun Shop LLC breached express and/or implied warranties regarding the subject Model 605 Revolver.

141. As a direct and proximate result of Defendant's breach of the aforementioned express and/or implied warranties, Plaintiff sustained injuries and damages set forth above.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendant, The Arsenal Gun Shop LLC, in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

### COUNT XIII – NEGLIGENCE
### CLAUDE SIMPKINS v. THE JOHN DOE PERSONS AND ENTITIES

142. Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

143. At all times relevant to this action, the John Doe Defendants had the duty to exercise that degree of care that a reasonably prudent firearm manufacturer and/or distributor should use in

29

Case ID: 251002020
Control No.: 25112931

the design, testing, selection, manufacture, assembly, marketing, supply, distribution and sales of firearms, including the Model 605 revolver purchased by the Plaintiff.

144.    The negligent, careless, and reckless conduct of the Defendants caused Plaintiff's injuries and the John Doe Defendants or their agents, servants, workmen, employees, or contractors acted with a total disregard for the risk of harm to the Plaintiff, which conduct consisted of, but was not limited to, one of the following.

(a)    the common design of the cylinder of the Model 605 revolver is defective;

(b)    the common design of the barrel of the Model 605 revolver to which the cylinder is aligned is defective;

(c)    the common design of the frame of the Model 605 revolver to which the cylinder is attached is defective;

(d)    failing to warn the Plaintiff of the dangers involved with using the Model 605 revolver that contained the cylinder alignment defect;

(e)    failing to properly inspect, manage, and make the revolver safe;

(f)    failing to place any warnings on the revolver informing the user that a serious injury could occur if the revolver's cylinder is not properly aligned with the barrel upon firing, and that such misalignments are endemic to the Model 605 revolver;

(g)    failing to design a revolver without the cylinder alignment defect.

(h)    designing, manufacturing, distributing, and selling a Model 605 revolver with a design defect that causes shrapnel to blow back upon the user when fired;

(i)    failing to properly test the Model 605 revolver;

(j)    failing to advise users, including the Plaintiff, of the dangerous and defective design of the Model 605 revolver, as set forth above, after being specifically notified of the same through warranty claims submitted to them and public videos discussing and testing the defect;

(k)    Defendants were negligent under the doctrine of *res ipsa loquitur* as the Plaintiff would not have suffered injuries, as set forth above, if not for the Model 605 revolver shaving metal shrapnel off of the bullet when fired;

30

Case ID: 251002020
Control No.: 25112931

145. As a direct result of the conduct of the John Doe Persons and Entities, the Plaintiff sustained serious and permanent injuries, including but not limited to, a traumatic piece of shrapnel from a .357 ammunition round shot into his face with resulting nerve injury, severe shock to his nervous system, scarring, and all of which have caused permanent nerve damage, pain, suffering, mental anguish, distress, inconvenience, loss of feeling of well-being, hypoesthesia, loss of ability to enjoy life and normal activities, embarrassment, humiliation, nervousness and loss of self-confidence, all of said injuries are permanent and will continue into the future for an indefinite period.

146. As a result of the injuries sustained by the Plaintiff herein, he has undergone in the past and will continue to undergo in the future pain and suffering.

147. As a result of the injuries sustained by the Plaintiff herein, he has or may suffer a permanent diminution in the ability to enjoy life and life's pleasures.

148. As a result of the injuries sustained by the Plaintiff herein, he has or may suffer a permanent disability or permanent impairment of earning power and capacity.

149. As a result of the injuries sustained by the Plaintiff herein, he has incurred medical expenses, and may incur medical expenses in the future.

150. As the John Doe Defendants' actions were intentional, willful, malicious, wanton and/or egregious, as set forth above, the Plaintiff is entitled to an award of punitive damages.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendants, John Doe Persons and Entities, in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

Case ID: 251002020
Control No.: 25112931

## COUNT XIV – 402A STRICT LIABILITY
## CLAUDE SIMPKINS v. THE JOHN DOE PERSONS AND ENTITIES

151.    Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

152.    The John Doe Defendants did design, manufacture, distribute, and/or sell the aforementioned Model 605 revolver, knowing of its ultimate use by persons such as Plaintiff Claude Simpkins, which was defective and/or poorly designed and/or lacked the proper warnings or instructions, and was in such a condition as to be unreasonably dangerous to the ultimate user and others, at the time of its sale.

153.    The John Doe Defendants designed the Model 605 revolver with a cylinder alignment defect, rendering it inherently dangerous and creating a substantial, clear, extreme, and unreasonable risk of serious injury or death to the purchasers and gun users, including the Plaintiff. The John Doe Defendants manufactured, assembled, marketed, distributed, and/or sold the Model 605 revolver with the defect. The revolver was in the same defective condition due to the misaligned cylinder from the time it left the John Doe Defendants' control until it reached the Plaintiff.

154.    The Model 605 revolver was sold in substantially and unreasonably dangerous condition to an extent beyond that which would be contemplated by the ordinary consumer, including the Plaintiff.

155.    As a direct and proximate result of the facts alleged above, the Plaintiff was exposed to a clear, substantial, and unreasonable risk of serious injury from the cylinder alignment defect, and was seriously injured due to the same, as set forth above.

32

Case ID: 251002020
Control No.: 25112931

156.    The John Doe Defendants are strictly liable in tort for the injuries and damages to the Plaintiff that resulted from the unintentional and unwanted discharge of the Model 605 revolver, as set forth above.

157.    Plaintiff maintains that the John Doe Defendants, being the manufacturers, designers, and/or distributors, are strictly liable to the Plaintiff pursuant to the provisions of Section 402A of the Restatement (second) of Torts said defects being, as set forth above, and including but not limited to the following:

(a)     the common design of the revolver's cylinder is defective;

(b)     the common design of the barrel of the Model 605 revolver to which the cylinder is aligned is defective;

(c)     the common design of the frame of the Model 605 revolver to which the cylinder is attached is defective;

(d)     in the course of regular use, the cylinder which houses the ammunition must align with the barrel of the firearm such that the bullet will be unobstructed when fired, yet the design allowed the cylinder to function while misaligned, allowing for the bullet to strike the firearm itself;

(e)     failing to provide proper and adequate signs or other warning devices to persons, like the Plaintiff, using the revolver;

(f)     failing to properly inspect, manage, and make the revolver safe;

(g)     failing to ensure proper cylinder alignment during the manufacturing process;

(h)     failing to place any warnings on the revolver informing the user that a serious injury could occur if the revolver is fired, due to the cylinder alignment defect;

(i)     failing to design a revolver without the cylinder alignment defect;

(j)     failing to ensure proper timing upon firing;

(k)     allowing cylinder locking; and

(l)     improper and milling of the revolver.

33

Case ID: 251002020
Control No.: 25112931

158.    As a direct result of the conduct of the John Doe Defendants, the Plaintiff sustained serious and permanent injuries, including but not limited to a traumatic piece of shrapnel from a .357 ammunition round shot into his face with resulting nerve injury, severe shock to his nervous system, scarring, and all of which have caused permanent nerve damage, pain, suffering, mental anguish, distress, inconvenience, loss of feeling of well-being, hypoesthesia, loss of ability to enjoy life and normal activities, embarrassment, humiliation, nervousness and loss of self-confidence, all of said injuries are permanent and will continue into the future for an indefinite period.

159.    As a result of the injuries sustained by Plaintiff herein, he has undergone in the past and will continue to undergo in the future pain and suffering.

160.    As a result of the injuries sustained by the Plaintiff herein, he has or may suffer a permanent diminution in the ability to enjoy life and life's pleasures.

161.    As a result of the injuries sustained by the Plaintiff herein, he has or may suffer permanent disability or permanent impairment of earning power and capacity.

162.    As a result of the injuries sustained by the Plaintiff herein, he has incurred medical expenses, and may incur medical expenses in the future.

163.    As the John Doe Defendants' actions were intentional, willful, malicious, wanton and/or egregious, as set forth above, the Plaintiff is entitled to an award of punitive damages.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendants, John Doe Persons and Entities, in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

34

Case ID: 251002020
Control No.: 25112931

**COUNT XV – 402B STRICT LIABILITY**
**CLAUDE SIMPKINS v. THE JOHN DOE PERSONS AND ENTITIES**

164. Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

165. At all times material to this Complaint, the John Doe Defendants were engaged in the business of selling firearms, including the sale of the Model 605 revolvers to users or consumers.

166. The John Doe Defendants sold the subject Model 605 revolver that was defective and unreasonably dangerous to the public, including the Plaintiff, but advertising, labeling, or otherwise making misrepresentations of materials facts concerning the character or quality of the Model 605 revolver, and the Plaintiff justifiably relied upon the misrepresentations to purchase the revolver.

167. Specifically, the John Doe Defendants sold the aforementioned Model 605 revolver, knowing of its ultimate use by persons such as the Plaintiff, which was defective and/or poorly designed and/or lacked the proper warnings or instructions, and was in such a condition as to be unreasonably dangerous to the ultimate user and others, including the Plaintiff, as outlined above, at the time of sale.

168. Plaintiff's injuries, as outlined above, were caused by the defects which were present in the Taurus Model 605 revolver, and the John Doe Defendants are liable pursuant to section 402B of the Restatement (second) of Torts.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendants, Taurus International Manufacturing, Inc., Taurus Holdings, Inc., and Taurus Armas S.A., in an amount in excess of Fifty Thousand Dollars ($50,000) plus punitive damages, delay damages, and such other relief as deemed just and proper.

Case ID: 251002020
Control No.: 25112931

**COUNT XVI – BREACH OF WARRANTY**
**CLAUDE SIMPKINS v. THE JOHN DOE PERSONS AND ENTITIES**

169.    Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

170.    For the reasons set forth at length in this Complaint, which are incorporated herein, the subject Model 605 revolver was defective, unsafe, not fit for the ordinary purpose for which it was used, and was not of merchantable quality at the time it was sold.

171.    At a time prior to the January 30 injury, the John Doe Defendants, expressly or in some other manner, represented warranties that the subject Model 605 revolver was proper, fit, and safe for its intended uses and of merchantable quality.

172.    By distributing, selling, servicing, and maintaining the subject Model 605 revolver and its component parts, the John Doe Defendants expressly and impliedly warranted that the subject Model 605 revolver was of merchantable quality, effective, proper, fit, and safe for ordinary and particular purposes for which it was old and free from all defects.

173.    The representations and warranties set forth in the preceding paragraphs formed part of the bargain for selling the subject Model 605 Revolver, and were relied upon by the purchase.

174.    In truth and fact, the above representations of the John Doe Defendants were false.

175.    The subject Model 605 revolver was not effective, proper fit, or safe for its intended uses.

176.    The John Doe Defendants breached express and/or implied warranties regarding the subject Model 605 Revolver.

177.    As a direct and proximate result of Defendant's breach of the aforementioned express and/or implied warranties, Plaintiff sustained injuries and damages set forth above.

36

Case ID: 251002020
Control No.: 25112931

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendant, the John Doe persons and Entities, in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

Leonard Tinari LLP

Dated: October 17, 2025                   By: ___/s/ *Michael V. Tinari*

Michael V. Tinari, Esquire
Attorney I.D. No.: 51853
171 West Lancaster Ave., 2nd Floor
Paoli, PA 19301
Phone: 484-328-8147
Email: mtinari@lt-lawyer.com
*Attorney for Plaintiff, Claude Simpkins*

37

Case ID: 251002020
Control No.: 25112931

## VERIFICATION

I, Claude Simpkins, state that I am the Plaintiff in the foregoing matter and that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information and belief. I further understand that false statements made herein are subject to the penalties of 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities.

Date: 10/14/25

Claude Simpkins

Case ID: 251002020
Control No.: 25112931

# Exhibit A

Case ID: 251002020
Control No.: 25112931





Case ID: 251002020
Control No.: 25112931





Case ID: 251002020
Control No.: 25112931

# Exhibit B

Case ID: 251002020
Control No.: 25112931



Screenshot taken immediately prior to firing the round.



Screenshot taken immediately after firing the round (arrow included in video).

Case ID: 251002020
Control No.: 25112931



Second test, screenshot taken immediately prior to firing the round (arrow included in video)



Screenshot taken immediately after firing the round (arrow included in video)

Case ID: 251002020
Control No.: 25112931



**Problem with Taurus 605 .357 Update**

Kbum Guy    Join    Subscribe
24.7K subscribers

👍 438    👎    ↗ Share    💲 Thanks    ⋯



24,023 views  Jun 28, 2023



**Taurus 605 factory blem revolver we have a big problem! Now the question will they fix it?**

Hamilton outdoors    Join    Subscribe
12.1K subscribers

👍 280    👎    ↗ Share    💲 Thanks    ⋯



Case ID: 251002020
Control No.: 25112931



Feb 24, 2012                                                                                                                      #1

Howdy. Long time lurker, first time poster. Thought I would share my experience today as a warning to others.

Despite what I've heard in the past, I decided to test the waters and purchase a Taurus 605. I'd read decent reviews saying how this was the, "Gem of the Taurus line."

**Tigerjeebs**
Member
Joined:    Jan 28, 2012
Messages:        11

There it is, chilling with my Beretta. Sure is pretty. Love a blued revolver. Was one of the reasons I was going for a Taurus, they made a blued J-Frame sized revolver for CCW.

So, went to the range today with it for the first time. Timing was seriously off, right out of the box. Gun was shaving lead off, throwing it back in my face. A nice chunk hit my ear, making it bleed. I generally prefer my lead to go toward the bad guy, strange I know.

So, took the gun back to Fin, Feather, and Fur. They were very nice, BTW. Exchanged it no problem. Tried another 605. Went down to the range in the basement. Cylinder would lock up after a shot. Would not cycle anything, factory loads. Turns out, the frame was not milled large enough and the rounds were getting stuck once the primer was hit. The firing pin was not protruding, no broken spring. I alerted the range employee because I could simply not believe my luck. He pulled out about 6 boxes of different ammo to see if any would work. Only one brand of 20 year old PMC would function. But, even removing them they were scraping on the frame.

Two horrible Tauruses in a row. Wow! Talk about quality control. Ended up returning that one, obviously. Picked up a Smith model 60. Should have done that from the start.

There it is, still has a bit of cleaner on the grip. Needless to say, that one works fine. Guess you get what you pay for. Cheers.



**TaurusArmed**.net     [Search Community]     ✎ Create thread   ◉ New   ▤ Forums   ⋯ More   ⚇ Login / Join

Home  >  Forums  >  The Range  >  **Taurus Product Problems**  >

### "Another victim of 605 lead shaving" OR "A bloody face"     → Jump to Latest

👁 6.9K views  ·  💬 35 replies  ·  ⚇ 25 participants  ·  🕐 last post by NotNowChief  Oct 4, 2023

**regough007** ☑ Discussion starter
10 posts · Joined 2023

#1 · Mar 23, 2023

Today was the first time that I was able to shoot my brand new 605...I am disappointed to say the least. I started off shooting standard pressure 38 specials and I have to say that I was definitely impressed with its accuracy with that load. However, my elation turned south when after about 20 rounds I lo9aded up 5 potent 357 mags. The recoil was stout but not unmanageable. With the first shot I felt a small "sting" near my right eye but didn't think too much of it and I quickly double actioned the second shot. Again I felt the sting under my right eye. The third shot was single action and this time the sting really got my attention...it hurt! I grabbed my phone and turned on the camera and looked at my face. The right side of my face looked like I had been peppered with birdshot...the blood was running down my face! After cleaning up with a paper towel, I regained my composure and loaded up some more 38 specials. NO lead shaving with the 38's, only with 357 magnums. So what gives??? I guess a trip back to the factory is in order/ I am pissed at becoming a victim of a "firearm incident" because having been a corporate pilot for 31 years, I am all about safety. Thank God for shooting glasses!!! Any thoughts out there?

😮⚇ GhostHorse, flgolfer29, cnc1 and 2 others

💬 Reply     👍 Like                                                      🔖 Save   ⌥ Share

**Taurus Firearm Forum**
3.3M posts · 74K members ·
Since 2007

A forum community dedicated to Taurus firearm owners and enthusiasts. Come join the discussion about optics, gunsmithing, styles, reviews, accessories, classifieds, and more!

Full Forum Listing →

**Explore Our Forums**

The Firing Line

New Member Introductions & Site Guidelines & Rules

Other Handguns

Taurus Revolvers

Concealed & Open Carry



←  ⚇  **r/Revolvers** · 1y ago
RushEcstatic9368                                                          ⋯

## Taurus 605 timing issue?

I recently came to own a Taurus 605 from 1997 and upon inspection I noticed that when pulling the trigger fast the hammer falls before the cylinder locks up. Do I need a new cylinder hand? Or should I just cut my losses? Also in single action it seems to be in time.

⬆ 5 ⬇     💬 3     ↪ Share

[Add your reply]

Sort by:  Best ⌄       🔍 Search Comments

⚇ **Fox7285** · 1y ago

They do have issues, I would get that checked out.  I had a brand new one I had to return as when I got it home I realized there were copper shavings on the forcing cone from misalignment.  Now I do like Taurus revolvers, but you can get a new 605 for $300 ish dollars new.  I'd cut your losses and upgrade unless this is special to you.

⬆ 1 ⬇   💬 Reply   ↪ Share   ⋯

**New to Reddit?**
Create your account and connect with a world of communities.

G  Continue with Google
✉  Continue with Email
▢  Continue With Phone Number

By continuing, you agree to our User Agreement and acknowledge that you understand the Privacy Policy.

⚇ r/Revolvers · 10mo ago
Taurus 605, worth it?
8 upvotes  ·  9 comments

⚇ r/Revolvers · 1y ago
Does anyone have good long term experience with the newer taurus revolvers like the 605 o...
4 upvotes  ·  8 comments

Case ID: 251002020
Control No.: 25112931



**flgolfer29** ✔ Discussion starter
112 posts · Joined 2018

#1 · Dec 18, 2022

I've been considering a new 856 or 605 for several weeks. But I wanted to see what kind of deals could be found at a local gun show this weekend. The 856 was preferred, but the only ones available were the ultra-lite, lots of them. However, there was one 605 stainless available. We haggled a bit on price before we agreed on a deal. $330 before tax.

This afternoon, I rode out to the country to put a few rounds through it. The first cylinder full of 357 magnums I was getting peppered in the face. Two of which left visible spots. Opening the cylinder to inspect the forcing cone, there were no shavings found. The blowback seemed to lessen as additional rounds were fired.

Overall, I enjoyed 50 rounds with a mix of both magnum & 38 special. It was surprisingly accurate shooting at plastic bottles at a distance of 7-8 yards.

When I cleaned the revolver, I noticed the sideplate screws were loose. Removed sideplate, disassembled the cylinder, cleaned, and then lubed. With the pachmayr grips installed, the magnum rounds were surprisingly tolerable to fire. Another range outing later this week to see if any felt blowback remains. Regardless of whether or not it will require a trip to Taurus, it will be a keeper.



Case ID: 251002020
Control No.: 25112931



Art k<thekbumguy@gmail.com>
To: ● Dave McCullough

↩ Reply   ↩ Reply all   ➔ Forward   ◆ ▦ ⋯
Fri 1/31/2025 3:52 PM

ⓘ You forwarded this message on Mon 10/6/2025 5:17 PM                    View conversation

Hello Dave

Sorry to hear about the incident you had and glad to hear you're okay , unfortunately Taurus did not provide any clear explanation but it is clear the issue is from the misaligned Cylinder.

What Taurus ended up doing is replacing the revolver for me and that's all and so far i haven't experienced the issue with the new revolver even tho haven't really shot a lot of rounds out of it

Thank you and stay safe

On Fri, Jan 31, 2025 at 12:15 PM Dave McCullough <dmccullough@lt-lawyer.com> wrote:

Hello,

My name is David and I work with Leonard Tinari LLP. I am investigating a matter related injuries that have occurred from firing the Taurus Model 605 .357 revolver and came across your videos on the topic. In particular, the videos I am interested in are the videos from January 17, 2023 and June 28, 2023, where it appears shrapnel launched from the revolver towards your face.

I am writing to you because I am curious about if you have any further information about a potential defect in this particular revolver model beyond what you've discussed and shown in your videos. Have you received any communication from Taurus regarding your videos or your defective firearm since then? If so, I am curious about whether they provided you with any sort of explanation for the issue or if they have conducted any repairs to your firearm. If someone other than Taurus repaired the gun, did that person diagnose a specific issue with it? Beyond that, I am also curious about any other additional information you may have.

Thank you very much for your time,

David McCullough
Associate
Leonard Tinari LLP
dmccullough@lt-lawyer.com

↩ Reply     ➔ Forward

Case ID: 251002020
Control No.: 25112931

# Exhibit C

Case ID: 251002020
Control No.: 25112931



Case ID: 251002020
Control No.: 25112931

# Exhibit D

Case ID: 251002020
Control No.: 25112931





Case ID: 251002020
Control No.: 25112931

# Exhibit E

Case ID: 251002020
Control No.: 25112931

| SP 4-113(4/2019) | PENNSYLVANIA STATE POLICE **APPLICATION/RECORD OF SALE** | STATE POLICE USE ONLY |
|---|---|---|

**A**    **INSTRUCTIONS**

TRANSFEREE/PURCHASER ---------- COMPLETE SECTION B AT TIME OF APPLICATION.
         COMPLETE SECTION C AT TIME OF SALE OR TRANSFER.
LICENSEE ------------------------------------ COMPLETE BLOCKS 1, 3, AND 4, AND SECTIONS D AND E.
TRANSFEROR/SELLER ---------------- (FOR PRIVATE SALES) COMPLETE SECTION F.

NOTE:    FORM MUST BE COMPLETED IN ITS ENTIRETY BY TYPING OR PRINTING IN BLUE OR BLACK INK

**TRANSACTION SUBJECT TO SALES TAX: NO**
Please explain in Section F if you selected "NO" for subject to sales tax.

**2. TRANSACTION SERIAL NO.**
E1162821

**3. STATE IDENTIFICATION NO.**
3158

**4. APPROVAL NO./DATE**
24W0588945
08/10/2024

**B**    **TRANSFEREE'S/PURCHASER'S INFORMATION**

| 5. LAST NAME SIMPKINS | 6. JR, ETC. | 7. FIRST NAME CLAUDE | 8. MIDDLE NAME J | 9. DATE OF BIRTH 06/30/1970 | 10. AGE 54 |
|---|---|---|---|---|---|

| 11. SEX M | 12. RACE B | 13 EYE COLOR BRO | 14. HAIR COLOR BLD | 15. WEIGHT 205 | 16. HEIGHT 511 | 17 SOCIAL SECURITY NO. (Optional) 5428 | 18. COUNTY OF RESIDENCE Philadelphia |
|---|---|---|---|---|---|---|---|

| 19. STREET ADDRESS 1832 CALLOWHILL ST APT C | 20. CITY PHILADELPHIA | 21. STATE PA | 22. ZIP CODE 19130 |
|---|---|---|---|

| 23. PA. PHOTO ID/DRIVER LICENSE NO 23756931 | 24. EMPLOYER/BUSINESS NAME Retired | 25. OCCUPATION |
|---|---|---|

| 26. STREET ADDRESS | 27. CITY | 28. STATE | 29. ZIP CODE |
|---|---|---|---|

| 30. ARE YOU A UNITED STATES CITIZEN? IF NO, COUNTRY OF BIRTH: COUNTRY OF CITIZENSHIP:    IMMIGRATION IDENTIFICATION NUMBER: | YES |
|---|---|
| 31. HAVE YOU EVER BEEN CONVICTED OF A CRIME ENUMERATED IN SECTION 6105(b), OR DO ANY OF THE CONDITIONS UNDER 6105(c) APPLY TO YOU? **(READ INFORMATION ON BACK PRIOR TO ANSWERING)** | NO |
| 32. ARE YOU NOW CHARGED WITH, OR HAVE YOU EVER BEEN CONVICTED OF A CRIME PUNISHABLE BY IMPRISONMENT FOR A TERM EXCEEDING ONE YEAR? THIS IS THE MAXIMUM SENTENCE THAT YOU "COULD HAVE RECEIVED," NOT THE ACTUAL SENTENCE YOU DID RECEIVE. (THIS DOES NOT INCLUDE FEDERAL OR STATE OFFENSES PERTAINING TO ANTITRUST, UNFAIR TRADE PRACTICES, RESTRAINTS OF TRADE, OR REGULATION OF BUSINESS; OR STATE OFFENSES CLASSIFIED AS MISDEMEANORS AND PUNISHABLE BY A TERM OF IMPRISONMENT NOT TO EXCEED TWO YEARS.) **(READ INFORMATION ON BACK PRIOR TO ANSWERING)** | NO |
| 33. ARE YOU THE ACTUAL BUYER OF THE FIREARM AS DEFINED UNDER 18 PA.C.S - 6102 LISTED ON THIS APPLICATION/RECORD OF SALE? (WARNING: YOU ARE NOT THE ACTUAL BUYER IF YOU ARE ACQUIRING THE FIREARM ON BEHALF OF ANOTHER PERSON UNLESS YOU ARE LEGITIMATELY ACQUIRING THE FIREARM AS A GIFT FOR ANY OF THE THE FOLLOWING INDIVIDUALS WHO ARE LEGALLY ELIGIBLE TO OWN A FIREARM: 1) SPOUSE; 2)PARENT; 3) CHILD; 4)GRANDPARENT; 5) GRANDCHILD | YES |

34. I VERIFY THE FACTS THAT I HAVE SET FORTH IN BLOCKS 5-33 OF THIS FORM ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF. THIS VERIFICATION IS MADE SUBJECT TO BOTH THE PENALTIES OF SECTION 4904 OF THE CRIMES CODE (18 PA.C.S 4904) RELATING TO UN-SWORN FALSIFICATION TO AUTHORITIES AND THE UNIFORM FIREARMS ACT. I ALSO UNDERSTAND THAT THE MAKING OF ANY FALSE WRITTEN STATEMENT OF THE EXHIBITING OF ANY FALSE MISREPRESENTED IDENTIFICATION WITH RESPECT TO THIS APPLICATION IS A CRIME PUNISHABLE AS A FELONY.

SIGNATURE OF TRANSFEREE/PURCHASER.      DATE OF APPLICATION: 08/10/2024

**C**    **ACKNOWLEDGMENT**

35. I ACKNOWLEDGE RECEIPT OF THE FIREARM (HANDGUN/LONG-GUN) AND A SUMMARY OF THE UNIFORM FIREARMS ACT WHICH INCLUDES A SAFETY BROCHURE.

SIGNATURE OF TRANSFEREE/PURCHASER:      DATE 08/10/2024

**D**    **LICENSEE'S INFORMATION:   EMPLOYEE**

| 36. LAST NAME J. Isabella (41694) | 37. JR., ETC. | 38. FIRST NAME Gregory | 39. MIDDLE NAME | 40. SIGNATURE |
|---|---|---|---|---|

| 41. BUSINESS NAME FIRING LINE INC. | 42. BUSINESS TELEPHONE NO. 2153361710 | 43. COUNTY OF LICENSEE Philadelphia |
|---|---|---|

| 44. BUSINESS ADDRESS 1532 SOUTH FRONT STREET | 45. CITY PHILADELPHIA | 46. STATE PA | 47. ZIP CODE 19147 |
|---|---|---|---|

| 48. DATE OF TRANSACTION 08/10/2024 | 49. TIME OF TRANSACTION 15:09:48 |
|---|---|

**E**    **FIREARM INFORMATION**

| 50. DOES THIS PURCHASE INVOLVE A PISTOL OR REVOLVER WITH A BARREL LENGTH OF LESS THAN 15 INCHES, A SHOTGUN WITH A BARREL LENGTH OF LESS THAN 18 INCHES, A RIFLE WITH A BARREL LENGTH OF LESS THAN 16 INCHES, OR A FIREARM WITH AN OVERALL LENGTH OF LESS THAN 26 INCHES? | YES |
|---|---|

| 51. MAKE TAS - TAURUS (TAS) | 52. MODEL 605 | 53. CALIBER 38 | 54. LENGTH OF BARREL 3 | 55. SERIAL NUMBER AGA980251 |
|---|---|---|---|---|

**F**    **TRANSFEROR'S/SELLER'S INFORMATION OR EXPLANATION FOR NONTAXABLE SALES**

| 56. LAST NAME THE ARSENAL GUN SHOP | 57. JR., ETC. | 58.FIRST NAME 822015076C02409 | 59. MIDDLE NAME | 60. SIGNATURE |
|---|---|---|---|---|

| 61. STREET ADDRESS 1924 COOPER STREET | 62. CITY DEPTFORD | 63. COUNTY/STATE NJ | 64. ZIP CODE 08096 |
|---|---|---|---|

Case ID: 251002020
Control No.: 25112931

88775

PH# 267-640-8426

# FIRING LINE, INC.
## 1532 SOUTH FRONT STREET
### PHILADELPHIA, PA 19147
#### 215-336-1710
www.firinglineinc.com

41694

| Customer's Order No. | | Phone No. | | Date | | 20 |
|---|---|---|---|---|---|---|

Name  CLAUDE SIMPKINS

Address

| QUAN. | DESCRIPTION | PRICE | AMOUNT |
|---|---|---|---|
| 1. | TAURUS 605 | L.F | |
| | .357 MAG. 3.0 | | 250°° |
| | SER# AGA980351 | | |
| | Paid | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | TAX | |
| | | TOTAL | 25°° |
| # 24WD588945 | | DEPOSIT | |
| | | BALANCE | |

**ALL SALES FINAL. CANCELLATION FEE $50.00**
Received by

Case ID: 251002020
Control No.: 25112931

# Exhibit F

Case ID: 251002020
Control No.: 25112931

## Last Filed Vital Signs - documented in this encounter

| Vital Sign | Reading | Time Taken | Comments |
|---|---|---|---|
| Blood Pressure | - | - | |
| Pulse | - | - | |
| Temperature | - | - | |
| Respiratory Rate | 18 | 02/05/2025 1:54 PM EST | |
| Oxygen Saturation | - | - | |
| Inhaled Oxygen Concentration | - | - | |
| Weight | 95.3 kg (210 lb) | 02/05/2025 1:54 PM EST | |
| Height | 177.8 cm (5' 10") | 02/05/2025 1:54 PM EST | |
| Body Mass Index | 30.13 | 02/05/2025 1:54 PM EST | |

## Progress Notes - documented in this encounter

### Nurse Christine P - 02/05/2025 2:15 PM EST

Formatting of this note might be different from the original.

54 yo male who presents with shrapnel in L cheek. Bullet exploded while at gun range 1 week ago.
+pain

Review of Systems
CONST: Negative for fatigue, fever and unexpected weight change.
HENT: Negative for hearing loss, rhinorrhea and sore throat.
EYES: Negative for visual disturbance.
RESP: Negative for cough and shortness of breath.
CV: Negative for chest pain.
GI: Negative for abdominal pain.
GU: Negative for dysuria.
MUSC/SKEL: Negative for arthralgias.
SKIN: Negative.
ALL/IMM: Negative for environmental allergies.
NEURO: Positive for headaches. Negative for dizziness and weakness.
HEME: Negative for easy bruising/bleeding.

Electronically signed by Nurse Christine P at 02/05/2025 7:09 PM EST

### Khashayar Arianpour, MD - 02/05/2025 2:15 PM EST

Formatting of this note is different from the original.
Images from the original note were not included.
Otolaryngology - Head and Neck Surgery
New Patient Visit

2/5/2025

Chief Complaint
Patient presents with
Facial Laceration/Trauma

History of Present Illness, Otolaryngology Specialty-Specific Exam, and Assessment and Plan:

Claude J Simpkins is a 54 y.o. male who presents after he was at the shooting range on 1/30/2025 in Rio Grande shooting at silhouette targets when he felt something hit him in the face while using a 357 magnum. He sustained a puncture wound just over left malar region. Patient states that the puncture healed by itself and on antibiotics Keflex. He did have more tenderness which has slowly improved. He does state that the area still tender to palpation, although, he denies redness or any drainage from the site. He sustained no other injuries. He denies any droopiness or significant edema. He did undergo a CT scan that demonstrated metallic foreign body in the left malar region composing of 1 2 to fragments 1 of which is quite deep.

On physical exam, he is alert and not in any acute distress. Palpable left malar foreign body, in line with the lateral canthal line. Slightly tender to palpation. No evidence of cellulitis. Facial nerve intact across all divisions. There are no lesions, masses, or other abnormalities. The remaining head and neck exam is within normal limits.

My impression today is consistent with a patient who presents with left malar foreign body secondary to back firing of shrapnel from the 357 magnum on January 30, 2025. Patient is quite motivated have a foreign body removed given that it is causing him discomfort and is palpable. Tenderness is improving. We discussed the risks of the procedure including proximity to the facial nerve and the need for incision which would lead to a scar. He wishes to proceed. Will work to arrange surgery. Patient understands to call or come in with any new or changing symptoms..

Sincerely,

Case ID: 251002020
Control No.: 25112931

# Exhibit G

Case ID: 251002020
Control No.: 25112931

# Taurus 650

**Black 357 Mag 3 in.**



MSRP $: **534.99**

Instruction Manual ⬇

Dealer Locator 📍

Shop Accessories 🏷

**Buy Now:**

GunBroker.com

GALLERY OF GUNS

GUNS.COM

GUN MADE

You asked for it, and Taurus USA delivered—reintroducing the Taurus 650 .357 Magnum. This compact, 5-shot snub-nosed revolver features a fully shrouded hammer, ensuring a snag-free draw every time. Its sleek design minimizes the revolver's profile, reducing the risk of printing when carried concealed. Perfect for everyday carry, the Taurus 650's Double Action Only (DAO) trigger system and internal hammer offer smooth, reliable performance, delivering dependable ignition on magnum primers in high-stress situations.

Case ID: 251002020
Control No.: 25112931

# EXHIBIT B

Case ID: 251002020
Control No.: 25112931

**LEONARD TINARI, LLP**
By:    Michael V. Tinari, Esquire
Attorney I.D. No. 51853
171 W. Lancaster Avenue, 2nd Floor
Paoli, PA 19301
Telephone: (484) 328-8147
Email: mtinari@lt-lawyer.com



Attorneys for Plaintiff

Filed and Attested by the Office of Judicial Records NOV 2025 06:29 pm B. BALILONTS

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA
### CIVIL ACTION – LAW

| | |
|---|---|
| **CLAUDE SIMPKINS**<br>Plaintiff<br><br>vs.<br><br>**TAURUS HOLDINGS, INC**<br>**d/b/a TAURUS USA**<br>**&**<br>**TAURUS INTERNATIONAL**<br>**MANUFACTURING, INC**<br>**&**<br>**TAURUS ARMAS S.A.**<br>**f/k/a FORJAS TAURUS S.A.**<br>**&**<br>**FIRING LINE, INC.**<br>**&**<br>**THE ARSENAL GUN SHOP LLC**<br>**&**<br>**JOHN DOE PERSONS AND ENTITIES**<br>Defendants | NO. 251002020<br><br><br>**JURY TRIAL DEMANDED**<br><br><br><br><br><br><br><br><br>CIVIL ACTION |

## AFFIDAVIT OF SERVICE BY CERTIFIED MAIL PURSUANT TO PA. R. CIV. PRO 404

I, Michael V. Tinari, Esquire, an attorney with the law firm of Leonard Tinari LLP, being properly sworn according to law, hereby depose and say that:

1.    On October 20, 2025, I caused a copy of Plaintiff's Complaint to be served upon Defendant Taurus Armas S.A. f/k/a Forjas Taurus S.A., ("Defendant") in this matter as hereafter described.

1

Case ID: 251002020
Control No.: 25112931

2.      On October 20, 2025, I caused a copy of the aforesaid document to be served upon Defendant by sending same to Defendant's registered agent, Thomas Conger, Esquire via Certified Mail, Return Receipt Requested to Defendant's address 218 E. Water Street, Bainbridge, GA 39817.  A true and correct copy of the October 20, 2025 letter confirming that said items were sent are attached hereto as Exhibit "A".

3.      The certified mail with United States Postal Service tracking number 9589071052702919893732 was sent and delivered to Defendant at the 218 E. Water Street, Bainbridge, GA 39817 address.  The Return Receipt was returned to the undersigned by Defendant and a printout from www.usps.com is attached showing delivery was completed on October 24, 2025.  A true and correct copy of the Return Receipt Requested and printout is attached hereto as Exhibit "B".

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Leonard Tinari LLP

Dated: November 10, 2025          By:   /s/ *Michael V. Tinari*
                                  Michael V. Tinari, Esquire
                                  *Attorney for Plaintiff, Claude Simpkins*

2

Case ID: 251002020
Control No.: 25112931

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date a true and correct copy of the foregoing Affidavit of Service by Certified Mail Pursuant to Pa. R. Civ. Pro 404 was served upon the following this day via first class mail:

**TAURUS HOLDINGS, INC d/b/a TAURUS USA**
100 Taurus Way
Bainbridge, Georgia 39817

**TAURUS INTERNATIONAL MANUFACTURING, INC**
100 Taurus Way
Bainbridge, Georgia 39817

**TAURUS ARMAS S.A. f/k/a FORJAS TAURUS S.A.**
100 Taurus Way
Bainbridge, Georgia 39817
And
Av. São Borja, 2181
São Leopoldo, 93035-411, Brazil

**FIRING LINE, INC.**
1532 S. Front Street
Philadelphia, PA 19147

**THE ARSENAL GUN SHOP LLC**
1924 Cooper Street
Deptford, NJ 08096

Leonard Tinari LLP

Dated: November 10, 2025          By:   /s/ *Michael V. Tinari*
                                         Michael V. Tinari, Esquire
                                         *Attorney for Plaintiff, Claude Simpkins*

3

Case ID: 251002020
Control No.: 25112931

# **<u>Exhibit A</u>**

Case ID: 251002020
Control No.: 25112931



Keith N. Leonard, Esquire
kleonard@lt-lawyer.com

Michael V. Tinari, Esquire
mtinari@lt-lawyer.com

171 West Lancaster Avenue
2nd Floor
Paoli, PA 19301

Phone: 484-328-8147
Web: lt-lawyer.com
Licensed in PA and NJ

October 20, 2025

**BY CERTIFIED, REGISTERED MAIL**
Thomas Conger, Esquire
Conger & Smith
218 E. Water Street
Bainbridge, GA 39817
Registered Agent for Taurus Armas S.A. f/k/a Forjas Taurus SA

**Re:    Claude Simpkins v. Taurus Holdings, Inc., Taurus International Manufacturing, Inc., et al., Philadelphia County Court of Common Pleas, No. 251002020**

Dear Mr. Conger:

As you know, I represent plaintiff, Claude Simpkins in regard to the above. Enclosed herewith please find a time-stamped copy of the Complaint, the original of which has been filed of record. If you wish to discuss, please feel free to contact me.

Thank you.

Sincerely,

Michael V. Tinari

MVT/kas
Enclosure

Case ID: 251002020
Control No.: 25112931

# <u>Exhibit B</u>

Case ID: 251002020
Control No.: 25112931

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Taurus Armas S.A.
f/k/a Forjas Taurus S.A.
c/o Thomas Conger
218 E. Water street
Bainbridge, GA 39817

9590 9402 9664 5199 1696 16

2. Article Number (Transfer from service label)

9589 0710 5270 2919 8937 32

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X Jessica Hart
☐ Agent
☐ Addressee

B. Received by (Printed Name)
Jessica Hart

C. Date of Delivery

D. Is delivery address different from item 1? ☑ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery (00)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053

Domestic Return Receipt



U.S. Postal Service™
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

Bainbridge GA 39817

Certified Mail Fee $5.50
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $

Postage $12.00
$

Total Postage and Fees
$

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

Postmark
Here

OCT 20 2023

USPS

PAOLI PA 1930

PS Form 3800, January 2023 PSN 7530-02-000-9047    See Reverse for Instructions

Case ID: 251002020
Control No.: 25112931



USPS TRACKING #

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 9664 5199 1696 16

**United States
Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

Leonard Tinari LLP
171 W. Lancaster Ave, 2nd fl
Paoli, PA 19341

Case ID: 251002020
Control No.: 25112931

ALERT: AN UNEXPECTED INCIDENT AT THE AIRPORT IN LOUISVILLE, KY MAY DELAY FINAL D...

# USPS Tracking®

FAQs >

Remove ✕

**Tracking Number:**

## 9589071052702919893732

Copy          Add to Informed Delivery (https://informeddelivery.usps.com/)

## Latest Update

Your item was delivered to an individual at the address at 9:46 am on October 24, 2025 in BAINBRIDGE, GA 39817.

**Get More Out of USPS Tracking:**

> USPS Tracking Plus®

● **Delivered**
**Delivered, Left with Individual**
BAINBRIDGE, GA 39817
October 24, 2025, 9:46 am

● **Out for Delivery**
BAINBRIDGE, GA 39817
October 24, 2025, 6:26 am

● **Arrived at Post Office**
BAINBRIDGE, GA 39817
October 24, 2025, 6:15 am

● **Arrived at USPS Facility**
BAINBRIDGE, GA 39817
October 24, 2025, 5:54 am

● **In Transit to Next Facility**
October 24, 2025, 5:09 am

Feedback

Case ID: 251002020
Control No.: 25112931

**LEONARD TINARI, LLP**
By:    Michael V. Tinari, Esquire
Attorney I.D. No. 51853
171 W. Lancaster Avenue, 2nd Floor
Paoli, PA 19301
Telephone: (484) 328-8147
Email: mtinari@lt-lawyer.com

Attorneys for Plaintiff



Filed and Attested by the Office of Judicial Records 21 NOV 2025 06:31 pm B. BALILONTS

### IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA
### CIVIL ACTION – LAW

| | |
|---|---|
| CLAUDE SIMPKINS<br>    Plaintiff | : |
| | : |
|     vs. | :   NO. 251002020 |
| | : |
| TAURUS HOLDINGS, INC<br>d/b/a TAURUS USA | : |
|     & | :   **JURY TRIAL DEMANDED** |
| TAURUS INTERNATIONAL<br>MANUFACTURING, INC | : |
|     & | : |
| TAURUS ARMAS S.A.<br>f/k/a FORJAS TAURUS S.A. | : |
|     & | : |
| FIRING LINE, INC. | : |
|     & | : |
| THE ARSENAL GUN SHOP LLC | : |
|     & | : |
| JOHN DOE PERSONS AND ENTITIES | :   CIVIL ACTION |
|     Defendants | : |

### AFFIDAVIT OF SERVICE BY CERTIFIED MAIL PURSUANT TO PA. R. CIV. PRO 404

I, Michael V. Tinari, Esquire, an attorney with the law firm of Leonard Tinari LLP, being properly sworn according to law, hereby depose and say that:

1.    On October 20, 2025, I caused a copy of Plaintiff's Complaint to be served upon Defendant The Arsenal Gun Shop, ("Defendant") in this matter as hereafter described.

2.    On October 20, 2025, I caused a copy of the aforesaid document to be served upon Defendant by sending same to Defendant via Certified Mail, Return Receipt Requested to

1

Case ID: 251002020

Defendant's address 1924 Cooper Street, Deptford, NJ 08096. A true and correct copy of the October 20, 2025 letter confirming that said items were sent are attached hereto as Exhibit "A".

3. The certified mail with United States Postal Service tracking number 9589071052702919893756 was sent and delivered to Defendant at the 1924 Cooper Street, Deptford, NJ 08096 address. The Return Receipt was returned to the undersigned by Defendant and a printout from www.usps.com is attached showing delivery was completed on October 23, 2025. A true and correct copy of the Return Receipt Requested and printout is attached hereto as Exhibit "B".

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Leonard Tinari LLP

Dated: November 10, 2025    By:   /s/ *Michael V. Tinari*
                                Michael V. Tinari, Esquire
                                *Attorney for Plaintiff, Claude Simpkins*

2

<u>**CERTIFICATE OF SERVICE**</u>

   I hereby certify that on this date a true and correct copy of the foregoing Affidavit of Service by Certified Mail Pursuant to Pa. R. Civ. Pro 404 was served upon the following this day via first class mail:

**TAURUS HOLDINGS, INC d/b/a TAURUS USA**
100 Taurus Way
Bainbridge, Georgia 39817

**TAURUS INTERNATIONAL MANUFACTURING, INC**
100 Taurus Way
Bainbridge, Georgia 39817

**TAURUS ARMAS S.A. f/k/a FORJAS TAURUS S.A.**
100 Taurus Way
Bainbridge, Georgia 39817
And
Av. São Borja, 2181
São Leopoldo, 93035-411, Brazil

**FIRING LINE, INC.**
1532 S. Front Street
Philadelphia, PA 19147

**THE ARSENAL GUN SHOP LLC**
1924 Cooper Street
Deptford, NJ 08096

Leonard Tinari LLP

Dated: November 10, 2025   By: /s/ *Michael V. Tinari*
           Michael V. Tinari, Esquire
           *Attorney for Plaintiff, Claude Simpkins*

Case ID: 251002020

# Exhibit A

Case ID: 251002020



Keith N. Leonard, Esquire
  kleonard@lt-lawyer.com

Michael V. Tinari, Esquire
  mtinari@lt-lawyer.com

171 West Lancaster Avenue
2nd Floor
Paoli, PA 19301

Phone: 484-328-8147
Web: lt-lawyer.com
Licensed in PA and NJ

October 20, 2025

**BY CERTIFIED MAIL**
Arsenal Gun Shop LLC
1924 Cooper Street
Deptford, NJ 08096
Attn. Owner/President/Manager

> **Re:** **Claude Simpkins v. Taurus Holdings, Inc., Taurus International Manufacturing, Inc., et al., Philadelphia County Court of Common Pleas, No. 251002020**

Dear Sir/Madam:

This is to inform you that I represent Claude Simpkins in regard to the above referenced matter. Enclosed herewith please find a time-stamped copy of Mr. Simpkins' Complaint, the original of which has been filed of record in the Philadelphia County Court of Common Pleas. Please forward this on to your insurance company and/or your attorney for further processing.

Thank you for your cooperation in this regard.

Sincerely,

Michael V. Tinari

MVT/kas
Enclosure

Case ID: 251002020

# **<u>Exhibit B</u>**

Case ID: 251002020

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

The Arsenal Gun shop
1924 cooper street
Deptford, NJ 08096

9590 9402 9365 5002 3378 07

2. Article Number (Transfer from service label)

9589 0710 5270 2919 8937 56

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent
 ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
 If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ ... Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

Woodbury, NJ 0809?

Certified Mail Fee
$ 5.20

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $ _____
☐ Return Receipt (electronic) $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required $ _____
☐ Adult Signature Restricted Delivery $ _____

Postage
$ 10.15

Total Postage and Fees
$ 20.15

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3800, January 2023 PSN 7530-02-000-9047    See Reverse for Instructions

PAOLI PA 19301
Postmark Here
OCT 2025
USPS

Case ID: 251002020



USPS TRACKING #

SOUTH JERGEN NJ O8C
PB OCT 2025 M 6 L

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 9365 5002 3378 07

**United States
Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

Leonard Tivari LLP
171 W. Lancaster Ave, 2ndFl
Paoli, PA 19301

Case ID: 251002020

ALERT: AN UNEXPECTED INCIDENT AT THE AIRPORT IN LOUISVILLE, KY MAY DELAY FINAL D…

# USPS Tracking®

FAQs >

Remove ✕

**Tracking Number:**

## 9589071052702919893756

Copy        Add to Informed Delivery (https://informeddelivery.usps.com/)

## Latest Update

Your item was delivered to an individual at the address at 11:29 am on October 23, 2025 in WOODBURY, NJ 08096.

**Get More Out of USPS Tracking:**

USPS Tracking Plus®

### Delivered
**Delivered, Left with Individual**
WOODBURY, NJ 08096
October 23, 2025, 11:29 am

**Arrived at Post Office**
WOODBURY, NJ 08096
October 23, 2025, 7:53 am

**Out for Delivery**
WOODBURY, NJ 08096
October 23, 2025, 6:10 am

**Arrived at USPS Facility**
WOODBURY, NJ 08096
October 23, 2025, 3:21 am

**Departed USPS Regional Facility**
SOUTH JERSEY NJ DISTRIBUTION CENTER

Feedback

Case ID: 251002020

**LEONARD TINARI, LLP**
By:    Michael V. Tinari, Esquire
Attorney I.D. No. 51853
171 W. Lancaster Avenue, 2nd Floor
Paoli, PA 19301
Telephone: (484) 328-8147
Email: mtinari@lt-lawyer.com

Attorneys for Plaintiff



*Filed and Attested by the Office of Judicial Records 21 NOV 2025 06:28 pm B. BALILONTS*

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA
## CIVIL ACTION – LAW

|  |  |
|---|---|
| **CLAUDE SIMPKINS**<br>Plaintiff<br><br>vs.<br><br>**TAURUS HOLDINGS, INC**<br>**d/b/a TAURUS USA**<br>&<br>**TAURUS INTERNATIONAL**<br>**MANUFACTURING, INC**<br>&<br>**TAURUS ARMAS S.A.**<br>**f/k/a FORJAS TAURUS S.A.**<br>&<br>**FIRING LINE, INC.**<br>&<br>**THE ARSENAL GUN SHOP LLC**<br>&<br>**JOHN DOE PERSONS AND ENTITIES**<br>Defendants | NO. 251002020<br><br><br>**JURY TRIAL DEMANDED**<br><br><br><br><br><br><br>CIVIL ACTION |

## AFFIDAVIT OF SERVICE BY CERTIFIED MAIL PURSUANT TO PA. R. CIV. PRO 404

I, Michael V. Tinari, Esquire, an attorney with the law firm of Leonard Tinari LLP, being properly sworn according to law, hereby depose and say that:

1.    On October 20, 2025, I caused a copy of Plaintiff's Complaint to be served upon Defendant Taurus International Manufacturing, Inc., ("Defendant") in this matter as hereafter described.

1

Case ID: 251002020

2.    On October 20, 2025, I caused a copy of the aforesaid document to be served upon Defendant by sending same to Defendant's registered agent, Thomas Conger, Esquire via Certified Mail, Return Receipt Requested to Defendant's address 218 E. Water Street, Bainbridge, GA 39817.  A true and correct copy of the October 20, 2025 letter confirming that said items were sent are attached hereto as Exhibit "A".

3.    The certified mail with United States Postal Service tracking number 9589071052702919893725 was sent and delivered to Defendant at the 218 E. Water Street, Bainbridge, GA 39817 address.  The Return Receipt was returned to the undersigned by Defendant and a printout from www.usps.com is attached showing delivery was completed on October 24, 2025.  A true and correct copy of the Return Receipt Requested and printout is attached hereto as Exhibit "B".

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


                                        Leonard Tinari LLP

Dated: November 10, 2025              By:   /s/ *Michael V. Tinari*
                                        Michael V. Tinari, Esquire
                                        *Attorney for Plaintiff, Claude Simpkins*

2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date a true and correct copy of the foregoing Affidavit of Service by Certified Mail Pursuant to Pa. R. Civ. Pro 404 was served upon the following this day via first class mail:

**TAURUS HOLDINGS, INC d/b/a TAURUS USA**
100 Taurus Way
Bainbridge, Georgia 39817

**TAURUS INTERNATIONAL MANUFACTURING, INC**
100 Taurus Way
Bainbridge, Georgia 39817

**TAURUS ARMAS S.A. f/k/a FORJAS TAURUS S.A.**
100 Taurus Way
Bainbridge, Georgia 39817
And
Av. São Borja, 2181
São Leopoldo, 93035-411, Brazil

**FIRING LINE, INC.**
1532 S. Front Street
Philadelphia, PA 19147

**THE ARSENAL GUN SHOP LLC**
1924 Cooper Street
Deptford, NJ 08096


Leonard Tinari LLP

Dated: November 10, 2025         By:    /s/  *Michael V. Tinari*
                                            Michael V. Tinari, Esquire
                                            *Attorney for Plaintiff, Claude Simpkins*

3

Case ID: 251002020

# **Exhibit A**

Case ID: 251002020



Keith N. Leonard, Esquire
kleonard@lt-lawyer.com

Michael V. Tinari, Esquire
mtinari@lt-lawyer.com

171 West Lancaster Avenue
2nd Floor
Paoli, PA 19301

Phone: 484-328-8147
Web: lt-lawyer.com
Licensed in PA and NJ

October 20, 2025

**BY CERTIFIED, REGISTERED MAIL**
Thomas Conger, Esquire
Conger & Smith
218 E. Water Street
Bainbridge, GA 39817
Registered Agent for Taurus International Manufacturing, Inc.

Re:    **Claude Simpkins v. Taurus Holdings, Inc., Taurus International Manufacturing, Inc., et al., Philadelphia County Court of Common Pleas, No. 251002020**

Dear Mr. Conger:

As you know, I represent plaintiff, Claude Simpkins in regard to the above. Enclosed herewith please find a time-stamped copy of the Complaint, the original of which has been filed of record. If you wish to discuss, please feel free to contact me.

Thank you.

Sincerely,

Michael V. Tinari

MVT/kas
Enclosure

Case ID: 251002020

# **<u>Exhibit B</u>**

Case ID: 251002020



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Taurus Int'l Manufacturing, inc
c/o Thomas Conger
218 E. Water Street
Bainbridge, GA 39817

9590 9402 9365 5002 3377 08

2. Article Number (Transfer from service label)
9589 0710 5270 2919 8937 25

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Jessica Hirt
☐ Agent
☐ Addressee

B. Received by (Printed Name)      C. Date of Delivery
Jessica Hirt

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☑ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053       Domestic Return Receipt



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

Bainbridge GA 39817

Certified Mail Fee
$  5.70

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $

Postmark
Here

OCT 20 2025

Postage
$  17.00

Total Postage and Fees
$

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3800, January 2023 PSN 7530-02-000-9047      See Reverse for Instructions

Case ID: 251002020

USPS TRACKING #

9590 9402 9365 5002 3377 08

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

Leonard Tinari LLP
171 W. Lancaster Ave
Paoli, PA 19301

Case ID: 251002020

ALERT: AN UNEXPECTED INCIDENT AT THE AIRPORT IN LOUISVILLE, KY MAY DELAY FINAL D…

# USPS Tracking®

FAQs >

Remove ✕

**Tracking Number:**

# 9589071052702919893725

Copy          Add to Informed Delivery (https://informeddelivery.usps.com/)

## Latest Update

Your item was delivered to an individual at the address at 9:46 am on October 24, 2025 in BAINBRIDGE, GA 39817.

**Get More Out of USPS Tracking:**

USPS Tracking Plus®

● **Delivered**
**Delivered, Left with Individual**
BAINBRIDGE, GA 39817
October 24, 2025, 9:46 am

● **Out for Delivery**
BAINBRIDGE, GA 39817
October 24, 2025, 6:22 am

● **Arrived at Post Office**
BAINBRIDGE, GA 39817
October 24, 2025, 6:11 am

● **Arrived at USPS Facility**
BAINBRIDGE, GA 39817
October 24, 2025, 5:54 am

● **In Transit to Next Facility**
October 24, 2025, 5:09 am

Feedback

Case ID: 251002020

**LEONARD TINARI, LLP**
By:    Michael V. Tinari, Esquire
Attorney I.D. No. 51853
171 W. Lancaster Avenue, 2nd Floor
Paoli, PA 19301
Telephone: (484) 328-8147
Email: mtinari@lt-lawyer.com



Attorneys for Plaintiff

*Filed and Attested by the Office of Judicial Records 21 NOV 2025 06:26 pm B. BALILONTS*

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA
### CIVIL ACTION – LAW

| | |
|---|---|
| CLAUDE SIMPKINS<br>Plaintiff<br><br>vs.<br><br>TAURUS HOLDINGS, INC<br>d/b/a TAURUS USA<br>&<br>TAURUS INTERNATIONAL<br>MANUFACTURING, INC<br>&<br>TAURUS ARMAS S.A.<br>f/k/a FORJAS TAURUS S.A.<br>&<br>FIRING LINE, INC.<br>&<br>THE ARSENAL GUN SHOP LLC<br>&<br>JOHN DOE PERSONS AND ENTITIES<br>Defendants | NO. 251002020<br><br>**JURY TRIAL DEMANDED**<br><br><br>CIVIL ACTION |

## AFFIDAVIT OF SERVICE BY CERTIFIED MAIL PURSUANT TO PA. R. CIV. PRO 404

I, Michael V. Tinari, Esquire, an attorney with the law firm of Leonard Tinari LLP, being properly sworn according to law, hereby depose and say that:

1.    On October 20, 2025, I caused a copy of Plaintiff's Complaint to be served upon Defendant Taurus Holdings, Inc. d/b/a Taurus USA, ("Defendant") in this matter as hereafter described.

1

Case ID: 251002020

2.      On October 20, 2025, I caused a copy of the aforesaid document to be served upon Defendant by sending same to Defendant's registered agent, Thomas Conger, Esquire via Certified Mail, Return Receipt Requested to Defendant's address 218 E. Water Street, Bainbridge, GA 39817.  A true and correct copy of the October 20, 2025 letter confirming that said items were sent are attached hereto as Exhibit "A".

3.      The certified mail with United States Postal Service tracking number 9589071052702919893749 was sent and delivered to Defendant at the 218 E. Water Street, Bainbridge, GA 39817 address.  The Return Receipt was returned to the undersigned by Defendant and a printout from www.usps.com is attached showing delivery was completed on October 24, 2025.  A true and correct copy of the Return Receipt Requested and printout is attached hereto as Exhibit "B".

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Leonard Tinari LLP

Dated: November 10, 2025            By:   /s/ *Michael V. Tinari*
                                    Michael V. Tinari, Esquire
                                    *Attorney for Plaintiff, Claude Simpkins*

2

Case ID: 251002020

## CERTIFICATE OF SERVICE

I hereby certify that on this date a true and correct copy of the foregoing Affidavit of Service by Certified Mail Pursuant to Pa. R. Civ. Pro 404 was served upon the following this day via first class mail:

**TAURUS HOLDINGS, INC d/b/a TAURUS USA**
100 Taurus Way
Bainbridge, Georgia 39817

**TAURUS INTERNATIONAL MANUFACTURING, INC**
100 Taurus Way
Bainbridge, Georgia 39817

**TAURUS ARMAS S.A. f/k/a FORJAS TAURUS S.A.**
100 Taurus Way
Bainbridge, Georgia 39817
And
Av. São Borja, 2181
São Leopoldo, 93035-411, Brazil

**FIRING LINE, INC.**
1532 S. Front Street
Philadelphia, PA 19147

**THE ARSENAL GUN SHOP LLC**
1924 Cooper Street
Deptford, NJ 08096


Leonard Tinari LLP


Dated: November 10, 2025          By:   /s/ *Michael V. Tinari*
                                         Michael V. Tinari, Esquire
                                         *Attorney for Plaintiff, Claude Simpkins*

3

Case ID: 251002020

# <u>Exhibit A</u>

Case ID: 251002020



Keith N. Leonard, Esquire
kleonard@lt-lawyer.com

Michael V. Tinari, Esquire
mtinari@lt-lawyer.com

171 West Lancaster Avenue
2nd Floor
Paoli, PA 19301

Phone: 484-328-8147
Web: lt-lawyer.com
Licensed in PA and NJ

October 20, 2025

**BY CERTIFIED, REGISTERED MAIL**
Thomas Conger, Esquire
Conger & Smith
218 E. Water Street
Bainbridge, GA 39817
Registered Agent for Taurus Holdings, Inc. d/b/a Taurus USA

Re:    **Claude Simpkins v. Taurus Holdings, Inc., Taurus International Manufacturing, Inc., et al., Philadelphia County Court of Common Pleas, No. 251002020**

Dear Mr. Conger:

As you know, I represent plaintiff, Claude Simpkins in regard to the above. Enclosed herewith please find a time-stamped copy of the Complaint, the original of which has been filed of record. If you wish to discuss, please feel free to contact me.

Thank you.

Sincerely,

Michael V. Tinari

MVT/kas
Enclosure

Case ID: 251002020

# **<u>Exhibit B</u>**

Case ID: 251002020

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Taurus Holdings, inc
d/b/a Taurus USA
c/o Thomas Conger
218 E water street
Bainbridge, GA 39817

9590 9402 9365 5002 3378 14

2. Article Number (Transfer from service label)

9589 0710 5270 2919 8937 49

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X Jessica Hert

☐ Agent
☐ Addressee

B. Received by (Printed Name)

Jessica Hert

C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:   ☑ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053                    Domestic Return Receipt

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

Bainbridge GA 39817

Certified Mail Fee

$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $

Postage
$                    $17.00

Total Postage and Fees
$

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

Postmark
Here

OCT 20 2025

USPS

PS Form 3800, January 2023 PSN 7530-02-000-9047    See Reverse for Instructions

Case ID: 251002020



9590 9402 9365 5002 3378 14

**United States**
**Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

Leonard Tinari LLP
171 W. Lancaster Ave, 2nd fl
Paoli, PA 19301

Case ID: 251002020

ALERT: AN UNEXPECTED INCIDENT AT THE AIRPORT IN LOUISVILLE, KY MAY DELAY FINAL D…

# USPS Tracking®

FAQs >

Remove ✕

**Tracking Number:**

# 9589071052702919893749

Copy        Add to Informed Delivery (https://informeddelivery.usps.com/)

## Latest Update

Your item was delivered to an individual at the address at 9:46 am on October 24, 2025 in BAINBRIDGE, GA 39817.

**Get More Out of USPS Tracking:**

USPS Tracking Plus®

**Delivered**

**Delivered, Left with Individual**

BAINBRIDGE, GA 39817
October 24, 2025, 9:46 am

**Out for Delivery**

BAINBRIDGE, GA 39817
October 24, 2025, 6:20 am

**Arrived at Post Office**

BAINBRIDGE, GA 39817
October 24, 2025, 6:09 am

**Arrived at USPS Facility**

BAINBRIDGE, GA 39817
October 24, 2025, 5:54 am

**In Transit to Next Facility**

October 24, 2025, 5:09 am

Feedback

Case ID: 251002020

**LEONARD TINARI, LLP**
By:    Michael V. Tinari, Esquire
Attorney I.D. No. 51853
171 W. Lancaster Avenue, 2nd Floor
Paoli, PA 19301
Telephone: (484) 328-8147
Email: mtinari@lt-lawyer.com



Attorneys for Plaintiff

Filed and Attested by the
Office of Judicial Records
17 NOV 2025 06:29 pm
B. BALILONTS

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA
## CIVIL ACTION – LAW

| | |
|---|---|
| **CLAUDE SIMPKINS**<br>Plaintiff<br><br>vs.<br><br>**TAURUS HOLDINGS, INC**<br>**d/b/a TAURUS USA**<br>**&**<br>**TAURUS INTERNATIONAL**<br>**MANUFACTURING, INC**<br>**&**<br>**TAURUS ARMAS S.A.**<br>**f/k/a FORJAS TAURUS S.A.**<br>**&**<br>**FIRING LINE, INC.**<br>**&**<br>**THE ARSENAL GUN SHOP LLC**<br>**&**<br>**JOHN DOE PERSONS AND ENTITIES**<br>Defendants | NO. 251002020<br><br><br>**JURY TRIAL DEMANDED**<br><br><br><br><br><br><br><br>CIVIL ACTION |

## AFFIDAVIT OF SERVICE BY CERTIFIED MAIL PURSUANT TO PA. R. CIV. PRO 404

I, Michael V. Tinari, Esquire, an attorney with the law firm of Leonard Tinari LLP, being properly sworn according to law, hereby depose and say that:

1.     On October 20, 2025, I caused a copy of Plaintiff's Complaint to be served upon Defendant Taurus Armas S.A. f/k/a Forjas Taurus S.A., ("Defendant") in this matter as hereafter described.

1

Case ID: 251002020

2.      On October 20, 2025, I caused a copy of the aforesaid document to be served upon Defendant by sending same to Defendant's registered agent, Thomas Conger, Esquire via Certified Mail, Return Receipt Requested to Defendant's address 218 E. Water Street, Bainbridge, GA 39817.  A true and correct copy of the October 20, 2025 letter confirming that said items were sent are attached hereto as Exhibit "A".

3.      The certified mail with United States Postal Service tracking number 9589071052702919893732 was sent and delivered to Defendant at the 218 E. Water Street, Bainbridge, GA 39817 address.  The Return Receipt was returned to the undersigned by Defendant and a printout from www.usps.com is attached showing delivery was completed on October 24, 2025.  A true and correct copy of the Return Receipt Requested and printout is attached hereto as Exhibit "B".

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


Leonard Tinari LLP

Dated: November 10, 2025          By:    /s/ *Michael V. Tinari*
                                        Michael V. Tinari, Esquire
                                        *Attorney for Plaintiff, Claude Simpkins*

2

Case ID: 251002020

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this date a true and correct copy of the foregoing Affidavit of Service by Certified Mail Pursuant to Pa. R. Civ. Pro 404 was served upon the following this day via first class mail:

**TAURUS HOLDINGS, INC d/b/a TAURUS USA**
100 Taurus Way
Bainbridge, Georgia 39817

**TAURUS INTERNATIONAL MANUFACTURING, INC**
100 Taurus Way
Bainbridge, Georgia 39817

**TAURUS ARMAS S.A. f/k/a FORJAS TAURUS S.A.**
100 Taurus Way
Bainbridge, Georgia 39817
And
Av. São Borja, 2181
São Leopoldo, 93035-411, Brazil

**FIRING LINE, INC.**
1532 S. Front Street
Philadelphia, PA 19147

**THE ARSENAL GUN SHOP LLC**
1924 Cooper Street
Deptford, NJ 08096

Leonard Tinari LLP

Dated: November 10, 2025          By: ___/s/ *Michael V. Tinari*
                                       Michael V. Tinari, Esquire
                                       *Attorney for Plaintiff, Claude Simpkins*

3

<span style="color:red">Case ID: 251002020</span>

# **<u>Exhibit A</u>**

Case ID: 251002020



Keith N. Leonard, Esquire
kleonard@lt-lawyer.com

Michael V. Tinari, Esquire
mtinari@lt-lawyer.com

171 West Lancaster Avenue
2nd Floor
Paoli, PA 19301

Phone: 484-328-8147
Web: lt-lawyer.com
Licensed in PA and NJ

October 20, 2025

**BY CERTIFIED, REGISTERED MAIL**
Thomas Conger, Esquire
Conger & Smith
218 E. Water Street
Bainbridge, GA 39817
Registered Agent for Taurus Armas S.A. f/k/a Forjas Taurus SA

Re:    **Claude Simpkins v. Taurus Holdings, Inc., Taurus International Manufacturing, Inc., et al., Philadelphia County Court of Common Pleas, No. 251002020**

Dear Mr. Conger:

As you know, I represent plaintiff, Claude Simpkins in regard to the above. Enclosed herewith please find a time-stamped copy of the Complaint, the original of which has been filed of record. If you wish to discuss, please feel free to contact me.

Thank you.

Sincerely,

Michael V. Tinari

MVT/kas
Enclosure

# **Exhibit B**

Case ID: 251002020

**SENDER: *COMPLETE THIS SECTION***

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Taurus Armas S.A.
f/k/a Forjas Taurus S.A.
c/o Thomas Conger
218 E. Water Street
Bainbridge, GA 39817

9590 9402 9664 5199 1696 16

2. Article Number *(Transfer from service label)*

9589 0710 5270 2919 8937 32

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X  *Jessica Hart*    ☐ Agent
                     ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

*Jessica Hart*

D. Is delivery address different from item 1?  ☑ Yes
   If YES, enter delivery address below:      ☑ No

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☐ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Mail
- ☐ Mail Restricted Delivery (over $500)

- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053    Domestic Return Receipt



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

Bainbridge, GA 39817

| Certified Mail Fee | $5.30 |
| Extra Services & Fees *(check box, add fee as appropriate)* | |
| ☐ Return Receipt (hardcopy) | $ |
| ☐ Return Receipt (electronic) | $ |
| ☐ Certified Mail Restricted Delivery | $ |
| ☐ Adult Signature Required | $ |
| ☐ Adult Signature Restricted Delivery | $ |
| Postage | $12.00 |
| Total Postage and Fees | $ |

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

Postmark Here    OCT 20 2023

PS Form 3800, January 2023 PSN 7530-02-000-9047    See Reverse for Instructions

9589 0710 5270 2919 8937 32

Case ID: 251002020



USPS TRACKING #

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 9664 5199 1696 16

**United States**
**Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

Leonard Tinari LLP
171 W. Lancaster Ave, 2nd fl
Paoli, PA 19341

Case ID: 251002020

ALERT: AN UNEXPECTED INCIDENT AT THE AIRPORT IN LOUISVILLE, KY MAY DELAY FINAL D…

# USPS Tracking®

Remove ✕

**Tracking Number:**

## 9589071052702919893732

Copy          Add to Informed Delivery (https://informeddelivery.usps.com/)

## Latest Update

Your item was delivered to an individual at the address at 9:46 am on October 24, 2025 in BAINBRIDGE, GA 39817.

**Get More Out of USPS Tracking:**

USPS Tracking Plus®

● **Delivered**
**Delivered, Left with Individual**
BAINBRIDGE, GA 39817
October 24, 2025, 9:46 am

● **Out for Delivery**
BAINBRIDGE, GA 39817
October 24, 2025, 6:26 am

● **Arrived at Post Office**
BAINBRIDGE, GA 39817
October 24, 2025, 6:15 am

● **Arrived at USPS Facility**
BAINBRIDGE, GA 39817
October 24, 2025, 5:54 am

● **In Transit to Next Facility**
October 24, 2025, 5:09 am

Feedback

Case ID: 251002020

# IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## PENNSYLVANIA
## CIVIL ACTION-LAW

Filed and Attested by the
Office of Judicial Records
03 NOV 2025 05:24 pm
L. BREWINGTON

CLAUDE SIMPKINS
31 West Allegheny Ave. Apt.244
Philadelphia, PA 19132
        Plaintiff

OCTOBER TERM, 2025
NO. 2020

     Vs.

TAURUS HOLDINGS INC.,
100 Taurus Way
Bainbridge, GA 39817
        &
TAURUS INTERNATIONAL MANUFACTURING INC.
100 Taurus Way
Bainbridge, GA 39817
        &
TAURUS ARMAS S.A.
100 Taurus Way
Bainbridge, GA 39817
        &
FIRING LINE INC.
1532 S. Front Street
Philadelphia, PA 19147
        &
THE ARSENAL GUN SHOP LLC
1924 Cooper Street
Deptford, NJ 08096
        &
John Doe Persons and Entities
        Defendants

JURY TRIAL DEMANDED

## RETURN OF SERVICE/AFFIDAVIT

I, Vincent J. Fenerty, hereby certify that I served a true and correct copy of the above captioned Complaint on FIRING LINE LLC:

1)By handing a copy to Greg Isabella, Store Manager of Firing Line LLC on the 27th day of October, 2025 at 7:15 PM at 1532 South Front Street, Philadelphia, PA 19147.

I verify that the statements in this Return of Service are true and correct. I further verify that I am an adult over the age of 18 and not related to any party in this action. I understand that this unsworn document contains statements that are made subject to the penalties of 18 P.C.S. § 4904 relating to unsworn falsification to authorities.

Sworn to and Affirmed

This ___29___ day of ___October___, 2025

Commonwealth of Pennsylvania - Notary Seal
Deborah Clegg, Notary Public
Philadelphia County
My Commission Expires Sept. 24, 2028
Commission Number 1268772

_____
Vincent J. Fenerty

Case ID: 251002020

| | |
|---|---|
| CLAUDE SIMPKINS, | **:** COURT OF COMMON PLEAS |
| Plaintiff, | **:** OF PHILADELPHIA COUNTY |
| | **:** |
| vs. | **:** |
| | **:** NO. 251002020 |
| TAURUS HOLDINGS, INC., | **:** |
| TAURUS INTERNATIONAL | **:** **JURY TRIAL DEMANDED** |
| MANUFACTURING, INC., TAURUS | **:** |
| ARMAS S.A., FIRING LINE, INC. and | **:** |
| THE ARSENAL GUN SHOP LLC | **:** |
| | **:** |
| Defendants. | **:** |

*Filed and Attested by the Office of Judicial Records NOV 2025 05:16 pm C. SMITH*

## ORDER

**AND NOW**, this _____ day of _____, 2025, upon consideration of the Preliminary

Objections of Defendants, Taurus Holdings, Inc. and Taurus International Manufacturing, Inc., to

Plaintiff's Complaint, and any response thereto, is hereby **ORDERED** that said objections are

**SUSTAINED**. **IT IS FURTHER ORDERED** as follows:

1) Paragraph 58(k) is **HEREBY STRICKEN** from Plaintiff's Complaint;

2) Paragraphs 64 and 77 are **HEREBY STRICKEN** from Plaintiff's Complaint; and

3) Plaintiff's demand for punitive damages in the *ad damnum* clauses of Counts I, II, III,

   and IV are **HEREBY STRICKEN** from Plaintiff's Complaint.

BY THE COURT:

_____

J.

Case ID: 251002020
Control No.: 25112930

To the Plaintiff(s) and Co-Defendant(s)
You are hereby notified to plead to the
**Preliminary Objections**
enclosed herewith within twenty (20) days of
service hereof, or default judgment
may be entered against you.

BY: _____
    Attorney for Objecting Defendant(s)

**POST & SCHELL, P.C.**
BY:  DANIEL S. ALTSCHULER,
ESQUIRE
I.D. # 49470
E-mail: daltschuler@postschell.com
THREE LOGAN SQUARE
1717 ARCH STREET, 24TH FLOOR
PHILADELPHIA, PA 19103
(215) 587-6612
FAX: (215) 320-4875

Attorneys for Defendants Taurus Holdings,
Inc., Taurus International Manufacturing, Inc.
and Taurus Armas S.A.

| | |
|---|---|
| CLAUDE SIMPKINS,<br>                      Plaintiff,<br><br>      vs.<br><br>TAURUS HOLDINGS, INC.,<br>TAURUS INTERNATIONAL<br>MANUFACTURING, INC., TAURUS<br>ARMAS S.A., FIRING LINE, INC. and<br>THE ARSENAL GUN SHOP LLC<br><br>                   Defendants. | **:**<br>**:**<br>**:**<br>**:**<br>**:**<br>**:**<br>**:**<br>**:**<br>**:**<br>**:**<br>**:**<br>**:**<br>**:**  COURT OF COMMON PLEAS<br>OF PHILADELPHIA COUNTY<br><br><br>NO. 251002020<br><br>**JURY TRIAL DEMANDED** |

### PRELIMINARY OBJECTIONS OF DEFENDANTS, TAURUS HOLDINGS, INC. AND TAURUS INTERNATIONAL MANUFACTURING, INC., TO PLAINTIFF'S COMPLAINT

Defendants, Taurus Holdings, Inc. ("Holdings") and Taurus International Manufacturing, Inc. ("TIMI") (referred to collectively as "Taurus Defendants"), by and through their attorneys, Post & Schell, P.C., hereby file the following Preliminary Objections to Plaintiff's Complaint pursuant to Pa.R.Civ,P. 1028, and in support thereof, avers as follows:

Case ID: 251002020
Control No.: 25112930

## I.    STATEMENT OF FACTS AND PROCEDURAL HISTORY

1.    On October 17, 2025, Plaintiff, Claude Simpkins, filed a Complaint in this Court against Taurus Defendants, Firing Line, Inc., and the Arsenal Gun Shop LLC. See copy of Plaintiff's Complaint attached hereto as Exhibit "A."

2.    In his Complaint, Plaintiff asserts four (4) separate causes of action against Taurus Defendants: Negligence (Count I), Strict Liability under Restatement (Second) of Torts 402A (Count II), Strict Liability under Restatement (Second) of Torts 402B (Count III), and Breach of Warranty (Count IV). See Exhibit A, ¶¶56-91.

3.    As part of his negligence claim, Plaintiff alleges that "Taurus Defendants were negligent under the doctrine of *res ipsa loquitur* as the Plaintiff would not have suffered injuries, as set forth above, if not for the Taurus Model 605 revolver shaving metal shrapnel off of the bullet when fired." See Exhibit A, ¶58(k).

4.    Additionally, in Paragraphs 64 and 77 as well as the *ad damnum* clauses of Counts I, II, III, and IV of the Complaint, Plaintiff asserts a demand for punitive damages. See Exhibit A, ¶¶64 and 77.

5.    However, Plaintiff fails to allege the requisite facts to support a claim for punitive damages.

6.    Accordingly, Taurus Defendants file these timely Preliminary Objections to Plaintiff's Complaint.

## II.    LEGAL ARGUMENT

7.    Pennsylvania Rule of Civil Procedure 1028 allows a party to challenge the merits of a legal claim and strike deficiencies in a pleading. See Pa. R.C.P. 1028.

Case ID: 251002020
Control No.: 25112930

8.      "In reviewing preliminary objections, only facts that are well pleaded, material, and relevant will be considered as true, together with such reasonable inferences that may be drawn from those facts, and preliminary objections will be sustained only if they are clear and free from doubt." See Somers v. Somers, 613 A.2d 1211, 1212 (Pa. Super. 1992) (citation omitted).

9.      "Because Pennsylvania is a fact-pleading jurisdiction, a pleading must not only apprise the opposing party of the asserted claim, it must also formulate the issues by summarizing those facts essential to support the claim." See Corestates Bank, N.A. v. Cutillo, 723 A.2d 1053, 1057 (Pa. Super. 1999) (internal quotations omitted); see also Pa. R.C.P. 1019.

**A. PRELIMINARY OBJECTION IN THE FORM OF A MOTION TO STRIKE PARAGRAPH 58(k) OF THE COMPLAINT ALLEGING A THEORY OF *RES IPSA LOQUITUR* PURSUANT TO Pa.R.Civ.P. 1028(a)(2) FOR FAILURE TO CONFORM TO LAW AND/OR RULE OF COURT.**

10.     In Paragraph 58 of the Complaint, Plaintiff lists various allegations of negligence as part of his negligence claim (Count I) against Taurus Defendants. See Exhibit A, ¶¶56-64

11.     Under sub-Paragraph 58(k), Plaintiff alleges that "Taurus Defendants were negligent under the doctrine of *res ipsa loquitur* as the Plaintiff would not have suffered injuries, as set forth above, if not for the Taurus Model 605 revolver shaving metal shrapnel off of the bullet when fired." See Exhibit A, ¶58(k).

12.     Not only is this an incorrect application of the *res ipsa loquitur* doctrine, but also an improper allegation in a complaint under Pennsylvania law.

13.     The doctrine of *res ipsa loquitur* is "a short-hand expression for a rule of evidence which allows a jury to infer the existence of negligence and causation where the injury at issue is one that does not ordinarily occur in the absence of negligence." Sedistsky v. Pareso, 582 A.2d 1314, 1315 (Pa. Super. 1990) (citing Gilbert v. Korvette, Inc., 327 A.2d 94, 99 (Pa. 1974)).

3

Case ID: 251002020
Control No.: 25112930

14.     The Pennsylvania Supreme Court has also declared that the doctrine of *res ipsa loquitur* is **not** a theory of recovery, but rather a rule of circumstantial evidence. Quinby v. Plumsteadville Family Practice, Inc., 907 A.2d 1061, 1071 (Pa. 2006).

15.     As a rule of evidence, the doctrine of *res ipsa loquitur* "is brought into play where the situation presented makes it applicable. **It does not have to be pleaded in the complaint or noticed by specific designation to the adverse party at a pre-trail or at trial, since it is neither a cause of action, nor a ground for recovery, nor an issue**." Hollywood Shop, Inc. v. Pa. Gas & Water Co., 411 A.2d 509, 513 (1979) (quoting Fassbinder v. Pa. R.R. Co., 322 F.2d 859, 863 (3d Cir.1963) (emphasis added)).

16.     Thus, Pennsylvania courts have sustained preliminary objections seeking to strike allegations of negligence under a "theory" of *res ipsa loquitur*. See, e.g., Belles v. Giovanni's Pizza, 2014 Pa. Dist. & Cnty. Dec. LEXIS 235 (Bucks CCP Nov. 20, 2014) (sustaining preliminary objection in the form of a motion to strike an allegation of *res ipsa loquitur* from the plaintiff's complaint).

17.     For this reason, Subparagraph 58(k) should be stricken from Plaintiff's Complaint.

**WHEREFORE,** Defendants, Taurus Holdings, Inc. and Taurus International Manufacturing, Inc., respectfully demand that Sub-Paragraph 58(k) of Plaintiff's Complaint be stricken with prejudice.

**B. PRELIMINARY OBJECTION IN THE FORM OF A MOTION TO STRIKE PLAINTIFF'S DEMAND FOR PUNITIVE DAMAGES IN PARAGRAPHS 64, 77 AND *AD DAMNUM* CLAUSES OF COUNTS I, II, III, AND IV PURSUANT TO Pa.R.Civ.P. 1028(a)(2) FOR FAILURE TO CONFORM TO LAW AND/OR RULE OF COURT.**

18.     In Paragraphs 64 and 77 of Plaintiff's Complaint, he alleges that he "is entitled to an award of punitive damages." See Exhibit A, ¶¶64 and 77.

4

19.    Likewise, in each of Plaintiff's *ad damnum* clauses against Taurus Defendants, Plaintiff demands punitive damages. See Exhibit A, Count I, II, III, and IV.

20.    However, under Pennsylvania law, in order for a claim for punitive damages to proceed, the pleading must allege **specific conduct** that was outrageous in nature and that demonstrates intentional, willful, wanton, or reckless behavior **by the particular defendant**. SHV Coal v.  Continental Grain, 587 A.2d 702 (Pa. 1991) (emphasis added).

21.    Although the Plaintiff's Complaint contains random allegations of "willful, wanton, reckless and intentional" conduct Taurus Defendants, nowhere is it alleged that Taurus Defendants engaged in conduct with an evil motive or reckless indifference needed to factually support a claim for punitive damages. If a claim alleges merely negligent (or even grossly negligent) conduct, it is not sufficient to support a claim for punitive damages. Feld v. Merrian, 485 A.2d 742 (Pa. 1984); McDanial v. Merk, Sharp & Dohme, 533 A.2d 436 (Pa. Super. 1987); Schock v T.J. Care, Inc., 65 Pa. D.&C.4th 517 (CCP Fayette Co. 2004).

22.    The ordinary negligence, inadvertence, mistake or error in judgment alleged in this Complaint regarding the misidentification of Smith simply does not support a claim for punitive damages.

23.    Maintenance of a punitive damage claim requires a high standard of factual allegations not available from the pleading (or record) now before this Court. Despite a 177 paragraph Complaint, Plaintiff does do not set forth **any** facts which support that Taurus Defendants acted outrageously, with indifference or conscious disregard, or with the motive upon him personally to warrant punitive damages.

24.    Therefore, Plaintiff's demand for punitive damages should be stricken from the Complaint.

5

Case ID: 251002020
Control No.: 25112930

**WHEREFORE,** Defendants, Taurus Holdings, Inc. and Taurus International Manufacturing, Inc., respectfully demand that Plaintiff's demand for punitive damages in Paragraphs 64 and 77 and the *ad damnum* clauses of Plaintiff's Complaint be stricken with prejudice.

Respectfully submitted,

**POST & SCHELL, P.C.**

**BY**:  _____

**DATED**: November 13, 2025

DANIEL S. ALTSCHULER, ESQUIRE
ATTORNEYS FOR DEFENDANTS,
TAURUS HOLDINGS, INC., TAURUS
INTERNATIONAL MANUFACTURING,
INC. AND TAURUS ARMAS S.A.

6

**POST & SCHELL, P.C.**
BY:  DANIEL S. ALTSCHULER, ESQUIRE
I.D. # 49470
E-mail: daltschuler@postschell.com
THREE LOGAN SQUARE
1717 ARCH STREET, 24TH FLOOR
PHILADELPHIA, PA 19103
(215) 587-6612
FAX: (215) 320-4875

Attorneys for Defendants Taurus Holdings, Inc., Taurus International Manufacturing, Inc. and Taurus Armas S.A.

| | |
|---|---|
| CLAUDE SIMPKINS,<br><br>                          Plaintiff,<br><br>          vs.<br><br>TAURUS HOLDINGS, INC.,<br>TAURUS INTERNATIONAL<br>MANUFACTURING, INC., TAURUS<br>ARMAS S.A., FIRING LINE, INC. and<br>THE ARSENAL GUN SHOP LLC<br><br>                          Defendants. | **:**  COURT OF COMMON PLEAS<br>**:**  OF PHILADELPHIA COUNTY<br>**:**<br>**:**<br>**:**<br>**:**  NO. 251002020<br>**:**<br>**:**  **JURY TRIAL DEMANDED**<br>**:**<br>**:**<br>**:**<br>**:**<br>**:**<br>**:** |

## MEMORANDUM OF LAW IN SUPPORT OF PRELIMINARY OBJECTIONS OF DEFENDANTS, TAURUS HOLDINGS, INC. AND TAURUS INTERNATIONAL MANUFACTURING, INC., TO PLAINTIFF'S COMPLAINT

Defendants, Taurus Holdings, Inc. ("Holdings") and Taurus International Manufacturing, Inc. ("TIMI") (referred to collectively as "Taurus Defendants"), by and through their attorneys, Post & Schell, P.C., hereby submits this Memorandum of Law in Support of its Preliminary Objections to Plaintiff's Complaint pursuant to Pa.R.Civ,P. 1028.

## I.    MATTER BEFORE THIS COURT

Before this Honorable Court is Defendants, Taurus Holdings, Inc. and Taurus International Manufacturing, Inc.'s Preliminary Objections to Plaintiff's Complaint.

Case ID: 251002020<br>Control No.: 25112930

## II.    QUESTIONS PRESENTED

**A.  WHETHER THIS COURT SHOULD SUSTAIN TAURUS DEFENDANTS' PRELIMINARY OBJECTION IN THE FORM OF A MOTION TO STRIKE PARAGRAPH 58(k) OF THE COMPLAINT ALLEGING A THEORY OF *RES IPSA LOQUITUR* PURSUANT TO Pa.R.Civ.P. 1028(a)(2) FOR FAILURE TO CONFORM TO LAW AND/OR RULE OF COURT.**

Suggested Answer: **YES.**

**B.  WHETHER THIS COURT SHOULD SUSTAIN TAURUS DEFENDANTS' PRELIMINARY OBJECTION IN THE FORM OF A MOTION TO STRIKE PLAINTIFF'S DEMAND FOR PUNITIVE DAMAGES IN PARAGRAPHS 64, 77 AND *AD DAMNUM* CLAUSES OF COUNTS I, II, III, AND IV PURSUANT TO Pa.R.Civ.P. 1028(a)(2) FOR FAILURE TO CONFORM TO LAW AND/OR RULE OF COURT.**

Suggested Answer: **YES.**

## III.    STATEMENT OF FACTS AND PROCEDURAL HISTORY

On October 17, 2025, Plaintiff, Claude Simpkins, filed a Complaint in this Court against Taurus Defendants, Firing Line, Inc., and the Arsenal Gun Shop LLC. See copy of Plaintiff's Complaint attached hereto as Exhibit "A."

In his Complaint, Plaintiff asserts four (4) separate causes of action against Taurus Defendants: Negligence (Count I), Strict Liability under Restatement (Second) of Torts 402A (Count II), Strict Liability under Restatement (Second) of Torts 402B (Count III), and Breach of Warranty (Count IV). See Exhibit A, ¶¶56-91.

25.    As part of his negligence claim, Plaintiff alleges that Taurus Defendants were negligent under the doctrine of *res ipsa loquitur* as the Plaintiff would not have suffered injuries, as set forth above, if not for the Taurus Model 605 revolver shaving metal shrapnel off of the bullet when fired." See Exhibit A, ¶58(k).

2

Case ID: 251002020
Control No.: 25112930

Additionally, in Paragraphs 64 and 77 as well as the *ad damnum* clauses of the Complaint, Plaintiff asserts a demand for punitive damages.  However, Plaintiff fails to allege the requisite facts to support a claim for punitive damages.

Accordingly, Taurus Defendants file these timely Preliminary Objections to Plaintiff's Complaint.

## IV.    LEGAL ARGUMENT

Pennsylvania Rule of Civil Procedure 1028 allows a party to challenge the merits of a legal claim and strike deficiencies in a pleading. See Pa. R.C.P. 1028.

"In reviewing preliminary objections, only facts that are well pleaded, material, and relevant will be considered as true, together with such reasonable inferences that may be drawn from those facts, and preliminary objections will be sustained only if they are clear and free from doubt." See Somers v. Somers, 613 A.2d 1211, 1212 (Pa. Super. 1992) (citation omitted).

"Because Pennsylvania is a fact-pleading jurisdiction, a pleading must not only apprise the opposing party of the asserted claim, it must also formulate the issues by summarizing those facts essential to support the claim." See Corestates Bank, N.A. v. Cutillo, 723 A.2d 1053, 1057 (Pa. Super. 1999) (internal quotations omitted); see also Pa. R.C.P. 1019.

**A. This Court Should Sustain Taurus Defendants' Preliminary Objection in the Form of a Motion to Strike Paragraph 58(k) of the Complaint Alleging a Theory of *Res Ipsa Loquitur* Pursuant to Pa.R.Civ.P. 1028(a)(2) For Failure to Conform to Law and/or Rule of Court.**

In Paragraph 58 of the Complaint, Plaintiff lists various allegations of negligence as part of his negligence claim (Count I) against Taurus Defendants. See Exhibit A, ¶¶56-64.  Specifically, under sub-Paragraph 58(k), Plaintiff alleges that "Taurus Defendants were negligent under the doctrine of *res ipsa loquitur* as the Plaintiff would not have suffered injuries, as set forth above, if not for the Taurus Model 605 revolver shaving metal shrapnel off of the bullet when fired." See

Case ID: 251002020
Control No.: 25112930

Exhibit A, ¶58(k).  Not only is this an incorrect application of the *res ipsa loquitur* doctrine, but also an improper allegation in a complaint under Pennsylvania law.

The doctrine of *res ipsa loquitur* is "a short-hand expression for a rule of evidence which allows a jury to infer the existence of negligence and causation where the injury at issue is one that does not ordinarily occur in the absence of negligence." Sedistsky v. Pareso, 582 A.2d 1314, 1315 (Pa. Super. 1990) (citing Gilbert v. Korvette, Inc., 327 A.2d 94, 99 (Pa. 1974)).  The Pennsylvania Supreme Court has also declared that the doctrine of *res ipsa loquitur* is **not** a theory of recovery, but rather a rule of circumstantial evidence. Quinby v. Plumsteadville Family Practice, Inc., 907 A.2d 1061, 1071 (Pa. 2006).

As a rule of evidence, the doctrine of *res ipsa loquitur* "is brought into play where the situation presented makes it applicable.  **It does not have to be pleaded in the complaint or noticed by specific designation to the adverse party at a pre-trail or at trial, since it is neither a cause of action, nor a ground for recovery, nor an issue**." Hollywood Shop, Inc. v. Pa. Gas & Water Co., 411 A.2d 509, 513 (1979) (quoting Fassbinder v. Pa. R.R. Co., 322 F.2d 859, 863 (3d Cir.1963) (emphasis added)).  Thus, Pennsylvania courts have sustained preliminary objections seeking to strike allegations of negligence under a "theory" of *res ipsa loquitur*. See, e.g., Belles v. Giovanni's Pizza, 2014 Pa. Dist. & Cnty. Dec. LEXIS 235 (Bucks CCP Nov. 20, 2014) (sustaining preliminary objection in the form of a motion to strike an allegation of *res ipsa loquitur* from the plaintiff's complaint).

For this reason, Subparagraph 58(k) should be stricken from Plaintiff's Complaint.

Case ID: 251002020
Control No.: 25112930

**B. This Court Should Sustain Taurus Defendants' Preliminary Objection in the Form of a Motion to Strike Plaintiff's Demand for Punitive Damages in Paragraphs 64 and 77 and the _Ad Damnum_ Clauses of Counts I, II, III, and IV Pursuant to Pa.R.Civ.P. 1028(a)(2) For Failure to Conform to Law and/or Rule of Court.**

In Paragraphs 64 and 77 of Plaintiff's Complaint, he alleges that he "is entitled to an award of punitive damages." See Exhibit A, ¶¶64 and 77.  Likewise, in each of Plaintiff's *ad damnum* clauses against Taurus Defendants, Plaintiff demands punitive damages. See Exhibit A, Count I, II, III, and IV.

However, under Pennsylvania law, in order for a claim for punitive damages to proceed, the pleading must allege **specific conduct** that was outrageous in nature and that demonstrates intentional, willful, wanton, or reckless behavior **by the particular defendant**. SHV Coal v. Continental Grain, 587 A.2d 702 (Pa. 1991) (emphasis added).

Although the Plaintiff's Complaint contains random allegations of "willful, wanton, reckless and intentional" conduct Taurus Defendants, nowhere is it alleged that Taurus Defendants engaged in conduct with an evil motive or reckless indifference needed to factually support a claim for punitive damages. If a claim alleges merely negligent (or even grossly negligent) conduct, it is not sufficient to support a claim for punitive damages. Feld v. Merrian, 485 A.2d 742 (Pa. 1984); McDanial v. Merk, Sharp & Dohme, 533 A.2d 436 (Pa. Super. 1987); Schock v T.J. Care, Inc., 65 Pa. D. & C. 4th 517 (Fayette CCP 2004).  The ordinary negligence, inadvertence, mistake or error in judgment alleged in this Complaint regarding the misidentification of Smith simply does not support a claim for punitive damages.

Maintenance of a punitive damage claim requires a high standard of factual allegations not available from the pleading (or record) now before this Court. Despite a 177 paragraph Complaint, Plaintiff does do not set forth **any** facts which support that Taurus Defendants acted outrageously,

5

with indifference or conscious disregard, or with the motive upon him personally to warrant punitive damages.

Therefore, Plaintiff's demand for punitive damages should be stricken from the Complaint.

## V.    **CONCLUSION**

For the reasons more fully explained above, Defendants, Taurus Holdings, Inc. and Taurus International Manufacturing, Inc., respectfully demand that Paragraph 58(k) and Plaintiff's demand for punitive damages in Paragraphs 64 and 77 and the *ad damnum* clauses of Plaintiff's Complaint be stricken from Plaintiff's Complaint.

Respectfully submitted,

**POST & SCHELL, P.C.**

**BY**: _____

**DATED**: November 13, 2025

DANIEL S. ALTSCHULER, ESQUIRE
ATTORNEYS FOR DEFENDANTS,
TAURUS HOLDINGS, INC., TAURUS
INTERNATIONAL MANUFACTURING,
INC. AND TAURUS ARMAS S.A.

6

Case ID: 251002020
Control No.: 25112930

## CERTIFICATE OF SERVICE

I, Daniel S. Altschuler, Esquire, hereby state that a true and correct copy of the foregoing

*PRELIMINARY OBJECTIONS OF DEFENDANTS, TAURUS HOLDINGS, INC. AND TAURUS INTERNATIONAL MANUFACTURING, INC., TO PLAINTIFF'S COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT*, was served via the Philadelphia County Court E-Filing System, at time of acceptance by the Prothonotary's Office, on the date set forth below upon all counsel of record.

**POST & SCHELL, P.C.**

**BY**: _____

**DATED**: November 13, 2025

DANIEL S. ALTSCHULER, ESQUIRE
ATTORNEYS FOR DEFENDANTS,
TAURUS HOLDINGS, INC., TAURUS
INTERNATIONAL MANUFACTURING,
INC. AND TAURUS ARMAS S.A.

# EXHIBIT A

Case ID: 251002020
Control No.: 25112930

# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet

PHILADELPHIA
_____ County

| For Prothonotary Use Only: |
| --- |
| Docket No: |

*Filed and Attested by the Office of Judicial Records 17 OCT 2025 01:59 pm E. BALILONIS*

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

## SECTION A

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Petition
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

Lead Plaintiff's Name:
CLAUDE SIMPKINS

Lead Defendant's Name:
TAURUS HOLDINGS, INC., ET AL.

**Are money damages requested?** ☒ Yes  ☐ No

Dollar Amount Requested: (check one)
- ☐ within arbitration limits
- ☒ outside arbitration limits

**Is this a *Class Action Suit*?** ☐ Yes  ☒ No

**Is this an *MDJ Appeal*?** ☐ Yes  ☒ No

Name of Plaintiff/Appellant's Attorney: MICHAEL V. TINARI, ESQUIRE

☐ **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

## SECTION B

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** (*do not include Mass Tort*)
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☒ Product Liability (*does not include mass tort*)
- ☐ Slander/Libel/ Defamation
- ☐ Other:
  _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other:
  _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional:
  _____

**CONTRACT** (*do not include Judgments*)
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
  _____
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
  _____
- ☐ Other:
  _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other:
  _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other
  _____
- ☐ Zoning Board
- ☐ Other:
  _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other:
  _____

Case ID: 251002020

Updated 1/1/2011

Control No.: 25112930

# NOTICE

**Pennsylvania Rule of Civil Procedure 205.5. (Cover Sheet) provides, in part:**

**Rule 205.5.    Cover Sheet**

(a)(1)   This rule shall apply to all actions governed by the rules of civil procedure except the following:

(i)      actions pursuant to the Protection from Abuse Act, Rules 1901 et seq.

(ii)     actions for support, Rules 1910.1 et seq.

(iii)    actions for custody, partial custody and visitation of minor children, Rules 1915.1 et seq.

(iv)     actions for divorce or annulment of marriage, Rules 1920.1 et seq.

(v)      actions in domestic relations generally, including paternity actions, Rules 1930.1 et seq.

(vi)     voluntary mediation in custody actions, Rules 1940.1 et seq.

(2)      At the commencement of any action, the party initiating the action shall complete the cover sheet set forth in subdivision (e) and file it with the prothonotary.

(b)      The prothonotary shall not accept a filing commencing an action without a completed cover sheet.

(c)      The prothonotary shall assist a party appearing pro se in the completion of the form.

(d)      A judicial district which has implemented an electronic filing system pursuant to Rule 205.4 and has promulgated those procedures pursuant to Rule 239.9 shall be exempt from the provisions of this rule.

(e)      The Court Administrator of Pennsylvania, in conjunction with the Civil Procedural Rules Committee, shall design and publish the cover sheet.  The latest version of the form shall be published on the website of the Administrative Office of Pennsylvania Courts at www.pacourts.us.

Case ID: 251002020
Control No.: 25112930

**LEONARD TINARI, LLP**
By:    Michael V. Tinari, Esquire
Attorney I.D. No. 51853                                   Attorneys for Plaintiff
171 W. Lancaster Avenue, 2nd Floor
Paoli, PA 19301
Telephone: (484) 328-8147
Email: mtinari@lt-lawyer.com

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA
## CIVIL ACTION – LAW

| | |
|---|---|
| **CLAUDE SIMPKINS** | : |
| 31 West Allegheny Ave, Apt 244 | :      NO. |
| Philadelphia, PA 19132 | : |
| | : |
| | :      **JURY TRIAL DEMANDED** |
| Plaintiff | : |
| | : |
| vs. | : |
| | : |
| **TAURUS HOLDINGS, INC** | : |
| **d/b/a TAURUS USA** | : |
| 100 Taurus Way | : |
| Bainbridge, Georgia 39817 | : |
| **&** | : |
| **TAURUS INTERNATIONAL** | : |
| **MANUFACTURING, INC** | : |
| 100 Taurus Way | : |
| Bainbridge, Georgia 39817 | : |
| **&** | : |
| **TAURUS ARMAS S.A.** | : |
| **f/k/a FORJAS TAURUS S.A.** | : |
| 100 Taurus Way | : |
| Bainbridge, Georgia 39817 | : |
| And | : |
| Av. São Borja, 2181 | : |
| São Leopoldo, 93035-411, Brazil | : |
| **&** | : |
| **FIRING LINE, INC.** | : |
| 1532 S. Front Street | : |
| Philadelphia, PA 19147 | : |
| **&** | : |

1

Case ID: 251002020
Control No.: 25112930

**THE ARSENAL GUN SHOP LLC**          :
1924 Cooper Street                    :
Deptford, NJ 08096                    :
      **&**                        :
**JOHN DOE PERSONS AND ENTITIES**     :    CIVIL ACTION
     Defendants                 :
                                      :

## COMPLAINT – CIVIL ACTION
## NOTICE TO DEFEND

<table>
<tr><td>NOTICE</td><td>AVISO</td></tr>
<tr><td>

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action  within twenty (20) days after this complaint and notice are  served, by entering a written appearance personally or by attorney  and filing in writing with the court your defenses or objection to  the claims set forth against you.  You are warned that if you fail  to do so the case may proceed without you and a judgment may  be entered against you by the court without further notice for any  money claimed in the complaint or for any other claim or relief  requested by the plaintiff.  You may lose money or property or  other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT  AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH  BELOW  TO  FIND  OUT  WHERE  YOU  CAN  GET

LEGAL HELP.

Philadelphia Bar Association  Lawyer Referral and Information Service One Reading Center  Philadelphia, Pennsylvania 19107 Telephone (215) 238-1701

</td><td>

Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación.  Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su personá.  Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación.  Además, la corte puede decidir a favor del demandante y  requiere que usted cumpla con todas las provisiones de esta  demanda.  Usted puede perder dinero o sus propiedades o otros  derechos importantes para usted.

LLEVE  ESTA  DEMANDA  A  UN  ABOGADO INMEDIATAMENTE.  SI NO TIENE ABOGADO O SI NO

TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE  SE  PUEDE  CONSEGUIR  ASISTENCIA LEGAL.

Asociacion De Licenciados De Filadelfia  Servicio De Referencia E Informacion Legal  One Reading Center Filadelfia, Pennsylvania 19107 Telefono:  (215)238-1701

</td></tr>
</table>

2

Case ID: 251002020
Control No.: 25112930

**LEONARD TINARI, LLP**
By:    Michael V. Tinari, Esquire
Attorney I.D. No. 51853                       Attorneys for Plaintiff
171 W. Lancaster Avenue, 2nd Floor
Paoli, PA 19301
Telephone: (484) 328-8147
Email: mtinari@lt-lawyer.com

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA
## CIVIL ACTION – LAW

| | |
|---|---|
| **CLAUDE SIMPKINS** : | |
| 31 West Allegheny Ave, Apt 244 : | NO. |
| Philadelphia, PA 19132 : | |
| : | **JURY TRIAL DEMANDED** |
| Plaintiff : | |
| : | |
| vs. : | |
| : | |
| **TAURUS HOLDINGS, INC** : | |
| **d/b/a TAURUS USA** : | |
| 100 Taurus Way : | |
| Bainbridge, Georgia 39817 : | |
| **&** : | |
| **TAURUS INTERNATIONAL** : | |
| **MANUFACTURING, INC** : | |
| 100 Taurus Way : | |
| Bainbridge, Georgia 39817 : | |
| **&** : | |
| **TAURUS ARMAS S.A.** : | |
| **f/k/a FORJAS TAURUS S.A.** : | |
| 100 Taurus Way : | |
| Bainbridge, Georgia 39817 : | |
| And : | |
| Av. São Borja, 2181 : | |
| São Leopoldo, 93035-411, Brazil : | |
| **&** : | |
| **FIRING LINE, INC.** : | |
| 1532 S. Front Street : | |
| Philadelphia, PA 19147 : | |
| **&** : | |
| **THE ARSENAL GUN SHOP LLC** : | |
| 1924 Cooper Street : | |
| Deptford, NJ 08096 : | |
| **&** : | |

| | | |
|---|---|---|
| **JOHN DOE PERSONS AND ENTITIES** | : | CIVIL ACTION |
| Defendants | : | |
| _____ | : | |

## *COMPLAINT*

Plaintiff, Claude Simpkins, by and through his attorney, Michal V. Tinari, Esquire, of Leonard Tinari LLP, respectfully represents and avers as follows:

## PARTIES

1.     Plaintiff, Claude Simpkins, is an adult individual who at the time of the injury averred herein resided at 1832 Callowhill Street, Apartment C, City of Philadelphia, and Commonwealth of Pennsylvania, and at the time of the filing of this civil action resides at 31 West Allegheny Ave, Apt 244, City of Philadelphia, and Commonwealth of Pennsylvania.

2.     Defendant, Taurus Holdings, Inc., d/b/a Taurus USA (individually referred to herein as "Taurus Holdings") is a Georgia corporation with its principal place of business located at 100 Taurus Way, Bainbridge, Georgia 39817. Defendant Taurus Holdings is, individually or jointly with one or more of the other Taurus Defendants, in the business of designing, manufacturing, assembling, distributing, importing, selling, marketing for sale, and advertising firearms.

3.     Defendant, Taurus International Manufacturing, Inc., (individually referred to herein as "Taurus International") is a Georgia corporation with its principal place of business located at 100 Taurus Way, Bainbridge, Georgia 39817. Defendant Taurus International is, individually or jointly with one or more of the other Taurus Defendants, in the business of designing, manufacturing, assembling, distributing, importing, selling, marketing for sale, and advertising firearms.

4.     Defendant, Taurus Armas S.A. f/k/a Forjas Taurus S.A. (individually referred to herein as "Taurus Armas") is a Brazilian company with its principal place of business located at Av. São Borja, 2181. São Leopoldo, 93035-411 Brazil and, upon information and belief, with

1

Case ID: 251002020
Control No.: 25112930

corporate offices at 100 Taurus Way, Bainbridge Georgia 39817. Defendant Taurus Armas is, individually or jointly with one or more of the other Taurus Defendants, in the business of designing, manufacturing, distributing, importing, exporting, selling, and marketing and otherwise advertising firearms.

5.    Defendants Taurus Holdings, Taurus International, and Taurus Armas will be herein referred to collectively as the "Taurus Defendants."

6.    Defendant, Firing Line, Inc., ("Firing Line") is a Pennsylvania corporation and licensed gun broker and dealer by the Bureau of Alcohol, Tobacco, Firearms and Explosives (referred to herein as the "ATF") with a Federal Firearms license. Its principal place of business is located at 1532 S. Front Street, Philadelphia, PA 19147.

7.    Defendant, The Arsenal Gun Shop LLC, ("Arsenal") is a New Jersey limited liability company and licensed gun broker and dealer by the ATF with a Federal Firearms License. Its principal place of business is located at 1924 Cooper Street, Deptford, NJ 08096.

8.    The Taurus Defendants, Firing Line, Arsenal and Defendants John Doe Persons and Entities (which John Doe Defendants are presently unknown to Plaintiff after a reasonable search with due diligence and as may hereafter be identified) are collectively referred to herein as the "Defendants".

9.    Defendants John Doe Persons and Entities are fictitious individuals or entities who, along with known Defendants identified by name herein, are jointly and severally responsible and liable for the actions and omissions of the Defendants as described and averred more fully throughout Plaintiff's Complaint. The John Doe Persons and Entities will be herein referred to collectively as the "John Doe Defendants."

2

**JURISDICTION AND VENUE**

10.    This Court has personal jurisdiction over the Taurus Defendants pursuant to the Pennsylvania Long-Arm Statute (42 Pa.C.S. §5322). Specifically, the Taurus Defendants, directly and by through their employees and agents, have engaged in systemic and ongoing business transactions in the Commonwealth of Pennsylvania, and have had continuous and substantial business connections in the Commonwealth of Pennsylvania at all times relevant to Plaintiff's averments and claims in this Complaint. The Taurus Defendants have chosen to manufacture, assemble, distribute, sell, import, export, market for sale, and advertise multiple types and brands of firearms, including the revolver that is the subject of this Complaint, throughout the United States, including the Commonwealth of Pennsylvania

11.    This Court has specific personal jurisdiction over the Taurus Defendants, because they have, directly and by and through their employees and agents:

(a)    operated, conducted, engaged in, or carried out a business venture in the United States, more specifically the State of Georgia ,designing. manufacturing, and assembling firearms under the "Taurus" and/or "Taurus USA" (and other) brand names, with the Taurus and Taurus USA brands of firearms being collectively referred to herein as "Taurus"), importing Taurus firearms under the "Taurus" brand name from Brazil into the State of Georgia, distributing Taurus firearms throughout the United States, including within the Commonwealth of Pennsylvania, under the "Taurus" brand name, and receiving revenues from such importation and distribution of the firearms under the "Taurus" brand name, such that specific personal jurisdiction arises under 42 Pa.C.S. §5322(a)(1)(i)(ii)(iii) & (iv);

3

Case ID: 251002020
Control No.: 25112930

(b)    committed various tortious acts and caused harm within the Commonwealth of Pennsylvania, including but not limited to the Plaintiff, by designing, manufacturing, advertising and otherwise marketing for sale, distributing, and selling a defective Model 605 .357 caliber revolver, Serial Number AGA9801 (hereinafter "Taurus Model 605" or 'Revolver") such that specific jurisdiction arises under 42 Pa.C.S. §5322(a)(3) and (4);

(c)    caused injury to Plaintiff, a resident of the Commonwealth of Pennsylvania arising out of an act or omission by it outside of the Commonwealth of Pennsylvania while products, materials, or things processed, serviced, manufactured, or assembled by them in Brazil and elsewhere were used or consumed within the Commonwealth of Pennsylvania in the ordinary course of commerce, trade, or use that has caused injuries to Plaintiff arising out of the design, manufacture, assembling, distribution, and marketing of the Taurus Model 605 revolver outside of the Commonwealth of Pennsylvania while the revolver processed, serviced, manufactured, or assemble by Taurus Armas or other Taurus Defendant were used or consumed in the Commonwealth of Pennsylvania in the ordinary course of commerce, trade or use, such that specific personal jurisdiction arises under 42 Pa.C.S. §5322.

12.    This Court has general personal jurisdiction over the Taurus Defendants because, as averred more fully herein, they have engaged in substantial and not isolated activity within the United States and the Commonwealth of Pennsylvania, including but not limited to the continuous, ongoing, extensive importation of thousands of firearms into the United States and the Commonwealth of Pennsylvania from Brazil under the "Taurus" brand name(s) and distributing the revolvers and other firearms throughout the United States under the "Taurus" brand name(s), such that general personal jurisdiction arises under 42 Pa.C.S. §5322(a)(1)-(iv) and (2).

4

Case ID: 251002020
Control No.: 25112930

13.    This Court has personal jurisdiction over Defendant  Arsenal because it has committed various tortious acts which have caused harm within the Commonwealth of Pennsylvania, including but not limited injury and damages to Plaintiff, by the advertising, selling and distribution of the defective Taurus Model 605 revolver, such that specific jurisdiction arises under 42 Pa.C.S. §5322(a)(4);

14.    Jurisdiction is proper against Defendant Firing Line because Firing Line is a business entity with its principal place of business in Philadelphia, Pennsylvania.

15.    Venue is proper in Philadelphia County because, pursuant to Pa.R.C.P. 1006(a)(3), a transaction or occurrence took place out of which the cause of action arose in Philadelphia County.

## FACTS

16.    Plaintiff incorporates the foregoing averments as if same were stated below again at length.

17.    Defendants Taurus Holdings and Taurus International are subsidiaries of Defendant Taurus Armas.

18.    Defendant Taurus Armas is the global parent company of Taurus Holdings, Taurus International and Taurus USA and one of the largest small firearms manufacturers in the world. It produces, distributes and sells  firearms  and other industrial products throughout the world, including the Commonwealth of Pennsylvania and manufactures distributes and sells revolvers under the brand name "Taurus" and distributes revolvers and other firearms throughout the United States and the Commonwealth of Pennsylvania under the "Taurus" brand name through co-Defendants, Taurus International and Taurus Holdings.

5

Case ID: 251002020
Control No.: 25112930

19.    Defendant Taurus Holdings is a holding company formed and owned by Taurus Armas and  the parent company of co-Defendant Taurus International, and they are both in the business of designing, manufacturing, selling, distributing, and marketing for sale firearms, including the Taurus Model 605 revolver, throughout the United States and the Commonwealth of Pennsylvania. In addition, the Taurus Defendants designed, manufactured, assembled, marketed, imported, and distributed revolvers and other firearms, including the Taurus Model 605 revolver at issue in this action, in the Commonwealth of Pennsylvania and elsewhere.

20. Taurus USA is a division of Taurus Holdings and is the importer and distributor of Taurus firearms in the United States, including the Commonwealth of Pennsylvania. It ensures compliance with United States regulations and manages marketing and sales.

21.    In addition, the Taurus Defendants manufacture, assemble, market, import, sell, and distribute revolvers and other firearms, including the subject Taurus Model 605 revolver, in the Commonwealth of Pennsylvania and elsewhere within the United States.

22.    Forty manufacturers dominated the firearms market in the United States in 2023, controlling over 92% of the total domestic output. Of those manufacturers, Taurus Defendants were the tenth largest manufacturer of firearms in terms of sales in 2022 as reported by the ATF.

23.    The subject defective Taurus Model 605 revolver was designed, manufactured, assembled, marketed for sale, distributed, and sold under the Taurus brand. Photos of the subject Taurus Model 605 revolver and packaging are attached as Exhibit A.

24.    The Taurus Model 605 revolver is a compact double action revolver designed for individuals to carry concealed.

6

Case ID: 251002020
Control No.: 25112930

25. Upon information and belief, the Taurus Model 605 revolver is manufactured or assembled (or both) by Taurus Armas and Taurus Holdings and/or Taurus International Manufacturing at the Taurus Defendants' facility located in Georgia.

26. Upon information and belief, the Taurus Model 605 revolver was manufactured by Taurus Armas in Brazil and Taurus Holdings and/or Taurus International in Georgia but was eventually remanufactured by Taurus International and/or Taurus Holdings in Georgia.

27. The Taurus Defendants' corporate structures and operations are so intertwined from an organizational standpoint and contractually for each other's responsibilities and liabilities that they are essentially acting under and within one business enterprise with regard to the averments in this Complaint.

28. This structure allows Taurus Armas to maintain a strong presence in the United States market while leveraging local manufacturing, distribution and service capabilities through its subsidiaries subject to its corporate governance.

29. The Taurus Defendants design, manufacture, and assemble nearly every part of the revolvers sold under the Taurus brands, including the cylinders, frames, barrels, forcing cones and mechanisms by which the cylinder is attached to the frame.

30. The Taurus Defendants have designed, manufactured, and distributed various revolvers, including the Taurus Model 605 revolver that is the subject of this action, with defects. These defects include but are not limited to a defect in which the cylinder, forcing cone and barrel are dangerously and defectively misaligned, which causes the bullet to scrape against the barrel upon firing, shaving off pieces of the bullet and creating a blowback of dangerous shrapnel which can seriously injure, maim, or kill an individual operating the firearm or bystanders.

7

Case ID: 251002020
Control No.: 25112930

31. The Taurus Defendants have knowingly manufactured, marketed and sold thousands of defective misaligned revolvers to consumers throughout the United States, including to the Plaintiff.

32. Despite knowing about the alignment defect in Taurus 605 model revolvers for years, the Taurus Defendants consciously and intentionally have failed to warn consumers or voluntarily recall them, including the Plaintiff who was seriously injured by shrapnel ejected from a defective Taurus 605 revolver.

33. The Taurus Defendants have been alerted to this defect by other consumers in the past, offering replacements for misaligned revolvers under the company's warranty when the defect occurs in lieu of actually correcting the design and manufacture processes to eliminate the known defect.

34. The Taurus Defendants ignored the indisputable evidence of the same defect in the Taurus 605 revolver firearm that has injured Plaintiff and which had been known to occur dating back to at least 2012. Several videos available on the Internet demonstrate this defect, up to and including injuring the videographer. Screenshots of the videos and community forums demonstrating the revolver's defect are attached hereto as Exhibit "B."

35. Instead of recalling the Taurus Model 605 revolver from the market or stopping sales of this make of revolver until the defect can be eliminated, the Taurus Defendants have continued to sell the revolver to uninformed end users and as such chose sales and profits over safety

36. Additionally, Taurus International and Taurus Holdings continue to receive Taurus Model 605 revolvers that are manufactured by Taurus Armas in Brazil and imported to the United States for distribution despite notice of such defect as has injured Plaintiff.

8

Case ID: 251002020
Control No.: 25112930

37.     The Taurus Defendants regularly engage in the business of distributing Taurus Model 605 make revolvers and other firearms to federally licensed sellers of firearms across the United States including such licensed dealers located in the Commonwealth of Pennsylvania and the State of New Jersey.

38.     Defendant Firing Line regularly engages in the business of offering for sale and selling Taurus Model 605 revolvers and other firearms to end-users in the Commonwealth of Pennsylvania. Defendant Firing Line additionally represents its staff as particularly knowledgeable about the firearms sold to customers. See Firing Line website representations attached as Exhibit "C."

39.     Defendant Arsenal regularly engages in the business of advertising, offering for sale, selling, distributing, and marketing Taurus Model 605 revolvers and other firearms to end-users via its extensive website and other adverting material throughout the United States, including within the Commonwealth of Pennsylvania. As such, Arsenal uses and regularly conducts business with Firing Line in the distribution, sale and registration and ownership of firearms, including the sale of revolvers to end-users in the Commonwealth of Pennsylvania. Defendant Arsenal additionally represents itself as a provider of the "highest quality" firearms. See Arsenal website representations attached as Exhibit "D."

40.     On or about August 10, 2024, Plaintiff Claude Simpkins purchased a new, never-used Taurus Model 605 Revolver from Defendants Arsenal and Firing Line.

41.     Plaintiff's status as a Pennsylvania resident necessitated the transfer of title to the Taurus 605 revolver at issue in this action and which injured Plaintiff from Arsenal to Firing Line before ownership passed to Plaintiff.

9

Case ID: 251002020
Control No.: 25112930

42.     Firing Line sold, distributed and transferred ownership of the Taurus 605 revolver to Plaintiff, Claude Simpkins. Copies of the Transfer paperwork referencing the sale to Plaintiff is attached as Exhibit "E".

43.     On or about January 30, 2025, at approximately 2:30pm, Plaintiff Claude Simpkins took his Taurus Model 605 Revolver to Range 609, a firing range in Middle Township, New Jersey to use the revolver for the first time since he purchased the gun.

44.     Plaitiff then proceeded to fire the .357 Magnum rounds from the revolver. After firing the second round from the Taurus 605 revolver, the Plaintiff felt a hot stabbing feeling pain on the left side of his face. He placed the revolver down and touched the left side of his face – discovering that his face was bleeding profusely. In essence, firing the Taurus 605 revolver resulted in him being shot in the face by the gun.

45.     Plaintiff immediately retrieved gauze from a nearby first aid kit to stop the bleeding and unloaded the remaining bullets from his revolver.

46.     The owner of the gun range spoke with Plaintiff and strongly advised him to immediately go to the emergency room of a hospital.

47.     Until the point where the Plaintiff sought to use the revolver at the firing range on January 30, the Taurus 605 revolver had not been used or altered in any way.

48.     The Plaintiff, being a retired law enforcement officer, military veteran and experienced firearm user, had at no point prior to shooting the gun at said gun range taken any action which might have manipulated or altered the alignment of the revolver's cylinder.

49.     Plaintiff left the gun range and went immediately to Cooper Cape Regional Emergency Room ("Cooper") to obtain treatment.

10

Case ID: 251002020
Control No.: 25112930

50.    A CT scan performed by physicians at Cooper revealed that a "metallic foreign body measuring 4.5x4mm" had entered the left side of his face.

51.    After obtaining the results from the CT scan at Cooper, the Plaintiff made an appointment at Thomas Jefferson University Health seeking further diagnosis and treatment and was seen there by Dr. Khashayar Arianpour on February 5, 2025.

52.    Upon observing the Plaintiff's injuries and the results of the CT scan, Dr. Arianpour diagnosed the injuries to Plaintiff as being "consistent with a patient who presents with left malar foreign body secondary to back firing of shrapnel from the 357 magnum on January 30, 2025." A true and correct copy of the 2/5/2025 medical report from Dr. Arianpour is attached hereto as Exhibit "F."

53.    The CT scan revealed that the shrapnel was lodged so deeply in the Plaintiff's face that removal required urgent surgical intervention.

54.    The surgeon who performed the operation, Dr. Howard Krein, at Thomas Jefferson University Health, informed Plaintiff that because the shrapnel was embedded so deeply in his face and struck vital nerves, he would need to undergo anesthesia for the surgery.

55.    Since the surgery, Plaintiff has been routinely following up with Dr. Krein to help with his recovery and deal with his ongoing medical issues directly resulting from the injuries he suffered when he fired the Taurus 605 revolver at the gun range.

56.    In addition to intense ongoing pain, permanent nerve damage, and permanent scarring, and despite the fact that he is an experienced gun owner, Plaintiff now experiences moments of severe anxiety around guns, specifically regarding the possibility of blowback from shrapnel that he had never experienced before.

11

Case ID: 251002020
Control No.: 25112930

**COUNT I – NEGLIGENCE**
**CLAUDE SIMPKINS v. ALL TAURUS DEFENDANTS**

56.    Plaintiff, Claude Simpkins, hereby incorporates the averments in the foregoing paragraphs by reference as though same were set forth fully at length herein.

57.    At all times relevant to this action, the Taurus Defendants had the duty to exercise that degree of care that a reasonably prudent firearm manufacturer and/or distributor should use in the design, testing, selection, manufacture, assembly, marketing, supply, distribution and sales of its firearms, including the Taurus Model 605 revolver purchased by the Plaintiff.

58.    The negligent, careless, and reckless conduct of the Defendants caused Plaintiff's injuries and the Taurus Defendants or their agents, servants, workmen, employees, or contractors acted with a total disregard for the risk of harm to the plaintiff, which conduct consisted of, but was not limited to, one of the following.

    (a)    the common design of the cylinder of the Taurus Model 605 revolver is defective;

    (b)    the common design of the barrel of the Taurus Model 605 revolver to which the cylinder is aligned is defective;

    (c)    the common design of the frame of the Taurus Model 605 revolver to which the cylinder is attached is defective;

    (d)    failing to warn the Plaintiff of the dangers involved with using the Taurus Model 605 revolver that contained the cylinder alignment defect;

    (e)    failing to properly inspect, manage, and make the revolver safe;

    (f)    failing to place any warnings on the revolver informing the user that a serious injury could occur if the revolver's cylinder is not properly aligned with the barrel upon firing, and that such misalignments are endemic to the Taurus Model 605 revolver;

    (g)    failing to design a revolver without the cylinder alignment defect.

12

Case ID: 251002020
Control No.: 25112930

(h)    designing, manufacturing, distributing, and selling a Taurus Model 605 revolver with a design defect that causes shrapnel to blow back upon the user when fired;

(i)    failing to properly test the Taurus Model 605 revolver;

(j)    failing to advise users, including the Plaintiff, of the dangerous and defective design of the Taurus Model 605 revolver, as set forth above, after being specifically notified of the same through warranty claims submitted to them and public videos discussing and testing the defect;

(k)    Taurus Defendants were negligent under the doctrine of *res ipsa loquitur* as the Plaintiff would not have suffered injuries, as set forth above, if not for the Taurus Model 605 revolver shaving metal shrapnel off of the bullet when fired.

59.    As a direct result of the conduct of the Taurus Defendants, the Plaintiff sustained serious and permanent injuries, including but not limited to, a traumatic piece of shrapnel from a .357 ammunition round shot into his face with resulting nerve injury, severe shock to his nervous system, scarring, and all of which have caused permanent nerve damage, pain, suffering, mental anguish, distress, inconvenience, loss of feeling of well-being, hypoesthesia, loss of ability to enjoy life and normal activities, embarrassment, humiliation, nervousness and loss of self-confidence, all of said injuries are permanent and will continue into the future for an indefinite period.

60.    As a result of the injuries sustained by Plaintiff herein, he has undergone in the past and will continue to undergo in the future pain and suffering.

61.    As a result of the injuries sustained by the Plaintiff herein, he has or may suffer a permanent diminution in the ability to enjoy life and life's pleasures.

62.    As a result of the injuries sustained by the Plaintiff herein, he has or may suffer permanent disability, loss of income or permanent impairment of earning power and capacity.

63.    As a result of the injuries sustained by the Plaintiff herein, he has incurred medical expenses and may incur medical expenses in the future.

13

Case ID: 251002020
Control No.: 25112930

64.    As the Taurus Defendants' actions were intentional, willful, malicious, wanton and/or egregious, as set forth above, the Plaintiff is entitled to an award of punitive damages.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendants, Taurus International Manufacturing, Inc., Taurus Holdings, Inc., and Taurus Armas S.A., in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

## COUNT II – 402A STRICT LIABILITY
## CLAUDE SIMPKINS v. ALL TAURUS DEFENDANTS

65.    Plaintiff, Claude Simpkins, hereby incorporates the averments in the foregoing paragraphs by reference as though same were set forth fully at length herein.

66.    The Taurus Defendants did design, manufacture, distribute, and sell the aforementioned Taurus Model 605 revolver, knowing of its ultimate use by persons such as Plaintiff Claude Simpkins, which was defective and/or poorly designed and/or lacked the proper warnings or instructions, and was in such a condition as to be unreasonably dangerous to the ultimate user and others, at the time of its sale.

67.    The Taurus Defendants designed the Taurus Model 605 revolver with a barrel, forcing cone and /or cylinder alignment defect, rendering it inherently dangerous and creating a substantial, clear, extreme, and unreasonable risk of serious injury or death to the purchasers and gun users, including the Plaintiff. The Taurus Defendants manufactured, assembled, marketed, distributed, and sold the Taurus Model 605 revolver with the defect. The revolver was in the same defective condition due to the misaligned cylinder from the time it left the Taurus Defendants' control until it reached the Plaintiff.

14

Case ID: 251002020
Control No.: 25112930

68. The Taurus Model 605 revolver was sold in a substantially and unreasonably dangerous condition to an extent beyond that which would be contemplated by the ordinary consumer, including the Plaintiff.

69. As a direct and proximate result of the facts alleged above, the Plaintiff was exposed to a clear, substantial, and unreasonable risk of serious injury from the cylinder alignment defect, and was seriously injured due to the same, as set forth above.

70. The Taurus Defendants are strictly liable in tort for the injuries and damages to the Plaintiff that resulted from the unintentional and unwanted discharge of the Taurus Model 605 revolver, as set forth above.

72. Plaintiff maintains that the Taurus Defendants, being the manufacturers, designers, and/or distributors, are strictly liable to the Plaintiff pursuant to the provisions of Section 402A of the Restatement (second) of Torts said defects being, as set forth above, and including but not limited to the following:

> (a)    the common design of the revolver's cylinder and forcing cone are defective;
>
> (b)    the common design of the barrel of the Taurus Model 605 revolver to which the cylinder is aligned is defective;
>
> (c)    the common design of the frame of the Taurus Model 605 revolver to which the cylinder is attached is defective;
>
> (d)    in the course of regular use, the cylinder which houses the ammunition must align with the barrel of the firearm such that the bullet will be unobstructed when fired, yet the design allowed the cylinder to function while misaligned, allowing for the bullet to strike the firearm itself;
>
> (e)    failing to provide proper and adequate signs or other warning devices to persons, like the Plaintiff, using the revolver;
>
> (f)    failing to properly inspect, manage, and make the revolver safe;

15

Case ID: 251002020
Control No.: 25112930

(g)    failing to ensure proper alignment and safe passage of the bullet during the manufacturing process;

(h)    failing to place any warnings on the revolver informing the user that a serious injury could occur if the revolver is fired, due to the alignment defect;

(i)    failing to design a revolver without the alignment defect;

(j)    failing to ensure proper timing upon firing;

(k)    allowing cylinder locking; and

(l)    improper and unsafe milling of the revolver.

72.    As a direct result of the conduct of the Taurus Defendants, the Plaintiff sustained serious and permanent injuries, including but not limited to a traumatic piece of shrapnel from a .357 ammunition round shot into his face with resulting nerve injury, severe shock to his nervous system, scarring, and all of which have caused permanent nerve damage, pain, suffering, mental anguish, distress, inconvenience, loss of feeling of well-being, hypoesthesia, loss of ability to enjoy life and normal activities, embarrassment, humiliation, nervousness and loss of self-confidence, all of said injuries are permanent and will continue into the future for an indefinite period.

73.    As a result of the injuries sustained by Plaintiff herein, he has undergone in the past and will continue to undergo in the future pain and suffering.

74.    As a result of the injuries sustained by the Plaintiff herein, he has or may suffer a permanent diminution in the ability to enjoy life and life's pleasures.

75.    As a result of the injuries sustained by the Plaintiff herein, he has or may suffer permanent disability, loss of income or permanent impairment of earning power and capacity.

76.    As a result of the injuries sustained by the Plaintiff herein, he has incurred medical expenses and may incur medical expenses in the future.

16

Case ID: 251002020
Control No.: 25112930

77.     As the Taurus Defendants' actions were intentional, willful, malicious, wanton and/or egregious, as set forth above, the Plaintiff is entitled to an award of punitive damages.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendants, Taurus International Manufacturing, Inc., Taurus Holdings, Inc., and Taurus Armas S.A., in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

## COUNT III – 402B STRICT LIABILITY
## CLAUDE SIMPKINS v. ALL TAURUS DEFENDANTS

78.     Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

79.     At all times material to this Complaint, the Taurus Defendants were engaged in the business of selling firearms, including the sale of the Taurus Model 605 revolvers to users or consumers.

80.     The Taurus Defendants sold the Taurus  Model 605 revolver that was defective and unreasonably dangerous to the public, including the Plaintiff, but advertising, labeling, or otherwise making misrepresentations of materials facts concerning the character or quality of the Taurus Model 605 revolver, and the Plaintiff justifiably relied upon the misrepresentations to purchase the revolver. Defendants, in particular, misrepresented the safety and quality of the revolver through advertising, specifically on its website. See Taurus website representations attached as Exhibit "G."

81.     Specifically, the Taurus Defendants sold the aforementioned Taurus Model 605 revolver, knowing of its ultimate use by persons such as the Plaintiff, which was defective and/or poorly designed and/or lacked the proper warnings or instructions, and was in such a condition as

17

Case ID: 251002020
Control No.: 25112930

to be unreasonably dangerous to the ultimate user and others, including the Plaintiff, as outlined above, at the time of sale.

82.    Plaintiff's injuries, as outlined above, were caused by the defects which were present in the Taurus Model 605 revolver, and the Taurus Defendants are liable pursuant to section 402B of the Restatement (second) of Torts.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendants, Taurus International Manufacturing, Inc., Taurus Holdings, Inc., and Taurus Armas S.A., in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

## COUNT IV – BREACH OF WARRANTY
## CLAUDE SIMPKINS v. ALL TAURUS DEFENDANTS

83.    Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

84.    For the reasons set forth at length in this Complaint, which are incorporated herein, the subject Model 605 revolver was defective, unsafe, not fit for the ordinary purpose for which it was used, and was not of merchantable quality at the time it was sold.

85.    At a time prior to the January 30 injury, the Taurus Defendants expressly or in some other manner represented warranties that the subject Model 605 revolver was proper, fit, and safe for its intended uses and of merchantable quality.

86.    By designing, manufacturing, distributing, selling, servicing, and maintaining the subject Model 605 revolver and its component parts, the Taurus Defendants expressly and impliedly warranted that the subject Model 605 revolver was of merchantable quality, effective, proper, fit, and safe for ordinary and particular purposes for which it was old and free from all defects.

18

Case ID: 251002020
Control No.: 25112930

87.    The representations and warranties set forth in the preceding paragraphs formed part of the bargain for selling the subject Model 605 Revolver and were relied upon by the purchase.

88.    In truth and fact, the above representations of the Taurus Defendants were false.

89.    The subject Model 605 revolver was not effective, proper fit, or safe for its intended uses.

90.    The Taurus Defendants breached express and/or implied warranties regarding the subject Model 605 Revolver.

91.    As a direct and proximate result of the Taurus Defendant's breach of the aforementioned express and/or implied warranties, Plaintiff sustained injuries and damages set forth above.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendants, Taurus International Manufacturing, Inc., Taurus Holdings, Inc., and Taurus Armas S.A., in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

## COUNT V – 402A STRICT LIABILITY
## CLAUDE SIMPKINS v. FIRING LINE, INC.

92.    Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

93.    At all times material hereto, Defendant Firing Line, Inc. was engaged in the distribution and sale of the Taurus Model 605 revolver to users or consumers.

94.    Defendant Firing Line distributed and sold the subject Taurus Model 605 revolver that was defective and unreasonably dangerous to the Plaintiff, as a user or consumer, without substantial change in the condition in which it was sold.

19

Case ID: 251002020
Control No.: 25112930

95.     Defendant Firing Line distributed and sold the subject Taurus Model 605 revolver, knowing of its ultimate use by persons such as the Plaintiff, which was defective and/or poorly designed and/or lacked the proper warnings or instructions, and was in such condition as to be unreasonably dangerous to the ultimate user and others, including the Plaintiff, as outlined above, at the time of its sale.

96.     Plaintiff's injuries, as outlined above, were caused by the defects which were present in the Taurus Model 605 revolver, pursuant to section 402A of the Restatement (second) of Torts.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendant Firing Line, Inc., in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

## COUNT VI – 402B STRICT LIABILITY
## CLAUDE SIMPKINS v. FIRING LINE, INC.

97.     Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

98.     At all times material, Defendant Firing Line was engaged in the business of selling firearms, including the sale of the Taurus Model 605 revolvers to users or consumers.

99.     Defendant Firing Line distributed and sold the Taurus Model 605 revolver that was defective and unreasonably dangerous to the public, including the Plaintiff, by advertising, labeling, or otherwise made misrepresentations of material facts concerning the character or quality of the Taurus Model 605 revolver, and the Plaintiff justifiably relied upon the misrepresentations to purchase the revolver.

100.    Specifically, the Defendant Firing Line distributed and sold the aforementioned Taurus Model 605 revolver, knowing of its ultimate use by persons such as the Plaintiff herein,

20

Case ID: 251002020
Control No.: 25112930

which was defective and/or poorly designed and/or lacked the proper warnings or instructions, and was in such condition as to be unreasonably dangerous to the ultimate user and others, including the Plaintiff, as outlined above, at the time of its sale.

101. Plaintiff's injuries, as outlined above, were caused by the defects which were present in the Taurus Model 605 revolver, and the Defendant Firing Line is liable pursuant to section 402B of the Restatement (Second) of Torts.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendant, Firing Line, Inc., in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

## COUNT VII – NEGLIGENCE
## CLAUDE SIMPKINS v. FIRING LINE, INC.

102. Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

103. At all relevant times, Defendant owed a duty to distribute the product with the exercise of reasonable care, with the necessary information provided with the product.

104. The negligent, careless, and reckless conduct of the Defendant caused Plaintiff's injuries and Firing Line or its agents, servants, workmen, employees, or contractors acted with a total disregard for the risk of harm to the plaintiff, which conduct consisted of, but was not limited to, one of the following:

> (a)  failing to warn the Plaintiff of the dangers involved with using the Taurus Model 605 revolver that contained the cylinder alignment defect;
>
> (b)  failing to properly inspect, manage, and make the revolver safe;
>
> (c)  failing to use due care in distributing and selling the Taurus Model 605 revolver;

21

Case ID: 251002020
Control No.: 25112930

(d)     failing to make reasonable tests and/or inspections to discover the defective, hazardous and unreasonably dangerous conditions relating to the revolver's propensity for misalignment as described above.

(e)     negligently failing to place any warnings on the revolver informing the user that a serious injury could occur if the revolver's cylinder is not properly aligned with the barrel upon firing, and that such misalignments are endemic to the Taurus Model 605 revolver;

(f)     negligently failing to unambiguously warn purchasers and end users of the gun, including Plaintiff, of said defective, hazardous and unreasonably dangerous conditions relating to its design and manufacture, about which it knew or should have known through the exercise of ordinary care;

(g)     failing to discover the defective, hazardous and unreasonably dangerous conditions relating to the Taurus Model 605 revolver's propensity for misalignment between the cylinder and the barrel;

(h)     misrepresenting the dangers and hazards posed by the Taurus Model 605 revolver;

(i)     distributing and selling a Taurus Model 605 revolver with a design defect that causes shrapnel to blow back upon the user when fired;

(j)     failing to properly test the Taurus Model 605 revolver;

(k)     defendant Firing Line was negligent under the doctrine of *res ipsa loquitur* as the Plaintiff would not have suffered injuries, as set forth above, if not for the Model 605 revolver shaving metal shrapnel off of the bullet when fired; and

(l)     other negligent acts and omissions to be developed in the course of discovery.

105.     Defendant knew, or should have known, that exposing users to the dangerous and defective and hazardous conditions existing in the gun would or could give rise to serious bodily injuries to such users, up to and including death.

106.     Defendant's negligence, as alleged in this Count, directly and proximately caused shrapnel from the Taurus Model 605 revolver to strike and seriously injure Plaintiff Claude Simpkins.

22

Case ID: 251002020
Control No.: 25112930

107.    As a direct result of the conduct of Defendant Firing Line  the Plaintiff sustained serious and permanent injuries, including but not limited to, a traumatic piece of shrapnel from a .357 ammunition round shot into his face with resulting nerve injury, severe shock to his nervous system, scarring, and all of which have caused permanent nerve damage, pain, suffering, mental anguish, distress, inconvenience, loss of feeling of well-being, hypoesthesia, loss of ability to enjoy life and normal activities, embarrassment, humiliation, nervousness and loss of self-confidence, all of said injuries are permanent and will continue into the future for an indefinite period.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendant, Firing Line, Inc., in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

## COUNT VIII – BREACH OF WARRANTY
## CLAUDE SIMPKINS v. FIRING LINE, INC.

108.    Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

109.    For the reasons set forth at length in this Complaint, which are incorporated herein, the subject Model 605 revolver was defective, unsafe, not fit for the ordinary purpose for which it was used, and was not of merchantable quality at the time it was sold.

110.    At a time prior to the January 30 injury, Defendant Firing Line, Inc. expressly or in some other manner represented warranties that the subject Model 605 revolver was proper, fit, and safe for its intended uses and of merchantable quality.

111.    By distributing, selling, servicing, and maintaining the subject Model 605 revolver and its component parts, Firing Line, Inc. expressly and impliedly warranted that the subject Model 605 revolver was of merchantable quality, effective, proper, fit, and safe for ordinary and particular purposes for which it was old and free from all defects.

23

Case ID: 251002020
Control No.: 25112930

112.    The representations and warranties set forth in the preceding paragraphs formed part of the bargain for selling the subject Model 605 Revolver and were relied upon by the purchase.

113.    In truth and fact, the above representations of Firing Line, Inc. were false.

114.    The subject Model 605 revolver was not effective, proper fit, or safe for its intended uses.

115.    Firing Line, Inc. breached express and/or implied warranties regarding the subject Model 605 Revolver.

116.    As a direct and proximate result of Defendant's breach of the aforementioned express and/or implied warranties, Plaintiff sustained injuries and damages set forth above.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendant, Firing Line, Inc., in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

## COUNT IX – 402A STRICT LIABILITY
## CLAUDE SIMPKINS v. THE ARSENAL GUN SHOP LLC

117.    Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

118.    At all times material, Defendant The Arsenal Gun Shop LLC. was engaged in the sale of the Taurus Model 605 revolver to users or consumers.

119.    Defendant Arsenal distributed and sold the subject Taurus Model 605 revolver that was defective and unreasonably dangerous to the Plaintiff, as a user or consumer, without substantial change in the condition in which it was sold.

120.    Defendant Arsenal distributed and  sold the subject Taurus Model 605 revolver, knowing of its ultimate use by persons such as the Plaintiff, which was defective and/or poorly

24

Case ID: 251002020
Control No.: 25112930

designed and/or lacked the proper warnings or instructions, and was in such condition as to be unreasonably dangerous to the ultimate user and others, including the Plaintiff, as outlined above, at the time of its sale.

121.    Plaintiff's injuries, as outlined above, were caused by the defects which were present in the Taurus Model 605 revolver, pursuant to section 402A of the Restatement (second) of Torts.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendant The Arsenal Gun Shop LLC, in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

## COUNT X– 402B STRICT LIABILITY
## CLAUDE SIMPKINS v. THE ARSENAL GUN SHOP LLC

122.    Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

123.    At all times material, Defendant Arsenal was engaged in the business of selling firearms, including the sale of the Taurus Model 605 revolvers to users or consumers.

124.    Defendant Arsenal distributed and sold the subject Taurus Model 605 revolver that was defective and unreasonably dangerous to the public, including the Plaintiff, by advertising, labeling, or otherwise made misrepresentations of material facts concerning the character or quality of the Taurus Model 605 revolver, and the Plaintiff justifiably relied upon the misrepresentations to purchase the revolver.

125.    Specifically, the Defendant  Arsenal  sold the aforementioned Taurus Model 605 revolver, knowing of its ultimate use by persons such as the Plaintiff herein, which was defective and/or poorly  designed  and/or lacked  the  proper  warnings  or  instructions,  and  was  in  such

25

condition as to be unreasonably dangerous to the ultimate user and others, including the Plaintiff, as outlined above, at the time of its sale.

126. Plaintiff's injuries, as outlined above, were caused by the defects which were present in the Taurus Model 605 revolver, and the Defendant Arsenal is liable pursuant to section 402B of the Restatement (Second) of Torts.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendant, The Arsenal Gun Shop LLC in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

## COUNT XI – NEGLIGENCE
## CLAUDE SIMPKINS v. THE ARSENAL GUN SHOP LLC

127. Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

128. At all relevant times, Defendant owed a duty to distribute the product with the exercise of reasonable care, with the necessary information provided with the product.

129. The negligent, careless, and reckless conduct of the Defendant caused Plaintiff's injuries and Arsenal or its agents, servants, workmen, employees, or contractors acted with a total disregard for the risk of harm to the plaintiff, which conduct consisted of, but was not limited to, one of the following:

> (a) failing to warn the Plaintiff of the dangers involved with using the Taurus Model 605 revolver that contained the cylinder alignment defect;
>
> (b) failing to properly inspect, manage, and make the revolver safe;
>
> (c) failing to use due care in distributing and selling the Taurus Model 605 revolver;

26

Case ID: 251002020
Control No.: 25112930

(d)     failing to make reasonable tests and/or inspections to discover the defective, hazardous and unreasonably dangerous conditions relating to the gun's propensity for cylinder misalignment as described above.

(e)     negligently failing to place any warnings on the revolver informing the user that a serious injury could occur if the revolver's cylinder is not properly aligned with the barrel upon firing, and that such misalignments are endemic to the Taurus Model 605 revolver;

(f)     negligently failing to unambiguously warn purchasers and end users of the gun, including Plaintiff, of said defective, hazardous and unreasonably dangerous conditions relating to its design and manufacture, about which it knew or should have known through the exercise of ordinary care;

(g)     failing to discover the defective, hazardous and unreasonably dangerous conditions relating to the Model 605 revolver's propensity for misalignment between the cylinder and the barrel;

(h)     misrepresenting the dangers and hazards posed by the Taurus Model 605 revolver;

(i)     distributing and selling a Taurus Model 605 revolver with a design defect that causes shrapnel to blow back upon the user when fired;

(j)     failing to properly test the Taurus Model 605 revolver;

(k)     Defendant Arsenal was negligent under the doctrine of *res ipsa loquitur* as the Plaintiff would not have suffered injuries, as set forth above, if not for the Taurus Model 605 revolver shaving metal shrapnel off of the bullet when fired; and

(l)     other negligent acts and omissions to be developed in the course of discovery.

130.    Defendant knew, or should have known, that exposing users to the dangerous and defective and hazardous conditions existing in the gun would or could give rise to serious bodily injuries to such users, up to and including death.

131.    Defendant's negligence, as alleged in this Count, directly and proximately caused shrapnel from the Taurus Model 605 revolver to strike and seriously injure Plaintiff Claude Simpkins.

27

Case ID: 251002020
Control No.: 25112930

132. As a direct result of the conduct of Defendant Arsenal , the Plaintiff sustained serious and permanent injuries, including but not limited to, a traumatic piece of shrapnel from a .357 ammunition round shot into his face with resulting nerve injury, severe shock to his nervous system, scarring, and all of which have caused permanent nerve damage, pain, suffering, mental anguish, distress, inconvenience, loss of feeling of well-being, hypoesthesia, loss of ability to enjoy life and normal activities, embarrassment, humiliation, nervousness and loss of self-confidence, all of said injuries are permanent and will continue into the future for an indefinite period.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendant, The Arsenal Gun Shop LLC, in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

### COUNT XII – BREACH OF WARRANTY
### CLAUDE SIMPKINS v. THE ARSENAL GUN SHOP LLC

133. Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

134. For the reasons set forth at length in this Complaint, which are incorporated herein, the subject Model 605 revolver was defective, unsafe, not fit for the ordinary purpose for which it was used, and was not of merchantable quality at the time it was sold.

135. At a time prior to the January 30 injury, Defendant The Arsenal Gun Shop LLC. expressly or in some other manner represented warranties that the subject Model 605 revolver was proper, fit, and safe for its intended uses and of merchantable quality.

136. By distributing, selling, servicing, and maintaining the subject Model 605 revolver and its component parts, The Arsenal Gun Shop LLC expressly and impliedly warranted that the

28

Case ID: 251002020
Control No.: 25112930

subject Model 605 revolver was of merchantable quality, effective, proper, fit, and safe for ordinary and particular purposes for which it was old and free from all defects.

137. The representations and warranties set forth in the preceding paragraphs formed part of the bargain for selling the subject Model 605 Revolver and were relied upon by the purchase.

138. In truth and fact, the above representations of The Arsenal Gun Shop LLC were false.

139. The subject Model 605 revolver was not effective, proper fit, or safe for its intended uses.

140. The Arsenal Gun Shop LLC breached express and/or implied warranties regarding the subject Model 605 Revolver.

141. As a direct and proximate result of Defendant's breach of the aforementioned express and/or implied warranties, Plaintiff sustained injuries and damages set forth above.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendant, The Arsenal Gun Shop LLC, in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

### COUNT XIII – NEGLIGENCE
### CLAUDE SIMPKINS v. THE JOHN DOE PERSONS AND ENTITIES

142. Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

143. At all times relevant to this action, the John Doe Defendants had the duty to exercise that degree of care that a reasonably prudent firearm manufacturer and/or distributor should use in

29

Case ID: 251002020
Control No.: 25112930

the design, testing, selection, manufacture, assembly, marketing, supply, distribution and sales of firearms, including the Model 605 revolver purchased by the Plaintiff.

144.    The negligent, careless, and reckless conduct of the Defendants caused Plaintiff's injuries and the John Doe Defendants or their agents, servants, workmen, employees, or contractors acted with a total disregard for the risk of harm to the Plaintiff, which conduct consisted of, but was not limited to, one of the following.

(a)    the common design of the cylinder of the Model 605 revolver is defective;

(b)    the common design of the barrel of the Model 605 revolver to which the cylinder is aligned is defective;

(c)    the common design of the frame of the Model 605 revolver to which the cylinder is attached is defective;

(d)    failing to warn the Plaintiff of the dangers involved with using the Model 605 revolver that contained the cylinder alignment defect;

(e)    failing to properly inspect, manage, and make the revolver safe;

(f)    failing to place any warnings on the revolver informing the user that a serious injury could occur if the revolver's cylinder is not properly aligned with the barrel upon firing, and that such misalignments are endemic to the Model 605 revolver;

(g)    failing to design a revolver without the cylinder alignment defect.

(h)    designing, manufacturing, distributing, and selling a Model 605 revolver with a design defect that causes shrapnel to blow back upon the user when fired;

(i)    failing to properly test the Model 605 revolver;

(j)    failing to advise users, including the Plaintiff, of the dangerous and defective design of the Model 605 revolver, as set forth above, after being specifically notified of the same through warranty claims submitted to them and public videos discussing and testing the defect;

(k)    Defendants were negligent under the doctrine of *res ipsa loquitur* as the Plaintiff would not have suffered injuries, as set forth above, if not for the Model 605 revolver shaving metal shrapnel off of the bullet when fired;

30

Case ID: 251002020
Control No.: 25112930

145.    As a direct result of the conduct of the John Doe Persons and Entities, the Plaintiff sustained serious and permanent injuries, including but not limited to, a traumatic piece of shrapnel from a .357 ammunition round shot into his face with resulting nerve injury, severe shock to his nervous system, scarring, and all of which have caused permanent nerve damage, pain, suffering, mental anguish, distress, inconvenience, loss of feeling of well-being, hypoesthesia, loss of ability to enjoy life and normal activities, embarrassment, humiliation, nervousness and loss of self-confidence, all of said injuries are permanent and will continue into the future for an indefinite period.

146.    As a result of the injuries sustained by the Plaintiff herein, he has undergone in the past and will continue to undergo in the future pain and suffering.

147.    As a result of the injuries sustained by the Plaintiff herein, he has or may suffer a permanent diminution in the ability to enjoy life and life's pleasures.

148.    As a result of the injuries sustained by the Plaintiff herein, he has or may suffer a permanent disability or permanent impairment of earning power and capacity.

149.    As a result of the injuries sustained by the Plaintiff herein, he has incurred medical expenses, and may incur medical expenses in the future.

150.    As the John Doe Defendants' actions were intentional, willful, malicious, wanton and/or egregious, as set forth above, the Plaintiff is entitled to an award of punitive damages.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendants, John Doe Persons and Entities, in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

Case ID: 251002020
Control No.: 25112930

**COUNT XIV – 402A STRICT LIABILITY**
**CLAUDE SIMPKINS v. THE JOHN DOE PERSONS AND ENTITIES**

151.    Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

152.    The John Doe Defendants did design, manufacture, distribute, and/or sell the aforementioned Model 605 revolver, knowing of its ultimate use by persons such as Plaintiff Claude Simpkins, which was defective and/or poorly designed and/or lacked the proper warnings or instructions, and was in such a condition as to be unreasonably dangerous to the ultimate user and others, at the time of its sale.

153.    The John Doe Defendants designed the Model 605 revolver with a cylinder alignment defect, rendering it inherently dangerous and creating a substantial, clear, extreme, and unreasonable risk of serious injury or death to the purchasers and gun users, including the Plaintiff. The John Doe Defendants manufactured, assembled, marketed, distributed, and/or sold the Model 605 revolver with the defect. The revolver was in the same defective condition due to the misaligned cylinder from the time it left the John Doe Defendants' control until it reached the Plaintiff.

154.    The Model 605 revolver was sold in substantially and unreasonably dangerous condition to an extent beyond that which would be contemplated by the ordinary consumer, including the Plaintiff.

155.    As a direct and proximate result of the facts alleged above, the Plaintiff was exposed to a clear, substantial, and unreasonable risk of serious injury from the cylinder alignment defect, and was seriously injured due to the same, as set forth above.

32

Case ID: 251002020
Control No.: 25112930

156.    The John Doe Defendants are strictly liable in tort for the injuries and damages to the Plaintiff that resulted from the unintentional and unwanted discharge of the Model 605 revolver, as set forth above.

157.    Plaintiff maintains that the John Doe Defendants, being the manufacturers, designers, and/or distributors, are strictly liable to the Plaintiff pursuant to the provisions of Section 402A of the Restatement (second) of Torts said defects being, as set forth above, and including but not limited to the following:

(a)    the common design of the revolver's cylinder is defective;

(b)    the common design of the barrel of the Model 605 revolver to which the cylinder is aligned is defective;

(c)    the common design of the frame of the Model 605 revolver to which the cylinder is attached is defective;

(d)    in the course of regular use, the cylinder which houses the ammunition must align with the barrel of the firearm such that the bullet will be unobstructed when fired, yet the design allowed the cylinder to function while misaligned, allowing for the bullet to strike the firearm itself;

(e)    failing to provide proper and adequate signs or other warning devices to persons, like the Plaintiff, using the revolver;

(f)    failing to properly inspect, manage, and make the revolver safe;

(g)    failing to ensure proper cylinder alignment during the manufacturing process;

(h)    failing to place any warnings on the revolver informing the user that a serious injury could occur if the revolver is fired, due to the cylinder alignment defect;

(i)    failing to design a revolver without the cylinder alignment defect;

(j)    failing to ensure proper timing upon firing;

(k)    allowing cylinder locking; and

(l)    improper and milling of the revolver.

33

Case ID: 251002020
Control No.: 25112930

158.    As a direct result of the conduct of the John Doe Defendants, the Plaintiff sustained serious and permanent injuries, including but not limited to a traumatic piece of shrapnel from a .357 ammunition round shot into his face with resulting nerve injury, severe shock to his nervous system, scarring, and all of which have caused permanent nerve damage, pain, suffering, mental anguish, distress, inconvenience, loss of feeling of well-being, hypoesthesia, loss of ability to enjoy life and normal activities, embarrassment, humiliation, nervousness and loss of self-confidence, all of said injuries are permanent and will continue into the future for an indefinite period.

159.    As a result of the injuries sustained by Plaintiff herein, he has undergone in the past and will continue to undergo in the future pain and suffering.

160.    As a result of the injuries sustained by the Plaintiff herein, he has or may suffer a permanent diminution in the ability to enjoy life and life's pleasures.

161.    As a result of the injuries sustained by the Plaintiff herein, he has or may suffer permanent disability or permanent impairment of earning power and capacity.

162.    As a result of the injuries sustained by the Plaintiff herein, he has incurred medical expenses, and may incur medical expenses in the future.

163.    As the John Doe Defendants' actions were intentional, willful, malicious, wanton and/or egregious, as set forth above, the Plaintiff is entitled to an award of punitive damages.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendants, John Doe Persons and Entities, in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

Case ID: 251002020
Control No.: 25112930

**COUNT XV – 402B STRICT LIABILITY**
**CLAUDE SIMPKINS v. THE JOHN DOE PERSONS AND ENTITIES**

164.    Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

165.    At all times material to this Complaint, the John Doe Defendants were engaged in the business of selling firearms, including the sale of the Model 605 revolvers to users or consumers.

166.    The John Doe Defendants sold the subject Model 605 revolver that was defective and unreasonably dangerous to the public, including the Plaintiff, but advertising, labeling, or otherwise making misrepresentations of materials facts concerning the character or quality of the Model 605 revolver, and the Plaintiff justifiably relied upon the misrepresentations to purchase the revolver.

167.    Specifically, the John Doe Defendants sold the aforementioned Model 605 revolver, knowing of its ultimate use by persons such as the Plaintiff, which was defective and/or poorly designed and/or lacked the proper warnings or instructions, and was in such a condition as to be unreasonably dangerous to the ultimate user and others, including the Plaintiff, as outlined above, at the time of sale.

168.    Plaintiff's injuries, as outlined above, were caused by the defects which were present in the Taurus Model 605 revolver, and the John Doe Defendants are liable pursuant to section 402B of the Restatement (second) of Torts.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendants, Taurus International Manufacturing, Inc., Taurus Holdings, Inc., and Taurus Armas S.A., in an amount in excess of Fifty Thousand Dollars ($50,000) plus punitive damages, delay damages, and such other relief as deemed just and proper.

35

Case ID: 251002020
Control No.: 25112930

## COUNT XVI – BREACH OF WARRANTY
## CLAUDE SIMPKINS v. THE JOHN DOE PERSONS AND ENTITIES

169.    Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

170.    For the reasons set forth at length in this Complaint, which are incorporated herein, the subject Model 605 revolver was defective, unsafe, not fit for the ordinary purpose for which it was used, and was not of merchantable quality at the time it was sold.

171.    At a time prior to the January 30 injury, the John Doe Defendants, expressly or in some other manner, represented warranties that the subject Model 605 revolver was proper, fit, and safe for its intended uses and of merchantable quality.

172.    By distributing, selling, servicing, and maintaining the subject Model 605 revolver and its component parts, the John Doe Defendants expressly and impliedly warranted that the subject Model 605 revolver was of merchantable quality, effective, proper, fit, and safe for ordinary and particular purposes for which it was old and free from all defects.

173.    The representations and warranties set forth in the preceding paragraphs formed part of the bargain for selling the subject Model 605 Revolver, and were relied upon by the purchase.

174.    In truth and fact, the above representations of the John Doe Defendants were false.

175.    The subject Model 605 revolver was not effective, proper fit, or safe for its intended uses.

176.    The John Doe Defendants breached express and/or implied warranties regarding the subject Model 605 Revolver.

177.    As a direct and proximate result of Defendant's breach of the aforementioned express and/or implied warranties, Plaintiff sustained injuries and damages set forth above.

36

Case ID: 251002020
Control No.: 25112930

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendant, the John Doe persons and Entities, in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

Leonard Tinari LLP

Dated: October 17, 2025

By:  /s/ *Michael V. Tinari*
Michael V. Tinari, Esquire
Attorney I.D. No.: 51853
171 West Lancaster Ave., 2nd Floor
Paoli, PA 19301
Phone: 484-328-8147
Email: mtinari@lt-lawyer.com
*Attorney for Plaintiff, Claude Simpkins*

37

Case ID: 251002020
Control No.: 25112930

## VERIFICATION

I, Claude Simpkins, state that I am the Plaintiff in the foregoing matter and that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information and belief. I further understand that false statements made herein are subject to the penalties of 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities.

Date: 10/14/25

Claude Simpkins

Case ID: 251002020
Control No.: 25112930

# Exhibit A

Case ID: 251002020
Control No.: 25112930





Case ID: 251002020
Control No.: 25112930





Case ID: 251002020
Control No.: 25112930

# Exhibit B

Case ID: 251002020
Control No.: 25112930



Screenshot taken immediately prior to firing the round.



Screenshot taken immediately after firing the round (arrow included in video).

Case ID: 251002020
Control No.: 25112930



Second test, screenshot taken immediately prior to firing the round (arrow included in video)



Screenshot taken immediately after firing the round (arrow included in video)

Case ID: 251002020
Control No.: 25112930



**Problem with Taurus 605 .357 Update**

Kbum Guy
24.7K subscribers    Join    Subscribe                    👍 438    👎    ↪ Share    💲 Thanks    ⋯



24,023 views  Jun 28, 2023



**Taurus 605 factory blem revolver we have a big problem! Now the question will they fix it?**

Hamilton outdoors
12.1K subscribers    Join    Subscribe                    👍 280    👎    ↪ Share    💲 Thanks    ⋯



Case ID: 251002020
Control No.: 25112930



Feb 24, 2012

#1

Howdy. Long time lurker, first time poster. Thought I would share my experience today as a warning to others.

Despite what I've heard in the past, I decided to test the waters and purchase a Taurus 605. I'd read decent reviews saying how this was the, "Gem of the Taurus line."

There it is, chilling with my Beretta. Sure is pretty. Love a blued revolver. Was one of the reasons I was going for a Taurus, they made a blued J-Frame sized revolver for CCW.

So, went to the range today with it for the first time. Timing was seriously off, right out of the box. Gun was shaving lead off, throwing it back in my face. A nice chunk hit my ear, making it bleed. I generally prefer my lead to go toward the bad guy, strange I know.

So, took the gun back to Fin, Feather, and Fur. They were very nice, BTW. Exchanged it no problem. Tried another 605. Went down to the range in the basement. Cylinder would lock up after a shot. Would not cycle anything, factory loads. Turns out, the frame was not milled large enough and the rounds were getting stuck once the primer was hit. The firing pin was not protruding, no broken spring. I alerted the range employee because I could simply not believe my luck. He pulled out about 6 boxes of different ammo to see if any would work. Only one brand of 20 year old PMC would function. But, even removing them they were scraping on the frame.

Two horrible Tauruses in a row. Wow! Talk about quality control. Ended up returning that one, obviously. Picked up a Smith model 60. Should have done that from the start.

There it is, still has a bit of cleaner on the grip. Needless to say, that one works fine. Guess you get what you pay for. Cheers.

Tigerjeebs
Member
Joined:    Jan 28, 2012
Messages:         11



**TaurusArmed**.net

Home > Forums > The Range > Taurus Product Problems

"Another victim of 605 lead shaving" OR, "A bloody face"

→ Jump to Latest

👁 6.9K views   💬 35 replies   👤 25 participants   ⏱ last post by NotNowChief  Oct 4, 2023

**Taurus Firearm Forum**
3.3M posts • 74K members •
Since 2007

A forum community dedicated to Taurus firearm owners and enthusiasts. Come join the discussion about optics, gunsmithing, styles, reviews, accessories, classifieds, and more!

Full Forum Listing →

**Explore Our Forums**

The Firing Line

New Member Introductions & Site Guidelines & Rules

Other Handguns

Taurus Revolvers

Concealed & Open Carry

regough007 ✔ Discussion starter
10 posts · Joined 2023

#1 · Mar 23, 2023

Today was the first time that I was able to shoot my brand new 605...I am disappointed to say the least. I started off shooting standard pressure 38 specials and I have to say that I was definitely impressed with its accuracy with that load. However, my elation turned south when after about 20 rounds I lo9aded up 5 potent 357 mags. The recoil was stout but not unmanageable. With the first shot I felt a small "sting" near my right eye but didn't think too much of it and I quickly double actioned the second shot. Again I felt the sting under my right eye. The third shot was single action and this time the sting really got my attention...it hurt! I grabbed my phone and turned on the camera and looked at my face. The right side of my face looked like I had been peppered with birdshot...the blood was running down my face! After cleaning up with a paper towel, I regained my composure and loaded up some more 38 specials. NO lead shaving with the 38's, only with 357 magnums. So what gives??? I guess a trip back to the factory is in order/ I am pissed at becoming a victim of a "firearm incident" because having been a corporate pilot for 31 years, I am all about safety. Thank God for shooting glasses!!! Any thoughts out there?

😲😟 GhostHorse, flgolfer29, cnc1 and 2 others

💬 Reply        👍 Like                                        🔖 Save   ⌲ Share



← ⚫ r/Revolvers • 1y ago
RushEcstatic9368                                              ...

**Taurus 605 timing issue?**

I recently came to own a Taurus 605 from 1997 and upon inspection I noticed that when pulling the trigger fast the hammer falls before the cylinder locks up. Do I need a new cylinder hand? Or should I just cut my losses? Also in single action it seems to be in time.

⬆ 5 ⬇        💬 3        ⌲ Share

Add your reply

Sort by:   Best ⌄        🔍 Search Comments

⚫ Fox7285 • 1y ago

They do have issues, I would get that checked out.  I had a brand new one I had to return as when I got it home I realized there were copper shavings on the forcing cone from misalignment.  Now I do like Taurus revolvers, but you can get a new 605 for $300 ish dollars new.  I'd cut your losses and upgrade unless this is special to you.

⬆ 1 ⬇   💬 Reply   ⌲ Share   ...

**New to Reddit?**
Create your account and connect with a world of communities.

G   Continue with Google

✉   Continue with Email

📞   Continue With Phone Number

By continuing, you agree to our User Agreement and acknowledge that you understand the Privacy Policy.

⚫ r/Revolvers • 10mo ago

Taurus 605, worth it?

8 upvotes  ·  9 comments

⚫ r/Revolvers • 1y ago

Does anyone have good long term experience with the newer taurus revolvers like the 605 o...

4 upvotes  ·  8 comments

Case ID: 251002020
Control No.: 25112930

 **flgolfer29** ✓ Discussion starter

112 posts · Joined 2018

#1 · Dec 18, 2022

I've been considering a new 856 or 605 for several weeks. But I wanted to see what kind of deals could be found at a local gun show this weekend. The 856 was preferred, but the only ones available were the ultra-lite, lots of them. However, there was one 605 stainless available. We haggled a bit on price before we agreed on a deal. $330 before tax.

This afternoon, I rode out to the country to put a few rounds through it. The first cylinder full of 357 magnums I was getting peppered in the face. Two of which left visible spots. Opening the cylinder to inspect the forcing cone, there were no shavings found. The blowback seemed to lessen as additional rounds were fired.

Overall, I enjoyed 50 rounds with a mix of both magnum & 38 special. It was surprisingly accurate shooting at plastic bottles at a distance of 7-8 yards.

When I cleaned the revolver, I noticed the sideplate screws were loose. Removed sideplate, disassembled the cylinder, cleaned, and then lubed. With the pachmayr grips installed, the magnum rounds were surprisingly tolerable to fire. Another range outing later this week to see if any felt blowback remains. Regardless of whether or not it will require a trip to Taurus, it will be a keeper.



Case ID: 251002020
Control No.: 25112930



Hello Dave

Sorry to hear about the incident you had and glad to hear you're okay , unfortunately Taurus did not provide any clear explanation but it is clear the issue is from the misaligned Cylinder.

What Taurus ended up doing is replacing the revolver for me and that's all and so far i haven't experienced the issue with the new revolver even tho haven't really shot a lot of rounds out of it

Thank you and stay safe

On Fri, Jan 31, 2025 at 12:15 PM Dave McCullough <dmccullough@lt-lawyer.com> wrote:

Hello,

My name is David and I work with Leonard Tinari LLP. I am investigating a matter related injuries that have occurred from firing the Taurus Model 605 .357 revolver and came across your videos on the topic. In particular, the videos I am interested in are the videos from January 17, 2023 and June 28, 2023, where it appears shrapnel launched from the revolver towards your face.

I am writing to you because I am curious about if you have any further information about a potential defect in this particular revolver model beyond what you've discussed and shown in your videos. Have you received any communication from Taurus regarding your videos or your defective firearm since then? If so, I am curious about whether they provided you with any sort of explanation for the issue or if they have conducted any repairs to your firearm. If someone other than Taurus repaired the gun, did that person diagnose a specific issue with it? Beyond that, I am also curious about any other additional information you may have.

Thank you very much for your time,

David McCullough
Associate
Leonard Tinari LLP
dmccullough@lt-lawyer.com

Case ID: 251002020
Control No.: 25112930

# Exhibit C

Case ID: 251002020
Control No.: 25112930



© Philadelphia, PA

**FIRING LINE INC.**
*Where Shooting is Still Affordable*

📞 (215) 336-1710

Home | Firearms | Shooting Range | Law Enforcement Gear | Firearms Accessories | About | Testimonials | Contact

## Very Knowledgeable and Willing to Help in Any Way

Visit us Firing Line Inc and learn from our in-depth knowledge about how to effectively conceal a firearm, choose the right firearms for home defense, and select your first firearm. Everyone who works here is very knowledgeable and willing to help. Some members are certified as a firearms armorer, which means they are certified to maintain certain firearms and replace any parts.

Purchasing Programs          Philly's Best Gun Shop          Memberships Available

Case ID: 251002020
Control No.: 25112930

# Exhibit D

Case ID: 251002020
Control No.: 25112930





Case ID: 251002020
Control No.: 25112930

# Exhibit E

Case ID: 251002020
Control No.: 25112930

| SP 4-113(4/2019) | PENNSYLVANIA STATE POLICE **APPLICATION/RECORD OF SALE** | STATE POLICE USE ONLY |
|---|---|---|

| **A** | **INSTRUCTIONS** | |
|---|---|---|

TRANSFEREE/PURCHASER ---------- COMPLETE SECTION B AT TIME OF APPLICATION.
COMPLETE SECTION C AT TIME OF SALE OR TRANSFER.
LICENSEE ------------------------------------- COMPLETE BLOCKS 1, 3, AND 4, AND SECTIONS D AND E.
TRANSFEROR/SELLER ---------------- (FOR PRIVATE SALES) COMPLETE SECTION F.
NOTE:    FORM MUST BE COMPLETED IN ITS ENTIRETY BY TYPING OR PRINTING IN BLUE OR BLACK INK

**2. TRANSACTION SERIAL NO.**
E1162821

**3. STATE IDENTIFICATION NO.**
3158

**TRANSACTION SUBJECT TO SALES TAX:  NO**
*Please explain in Section F if you selected "NO" for subject to sales tax.*

**4. APPROVAL NO./DATE**
24W0588945
08/10/2024

| **B** | **TRANSFEREE'S/PURCHASER'S INFORMATION** |
|---|---|

| 5. LAST NAME SIMPKINS | 6. JR, ETC. | 7. FIRST NAME CLAUDE | 8. MIDDLE NAME J | 9. DATE OF BIRTH 06/30/1970 | 10. AGE 54 |
|---|---|---|---|---|---|

| 11. SEX M | 12. RACE B | 13 EYE COLOR BRO | 14. HAIR COLOR BLD | 15. WEIGHT 205 | 16. HEIGHT 511 | 17 SOCIAL SECURITY NO. (Optional) 5428 | 18. COUNTY OF RESIDENCE Philadelphia |
|---|---|---|---|---|---|---|---|

| 19. STREET ADDRESS 1832 CALLOWHILL ST APT C | 20. CITY PHILADELPHIA | 21. STATE PA | 22. ZIP CODE 19130 |
|---|---|---|---|

| 23. PA. PHOTO ID/DRIVER LICENSE NO 23756931 | 24. EMPLOYER/BUSINESS NAME Retired | 25. OCCUPATION |
|---|---|---|

| 26.  STREET ADDRESS | 27. CITY | 28. STATE | 29. ZIP CODE |
|---|---|---|---|

| 30.  ARE YOU A UNITED STATES CITIZEN?  IF NO, COUNTRY OF BIRTH: COUNTRY OF CITIZENSHIP:          IMMIGRATION IDENTIFICATION NUMBER: | YES |
|---|---|
| 31.  HAVE YOU EVER BEEN CONVICTED OF A CRIME ENUMERATED IN SECTION 6105(b), OR DO ANY OF THE CONDITIONS UNDER 6105(c) APPLY TO YOU?  **(READ INFORMATION ON BACK PRIOR TO ANSWERING)** | NO |
| 32.  ARE YOU NOW CHARGED WITH, OR HAVE YOU EVER BEEN CONVICTED OF A CRIME PUNISHABLE BY IMPRISONMENT FOR A TERM EXCEEDING ONE YEAR? THIS IS THE MAXIMUM SENTENCE THAT YOU "COULD HAVE RECEIVED," NOT THE ACTUAL SENTENCE YOU DID RECEIVE.  (THIS DOES NOT INCLUDE FEDERAL OR STATE OFFENSES PERTAINING TO ANTITRUST, UNFAIR TRADE PRACTICES, RESTRAINTS OF TRADE, OR REGULATION OF BUSINESS; OR STATE OFFENSES CLASSIFIED AS MISDEMEANORS AND PUNISHABLE BY A TERM OF IMPRISONMENT NOT TO EXCEED TWO YEARS.) **(READ INFORMATION ON BACK PRIOR TO ANSWERING)** | NO |
| 33.  ARE YOU THE ACTUAL BUYER OF THE FIREARM AS DEFINED UNDER 18 PA.C.S - 6102 LISTED ON THIS APPLICATION/RECORD OF SALE?  (WARNING: YOU ARE NOT THE ACTUAL BUYER IF YOU ARE ACQUIRING THE FIREARM ON BEHALF OF ANOTHER PERSON UNLESS YOU ARE LEGITIMATELY ACQUIRING THE FIREARM AS A GIFT FOR ANY OF THE THE FOLLOWING INDIVIDUALS WHO ARE LEGALLY ELIGIBLE TO OWN A FIREARM: 1) SPOUSE; 2)PARENT; 3) CHILD; 4)GRANDPARENT; 5) GRANDCHILD | YES |

34. I VERIFY THE FACTS THAT I HAVE SET FORTH IN BLOCKS 5-33 OF THIS FORM ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.  THIS VERIFICATION IS MADE SUBJECT TO BOTH THE PENALTIES OF SECTION 4904 OF THE CRIMES CODE (18 PA.C.S 4904) RELATING TO UN-SWORN FALSIFICATION TO AUTHORITIES AND THE UNIFORM FIREARMS ACT. I ALSO UNDERSTAND THAT THE MAKING OF ANY FALSE WRITTEN STATEMENT OF THE EXHIBITING OF ANY FALSE MISREPRESENTED IDENTIFICATION WITH RESPECT TO THIS APPLICATION IS A CRIME PUNISHABLE AS A FELONY.

SIGNATURE OF TRANSFEREE/PURCHASER.          DATE OF APPLICATION:08/10/2024

| **C** | **ACKNOWLEDGMENT** |
|---|---|

35. I ACKNOWLEDGE RECEIPT OF THE FIREARM (HANDGUN/LONG-GUN) AND A SUMMARY OF THE UNIFORM FIREARMS ACT WHICH INCLUDES A SAFETY BROCHURE.

SIGNATURE OF TRANSFEREE/PURCHASER:          DATE 08/10/2024

| **D** | **LICENSEE'S INFORMATION:    EMPLOYEE** |
|---|---|

| 36. LAST NAME J. Isabella (41694) | 37. JR., ETC. | 38. FIRST NAME Gregory | 39. MIDDLE NAME | 40. SIGNATURE |
|---|---|---|---|---|

| 41. BUSINESS NAME FIRING LINE INC. | 42. BUSINESS TELEPHONE NO. 2153361710 | 43. COUNTY OF LICENSEE Philadelphia |
|---|---|---|

| 44. BUSINESS ADDRESS 1532 SOUTH FRONT STREET | 45. CITY PHILADELPHIA | 46. STATE PA | 47. ZIP CODE 19147 |
|---|---|---|---|

| 48. DATE OF TRANSACTION 08/10/2024 | 49. TIME OF TRANSACTION 15:09:48 |
|---|---|

| **E** | **FIREARM INFORMATION** |
|---|---|

| 50. DOES THIS PURCHASE INVOLVE A PISTOL OR REVOLVER WITH A BARREL LENGTH OF LESS THAN 15 INCHES, A SHOTGUN WITH A BARREL LENGTH OF LESS THAN 18 INCHES, A RIFLE WITH A BARREL LENGTH OF LESS THAN 16 INCHES, OR A FIREARM WITH AN OVERALL LENGTH OF LESS THAN 26 INCHES? | YES |
|---|---|

| 51. MAKE TAS - TAURUS (TAS) | 52. MODEL 605 | 53. CALIBER 38 | 54. LENGTH OF BARREL 3 | 55. SERIAL NUMBER AGA980251 |
|---|---|---|---|---|

| **F** | **TRANSFEROR'S/SELLER'S INFORMATION OR EXPLANATION FOR NONTAXABLE SALES** |
|---|---|

| 56. LAST NAME THE ARSENAL GUN SHOP | 57. JR., ETC. | 58.FIRST NAME 822015076C02409 | 59. MIDDLE NAME | 60. SIGNATURE |
|---|---|---|---|---|

| 61. STREET ADDRESS 1924 COOPER STREET | 62. CITY DEPTFORD | 63. COUNTY/STATE NJ | 64. ZIP CODE 08096 |
|---|---|---|---|

Case ID: 251002020
Control No.: 25112930

88775

PH# 267-640-8426

# FIRING LINE, INC.
## 1532 SOUTH FRONT STREET
### PHILADELPHIA, PA 19147
### 215-336-1710
www.firinglineinc.com

41694

| Customer's Order No. | | Phone No. | | Date | | 20 |
|---|---|---|---|---|---|---|

Name  CLAUDE SIMPKINS

Address

| QUAN. | DESCRIPTION | PRICE | AMOUNT |
|---|---|---|---|
| 1. | TAURUS 605 | 1.5 | |
| | .357 MAG. 3.0 | | 2500 |
| | SER# AGA980351 | | |
| | Paid | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | TAX | | |
| # 24W0588945 | TOTAL | | 25 00 |
| | DEPOSIT | | |
| | BALANCE | | |

**ALL SALES FINAL. CANCELLATION FEE $50.00**
Received by

Case ID: 251002020
Control No.: 25112930

# Exhibit F

Case ID: 251002020
Control No.: 25112930

## Last Filed Vital Signs - documented in this encounter

| Vital Sign | Reading | Time Taken | Comments |
|---|---|---|---|
| Blood Pressure | - | - | |
| Pulse | - | - | |
| Temperature | - | - | |
| Respiratory Rate | 18 | 02/05/2025 1:54 PM EST | |
| Oxygen Saturation | - | - | |
| Inhaled Oxygen Concentration | - | - | |
| Weight | 95.3 kg (210 lb) | 02/05/2025 1:54 PM EST | |
| Height | 177.8 cm (5' 10") | 02/05/2025 1:54 PM EST | |
| Body Mass Index | 30.13 | 02/05/2025 1:54 PM EST | |

## Progress Notes - documented in this encounter

### Nurse Christine P - 02/05/2025 2:15 PM EST

Formatting of this note might be different from the original.

54 yo male who presents with shrapnel in L cheek. Bullet exploded while at gun range 1 week ago.
+pain

Review of Systems
CONST: Negative for fatigue, fever and unexpected weight change.
HENT: Negative for hearing loss, rhinorrhea and sore throat.
EYES: Negative for visual disturbance.
RESP: Negative for cough and shortness of breath.
CV: Negative for chest pain.
GI: Negative for abdominal pain.
GU: Negative for dysuria.
MUSC/SKEL: Negative for arthralgias.
SKIN: Negative.
ALL/IMM: Negative for environmental allergies.
NEURO: Positive for headaches. Negative for dizziness and weakness.
HEME: Negative for easy bruising/bleeding.

Electronically signed by Nurse Christine P at 02/05/2025 7:09 PM EST

### Khashayar Arianpour, MD - 02/05/2025 2:15 PM EST

Formatting of this note is different from the original.
Images from the original note were not included.
Otolaryngology - Head and Neck Surgery
New Patient Visit

2/5/2025

Chief Complaint
Patient presents with
Facial Laceration/Trauma

History of Present Illness, Otolaryngology Specialty-Specific Exam, and Assessment and Plan:

Claude J Simpkins is a 54 y.o. male who presents after he was at the shooting range on 1/30/2025 in Rio Grande shooting at silhouette targets when he felt something hit him in the face while using a 357 magnum. He sustained a puncture wound just over left malar region. Patient states that the puncture healed by itself and on antibiotics Keflex. He did have more tenderness which has slowly improved. He does state that the area still tender to palpation, although, he denies redness or any drainage from the site. He sustained no other injuries. He denies any droopiness or significant edema. He did undergo a CT scan that demonstrated metallic foreign body in the left malar region composing of 1 2 to fragments 1 of which is quite deep.

On physical exam, he is alert and not in any acute distress. Palpable left malar foreign body, in line with the lateral canthal line. Slightly tender to palpation. No evidence of cellulitis. Facial nerve intact across all divisions. There are no lesions, masses, or other abnormalities. The remaining head and neck exam is within normal limits.

My impression today is consistent with a patient who presents with left malar foreign body secondary to back firing of shrapnel from the 357 magnum on January 30, 2025. Patient is quite motivated have a foreign body removed given that it is causing him discomfort and is palpable. Tenderness is improving. We discussed the risks of the procedure including proximity to the facial nerve and the need for incision which would lead to a scar. He wishes to proceed. Will work to arrange surgery. Patient understands to call or come in with any new or changing symptoms..

Sincerely,

Case ID: 251002020
Control No.: 25112930

Khashayar Arianpour, MD
Facial Plastic and Reconstructive Surgery Fellow

Case ID: 251002020
Control No.: 25112930

# Exhibit G

Case ID: 251002020
Control No.: 25112930

# Taurus 650
### Black 357 Mag 3 in.



MSRP $: **534.99**

Instruction Manual ⬇

Dealer Locator 📍

Shop Accessories 🏷

**Buy Now:**

GunBroker.com

GALLERY OF GUNS

GUNS.COM

GUN MADE

You asked for it, and Taurus USA delivered—reintroducing the Taurus 650 .357 Magnum. This compact, 5-shot snub-nosed revolver features a fully shrouded hammer, ensuring a snag-free draw every time. Its sleek design minimizes the revolver's profile, reducing the risk of printing when carried concealed. Perfect for everyday carry, the Taurus 650's Double Action Only (DAO) trigger system and internal hammer offer smooth, reliable performance, delivering dependable ignition on magnum primers in high-stress situations.

Case ID: 251002020
Control No.: 25112930

CLAUDE SIMPKINS,

  Plaintiff,

vs.

TAURUS HOLDINGS, INC.,
TAURUS INTERNATIONAL
MANUFACTURING, INC., TAURUS
ARMAS S.A., FIRING LINE, INC. and
THE ARSENAL GUN SHOP LLC

  Defendants.

: COURT OF COMMON PLEA
: OF PHILADELPHIA COUNTY
:
:
:
: NO. 251002020
:
: **JURY TRIAL DEMANDED**
:
:
:
:
:

*Filed and Attested by the
Office of Judicial Records
NOV 2025 05:28 pm
C. SMITH*

## ORDER

**AND NOW**, on this, the _____ day of _____, 2025, upon consideration of the

Preliminary Objections of Defendant, Taurus Armas, S.A.'s ("Armas"), to Plaintiff's Complaint,

and any response thereto, is hereby **ORDERED** that said objections are **SUSTAINED**.  **IT IS**

**FURTHER ORDERED** as follows:

1) Plaintiff's attempted service of Armas by serving Mr. Thomas B. Conger, Esq., is

    **HEREBY QUASHED** and is not proper service on Armas;

2) Plaintiff's Complaint is **HEREBY DISMISSED WITH PREJUDICE** as to Armas

    because this Court lacks personal jurisdiction over Armas.

BY THE COURT:

_____

                  J.

Case ID: 251002020
Control No.: 25112931

To the Plaintiff(s) and Co-Defendant(s)
You are hereby notified to plead to the
**Preliminary Objections**
enclosed herewith within twenty (20) days of
service hereof, or default judgment
may be entered against you.

BY: _____
     Attorney for Objecting Defendant(s)

| | |
|---|---|
| **POST & SCHELL, P.C.** | Attorneys for Defendants Taurus Holdings, |
| BY:  DANIEL S. ALTSCHULER, | Inc., Taurus International Manufacturing, Inc. |
| ESQUIRE | and Taurus Armas S.A. |
| I.D. # 49470 | |
| E-mail: daltschuler@postschell.com | |
| THREE LOGAN SQUARE | |
| 1717 ARCH STREET, 24TH FLOOR | |
| PHILADELPHIA, PA 19103 | |
| (215) 587-6612 | |
| FAX: (215) 320-4875 | |

| | | |
|---|---|---|
| CLAUDE SIMPKINS, | **:** | COURT OF COMMON PLEAS |
|                     Plaintiff, | **:** | OF PHILADELPHIA COUNTY |
| | **:** | |
| vs. | **:** | |
| | **:** | NO. 251002020 |
| TAURUS HOLDINGS, INC., | **:** | |
| TAURUS INTERNATIONAL | **:** | **JURY TRIAL DEMANDED** |
| MANUFACTURING, INC., TAURUS | **:** | |
| ARMAS S.A., FIRING LINE, INC. and | **:** | |
| THE ARSENAL GUN SHOP LLC | **:** | |
| | **:** | |
|                     Defendants. | **:** | |

## PRELIMINARY OBJECTIONS OF DEFENDANT TAURUS ARMAS, S.A.

Defendant, Taurus Armas, S.A. ("Armas"), by and through its attorneys, Post & Schell, P.C., hereby files the following Preliminary Objections to Plaintiff Claude Simpkins's Complaint under Pa.R.Civ.P. 1028.  Armas seeks the entry of an Order dismissing the Complaint of Plaintiff Claude Simpkins for improper service and for lack of personal jurisdiction, showing the Court as follows:

Case ID: 251002020
Control No.: 25112931

## I.    RELEVANT FACTS

1.      This is a products liability case involving a revolver manufactured by Armas in Brazil.  Plaintiff alleges that on January 30, 2025, a tiny metallic foreign body hit his cheek while he was firing a Taurus 605 revolver (the "Subject Revolver") at a shooting range in New Jersey. *See* Exhibit A attached hereto, Compl. ¶¶ 43-50.

2.      Plaintiff purchased the Subject Revolver from Defendant, the Arsenal Gun Shop LLC ("Arsenal") in New Jersey. Arsenal then transferred the Subject Revolver to Firing Line, Inc. ("Firing Line") in Philadelphia, Pennsylvania. Ex. A, Compl. at Ex. E thereto.

3.      Next, Firing Line transferred the Subject Revolver to Plaintiff. *Id.*

4.      Plaintiff asserts four claims against Armas: (1) Negligence; (2) "402A – Strict Liability"; (3) "402B – Strict Liability"; and (4) Breach of Warranty.

5.      Plaintiff also sued four other defendants: Taurus International Manufacturing, Inc. ("TIMI"), the Georgia-based company that purchased the Subject Revolver from Armas in Brazil; Taurus Holdings, Inc. ("Holdings"), the Georgia corporation that owns all of TIMI's shares; Arsenal, the retail store in New Jersey that sold Plaintiff the Subject Revolver; and Firing Line, a retailer in Philadelphia that received the Subject Revolver from Arsenal and transferred ownership of it to Plaintiff. *See* Ex. A, Compl. ¶¶ 18-19, 38-39, and Exs. A & E thereto.

6.      On November 10, 2025, Plaintiff filed an "Affidavit of Service by Certified Mail Pursuant to Pa. R. Civ. Pro 404" signed by his counsel. *See* Exhibit B attached hereto.

7.      The Affidavit claims, without any citation to evidence, that Thomas Conger, Esq., is the registered agent of Armas. *Id.* ¶ 2.

8.      Mr. Conger is not, and has never been, an agent of Armas and is not, and never has been, authorized to accept or receive anything for or on behalf of Armas, including mailed or

Case ID: 251002020
Control No.: 25112931

personally-served legal papers. Declarations of Leonardo Brum Sesti (Exhibit C hereto) & Eduardo Minghelli (Exhibit D hereto), hereinafter "Sesti & Minghelli," ¶ 17.

9. Plaintiff alleges general and specific personal jurisdiction over Armas by lumping together the three Taurus-named entities (TIMI, Holdings, and Armas) and citing Pennsylvania's Long-Arm Statute. *See* Ex. A, Compl. ¶¶ 10-12.

10. Armas has no contacts with Pennsylvania.

11. Armas is a *sociedade anônima* organized under the laws of Brazil, with its headquarters located at Av. São Borja, 2.181/Prédio A, ZIP Code: 93.035-411, São Leopoldo, Rio Grande do Sul, Brazil. Sesti & Minghelli ¶ 3.

12. According to the serial number provided by Plaintiff (Ex. A, Compl. at Ex. A thereto), Armas manufactured the Subject Revolver in São Leopoldo, Brazil, in January 2024. *Id.* ¶ 11.

13. Armas then sold the Subject Revolver to Defendant TIMI, and title to the Subject Revolver transferred in São Leopoldo, Brazil. Sesti & Minghelli. ¶ 12.

14. TIMI paid for the revolver in Brazil and imported the revolver from São Leopoldo, Brazil, to TIMI's facilities in Bainbridge, Georgia. *Id.* ¶¶ 13-14.

15. Armas does not have any employees, officers, directors, agents, managers, salespersons, offices, business or manufacturing facilities, inventory, assets, telephone numbers, bank accounts, or other personal property in the Commonwealth of Pennsylvania. *Id.* ¶ 5.

16. Armas has never owned, leased, occupied, or otherwise held any interest in any real property located in Pennsylvania. *Id.*

17. Armas has never communicated, interacted, or transacted any business with Plaintiff Claude Simpkins. *Id.* ¶ 6.

3

18.     Also, Armas never communicated, interacted, or transacted any business with Plaintiff or with Defendants Firing Line and Arsenal. *Id.*

19.     Armas is not authorized or licensed to conduct business in Pennsylvania, has never transacted any business in Pennsylvania, is not required to pay any sales tax or other taxes in Pennsylvania, does not advertise or solicit any business in Pennsylvania, and does not sell, ship, or distribute anything into Pennsylvania. *Id.* ¶¶ 7-10.

20.     Armas derives no revenue from sales into Pennsylvania. *Id.* ¶ 10.

21.     Most importantly, Armas did not sell, ship, import, or distribute the Subject Revolver in the Commonwealth of Pennsylvania. *Id.* ¶ 15.

## II.    LEGAL ARGUMENT

### A. Preliminary objection to quash service under Pennsylvania Rule of Civil Procedure 1028(a)(1).

22.     "'The rules relating to service of process must be strictly followed, and jurisdiction of the court over the person of the defendant is dependent upon proper service having been made.'" *Frycklund v. Way*, 599 A.2d 1332, 1334 (Pa. Super. 1991) (quoting *Sharp v. Valley Forge Med. Ctr. and Heart Hosp., Inc.*, 221 A.2d 185, 187 (Pa. 1966)); *Cintas Corp. v. Lee's Cleaning Servs., Inc.*, 700 A.2d 915, 918 (Pa. 1997).

23.     Plaintiff attempted to serve his summons and Complaint by mail to the law offices of Mr. Thomas Conger, Esq. in Georgia.

24.     Pennsylvania Rule of Civil Procedure 403 governs service by mail.

25.     Rule 403 requires, in pertinent part, that "a copy of the process shall be mailed to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent."

4

Case ID: 251002020
Control No.: 25112931

26. Plaintiff bears the burden of showing that the person who he claims received process was "an authorized agent of [Armas.]" *I.M. Wilson, Inc. v. Hill Family Corp.*, 0378, 2018 WL 11424243, at \*5 (Pa. Com. Pl. Mar. 9, 2018); *see Hutton v. KDM Transp., Inc.*, CIV.A. 14-3264, 2014 WL 3353237, at \*3 (E.D. Pa. July 9, 2014) (citing cases); *see also Schoelkopf v. Ng*, 3:24-CV-1288, 2025 WL 2112075, at \*2 (M.D. Pa. July 28, 2025).

27. Here, the process was not mailed to an address of Armas or an authorized agent of Armas. *See* Ex. B at Ex. B thereto.

28. Plaintiff attempted to serve Armas by mail to Thomas Conger, Esq. *See id.*

29. Mr. Conger is not an agent of Armas. Sesti & Minghelli ¶ 17.

30. Thus, the mailing fails to comply with Rule 403's requirements because the mailing was not signed for by someone authorized by Armas. *See, e.g.*, *I.M. Wilson*, 2018 WL 11424243, at \*5.

31. Plaintiff provides no evidence that an authorized agent of Armas signed for or received process, except for a conclusory and self-serving Affidavit of Service by Plaintiff's counsel. *See* Ex. B.

32. Armas has no agent authorized to accept or receive legal papers for it in the United States.

33. Effecting service of process on Armas will require Plaintiff to comply with Pennsylvania Rule of Civil Procedure 404(4) and serve Armas in the manner provided by the applicable treaty, the Hague Convention. *See SeaCube Containers LLC v. Compass Containers & Shipping Servs. Ltda.*, 427 F.Supp.3d 497, 500 (S.D.N.Y. 2019) ("Now that Brazil is a signatory to the Hague Service Convention, that international agreement is the exclusive means through which service can be effectuated when serving a Brazilian defendant.").

5

34.    Accordingly, Plaintiff's attempted service on Armas is ineffective.

35.    Plaintiff's improper service is not merely a procedural defect that can be ignored, even when a defendant by whatever means becomes aware that an action has been commenced against it. *See Cintas Corp.* 700 A.2d at 918; *Frycklund,* 599 A.2d at 1334.

**B. Even if Plaintiff properly serves Armas, this Court lacks personal jurisdiction over Armas.**

36.    Defendants may challenge personal jurisdiction in preliminary objections. Pa. R. Civ. P. 1028(a)(1).

37.    In Pennsylvania, "courts have repeatedly opined in addressing a defendant's challenge to personal jurisdiction that the burden is first on the defendant, as the moving party, to object to jurisdiction; once raised by a defendant, the burden of establishing personal jurisdiction under Pennsylvania's long arm statute is placed on the plaintiff asserting jurisdiction." *Hammons v. Ethicon, Inc.*, 240 A.3d 537, 561 (Pa. 2020).

38.    Plaintiff must demonstrate that exercising personal jurisdiction over Armas comports with Constitutional Due Process. *Kubik v. Letteri*, 614 A.2d 1110, 1113-14 (Pa. 1992).

39.    Two kinds of personal jurisdiction may arise from a defendant's activities in the forum state: (1) "specific or case-linked jurisdiction," and (2) "general or all-purpose jurisdiction." *BNSF Ry. Co. v. Tyrell*, 137 S.Ct. 1549, 1558 (2017); *Kubik*, 614 A.2d at 1113 ("A state may exercise personal jurisdiction over a nonresident defendant based upon the specific acts of the defendant which gave rise to the cause of action or based on the defendant's general activity within the state.").

40.    Plaintiff has not, and cannot, establish general or specific personal jurisdiction over Armas.

Case ID: 251002020
Control No.: 25112931

41.     Under the Due Process Clause, general jurisdiction may exist over foreign corporations "when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 134 S.Ct. 746, 754 (2014).

42.     As Plaintiff admits, Armas is not incorporated in, is not registered to do business, and does not have its principal place of business in Pennsylvania. Ex. A, Compl. ¶ 4.

43.     Armas conducts no business in Pennsylvania, does not advertise or solicit any business in Pennsylvania, does not sell, ship, or distribute anything into Pennsylvania, and has no employees, offices, facilities, or property in Pennsylvania.  Sesti & Minghelli ¶¶ 5, 7-10.

44.     Armas derives no revenue from sales in Pennsylvania.  *Id.* at ¶ 10.

45.     Armas certainly has no "continuous and systematic" contacts so as to render Armas "essentially at home" in Pennsylvania.   *See Daimler*, 134 S.Ct. at 754; 42 Pa. C.S.A. § 5301(a)(2)(iii).

46.     This Court, therefore, has no general jurisdiction over Armas.

47.     To establish specific jurisdiction over Armas, a non-resident defendant, Plaintiff must establish three requirements under Pennsylvania and U.S. Supreme Court precedent: (i) that Armas purposefully availed itself of the privilege of conducting activities within Pennsylvania; (ii) that Plaintiff's claims relate to Armas's contacts (if any) with Pennsylvania; and (iii) that the exercise of jurisdiction is constitutionally reasonable under the circumstances. *See generally Hammons*, 240 A.3d at 556.

48.     The mere act of placing a product in the stream of commerce, however, is not enough to establish specific jurisdiction. *See Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 780 (3d Cir. 2018).

Case ID: 251002020
Control No.: 25112931

49. As the Third Circuit recognized, a plurality of the Supreme Court "has twice rejected the stream-of-commerce theory . . . ." *See id.* (citing *J. McIntyre Mach., Ltd. v. Nicastro*, 131 S.Ct. 2780 (2011), and citing *Asahi Metal Ind. Co., Ltd. v. Superior Court of California*, 107 S.Ct. 1026 (1987)).

50. Accordingly, the Third Circuit rejected a stream-of-commerce theory of specific jurisdiction. *Id.*

51. Armas conducts no activities in Pennsylvania; therefore, it cannot be said that Armas purposefully availed itself of the privilege of conducting activities in Pennsylvania.

52. Armas has no targeted contacts with Pennsylvania because Armas does not sell, ship, or distribute anything into Pennsylvania, and, as a result, derives no revenue from sales in Pennsylvania. Sesti & Minghelli ¶ 10. *See Nicastro*, 131 S.Ct. at 2788.

53. Armas never communicated, interacted, or transacted any business with Plaintiff or with Defendants Firing Line and Arsenal. Sesti & Minghelli ¶ 6.

54. Armas does not advertise or solicit any business in Pennsylvania. *Id.* at ¶ 9.

55. Armas does not transact any business in Pennsylvania. *Id.* at ¶ 7.

56. According to the serial number provided by Plaintiff, Armas manufactured the Subject Revolver, but did so in Brazil. *Id.* at ¶ 11.

57. Armas then sold the Subject Revolver to Defendant TIMI in Brazil, and title to the Subject Revolver transferred in Brazil. *Id.* at ¶ 12.

58. Plaintiff also cannot meet the second requirement for specific jurisdiction: relatedness.

59. "[M]ere injury to a forum resident is not a sufficient connection to the forum." *Walden*, 134 S.Ct. at 1125.

8

60.     "[T]he phrase 'relate to' incorporates real limits" when determining whether litigation "arises out of or relates to" a nonresident defendant's contacts with the forum, "as it must to adequately protect defendants foreign to a forum." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S.Ct. 1017, 1026 (2021).

61.     Because Armas has no contacts with Pennsylvania, Plaintiff cannot establish that his claims arise out of or relate to any contacts with Pennsylvania.

62.     Assuming Plaintiff could show Armas has a jurisdictional contact with Pennsylvania (and he cannot), the "real limits" on the relatedness of jurisdictional contacts must mean more than manufacturing a revolver in Brazil and selling it in Brazil to a Georgia-based company. *Cf. Ford*, 141 S.Ct. at 1026.

63.     Moreover, unlike the plaintiffs in *Ford*, Plaintiff was not injured in Pennsylvania and apparently never used the Subject Revolver in this state. *See id.* at 1031; Ex. A, Compl. ¶ 43 (alleging use of Subject Revolver for the first and only time in New Jersey).

64.     In addition, Plaintiff did not purchase the Subject Revolver from a Pennsylvania retailer. *See* Ex. A, Compl. at Ex. E thereto.

65.     Thus, this Court lacks jurisdiction over Armas because the claims here do not "relate to" any jurisdictional contacts between Armas and Pennsylvania.

66.     Even if Plaintiff could satisfy the above requirements for specific jurisdiction over Armas in Pennsylvania, Armas should still be dismissed because exercising jurisdiction over it would be constitutionally unreasonable.

67.     With respect to imposing personal jurisdiction over foreign defendants, the Supreme Court has cautioned that "[g]reat care should be exercised when extending our notions of personal jurisdiction into the international field." *Asahi*, 107 S.Ct. at 1034.

9

Case ID: 251002020
Control No.: 25112931

68.    "[T]he unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." *Id.* at 1033.

69.    Litigating this case in Pennsylvania would impose significant burdens on Armas. Armas has no offices, property, or employees in Pennsylvania, its lead counsel is not here, and because Armas conducted no activities in Pennsylvania related to the Subject Revolver, any of Armas's relevant evidence and witnesses would be in Brazil, over five thousand miles away. *See* Sesti & Minghelli ¶ 5.

70.    Extending jurisdiction over Armas, a Brazilian entity with no contacts in Pennsylvania, would impose a significant burden on Armas, as compared to the minimal interest of Plaintiff in litigating in Pennsylvania.

71.    On balance, the reasonableness factors do not weigh in favor of finding specific personal jurisdiction, especially in light of the Supreme Court's warning against imposing serious burdens on a foreign defendant. *See Asahi*, 107 S.Ct. at 1034.

72.    In conclusion, Armas has not conducted, aimed, or directed any activity to Pennsylvania. Rather, an Armas-made revolver was purchased in Brazil by TIMI and then imported into Georgia. That the revolver then made its way onto a New Jersey retailer's shelves to be purchased by Plaintiff, a Pennsylvania resident who alleges that he was injured in New Jersey, is too random and fortuitous to allow this Court's exercise of jurisdiction over Armas to comport with both the U.S. Constitution.

10

Case ID: 251002020
Control No.: 25112931

WHEREFORE, based on the foregoing and as more fully set forth in the memorandum of law which, together with supporting declarations, are incorporated by reference herein, Armas respectfully requests that this Court sustain its preliminary objection for improper service, quash Plaintiff's attempted service on Armas, and dismiss Plaintiff Claude Simpkins's Complaint should with prejudice due to lack of personal jurisdiction over Armas in Pennsylvania.

Respectfully submitted,

**POST & SCHELL, P.C.**

**BY**: _____

**DATED**: November 13, 2025

DANIEL S. ALTSCHULER, ESQUIRE
ATTORNEYS FOR DEFENDANTS,
TAURUS HOLDINGS, INC., TAURUS
INTERNATIONAL MANUFACTURING,
INC. AND TAURUS ARMAS S.A.

11

**POST & SCHELL, P.C.**
BY: DANIEL S. ALTSCHULER,
ESQUIRE
I.D. # 49470
E-mail: daltschuler@postschell.com
THREE LOGAN SQUARE
1717 ARCH STREET, 24TH FLOOR
PHILADELPHIA, PA 19103
(215) 587-6612
FAX: (215) 320-4875

Attorneys for Defendants Taurus Holdings, Inc., Taurus International Manufacturing, Inc. and Taurus Armas S.A.

| | |
|---|---|
| CLAUDE SIMPKINS, | : COURT OF COMMON PLEAS |
| Plaintiff, | : OF PHILADELPHIA COUNTY |
| | : |
| vs. | : |
| | : NO. 251002020 |
| TAURUS HOLDINGS, INC., | : |
| TAURUS INTERNATIONAL | : **JURY TRIAL DEMANDED** |
| MANUFACTURING, INC., TAURUS | : |
| ARMAS S.A., FIRING LINE, INC. and | : |
| THE ARSENAL GUN SHOP LLC | : |
| | : |
| Defendants. | : |

**MEMORANDUM OF LAW IN SUPPORT OF THE PRELIMINARY OBJECTIONS OF DEFENDANT TAURUS ARMAS, S.A. FOR IMPROPER SERVICE AND LACK OF PERSONAL JURISDICTION**

Defendant, Taurus Armas, S.A. ("Armas"), by and through its attorneys Post & Schell, P.C., in accordance with Pa.R.Civ.P. 1028, hereby submits this Memorandum of Law in support of its Preliminary Objections to Plaintiff Claude Simpkins's Complaint. For the following reasons, the Court should sustain Armas's Preliminary Objections, quash the attempted service on Armas, and enter an Order dismissing the Complaint as to Armas for lack of personal jurisdiction.

I.      **MATTER BEFORE THE COURT**

Before this Honorable Court is Defendant Taurus Armas, S.A.'s Preliminary Objections for Improper Service and for Lack of Personal Jurisdiction.

1

Case ID: 251002020
Control No.: 25112931

## II.    QUESTIONS PRESENTED

A.  Should this Court sustain Armas's Preliminary Objection for improper service and quash the attempt to serve process on Armas, a *sociedade anônima* organized under the laws of Brazil, where the attempted service was made on someone who is not an agent of Armas and is not authorized to accept anything for Armas?

Suggested Answer: **Yes.**

B.  Should this Court sustain Armas's Preliminary Objection for lack of personal jurisdiction and dismiss Armas from this lawsuit with prejudice because this Court lacks personal jurisdiction over Armas, a *sociedade anônima* organized under the laws of Brazil that has made no purposeful efforts to avail itself of Pennsylvania's laws or market?

Suggested Answer**: Yes.**

## III.    STATEMENT OF RELEVANT FACTS

This is a products liability case involving a revolver manufactured by Armas in Brazil. Plaintiff alleges that on January 30, 2025, a tiny metallic foreign body hit his cheek while he was firing a Taurus 605 revolver (the "Subject Revolver") at a shooting range in New Jersey. *See* Exhibit A attached hereto, Compl. ¶¶ 43-50. Plaintiff purchased the Subject Revolver from Defendant, the Arsenal Gun Shop LLC ("Arsenal"), located in New Jersey. Arsenal then transferred the Subject Revolver to Defendant, Firing Line, Inc. ("Firing Line") in Philadelphia, Pennsylvania. Ex. A, Compl. at Ex. E thereto. Next, Firing Line transferred the Subject Revolver to Plaintiff. *Id.*

Plaintiff asserts four claims against Armas: (1) Negligence; (2) "402A – Strict Liability"; (3) "402B – Strict Liability"; and (4) Breach of Warranty.

Plaintiff also sued four other defendants: Taurus International Manufacturing, Inc. ("TIMI"), the Georgia-based company that purchased the Subject Revolver from Armas in Brazil; Taurus Holdings, Inc. ("Holdings"), the Georgia corporation that owns all of TIMI's shares; Arsenal, the retail store in New Jersey that sold Plaintiff the Subject Revolver; and Firing Line, a

2

Case ID: 251002020
Control No.: 25112931

retailer in Philadelphia that received the Subject Revolver from Arsenal and transferred ownership of it to Plaintiff. *See* Ex. A, Compl. ¶¶ 18-19, 38-39, and Exs. A & E thereto.

### A.    Plaintiff attempted to serve Armas by mail to Thomas Conger, Esq., in Georgia.

On November 10, 2025, Plaintiff filed an "Affidavit of Service by Certified Mail Pursuant to Pa. R. Civ. Pro 404" signed by his counsel. *See* Exhibit B attached hereto. The Affidavit claims, without any citation to evidence, that Thomas Conger, Esq., is the registered agent of Armas. *Id.* ¶ 2. Attached to Plaintiff's Affidavit of Service is the Certified Mail Receipt (PS Form 3800) showing mailing on October 20, 2025, but not showing that "Certified Mail Restricted Delivery" was requested. A Domestic Return Receipt, colloquially called a "green card," is also attached to the affidavit. *Id.* On the Domestic Return Receipt, the boxes for the services called "Certified Mail Restricted Delivery" and "Registered Mail Restricted Delivery" are both unchecked. *Id.* at Ex. B thereto. The green card that bears the signature of a person named Jessica Hart, who is not mentioned in Plaintiff's Affidavit of Service. *Id.* at Ex. B thereto. Adjacent to that signature, the boxes "agent" and "addressee" both remain unchecked. *Id.* Plaintiff has not provided any evidence that Thomas Conger or Jessica Hart is an authorized agent of Armas.

In fact, Mr. Conger is not, and has never been, an agent of Armas and is not, and never has been, authorized to accept or receive anything for or on behalf of Armas, including mailed or personally-served legal papers. Declarations of Leonardo Brum Sesti (Exhibit C hereto) & Eduardo Minghelli (Exhibit D hereto), hereinafter "Sesti & Minghelli," ¶ 17. Mr. Conger is the registered agent for TIMI and for Holdings. But TIMI and Holdings are not authorized to accept or receive anything for or on behalf of Armas. *Id.* ¶ 18.

3

Case ID: 251002020
Control No.: 25112931

Plaintiff's Affidavit of Service further avers that Plaintiff's counsel caused a copy of the Plaintiff's Complaint to be "delivered to Armas" on October 24, 2025, via U.S. Mail addressed to Thomas Conger at "[Armas's] address 218 E. Water Street Bainbridge, GA 39817." Ex. B ¶ 3. That is the address of the Mr. Conger's law office. Armas has no offices at that address or anywhere else in the United States.

**B.      Armas has no contacts with Pennsylvania.**

Plaintiff alleges general and specific personal jurisdiction over Armas by lumping together the three Taurus-named entities (TIMI, Holdings, and Armas) and citing Pennsylvania's Long-Arm Statute. *See* Ex. A, Compl. ¶¶ 10-12. Armas, however, has no contacts with Pennsylvania.

Armas is a *sociedade anônima* organized under the laws of Brazil, with its headquarters located at Av. São Borja, 2.181/Prédio A, ZIP Code: 93.035-411, São Leopoldo, Rio Grande do Sul, Brazil. Sesti & Minghelli ¶ 3. Shares of Armas are publicly traded on the B3 stock exchange in São Paulo, Brazil. *Id.* Armas has manufactured firearms for sale under the world-famous Taurus brand since the 1940s. *Id.* ¶ 4. According to the serial number provided by Plaintiff (Ex. A, Compl. at Ex. A thereto), Armas manufactured the Subject Revolver in São Leopoldo, Brazil, in January 2024. *Id.* ¶ 11. Armas then sold the Subject Revolver to Defendant TIMI, and title to the Subject Revolver transferred in São Leopoldo, Brazil. Sesti & Minghelli. ¶ 12. TIMI paid for the revolver in Brazil and imported the revolver from São Leopoldo, Brazil, to TIMI's facilities in Bainbridge, Georgia. *Id.* ¶¶ 13-14.

Armas does not have any employees, officers, directors, agents, managers, salespersons, offices, business or manufacturing facilities, inventory, assets, telephone numbers, bank accounts, or other personal property in the Commonwealth of Pennsylvania. *Id.* ¶ 5. Armas has never owned, leased, occupied, or otherwise held any interest in any real property located in

4

Pennsylvania. *Id.* Armas has never communicated, interacted, or transacted any business with Plaintiff Claude Simpkins. *Id.* ¶ 6. Also, Armas never communicated, interacted, or transacted any business with Plaintiff or with Defendants Firing Line and Arsenal. *Id.* Armas is not authorized or licensed to conduct business in Pennsylvania, has never transacted any business in Pennsylvania, is not required to pay any sales tax or other taxes in Pennsylvania, does not advertise or solicit any business in Pennsylvania, and does not sell, ship, or distribute anything into Pennsylvania. *Id.* ¶¶ 7-10. Armas derives no revenue from sales into Pennsylvania. *Id.* ¶ 10. Most importantly, Armas did not sell, ship, import, or distribute the Subject Revolver in the Commonwealth of Pennsylvania. *Id.* ¶ 15. In sum, Armas has no contacts with Pennsylvania or Plaintiff, whether or not related to Plaintiff's claims. As such, the exercise of personal jurisdiction over Armas would be improper and would not comport with due process.

## IV.    ARGUMENT

The Complaint should be dismissed for improper service and lack of personal jurisdiction because Armas has not been served and has no contacts with Pennsylvania. Armas is headquartered in Brazil, conducts no business in Pennsylvania, and sold the Subject Revolver in Brazil. Plaintiff cannot show sufficient contacts to support the exercise of personal jurisdiction over Armas because no Pennsylvania contacts exist. The Court should therefore dismiss Plaintiff's claims against Armas for lack of personal jurisdiction.

### A. Plaintiff's attempt to serve Armas was improper.

"'The rules relating to service of process must be strictly followed, and jurisdiction of the court over the person of the defendant is dependent upon proper service having been made.'" *Frycklund v. Way*, 599 A.2d 1332, 1334 (Pa. Super. 1991) (quoting *Sharp v. Valley Forge Med.*

5

Case ID: 251002020
Control No.: 25112931

*Ctr. and Heart Hosp., Inc.*, 221 A.2d 185, 187 (Pa. 1966)); *Cintas Corp. v. Lee's Cleaning Servs., Inc.*, 700 A.2d 915, 918 (Pa. 1997).

Plaintiff attempted to serve the summons by mail to the law offices of Mr. Thomas Conger, Esq. in Georgia. Pennsylvania Rule of Civil Procedure 403 governs service by mail. Rule 403 requires, in pertinent part, that "a copy of the process shall be mailed to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent." The Official Note to Rule 403 explains that it was drafted to accommodate the U.S. Postal Service's procedures "for restricted delivery mail, which can only be delivered to the addressee or his authorized agent."

Simply put, Plaintiff bears the burden of showing that the person who he claims received process was "an authorized agent of [Armas.]" *I.M. Wilson, Inc. v. Hill Family Corp.*, 0378, 2018 WL 11424243, at *5 (Pa. Com. Pl. Mar. 9, 2018). Numerous federal courts applying Pennsylvania law agree. *See Hutton v. KDM Transp., Inc.*, CIV.A. 14-3264, 2014 WL 3353237, at *3 (E.D. Pa. July 9, 2014) (citing cases); *see also Schoelkopf v. Ng*, 3:24-CV-1288, 2025 WL 2112075, at *2 (M.D. Pa. July 28, 2025). If the person who received the process is not authorized, then the attempted service by mail is invalid under Rule 403.

Here, the process was not mailed to an address of Armas or an authorized agent of Armas. Further, process was not mailed with delivery restricted to Armas, an authorized agent of Armas, or even any specific person at all. *See* Ex. B at Ex. B thereto. Rather, Plaintiff attempted to serve Armas by mail to Thomas Conger, Esq. *See id.* Mr. Conger is not an agent of Armas. Sesti & Minghelli ¶ 17. Thus, the mailing fails to comply with Rule 403's requirements because the

6

Case ID: 251002020
Control No.: 25112931

mailing was not signed for by someone authorized by Armas. *See, e.g.*, *I.M. Wilson*, 2018 WL 11424243, at *5.

Plaintiff provides no evidence that an authorized agent of Armas signed for or received process, except for a conclusory and self-serving Affidavit of Service by Plaintiff's counsel. *See* Ex. B. In the Affidavit of Service filed on November 10, 2025, Plaintiff's counsel incorrectly avers that Thomas Conger, Esq. is Armas's "registered agent." *See* Ex. B, ¶ 2. Plaintiff offers no evidence for such a conclusory statement. In fact, Mr. Conger and his office are not, and have never been, an agent of Armas and are not, and never has been, authorized to accept or receive anything for or on behalf of Armas, including mailed or personally-served legal papers. Sesti & Minghelli ¶ 17.

Moreover, Armas has no agent authorized to accept or receive legal papers for it in the United States. As a result, effecting service of process on Armas will require Plaintiff to comply with Pennsylvania Rule of Civil Procedure 404(4) and serve Armas in the manner provided by the applicable treaty, the Hague Convention. *See SeaCube Containers LLC v. Compass Containers & Shipping Servs. Ltda.*, 427 F.Supp.3d 497, 500 (S.D.N.Y. 2019) ("Now that Brazil is a signatory to the Hague Service Convention, that international agreement is the exclusive means through which service can be effectuated when serving a Brazilian defendant."). Plaintiff has not even attempted to comply with the requirements for serving Armas under the Hague Convention.

In conclusion, Plaintiff's attempted service on Armas is ineffective. It is not merely a procedural defect that can be ignored, even when a defendant by whatever means becomes aware that an action has been commenced against it. *See Cintas Corp.* 700 A.2d at 918; *Frycklund,* 599 A.2d at 1334. Armas cannot be and is not properly before this Court. Plaintiff's attempted service on Armas fails for the simple reason that Mr. Conger is not an agent of Armas. Plaintiff must serve Armas pursuant to the Hague Convention. Any other form of service, such as the mailing attempted

7

Case ID: 251002020
Control No.: 25112931

by Plaintiff here, violates Pennsylvania law as well as abrogates Armas's rights and protections afforded by international treaty.

**B. Even if Plaintiff properly served Armas, this Court lacks personal jurisdiction over Armas.**

Defendants may challenge personal jurisdiction in preliminary objections. Pa.R.Civ.P. 1028(a)(1). In Pennsylvania, "courts have repeatedly opined in addressing a defendant's challenge to personal jurisdiction that the burden is first on the defendant, as the moving party, to object to jurisdiction; once raised by a defendant, the burden of establishing personal jurisdiction under Pennsylvania's long arm statute is placed on the plaintiff asserting jurisdiction." *Hammons v. Ethicon, Inc.*, 240 A.3d 537, 561 (Pa. 2020).

Plaintiff seemingly invokes the "catchall" provision of Pennsylvania's Long-Arm Statute, 42 Pa. C.S.A. § 5322(b), which affords jurisdiction "to the fullest extent allowed under the Constitution of the United States." Accordingly, Plaintiff must demonstrate that exercising personal jurisdiction over Armas comports with Constitutional Due Process. *Kubik v. Letteri*, 614 A.2d 1110, 1113-14 (Pa. 1992). This rule stems from the United States Supreme Court's long-standing requirement that a foreign defendant have "minimum contacts" with the forum state "such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 66 S.Ct. 154, 158 (1945). The Constitution "protects an individual's liberty interest in not being subject to binding judgments of a forum with which he has established no meaningful contacts, ties, or relations." *Burger King Corp. v. Rudzewicz*, 105 S.Ct. 2174, 2181 (1985).

Two kinds of personal jurisdiction may arise from a defendant's activities in the forum state: (1) "specific or case-linked jurisdiction," and (2) "general or all-purpose jurisdiction." *BNSF Ry. Co. v. Tyrell*, 137 S.Ct. 1549, 1558 (2017); *Kubik*, 614 A.2d at 1113 ("A state may exercise

8

personal jurisdiction over a nonresident defendant based upon the specific acts of the defendant which gave rise to the cause of action or based on the defendant's general activity within the state."). As shown below, Plaintiff has not, and cannot, establish general or specific personal jurisdiction over Armas.

**1.    There is no basis for general jurisdiction over Armas.**

Section 5301(a) of Pennsylvania's Judicial Code governs the Commonwealth's exercise of general jurisdiction, authorizing jurisdiction over a foreign corporation that carries on a "continuous and systematic part of its general business within this Commonwealth." 42 Pa. C.S.A. § 5301(a)(2)(iii); *Mendel v. Williams*, 53 A.3d 810, 817 (Pa. Super. Ct. 2012).    For any such statutory jurisdiction to exist, however, it "must be tested against the Due Process Clause." *Mendel*, 53 A.3d at 818.

Under the Due Process Clause, general jurisdiction may exist over foreign corporations "when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 134 S.Ct. 746, 754 (2014). The "paradigm" forums "in which a corporate defendant is 'at home' . . . are the corporation's place of incorporation and its principal place of business." *BNSF Ry. Co.*, 137 S.Ct. at 1558 (quoting *Daimler*, 134 S.Ct. at 760)). It would be an "exceptional case" where a corporation is deemed at home and subject to general jurisdiction in any other state. *See id.* In *BNSF*, the Supreme Court rejected general jurisdiction over a defendant with over 2,000 miles of railroad track and more than 2,000 employees in the forum state. *Id.*

As Plaintiff admits, Armas is not incorporated in, is not registered to do business, and does not have its principal place of business in Pennsylvania. Ex. A, Compl. ¶ 4. In fact, Armas conducts no business in Pennsylvania, does not advertise or solicit any business in Pennsylvania, does not

9

Case ID: 251002020
Control No.: 25112931

sell, ship, or distribute anything into Pennsylvania, and has no employees, offices, facilities, or property in Pennsylvania. Sesti & Minghelli ¶¶ 5, 7-10. Armas derives no revenue from sales in Pennsylvania. *Id.* at ¶ 10. Armas's connection to Pennsylvania does not approach the significant contacts of the defendant in *BNSF*, where the Supreme Court denied general jurisdiction. Armas certainly has no "continuous and systematic" contacts so as to render Armas "essentially at home" in Pennsylvania. *See Daimler*, 134 S.Ct. at 754; 42 Pa. C.S.A. § 5301(a)(2)(iii). This Court, therefore, has no general jurisdiction over Armas.

### 2.    There is no basis for specific jurisdiction over Armas.

Unlike general jurisdiction, specific jurisdiction is case-specific. The due process requirements for specific jurisdiction can be separated into three requirements: (i) purposeful availment, (ii) relatedness, and (iii) reasonableness. *See Hammons*, 240 A.3d at 556. Here, to establish specific jurisdiction over Armas, a non-resident defendant, Plaintiff must establish three requirements under Pennsylvania and U.S. Supreme Court precedent: (i) that Armas purposefully availed itself of the privilege of conducting activities within Pennsylvania; (ii) that Plaintiff's claims relate to Armas's contacts (if any) with Pennsylvania; and (iii) that the exercise of jurisdiction is constitutionally reasonable under the circumstances. *See generally id.* As shown below, Plaintiff does not allege and cannot establish any of these requirements for specific jurisdiction over Armas.

### i.    Armas has not purposefully availed itself of the privilege of conducting any business in Pennsylvania.

A defendant purposefully establishes minimum contacts with Pennsylvania when its contacts are

> such that the defendant could reasonably anticipate being called to defend itself in the forum. . . . Random, fortuitous, and attenuated contacts cannot reasonably notify a party that it may be called to defend itself in a foreign forum and, thus, cannot support the exercise of personal jurisdiction. That is, the defendant must

10

Case ID: 251002020
Control No.: 25112931

have purposefully directed its activities to the forum and conducted itself in a manner indicating that it has availed itself of the forum's privileges and benefits such that it should be subjected to the forum state's laws and regulations.

*Mendel*, 53 A.3d at 821.

The defendant's contacts with the forum must arise out of the contacts that the "'defendant *himself*' creates with the forum State." *Walden v. Fiore*, 134 S.Ct. 1115, 1122 (2014) (emphasis in original). Contacts between the plaintiff or a third-party and the forum state cannot be used to meet this requirement. *See id.*

Plaintiff's theory of jurisdiction over Armas is presumably based on a stream-of-commerce theory. The mere act of placing a product in the stream of commerce, however, is not enough to establish specific jurisdiction. *See Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 780 (3d Cir. 2018). As the Third Circuit recognized, a plurality of the Supreme Court "has twice rejected the stream-of-commerce theory . . ." *See id.* (citing *J. McIntyre Mach., Ltd. v. Nicastro*, 131 S.Ct. 2780 (2011), and citing *Asahi Metal Ind. Co., Ltd. v. Superior Court of California*, 107 S.Ct. 1026 (1987)). Accordingly, the Third Circuit rejected a stream-of-commerce theory of specific jurisdiction. *Id.*

Further, the stream-of-commerce theory holds no weight in this case because Armas did not target or avail itself of Pennsylvania in any cognizable way. *Asahi*, 107 S.Ct. at 1032 ("placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State . . . [A] defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum state."); c*ompare Hammons*, 240 A.3d at 562 (extending specific jurisdiction over New Jersey corporation,

11

Case ID: 251002020
Control No.: 25112931

where corporation "was substantially and directly involved in the production" of the product at issue "in Pennsylvania").

Armas conducts no activities in Pennsylvania; therefore, it cannot be said that Armas purposefully availed itself of the privilege of conducting activities in Pennsylvania. Armas has no targeted contacts with Pennsylvania because Armas does not sell, ship, or distribute anything into Pennsylvania, and, as a result, derives no revenue from sales in Pennsylvania. Sesti & Minghelli ¶ 10. *See Nicastro*, 131 S.Ct. at 2788. Armas never communicated, interacted, or transacted any business with Plaintiff or with Defendants Firing Line and Arsenal. Sesti & Minghelli ¶ 6. Armas does not advertise or solicit any business in Pennsylvania. *Id.* at ¶ 9. In fact, Armas does not transact any business in Pennsylvania. *Id.* at ¶ 7. According to the serial number provided by Plaintiff, Armas manufactured the Subject Revolver, but did so in Brazil. *Id.* at ¶ 11. Armas then sold the Subject Revolver to Defendant TIMI in Brazil, and title to the Subject Revolver transferred in Brazil. *Id.* at ¶ 12.

Armas did no more than manufacture and sell the revolver in Brazil. The Supreme Court has explained that the defendant's awareness that placing a product into the stream of commerce may sweep the product into the forum state is not sufficient to establish jurisdiction. *Asahi*, 107 S.Ct. at 1032. "Without more, [this] is not an act of the defendant purposefully directed toward the forum state." *Id.* Here, there is no "more," and thus personal jurisdiction is lacking. Because Plaintiff cannot show that Armas purposefully availed itself of the privileges of conducting business in Pennsylvania, the Complaint should be dismissed for lack of personal jurisdiction.

ii.    **Armas has no contacts with Pennsylvania, so the cause of action cannot relate to any such non-existent activities in Pennsylvania.**

Plaintiff also cannot meet the second requirement for specific jurisdiction: relatedness. Specific jurisdiction requires "a connection between the forum and the specific claims at issue."

12

Case ID: 251002020
Control No.: 25112931

*Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 137 S.Ct. 1773, 1781 (2017). But "mere injury to a forum resident is not a sufficient connection to the forum." *Walden*, 134 S.Ct. at 1125. The plaintiff "cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id.* at 1122. "[T]he phrase 'relate to' incorporates real limits" when determining whether litigation "arises out of or relates to" a nonresident defendant's contacts with the forum, "as it must to adequately protect defendants foreign to a forum." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S.Ct. 1017, 1026 (2021).

Because Armas has no contacts with Pennsylvania, Plaintiff cannot establish that his claims arise out of or relate to any contacts with Pennsylvania. Assuming Plaintiff could show Armas has a jurisdictional contact with Pennsylvania (and he cannot), the "real limits" on the relatedness of jurisdictional contacts must mean more than manufacturing a revolver in Brazil and selling it in Brazil to a Georgia-based company. *Cf. Ford*, 141 S.Ct. at 1026. Moreover, unlike the plaintiffs in *Ford*, Plaintiff was not injured in Pennsylvania and apparently never used the Subject Revolver in this state. *See id.* at 1031; Ex. A, Compl. ¶ 43 (alleging use of Subject Revolver for the first and only time in New Jersey). In addition, Plaintiff did not purchase the Subject Revolver from a Pennsylvania retailer. *See* Ex. A, Compl. at Ex. E thereto. Thus, this Court lacks jurisdiction over Armas because the claims here do not "relate to" any jurisdictional contacts between Armas and Pennsylvania.

### iii.    Exercising jurisdiction over Armas would be constitutionally unreasonable.

Even if Plaintiff can establish the requirements above, then due process requires that the assertion of personal jurisdiction over Armas be reasonable. The Court need not reach the reasonableness requirement for exercising personal jurisdiction because Armas does not have any

13

Case ID: 251002020
Control No.: 25112931

contacts with Pennsylvania that would satisfy the due process requirements for specific jurisdiction. But, even if Plaintiff could satisfy the above requirements for specific jurisdiction over Armas in Pennsylvania, Armas should still be dismissed because exercising jurisdiction over it would be constitutionally unreasonable.

If a plaintiff establishes that the defendant purposefully established minimum contacts in Pennsylvania, the Court must consider the contacts on a "case-by-case" basis to determine whether the contacts "are such as to make it reasonable and fair to require [the defendant] to conduct his defense in the state." *Mendel*, 53 A.3d at 821. Factors the Court may consider include:

> (1) the burden on the defendant, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies and (5) the shared interest of the several states in furthering fundamental substantive social policies.

*Kubik*, 614 A.2d 1110, 1114 (Pa. 1992

With respect to imposing personal jurisdiction over foreign defendants, the Supreme Court has cautioned that "[g]reat care should be exercised when extending our notions of personal jurisdiction into the international field." *Asahi*, 107 S.Ct. at 1034. "[T]he unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." *Id.* at 1033. In considering whether to exercise jurisdiction over a foreign corporation, Courts should consider "the procedural and substantive policies of [the foreign nation] whose interests are affected by the assertion of jurisdiction. . . ." *Id*. at 1034. As the Supreme Court stated in *Asahi*,

> The procedural and substantive interests of other nations in a state court's assertion of jurisdiction over an alien defendant will differ from case to case. In every case, however, those interests, as well as the Federal interest in Government's foreign relations policies, will be best served by a careful inquiry

14

Case ID: 251002020
Control No.: 25112931

into the reasonableness of the assertion of jurisdiction in the particular case, and an unwillingness to find the serious burdens on an alien defendant outweighed by minimal interests on the part of the plaintiff or the forum State.

*Id.* (emphasis added).

Litigating this case in Pennsylvania would impose significant burdens on Armas. Armas has no offices, property, or employees in Pennsylvania, its lead counsel is not here, and because Armas conducted no activities in Pennsylvania related to the Subject Revolver, any of Armas's relevant evidence and witnesses would be in Brazil, over five thousand miles away. *See* Sesti & Minghelli ¶ 5. For these reasons, it would be inconvenient, costly, and inefficient for Armas to litigate in Pennsylvania, and those burdens weigh against a finding of reasonableness. Plaintiff has not shown that his interest in obtaining relief in Pennsylvania weighs in favor of asserting jurisdiction over Armas. Moreover, Plaintiff has asserted his products-liability claims against multiple other Defendants.

Extending jurisdiction over Armas, a Brazilian entity with no contacts in Pennsylvania, would impose a significant burden on Armas, as compared to the minimal interest of Plaintiff in litigating in Pennsylvania. On balance, the reasonableness factors do not weigh in favor of finding specific personal jurisdiction, especially in light of the Supreme Court's warning against imposing serious burdens on a foreign defendant. *See Asahi*, 107 S.Ct. at 1034.

## V.    **CONCLUSION**

Armas has not conducted, aimed, or directed any activity to Pennsylvania. Rather, an Armas-made revolver was purchased in Brazil by TIMI and then imported into Georgia. That the revolver then made its way onto a New Jersey retailer's shelves to be purchased by Plaintiff, a Pennsylvania resident who alleges that he was injured in New Jersey, is too random and fortuitous

15

to allow this Court's exercise of jurisdiction over Armas to comport with both the U.S. Constitution.

For the foregoing reasons, Defendant Taurus Armas, S.A. respectfully requests that the Court sustain its Preliminary Objections raising questions of improper service and personal jurisdiction, and enter an Order dismissing Plaintiff's Complaint.

Respectfully submitted,

**POST & SCHELL, P.C.**

**BY**: _____

**DATED**: November 13, 2025

DANIEL S. ALTSCHULER, ESQUIRE
ATTORNEYS FOR DEFENDANTS,
TAURUS HOLDINGS, INC., TAURUS
INTERNATIONAL MANUFACTURING,
INC. AND TAURUS ARMAS S.A.

16

Case ID: 251002020
Control No.: 25112931

## CERTIFICATE OF SERVICE

I, Daniel S. Altschuler, Esquire, hereby certify that a true and correct copy of the foregoing

*PRELIMINARY OBJECTIONS OF DEFENDANT TAURUS ARMAS, S.A.*, was served via the

Philadelphia County Court E-Filing System, at time of acceptance by the Prothonotary's Office,

on the date set forth below upon all counsel of record.

**POST & SCHELL, P.C.**

**BY**: _____

**DATED**: November 13, 2025

DANIEL S. ALTSCHULER, ESQUIRE
ATTORNEYS FOR DEFENDANTS,
TAURUS HOLDINGS, INC., TAURUS
INTERNATIONAL MANUFACTURING,
INC., AND TAURUS ARMAS S.A.

SGR/81326965.1

# EXHIBIT A

Case ID: 251002020
Control No.: 25112931

# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet

PHILADELPHIA _____ County

**For Prothonotary Use Only:**

Docket No:

*Filed and Attested by the Office of Judicial Records 17 OCT 2025 01:59 pm B. BALILONIS*

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

## SECTION A

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Petition
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

Lead Plaintiff's Name:
CLAUDE SIMPKINS

Lead Defendant's Name:
TAURUS HOLDINGS, INC., ET AL.

**Are money damages requested?** ☒ Yes   ☐ No

Dollar Amount Requested: (check one)
☐ within arbitration limits
☒ outside arbitration limits

**Is this a *Class Action Suit*?** ☐ Yes   ☒ No

**Is this an *MDJ Appeal*?** ☐ Yes   ☒ No

Name of Plaintiff/Appellant's Attorney: MICHAEL V. TINARI, ESQUIRE

☐ **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

## SECTION B

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** (*do not include Mass Tort*)
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☒ Product Liability (*does not include mass tort*)
- ☐ Slander/Libel/ Defamation
- ☐ Other: _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** (*do not include Judgments*)
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other _____
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other _____
- ☐ Other: _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other _____
- ☐ Zoning Board
- ☐ Other: _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other: _____

Case ID: 251002020
*Updated 1/1/2011*
Control No.: 25112931

# NOTICE

**Pennsylvania Rule of Civil Procedure 205.5. (Cover Sheet) provides, in part:**

**Rule 205.5.    Cover Sheet**

(a)(1)   This rule shall apply to all actions governed by the rules of civil procedure except the following:

   (i)      actions pursuant to the Protection from Abuse Act, Rules 1901 et seq.

   (ii)     actions for support, Rules 1910.1 et seq.

   (iii)    actions for custody, partial custody and visitation of minor children, Rules 1915.1 et seq.

   (iv)     actions for divorce or annulment of marriage, Rules 1920.1 et seq.

   (v)      actions in domestic relations generally, including paternity actions, Rules 1930.1 et seq.

   (vi)     voluntary mediation in custody actions, Rules 1940.1 et seq.

(2)      At the commencement of any action, the party initiating the action shall complete the cover sheet set forth in subdivision (e) and file it with the prothonotary.

(b)      The prothonotary shall not accept a filing commencing an action without a completed cover sheet.

(c)      The prothonotary shall assist a party appearing pro se in the completion of the form.

(d)      A judicial district which has implemented an electronic filing system pursuant to Rule 205.4 and has promulgated those procedures pursuant to Rule 239.9 shall be exempt from the provisions of this rule.

(e)      The Court Administrator of Pennsylvania, in conjunction with the Civil Procedural Rules Committee, shall design and publish the cover sheet.  The latest version of the form shall be published on the website of the Administrative Office of Pennsylvania Courts at www.pacourts.us.

Case ID: 251002020
Control No.: 25112931

**LEONARD TINARI, LLP**
By:     Michael V. Tinari, Esquire
Attorney I.D. No. 51853                          Attorneys for Plaintiff
171 W. Lancaster Avenue, 2nd Floor
Paoli, PA 19301
Telephone: (484) 328-8147
Email: mtinari@lt-lawyer.com

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA
## CIVIL ACTION – LAW

| | |
|---|---|
| **CLAUDE SIMPKINS** : | NO. |
| 31 West Allegheny Ave, Apt 244 : | |
| Philadelphia, PA 19132 : | |
| : | **JURY TRIAL DEMANDED** |
| Plaintiff : | |
| : | |
| vs. : | |
| : | |
| **TAURUS HOLDINGS, INC** : | |
| **d/b/a TAURUS USA** : | |
| 100 Taurus Way : | |
| Bainbridge, Georgia 39817 : | |
| **&** : | |
| **TAURUS INTERNATIONAL** : | |
| **MANUFACTURING, INC** : | |
| 100 Taurus Way : | |
| Bainbridge, Georgia 39817 : | |
| **&** : | |
| **TAURUS ARMAS S.A.** : | |
| **f/k/a FORJAS TAURUS S.A.** : | |
| 100 Taurus Way : | |
| Bainbridge, Georgia 39817 : | |
| And : | |
| Av. São Borja, 2181 : | |
| São Leopoldo, 93035-411, Brazil : | |
| **&** : | |
| **FIRING LINE, INC.** : | |
| 1532 S. Front Street : | |
| Philadelphia, PA 19147 : | |
| **&** : | |

1

Case ID: 251002020
Control No.: 25112931

**THE ARSENAL GUN SHOP LLC**                                    :
1924 Cooper Street                                              :
Deptford, NJ 08096                                             :
        **&**            :
**JOHN DOE PERSONS AND ENTITIES**                              :        CIVIL ACTION
       Defendants            :
                                                               :

## COMPLAINT – CIVIL ACTION
## NOTICE TO DEFEND

NOTICE

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action  within twenty (20) days after this complaint and notice are  served, by entering a written appearance personally or by attorney  and filing in writing with the court your defenses or objection to  the claims set forth against you.  You are warned that if you fail  to do so the case may proceed without you and a judgment may  be entered against you by the court without further notice for any  money claimed in the complaint or for any other claim or relief  requested by the plaintiff.  You may lose money or property or  other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT  AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH  BELOW  TO  FIND  OUT  WHERE  YOU  CAN  GET

LEGAL HELP.

Philadelphia Bar Association  Lawyer
Referral and Information Service
One Reading Center  Philadelphia,
Pennsylvania 19107
Telephone (215) 238-1701

AVISO

Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación.  Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su personá.  Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación.  Además, la corte puede decidir a favor del demandante y  requiere que usted cumpla con todas las provisiones de esta  demanda.  Usted puede perder dinero o sus propiedades o otros  derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE.  SI NO TIENE ABOGADO O SI NO

TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

Asociacion De Licenciados De
Filadelfia  Servicio De Referencia E
Informacion Legal  One Reading
Center
Filadelfia, Pennsylvania 19107
Telefono:  (215)238-1701

2

Case ID: 251002020
Control No.: 25112931

**LEONARD TINARI, LLP**
By:     Michael V. Tinari, Esquire
Attorney I.D. No. 51853                                    Attorneys for Plaintiff
171 W. Lancaster Avenue, 2nd Floor
Paoli, PA 19301
Telephone: (484) 328-8147
Email: mtinari@lt-lawyer.com

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY,
PENNSYLVANIA
CIVIL ACTION – LAW**

| | |
|---|---|
| **CLAUDE SIMPKINS** : | |
| 31 West Allegheny Ave, Apt 244 : | NO. |
| Philadelphia, PA 19132 : | |
| : | **JURY TRIAL DEMANDED** |
| Plaintiff : | |
| : | |
| vs. : | |
| : | |
| **TAURUS HOLDINGS, INC** : | |
| **d/b/a TAURUS USA** : | |
| 100 Taurus Way : | |
| Bainbridge, Georgia 39817 : | |
| **&** : | |
| **TAURUS INTERNATIONAL** : | |
| **MANUFACTURING, INC** : | |
| 100 Taurus Way : | |
| Bainbridge, Georgia 39817 : | |
| **&** : | |
| **TAURUS ARMAS S.A.** : | |
| **f/k/a FORJAS TAURUS S.A.** : | |
| 100 Taurus Way : | |
| Bainbridge, Georgia 39817 : | |
| And : | |
| Av. São Borja, 2181 : | |
| São Leopoldo, 93035-411, Brazil : | |
| **&** : | |
| **FIRING LINE, INC.** : | |
| 1532 S. Front Street : | |
| Philadelphia, PA 19147 : | |
| **&** : | |
| **THE ARSENAL GUN SHOP LLC** : | |
| 1924 Cooper Street : | |
| Deptford, NJ 08096 : | |
| **&** : | |

Case ID: 251002020
Control No.: 25112931

**JOHN DOE PERSONS AND ENTITIES**     :     CIVIL ACTION
         Defendants         :
_____  :

## COMPLAINT

Plaintiff, Claude Simpkins, by and through his attorney, Michal V. Tinari, Esquire, of Leonard Tinari LLP, respectfully represents and avers as follows:

### PARTIES

1.    Plaintiff, Claude Simpkins, is an adult individual who at the time of the injury averred herein resided at 1832 Callowhill Street, Apartment C, City of Philadelphia, and Commonwealth of Pennsylvania, and at the time of the filing of this civil action resides at 31 West Allegheny Ave, Apt 244, City of Philadelphia, and Commonwealth of Pennsylvania.

2.    Defendant, Taurus Holdings, Inc., d/b/a Taurus USA (individually referred to herein as "Taurus Holdings") is a Georgia corporation with its principal place of business located at 100 Taurus Way, Bainbridge, Georgia 39817. Defendant Taurus Holdings is, individually or jointly with one or more of the other Taurus Defendants, in the business of designing, manufacturing, assembling, distributing, importing, selling, marketing for sale, and advertising firearms.

3.    Defendant, Taurus International Manufacturing, Inc., (individually referred to herein as "Taurus International") is a Georgia corporation with its principal place of business located at 100 Taurus Way, Bainbridge, Georgia 39817. Defendant Taurus International is, individually or jointly with one or more of the other Taurus Defendants, in the business of designing, manufacturing, assembling, distributing, importing, selling, marketing for sale, and advertising firearms.

4.    Defendant, Taurus Armas S.A. f/k/a Forjas Taurus S.A. (individually referred to herein as "Taurus Armas") is a Brazilian company with its principal place of business located at Av. São Borja, 2181. São Leopoldo, 93035-411 Brazil and, upon information and belief, with

1

Case ID: 251002020
Control No.: 25112931

corporate offices at 100 Taurus Way, Bainbridge Georgia 39817. Defendant Taurus Armas is, individually or jointly with one or more of the other Taurus Defendants, in the business of designing, manufacturing, distributing, importing, exporting, selling, and marketing and otherwise advertising firearms.

5.    Defendants Taurus Holdings, Taurus International, and Taurus Armas will be herein referred to collectively as the "Taurus Defendants."

6.    Defendant, Firing Line, Inc., ("Firing Line") is a Pennsylvania corporation and licensed gun broker and dealer by the Bureau of Alcohol, Tobacco, Firearms and Explosives (referred to herein as the "ATF") with a Federal Firearms license. Its principal place of business is located at 1532 S. Front Street, Philadelphia, PA 19147.

7.    Defendant, The Arsenal Gun Shop LLC, ("Arsenal") is a New Jersey limited liability company and licensed gun broker and dealer by the ATF with a Federal Firearms License. Its principal place of business is located at 1924 Cooper Street, Deptford, NJ 08096.

8.    The Taurus Defendants, Firing Line, Arsenal and Defendants John Doe Persons and Entities (which John Doe Defendants are presently unknown to Plaintiff after a reasonable search with due diligence and as may hereafter be identified) are collectively referred to herein as the "Defendants".

9.    Defendants John Doe Persons and Entities are fictitious individuals or entities who, along with known Defendants identified by name herein, are jointly and severally responsible and liable for the actions and omissions of the Defendants as described and averred more fully throughout Plaintiff's Complaint. The John Doe Persons and Entities will be herein referred to collectively as the "John Doe Defendants."

2

Case ID: 251002020
Control No.: 25112931

**JURISDICTION AND VENUE**

10.     This Court has personal jurisdiction over the Taurus Defendants pursuant to the Pennsylvania Long-Arm Statute (42 Pa.C.S. §5322). Specifically, the Taurus Defendants, directly and by through their employees and agents, have engaged in systemic and ongoing business transactions in the Commonwealth of Pennsylvania, and have had continuous and substantial business connections in the Commonwealth of Pennsylvania at all times relevant to Plaintiff's averments and claims in this Complaint. The Taurus Defendants have chosen to manufacture, assemble, distribute, sell, import, export, market for sale, and advertise multiple types and brands of firearms, including the revolver that is the subject of this Complaint, throughout the United States, including the Commonwealth of Pennsylvania

11.     This Court has specific personal jurisdiction over the Taurus Defendants, because they have, directly and by and through their employees and agents:

(a)     operated, conducted, engaged in, or carried out a business venture in the United States, more specifically the State of Georgia ,designing. manufacturing, and assembling firearms under the "Taurus" and/or "Taurus USA" (and other) brand names, with the Taurus and Taurus USA brands of firearms being collectively referred to herein as "Taurus"), importing Taurus firearms under the "Taurus" brand name from Brazil into the State of Georgia, distributing Taurus firearms throughout the United States, including within the Commonwealth of Pennsylvania, under the "Taurus" brand name, and receiving revenues from such importation and distribution of the firearms under the "Taurus" brand name, such that specific personal jurisdiction arises under 42 Pa.C.S. §5322(a)(1)(i)(ii)(iii) & (iv);

3

Case ID: 251002020
Control No.: 25112931

(b)    committed various tortious acts and caused harm within the Commonwealth of Pennsylvania, including but not limited to the Plaintiff, by designing, manufacturing, advertising and otherwise marketing for sale, distributing, and selling a defective Model 605 .357 caliber revolver, Serial Number AGA9801 (hereinafter "Taurus Model 605" or 'Revolver") such that specific jurisdiction arises under 42 Pa.C.S. §5322(a)(3) and (4);

(c)    caused injury to Plaintiff, a resident of the Commonwealth of Pennsylvania arising out of an act or omission by it outside of the Commonwealth of Pennsylvania while products, materials, or things processed, serviced, manufactured, or assembled by them in Brazil and elsewhere were used or consumed within the Commonwealth of Pennsylvania in the ordinary course of commerce, trade, or use that has caused injuries to Plaintiff arising out of the design, manufacture, assembling, distribution, and marketing of the Taurus Model 605 revolver outside of the Commonwealth of Pennsylvania while the revolver processed, serviced, manufactured, or assemble by Taurus Armas or other Taurus Defendant were used or consumed in the Commonwealth of Pennsylvania in the ordinary course of commerce, trade or use, such that specific personal jurisdiction arises under 42 Pa.C.S. §5322.

12.    This Court has general personal jurisdiction over the Taurus Defendants because, as averred more fully herein, they have engaged in substantial and not isolated activity within the United States and the Commonwealth of Pennsylvania, including but not limited to the continuous, ongoing, extensive importation of thousands of firearms into the United States and the Commonwealth of Pennsylvania from Brazil under the "Taurus" brand name(s) and distributing the revolvers and other firearms throughout the United States under the "Taurus" brand name(s), such that general personal jurisdiction arises under 42 Pa.C.S. §5322(a)(1)-(iv) and (2).

4

Case ID: 251002020
Control No.: 25112931

13.    This Court has personal jurisdiction over Defendant  Arsenal because it has committed various tortious acts which have caused harm within the Commonwealth of Pennsylvania, including but not limited injury and damages to Plaintiff, by the advertising, selling and distribution of the defective Taurus Model 605 revolver, such that specific jurisdiction arises under 42 Pa.C.S. §5322(a)(4);

14.    Jurisdiction is proper against Defendant Firing Line because Firing Line is a business entity with its principal place of business in Philadelphia, Pennsylvania.

15.    Venue is proper in Philadelphia County because, pursuant to Pa.R.C.P. 1006(a)(3), a transaction or occurrence took place out of which the cause of action arose in Philadelphia County.

## FACTS

16.    Plaintiff incorporates the foregoing averments as if same were stated below again at length.

17.    Defendants Taurus Holdings and Taurus International are subsidiaries of Defendant Taurus Armas.

18.    Defendant Taurus Armas is the global parent company of Taurus Holdings, Taurus International and Taurus USA and one of the largest small firearms manufacturers in the world. It produces, distributes and sells  firearms  and other industrial products throughout the world, including the Commonwealth of Pennsylvania and manufactures distributes and sells revolvers under the brand name "Taurus" and distributes revolvers and other firearms throughout the United States and the Commonwealth of Pennsylvania under the "Taurus" brand name through co-Defendants, Taurus International and Taurus Holdings.

5

Case ID: 251002020
Control No.: 25112931

19.    Defendant Taurus Holdings is a holding company formed and owned by Taurus Armas and  the parent company of co-Defendant Taurus International, and they are both in the business of designing, manufacturing, selling, distributing, and marketing for sale firearms, including the Taurus Model 605 revolver, throughout the United States and the Commonwealth of Pennsylvania. In addition, the Taurus Defendants designed, manufactured, assembled, marketed, imported, and distributed revolvers and other firearms, including the Taurus Model 605 revolver at issue in this action, in the Commonwealth of Pennsylvania and elsewhere.

20. Taurus USA is a division of Taurus Holdings and is the importer and distributor of Taurus firearms in the United States, including the Commonwealth of Pennsylvania. It ensures compliance with United States regulations and manages marketing and sales.

21.    In addition, the Taurus Defendants manufacture, assemble, market, import, sell, and distribute revolvers and other firearms, including the subject Taurus Model 605 revolver, in the Commonwealth of Pennsylvania and elsewhere within the United States.

22.    Forty manufacturers dominated the firearms market in the United States in 2023, controlling over 92% of the total domestic output. Of those manufacturers, Taurus Defendants were the tenth largest manufacturer of firearms in terms of sales in 2022 as reported by the ATF.

23.    The subject defective Taurus Model 605 revolver was designed, manufactured, assembled, marketed for sale, distributed, and sold under the Taurus brand. Photos of the subject Taurus Model 605 revolver and packaging are attached as Exhibit A.

24.    The Taurus Model 605 revolver is a compact double action revolver designed for individuals to carry concealed.

6

Case ID: 251002020
Control No.: 25112931

25.    Upon information and belief, the Taurus Model 605 revolver is manufactured or assembled (or both) by Taurus Armas and Taurus Holdings and/or Taurus International Manufacturing at the Taurus Defendants' facility located in Georgia.

26.    Upon information and belief, the Taurus Model 605 revolver was manufactured by Taurus Armas in Brazil and Taurus Holdings and/or Taurus International in Georgia but was eventually remanufactured by Taurus International and/or Taurus Holdings in Georgia.

27.    The Taurus Defendants' corporate structures and operations are so intertwined from an organizational standpoint and contractually for each other's responsibilities and liabilities that they are essentially acting under and within one business enterprise with regard to the averments in this Complaint.

28.    This structure allows Taurus Armas to maintain a strong presence in the United States market while leveraging local manufacturing, distribution and service capabilities through its subsidiaries subject to its corporate governance.

29.    The Taurus Defendants design, manufacture, and assemble nearly every part of the revolvers sold under the Taurus brands, including the cylinders, frames, barrels, forcing cones and mechanisms by which the cylinder is attached to the frame.

30.    The Taurus Defendants have designed, manufactured, and distributed various revolvers, including the Taurus Model 605 revolver that is the subject of this action, with defects. These defects include but are not limited to a defect in which the cylinder, forcing cone and barrel are dangerously and defectively misaligned, which causes the bullet to scrape against the barrel upon firing, shaving off pieces of the bullet and creating a blowback of dangerous shrapnel which can seriously injure, maim, or kill an individual operating the firearm or bystanders.

7

Case ID: 251002020
Control No.: 25112931

31.     The Taurus Defendants have knowingly manufactured, marketed and sold thousands of defective misaligned revolvers to consumers throughout the United States, including to the Plaintiff.

32.     Despite knowing about the alignment defect in Taurus 605 model revolvers for years, the Taurus Defendants consciously and intentionally have failed to warn consumers or voluntarily recall them, including the Plaintiff who was seriously injured by shrapnel ejected from a defective Taurus 605 revolver.

33.     The Taurus Defendants have been alerted to this defect by other consumers in the past, offering replacements for misaligned revolvers under the company's warranty when the defect occurs in lieu of actually correcting the design and manufacture processes to eliminate the known defect.

34.     The Taurus Defendants ignored the indisputable evidence of the same defect in the Taurus 605 revolver firearm that has injured Plaintiff and which had been known to occur dating back to at least 2012. Several videos available on the Internet demonstrate this defect, up to and including injuring the videographer. Screenshots of the videos and community forums demonstrating the revolver's defect are attached hereto as Exhibit "B."

35.     Instead of recalling the Taurus Model 605 revolver from the market or stopping sales of this make of revolver until the defect can be eliminated, the Taurus Defendants have continued to sell the revolver to uninformed end users and as such chose sales and profits over safety

36.     Additionally, Taurus International and Taurus Holdings continue to receive Taurus Model 605 revolvers that are manufactured by Taurus Armas in Brazil and imported to the United States for distribution despite notice of such defect as has injured Plaintiff.

Case ID: 251002020
Control No.: 25112931

37.     The Taurus Defendants regularly engage in the business of distributing Taurus Model 605 make revolvers and other firearms to federally licensed sellers of firearms across the United States including such licensed dealers located in the Commonwealth of Pennsylvania and the State of New Jersey.

38.     Defendant Firing Line regularly engages in the business of offering for sale and selling Taurus Model 605 revolvers and other firearms to end-users in the Commonwealth of Pennsylvania. Defendant Firing Line additionally represents its staff as particularly knowledgeable about the firearms sold to customers. See Firing Line website representations attached as Exhibit "C."

39.     Defendant Arsenal regularly engages in the business of advertising, offering for sale, selling, distributing, and marketing Taurus Model 605 revolvers and other firearms to end-users via its extensive website and other adverting material throughout the United States, including within the Commonwealth of Pennsylvania. As such, Arsenal uses and regularly conducts business with Firing Line in the distribution, sale and registration and ownership of firearms, including the sale of revolvers to end-users in the Commonwealth of Pennsylvania. Defendant Arsenal additionally represents itself as a provider of the "highest quality" firearms. See Arsenal website representations attached as Exhibit "D."

40.     On or about August 10, 2024, Plaintiff Claude Simpkins purchased a new, never-used Taurus Model 605 Revolver from Defendants Arsenal and Firing Line.

41.     Plaintiff's status as a Pennsylvania resident necessitated the transfer of title to the Taurus 605 revolver at issue in this action and which injured Plaintiff from Arsenal to Firing Line before ownership passed to Plaintiff.

9

Case ID: 251002020
Control No.: 25112931

42.    Firing Line sold, distributed and transferred ownership of the Taurus 605 revolver to Plaintiff, Claude Simpkins. Copies of the Transfer paperwork referencing the sale to Plaintiff is attached as Exhibit "E".

43.    On or about January 30, 2025, at approximately 2:30pm, Plaintiff Claude Simpkins took his Taurus Model 605 Revolver to Range 609, a firing range in Middle Township, New Jersey to use the revolver for the first time since he purchased the gun.

44.    Plaitiff then proceeded to fire the .357 Magnum rounds from the revolver. After firing the second round from the Taurus 605 revolver, the Plaintiff felt a hot stabbing feeling pain on the left side of his face. He placed the revolver down and touched the left side of his face – discovering that his face was bleeding profusely. In essence, firing the Taurus 605 revolver resulted in him being shot in the face by the gun.

45.    Plaintiff immediately retrieved gauze from a nearby first aid kit to stop the bleeding and unloaded the remaining bullets from his revolver.

46.    The owner of the gun range spoke with Plaintiff and strongly advised him to immediately go to the emergency room of a hospital.

47.    Until the point where the Plaintiff sought to use the revolver at the firing range on January 30, the Taurus 605 revolver had not been used or altered in any way.

48.    The Plaintiff, being a retired law enforcement officer, military veteran and experienced firearm user, had at no point prior to shooting the gun at said gun range taken any action which might have manipulated or altered the alignment of the revolver's cylinder.

49.    Plaintiff left the gun range and went immediately to Cooper Cape Regional Emergency Room ("Cooper") to obtain treatment.

10

Case ID: 251002020
Control No.: 25112931

50.     A CT scan performed by physicians at Cooper revealed that a "metallic foreign body measuring 4.5x4mm" had entered the left side of his face.

51.     After obtaining the results from the CT scan at Cooper, the Plaintiff made an appointment at Thomas Jefferson University Health seeking further diagnosis and treatment and was seen there by Dr. Khashayar Arianpour on February 5, 2025.

52.     Upon observing the Plaintiff's injuries and the results of the CT scan, Dr. Arianpour diagnosed the injuries to Plaintiff as being "consistent with a patient who presents with left malar foreign body secondary to back firing of shrapnel from the 357 magnum on January 30, 2025." A true and correct copy of the 2/5/2025 medical report from Dr. Arianpour is attached hereto as Exhibit "F."

53.     The CT scan revealed that the shrapnel was lodged so deeply in the Plaintiff's face that removal required urgent surgical intervention.

54.     The surgeon who performed the operation, Dr. Howard Krein, at Thomas Jefferson University Health, informed Plaintiff that because the shrapnel was embedded so deeply in his face and struck vital nerves, he would need to undergo anesthesia for the surgery.

55.     Since the surgery, Plaintiff has been routinely following up with Dr. Krein to help with his recovery and deal with his ongoing medical issues directly resulting from the injuries he suffered when he fired the Taurus 605 revolver at the gun range.

56.     In addition to intense ongoing pain, permanent nerve damage, and permanent scarring, and despite the fact that he is an experienced gun owner, Plaintiff now experiences moments of severe anxiety around guns, specifically regarding the possibility of blowback from shrapnel that he had never experienced before.

11

Case ID: 251002020
Control No.: 25112931

## COUNT I – NEGLIGENCE
## CLAUDE SIMPKINS v. ALL TAURUS DEFENDANTS

56.     Plaintiff, Claude Simpkins, hereby incorporates the averments in the foregoing paragraphs by reference as though same were set forth fully at length herein.

57.     At all times relevant to this action, the Taurus Defendants had the duty to exercise that degree of care that a reasonably prudent firearm manufacturer and/or distributor should use in the design, testing, selection, manufacture, assembly, marketing, supply, distribution and sales of its firearms, including the Taurus Model 605 revolver purchased by the Plaintiff.

58.     The negligent, careless, and reckless conduct of the Defendants caused Plaintiff's injuries and the Taurus Defendants or their agents, servants, workmen, employees, or contractors acted with a total disregard for the risk of harm to the plaintiff, which conduct consisted of, but was not limited to, one of the following.

> (a)     the common design of the cylinder of the Taurus Model 605 revolver is defective;
>
> (b)     the common design of the barrel of the Taurus Model 605 revolver to which the cylinder is aligned is defective;
>
> (c)     the common design of the frame of the Taurus Model 605 revolver to which the cylinder is attached is defective;
>
> (d)     failing to warn the Plaintiff of the dangers involved with using the Taurus Model 605 revolver that contained the cylinder alignment defect;
>
> (e)     failing to properly inspect, manage, and make the revolver safe;
>
> (f)     failing to place any warnings on the revolver informing the user that a serious injury could occur if the revolver's cylinder is not properly aligned with the barrel upon firing, and that such misalignments are endemic to the Taurus Model 605 revolver;
>
> (g)     failing to design a revolver without the cylinder alignment defect.

12

Case ID: 251002020
Control No.: 25112931

(h)     designing, manufacturing, distributing, and selling a Taurus Model 605 revolver with a design defect that causes shrapnel to blow back upon the user when fired;

(i)     failing to properly test the Taurus Model 605 revolver;

(j)     failing to advise users, including the Plaintiff, of the dangerous and defective design of the Taurus Model 605 revolver, as set forth above, after being specifically notified of the same through warranty claims submitted to them and public videos discussing and testing the defect;

(k)     Taurus Defendants were negligent under the doctrine of *res ipsa loquitur* as the Plaintiff would not have suffered injuries, as set forth above, if not for the Taurus Model 605 revolver shaving metal shrapnel off of the bullet when fired.

59.     As a direct result of the conduct of the Taurus Defendants, the Plaintiff sustained serious and permanent injuries, including but not limited to, a traumatic piece of shrapnel from a .357 ammunition round shot into his face with resulting nerve injury, severe shock to his nervous system, scarring, and all of which have caused permanent nerve damage, pain, suffering, mental anguish, distress, inconvenience, loss of feeling of well-being, hypoesthesia, loss of ability to enjoy life and normal activities, embarrassment, humiliation, nervousness and loss of self-confidence, all of said injuries are permanent and will continue into the future for an indefinite period.

60.     As a result of the injuries sustained by Plaintiff herein, he has undergone in the past and will continue to undergo in the future pain and suffering.

61.     As a result of the injuries sustained by the Plaintiff herein, he has or may suffer a permanent diminution in the ability to enjoy life and life's pleasures.

62.     As a result of the injuries sustained by the Plaintiff herein, he has or may suffer permanent disability, loss of income or permanent impairment of earning power and capacity.

63.     As a result of the injuries sustained by the Plaintiff herein, he has incurred medical expenses and may incur medical expenses in the future.

Case ID: 251002020
Control No.: 25112931

64.    As the Taurus Defendants' actions were intentional, willful, malicious, wanton and/or egregious, as set forth above, the Plaintiff is entitled to an award of punitive damages.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendants, Taurus International Manufacturing, Inc., Taurus Holdings, Inc., and Taurus Armas S.A., in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

## COUNT II – 402A STRICT LIABILITY
## CLAUDE SIMPKINS v. ALL TAURUS DEFENDANTS

65.    Plaintiff, Claude Simpkins, hereby incorporates the averments in the foregoing paragraphs by reference as though same were set forth fully at length herein.

66.    The Taurus Defendants did design, manufacture, distribute, and sell the aforementioned Taurus Model 605 revolver, knowing of its ultimate use by persons such as Plaintiff Claude Simpkins, which was defective and/or poorly designed and/or lacked the proper warnings or instructions, and was in such a condition as to be unreasonably dangerous to the ultimate user and others, at the time of its sale.

67.    The Taurus Defendants designed the Taurus Model 605 revolver with a barrel, forcing cone and /or cylinder alignment defect, rendering it inherently dangerous and creating a substantial, clear, extreme, and unreasonable risk of serious injury or death to the purchasers and gun users, including the Plaintiff. The Taurus Defendants manufactured, assembled, marketed, distributed, and sold the Taurus Model 605 revolver with the defect. The revolver was in the same defective condition due to the misaligned cylinder from the time it left the Taurus Defendants' control until it reached the Plaintiff.

14

Case ID: 251002020
Control No.: 25112931

68.     The Taurus Model 605 revolver was sold in a substantially and unreasonably dangerous condition to an extent beyond that which would be contemplated by the ordinary consumer, including the Plaintiff.

69.     As a direct and proximate result of the facts alleged above, the Plaintiff was exposed to a clear, substantial, and unreasonable risk of serious injury from the cylinder alignment defect, and was seriously injured due to the same, as set forth above.

70.     The Taurus Defendants are strictly liable in tort for the injuries and damages to the Plaintiff that resulted from the unintentional and unwanted discharge of the Taurus Model 605 revolver, as set forth above.

72.     Plaintiff maintains that the Taurus Defendants, being the manufacturers, designers, and/or distributors, are strictly liable to the Plaintiff pursuant to the provisions of Section 402A of the Restatement (second) of Torts said defects being, as set forth above, and including but not limited to the following:

> (a)     the common design of the revolver's cylinder and forcing cone are defective;
>
> (b)     the common design of the barrel of the Taurus Model 605 revolver to which the cylinder is aligned is defective;
>
> (c)     the common design of the frame of the Taurus Model 605 revolver to which the cylinder is attached is defective;
>
> (d)     in the course of regular use, the cylinder which houses the ammunition must align with the barrel of the firearm such that the bullet will be unobstructed when fired, yet the design allowed the cylinder to function while misaligned, allowing for the bullet to strike the firearm itself;
>
> (e)     failing to provide proper and adequate signs or other warning devices to persons, like the Plaintiff, using the revolver;
>
> (f)     failing to properly inspect, manage, and make the revolver safe;

15

Case ID: 251002020
Control No.: 25112931

(g)     failing to ensure proper alignment and safe passage of the bullet during the manufacturing process;

(h)     failing to place any warnings on the revolver informing the user that a serious injury could occur if the revolver is fired, due to the alignment defect;

(i)     failing to design a revolver without the alignment defect;

(j)     failing to ensure proper timing upon firing;

(k)     allowing cylinder locking; and

(l)     improper and unsafe milling of the revolver.

72.     As a direct result of the conduct of the Taurus Defendants, the Plaintiff sustained serious and permanent injuries, including but not limited to a traumatic piece of shrapnel from a .357 ammunition round shot into his face with resulting nerve injury, severe shock to his nervous system, scarring, and all of which have caused permanent nerve damage, pain, suffering, mental anguish, distress, inconvenience, loss of feeling of well-being, hypoesthesia, loss of ability to enjoy life and normal activities, embarrassment, humiliation, nervousness and loss of self-confidence, all of said injuries are permanent and will continue into the future for an indefinite period.

73.     As a result of the injuries sustained by Plaintiff herein, he has undergone in the past and will continue to undergo in the future pain and suffering.

74.     As a result of the injuries sustained by the Plaintiff herein, he has or may suffer a permanent diminution in the ability to enjoy life and life's pleasures.

75.     As a result of the injuries sustained by the Plaintiff herein, he has or may suffer permanent disability, loss of income or permanent impairment of earning power and capacity.

76.     As a result of the injuries sustained by the Plaintiff herein, he has incurred medical expenses and may incur medical expenses in the future.

16

Case ID: 251002020
Control No.: 25112931

77.   As the Taurus Defendants' actions were intentional, willful, malicious, wanton and/or egregious, as set forth above, the Plaintiff is entitled to an award of punitive damages.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendants, Taurus International Manufacturing, Inc., Taurus Holdings, Inc., and Taurus Armas S.A., in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

<u>COUNT III – 402B STRICT LIABILITY</u>
<u>CLAUDE SIMPKINS v. ALL TAURUS DEFENDANTS</u>

78.   Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

79.   At all times material to this Complaint, the Taurus Defendants were engaged in the business of selling firearms, including the sale of the Taurus Model 605 revolvers to users or consumers.

80.   The Taurus Defendants sold the Taurus Model 605 revolver that was defective and unreasonably dangerous to the public, including the Plaintiff, but advertising, labeling, or otherwise making misrepresentations of materials facts concerning the character or quality of the Taurus Model 605 revolver, and the Plaintiff justifiably relied upon the misrepresentations to purchase the revolver. Defendants, in particular, misrepresented the safety and quality of the revolver through advertising, specifically on its website. See Taurus website representations attached as Exhibit "G."

81.   Specifically, the Taurus Defendants sold the aforementioned Taurus Model 605 revolver, knowing of its ultimate use by persons such as the Plaintiff, which was defective and/or poorly designed and/or lacked the proper warnings or instructions, and was in such a condition as

17

Case ID: 251002020
Control No.: 25112931

to be unreasonably dangerous to the ultimate user and others, including the Plaintiff, as outlined above, at the time of sale.

82.    Plaintiff's injuries, as outlined above, were caused by the defects which were present in the Taurus Model 605 revolver, and the Taurus Defendants are liable pursuant to section 402B of the Restatement (second) of Torts.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendants, Taurus International Manufacturing, Inc., Taurus Holdings, Inc., and Taurus Armas S.A., in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

## COUNT IV – BREACH OF WARRANTY
## CLAUDE SIMPKINS v. ALL TAURUS DEFENDANTS

83.    Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

84.    For the reasons set forth at length in this Complaint, which are incorporated herein, the subject Model 605 revolver was defective, unsafe, not fit for the ordinary purpose for which it was used, and was not of merchantable quality at the time it was sold.

85.    At a time prior to the January 30 injury, the Taurus Defendants expressly or in some other manner represented warranties that the subject Model 605 revolver was proper, fit, and safe for its intended uses and of merchantable quality.

86.    By designing, manufacturing, distributing, selling, servicing, and maintaining the subject Model 605 revolver and its component parts, the Taurus Defendants expressly and impliedly warranted that the subject Model 605 revolver was of merchantable quality, effective, proper, fit, and safe for ordinary and particular purposes for which it was old and free from all defects.

18

Case ID: 251002020
Control No.: 25112931

87.    The representations and warranties set forth in the preceding paragraphs formed part of the bargain for selling the subject Model 605 Revolver and were relied upon by the purchase.

88.    In truth and fact, the above representations of the Taurus Defendants were false.

89.    The subject Model 605 revolver was not effective, proper fit, or safe for its intended uses.

90.    The Taurus Defendants breached express and/or implied warranties regarding the subject Model 605 Revolver.

91.    As a direct and proximate result of the Taurus Defendant's breach of the aforementioned express and/or implied warranties, Plaintiff sustained injuries and damages set forth above.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendants, Taurus International Manufacturing, Inc., Taurus Holdings, Inc., and Taurus Armas S.A., in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

## COUNT V – 402A STRICT LIABILITY
## CLAUDE SIMPKINS v. FIRING LINE, INC.

92.    Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

93.    At all times material hereto, Defendant Firing Line, Inc. was engaged in the distribution and sale of the Taurus Model 605 revolver to users or consumers.

94.    Defendant Firing Line distributed and sold the subject Taurus Model 605 revolver that was defective and unreasonably dangerous to the Plaintiff, as a user or consumer, without substantial change in the condition in which it was sold.

19

Case ID: 251002020
Control No.: 25112931

95.     Defendant Firing Line distributed and sold the subject Taurus Model 605 revolver, knowing of its ultimate use by persons such as the Plaintiff, which was defective and/or poorly designed and/or lacked the proper warnings or instructions, and was in such condition as to be unreasonably dangerous to the ultimate user and others, including the Plaintiff, as outlined above, at the time of its sale.

96.     Plaintiff's injuries, as outlined above, were caused by the defects which were present in the Taurus Model 605 revolver, pursuant to section 402A of the Restatement (second) of Torts.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendant Firing Line, Inc., in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

## COUNT VI – 402B STRICT LIABILITY
## CLAUDE SIMPKINS v. FIRING LINE, INC.

97.     Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

98.     At all times material, Defendant Firing Line was engaged in the business of selling firearms, including the sale of the Taurus Model 605 revolvers to users or consumers.

99.     Defendant Firing Line distributed and sold the Taurus Model 605 revolver that was defective and unreasonably dangerous to the public, including the Plaintiff, by advertising, labeling, or otherwise made misrepresentations of material facts concerning the character or quality of the Taurus Model 605 revolver, and the Plaintiff justifiably relied upon the misrepresentations to purchase the revolver.

100.     Specifically, the Defendant Firing Line distributed and sold the aforementioned Taurus Model 605 revolver, knowing of its ultimate use by persons such as the Plaintiff herein,

20

Case ID: 251002020
Control No.: 25112931

which was defective and/or poorly designed and/or lacked the proper warnings or instructions, and was in such condition as to be unreasonably dangerous to the ultimate user and others, including the Plaintiff, as outlined above, at the time of its sale.

101.    Plaintiff's injuries, as outlined above, were caused by the defects which were present in the Taurus Model 605 revolver, and the Defendant Firing Line is liable pursuant to section 402B of the Restatement (Second) of Torts.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendant, Firing Line, Inc., in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

**COUNT VII – NEGLIGENCE**
**CLAUDE SIMPKINS v. FIRING LINE, INC.**

102.    Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

103.    At all relevant times, Defendant owed a duty to distribute the product with the exercise of reasonable care, with the necessary information provided with the product.

104.    The negligent, careless, and reckless conduct of the Defendant caused Plaintiff's injuries and Firing Line or its agents, servants, workmen, employees, or contractors acted with a total disregard for the risk of harm to the plaintiff, which conduct consisted of, but was not limited to, one of the following:

> (a)    failing to warn the Plaintiff of the dangers involved with using the Taurus Model 605 revolver that contained the cylinder alignment defect;
>
> (b)    failing to properly inspect, manage, and make the revolver safe;
>
> (c)    failing to use due care in distributing and selling the Taurus Model 605 revolver;

21

Case ID: 251002020
Control No.: 25112931

(d)   failing to make reasonable tests and/or inspections to discover the defective, hazardous and unreasonably dangerous conditions relating to the revolver's propensity for misalignment as described above.

(e)   negligently failing to place any warnings on the revolver informing the user that a serious injury could occur if the revolver's cylinder is not properly aligned with the barrel upon firing, and that such misalignments are endemic to the Taurus Model 605 revolver;

(f)   negligently failing to unambiguously warn purchasers and end users of the gun, including Plaintiff, of said defective, hazardous and unreasonably dangerous conditions relating to its design and manufacture, about which it knew or should have known through the exercise of ordinary care;

(g)   failing to discover the defective, hazardous and unreasonably dangerous conditions relating to the Taurus Model 605 revolver's propensity for misalignment between the cylinder and the barrel;

(h)   misrepresenting the dangers and hazards posed by the Taurus Model 605 revolver;

(i)   distributing and selling a Taurus Model 605 revolver with a design defect that causes shrapnel to blow back upon the user when fired;

(j)   failing to properly test the Taurus Model 605 revolver;

(k)   defendant Firing Line was negligent under the doctrine of *res ipsa loquitur* as the Plaintiff would not have suffered injuries, as set forth above, if not for the Model 605 revolver shaving metal shrapnel off of the bullet when fired; and

(l)   other negligent acts and omissions to be developed in the course of discovery.

105.   Defendant knew, or should have known, that exposing users to the dangerous and defective and hazardous conditions existing in the gun would or could give rise to serious bodily injuries to such users, up to and including death.

106.   Defendant's negligence, as alleged in this Count, directly and proximately caused shrapnel from the Taurus Model 605 revolver to strike and seriously injure Plaintiff Claude Simpkins.

22

Case ID: 251002020
Control No.: 25112931

107.    As a direct result of the conduct of Defendant Firing Line  the Plaintiff sustained serious and permanent injuries, including but not limited to, a traumatic piece of shrapnel from a .357 ammunition round shot into his face with resulting nerve injury, severe shock to his nervous system, scarring, and all of which have caused permanent nerve damage, pain, suffering, mental anguish, distress, inconvenience, loss of feeling of well-being, hypoesthesia, loss of ability to enjoy life and normal activities, embarrassment, humiliation, nervousness and loss of self-confidence, all of said injuries are permanent and will continue into the future for an indefinite period.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendant, Firing Line, Inc., in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

### COUNT VIII – BREACH OF WARRANTY
### CLAUDE SIMPKINS v. FIRING LINE, INC.

108.    Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

109.    For the reasons set forth at length in this Complaint, which are incorporated herein, the subject Model 605 revolver was defective, unsafe, not fit for the ordinary purpose for which it was used, and was not of merchantable quality at the time it was sold.

110.    At a time prior to the January 30 injury, Defendant Firing Line, Inc. expressly or in some other manner represented warranties that the subject Model 605 revolver was proper, fit, and safe for its intended uses and of merchantable quality.

111.    By distributing, selling, servicing, and maintaining the subject Model 605 revolver and its component parts, Firing Line, Inc. expressly and impliedly warranted that the subject Model 605 revolver was of merchantable quality, effective, proper, fit, and safe for ordinary and particular purposes for which it was old and free from all defects.

23

Case ID: 251002020
Control No.: 25112931

112.    The representations and warranties set forth in the preceding paragraphs formed part of the bargain for selling the subject Model 605 Revolver and were relied upon by the purchase.

113.    In truth and fact, the above representations of Firing Line, Inc. were false.

114.    The subject Model 605 revolver was not effective, proper fit, or safe for its intended uses.

115.    Firing Line, Inc. breached express and/or implied warranties regarding the subject Model 605 Revolver.

116.    As a direct and proximate result of Defendant's breach of the aforementioned express and/or implied warranties, Plaintiff sustained injuries and damages set forth above.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendant, Firing Line, Inc., in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

## COUNT IX – 402A STRICT LIABILITY
## CLAUDE SIMPKINS v. THE ARSENAL GUN SHOP LLC

117.    Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

118.    At all times material, Defendant The Arsenal Gun Shop LLC. was engaged in the sale of the Taurus Model 605 revolver to users or consumers.

119.    Defendant Arsenal distributed and sold the subject Taurus Model 605 revolver that was defective and unreasonably dangerous to the Plaintiff, as a user or consumer, without substantial change in the condition in which it was sold.

120.    Defendant Arsenal distributed and  sold the subject Taurus Model 605 revolver, knowing of its ultimate use by persons such as the Plaintiff, which was defective and/or poorly

24

designed and/or lacked the proper warnings or instructions, and was in such condition as to be unreasonably dangerous to the ultimate user and others, including the Plaintiff, as outlined above, at the time of its sale.

121.    Plaintiff's injuries, as outlined above, were caused by the defects which were present in the Taurus Model 605 revolver, pursuant to section 402A of the Restatement (second) of Torts.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendant The Arsenal Gun Shop LLC, in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

## COUNT X– 402B STRICT LIABILITY
## CLAUDE SIMPKINS v. THE ARSENAL GUN SHOP LLC

122.    Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

123.    At all times material, Defendant Arsenal was engaged in the business of selling firearms, including the sale of the Taurus Model 605 revolvers to users or consumers.

124.    Defendant Arsenal distributed and sold the subject Taurus Model 605 revolver that was defective and unreasonably dangerous to the public, including the Plaintiff, by advertising, labeling, or otherwise made misrepresentations of material facts concerning the character or quality of the Taurus Model 605 revolver, and the Plaintiff justifiably relied upon the misrepresentations to purchase the revolver.

125.    Specifically, the Defendant  Arsenal  sold the aforementioned Taurus Model 605 revolver, knowing of its ultimate use by persons such as the Plaintiff herein, which was defective and/or poorly designed and/or lacked the proper warnings or instructions, and was in such

25

Case ID: 251002020
Control No.: 25112931

condition as to be unreasonably dangerous to the ultimate user and others, including the Plaintiff, as outlined above, at the time of its sale.

126. Plaintiff's injuries, as outlined above, were caused by the defects which were present in the Taurus Model 605 revolver, and the Defendant Arsenal is liable pursuant to section 402B of the Restatement (Second) of Torts.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendant, The Arsenal Gun Shop LLC in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

**COUNT XI – NEGLIGENCE**
**CLAUDE SIMPKINS v. THE ARSENAL GUN SHOP LLC**

127. Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

128. At all relevant times, Defendant owed a duty to distribute the product with the exercise of reasonable care, with the necessary information provided with the product.

129. The negligent, careless, and reckless conduct of the Defendant caused Plaintiff's injuries and Arsenal or its agents, servants, workmen, employees, or contractors acted with a total disregard for the risk of harm to the plaintiff, which conduct consisted of, but was not limited to, one of the following:

> (a) failing to warn the Plaintiff of the dangers involved with using the Taurus Model 605 revolver that contained the cylinder alignment defect;
>
> (b) failing to properly inspect, manage, and make the revolver safe;
>
> (c) failing to use due care in distributing and selling the Taurus Model 605 revolver;

26

Case ID: 251002020
Control No.: 25112931

(d)    failing to make reasonable tests and/or inspections to discover the defective, hazardous and unreasonably dangerous conditions relating to the gun's propensity for cylinder misalignment as described above.

(e)    negligently failing to place any warnings on the revolver informing the user that a serious injury could occur if the revolver's cylinder is not properly aligned with the barrel upon firing, and that such misalignments are endemic to the Taurus Model 605 revolver;

(f)    negligently failing to unambiguously warn purchasers and end users of the gun, including Plaintiff, of said defective, hazardous and unreasonably dangerous conditions relating to its design and manufacture, about which it knew or should have known through the exercise of ordinary care;

(g)    failing to discover the defective, hazardous and unreasonably dangerous conditions relating to the Model 605 revolver's propensity for misalignment between the cylinder and the barrel;

(h)    misrepresenting the dangers and hazards posed by the Taurus Model 605 revolver;

(i)    distributing and selling a Taurus Model 605 revolver with a design defect that causes shrapnel to blow back upon the user when fired;

(j)    failing to properly test the Taurus Model 605 revolver;

(k)    Defendant Arsenal was negligent under the doctrine of *res ipsa loquitur* as the Plaintiff would not have suffered injuries, as set forth above, if not for the Taurus Model 605 revolver shaving metal shrapnel off of the bullet when fired; and

(l)    other negligent acts and omissions to be developed in the course of discovery.

130.    Defendant knew, or should have known, that exposing users to the dangerous and defective and hazardous conditions existing in the gun would or could give rise to serious bodily injuries to such users, up to and including death.

131.    Defendant's negligence, as alleged in this Count, directly and proximately caused shrapnel from the Taurus Model 605 revolver to strike and seriously injure Plaintiff Claude Simpkins.

27

Case ID: 251002020
Control No.: 25112931

132.    As a direct result of the conduct of Defendant Arsenal , the Plaintiff sustained serious and permanent injuries, including but not limited to, a traumatic piece of shrapnel from a .357 ammunition round shot into his face with resulting nerve injury, severe shock to his nervous system, scarring, and all of which have caused permanent nerve damage, pain, suffering, mental anguish, distress, inconvenience, loss of feeling of well-being, hypoesthesia, loss of ability to enjoy life and normal activities, embarrassment, humiliation, nervousness and loss of self-confidence, all of said injuries are permanent and will continue into the future for an indefinite period.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendant, The Arsenal Gun Shop LLC, in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

## COUNT XII – BREACH OF WARRANTY
## CLAUDE SIMPKINS v. THE ARSENAL GUN SHOP LLC

133.    Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

134.    For the reasons set forth at length in this Complaint, which are incorporated herein, the subject Model 605 revolver was defective, unsafe, not fit for the ordinary purpose for which it was used, and was not of merchantable quality at the time it was sold.

135.    At a time prior to the January 30 injury, Defendant The Arsenal Gun Shop LLC. expressly or in some other manner represented warranties that the subject Model 605 revolver was proper, fit, and safe for its intended uses and of merchantable quality.

136.    By distributing, selling, servicing, and maintaining the subject Model 605 revolver and its component parts, The Arsenal Gun Shop LLC expressly and impliedly warranted that the

28

Case ID: 251002020
Control No.: 25112931

subject Model 605 revolver was of merchantable quality, effective, proper, fit, and safe for ordinary and particular purposes for which it was old and free from all defects.

137.    The representations and warranties set forth in the preceding paragraphs formed part of the bargain for selling the subject Model 605 Revolver and were relied upon by the purchase.

138.    In truth and fact, the above representations of The Arsenal Gun Shop LLC were false.

139.    The subject Model 605 revolver was not effective, proper fit, or safe for its intended uses.

140.    The Arsenal Gun Shop LLC breached express and/or implied warranties regarding the subject Model 605 Revolver.

141.    As a direct and proximate result of Defendant's breach of the aforementioned express and/or implied warranties, Plaintiff sustained injuries and damages set forth above.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendant, The Arsenal Gun Shop LLC, in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

### COUNT XIII – NEGLIGENCE
### CLAUDE SIMPKINS v. THE JOHN DOE PERSONS AND ENTITIES

142.    Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

143.    At all times relevant to this action, the John Doe Defendants had the duty to exercise that degree of care that a reasonably prudent firearm manufacturer and/or distributor should use in

29

Case ID: 251002020
Control No.: 25112931

the design, testing, selection, manufacture, assembly, marketing, supply, distribution and sales of firearms, including the Model 605 revolver purchased by the Plaintiff.

144.    The negligent, careless, and reckless conduct of the Defendants caused Plaintiff's injuries and the John Doe Defendants or their agents, servants, workmen, employees, or contractors acted with a total disregard for the risk of harm to the Plaintiff, which conduct consisted of, but was not limited to, one of the following.

(a)    the common design of the cylinder of the Model 605 revolver is defective;

(b)    the common design of the barrel of the Model 605 revolver to which the cylinder is aligned is defective;

(c)    the common design of the frame of the Model 605 revolver to which the cylinder is attached is defective;

(d)    failing to warn the Plaintiff of the dangers involved with using the Model 605 revolver that contained the cylinder alignment defect;

(e)    failing to properly inspect, manage, and make the revolver safe;

(f)    failing to place any warnings on the revolver informing the user that a serious injury could occur if the revolver's cylinder is not properly aligned with the barrel upon firing, and that such misalignments are endemic to the Model 605 revolver;

(g)    failing to design a revolver without the cylinder alignment defect.

(h)    designing, manufacturing, distributing, and selling a Model 605 revolver with a design defect that causes shrapnel to blow back upon the user when fired;

(i)    failing to properly test the Model 605 revolver;

(j)    failing to advise users, including the Plaintiff, of the dangerous and defective design of the Model 605 revolver, as set forth above, after being specifically notified of the same through warranty claims submitted to them and public videos discussing and testing the defect;

(k)    Defendants were negligent under the doctrine of *res ipsa loquitur* as the Plaintiff would not have suffered injuries, as set forth above, if not for the Model 605 revolver shaving metal shrapnel off of the bullet when fired;

30

Case ID: 251002020
Control No.: 25112931

145.    As a direct result of the conduct of the John Doe Persons and Entities, the Plaintiff sustained serious and permanent injuries, including but not limited to, a traumatic piece of shrapnel from a .357 ammunition round shot into his face with resulting nerve injury, severe shock to his nervous system, scarring, and all of which have caused permanent nerve damage, pain, suffering, mental anguish, distress, inconvenience, loss of feeling of well-being, hypoesthesia, loss of ability to enjoy life and normal activities, embarrassment, humiliation, nervousness and loss of self-confidence, all of said injuries are permanent and will continue into the future for an indefinite period.

146.    As a result of the injuries sustained by the Plaintiff herein, he has undergone in the past and will continue to undergo in the future pain and suffering.

147.    As a result of the injuries sustained by the Plaintiff herein, he has or may suffer a permanent diminution in the ability to enjoy life and life's pleasures.

148.    As a result of the injuries sustained by the Plaintiff herein, he has or may suffer a permanent disability or permanent impairment of earning power and capacity.

149.    As a result of the injuries sustained by the Plaintiff herein, he has incurred medical expenses, and may incur medical expenses in the future.

150.    As the John Doe Defendants' actions were intentional, willful, malicious, wanton and/or egregious, as set forth above, the Plaintiff is entitled to an award of punitive damages.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendants, John Doe Persons and Entities, in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

31

Case ID: 251002020
Control No.: 25112931

**COUNT XIV – 402A STRICT LIABILITY**
**CLAUDE SIMPKINS v. THE JOHN DOE PERSONS AND ENTITIES**

151.    Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

152.    The John Doe Defendants did design, manufacture, distribute, and/or sell the aforementioned Model 605 revolver, knowing of its ultimate use by persons such as Plaintiff Claude Simpkins, which was defective and/or poorly designed and/or lacked the proper warnings or instructions, and was in such a condition as to be unreasonably dangerous to the ultimate user and others, at the time of its sale.

153.    The John Doe Defendants designed the Model 605 revolver with a cylinder alignment defect, rendering it inherently dangerous and creating a substantial, clear, extreme, and unreasonable risk of serious injury or death to the purchasers and gun users, including the Plaintiff. The John Doe Defendants manufactured, assembled, marketed, distributed, and/or sold the Model 605 revolver with the defect. The revolver was in the same defective condition due to the misaligned cylinder from the time it left the John Doe Defendants' control until it reached the Plaintiff.

154.    The Model 605 revolver was sold in substantially and unreasonably dangerous condition to an extent beyond that which would be contemplated by the ordinary consumer, including the Plaintiff.

155.    As a direct and proximate result of the facts alleged above, the Plaintiff was exposed to a clear, substantial, and unreasonable risk of serious injury from the cylinder alignment defect, and was seriously injured due to the same, as set forth above.

32

Case ID: 251002020
Control No.: 25112931

156.    The John Doe Defendants are strictly liable in tort for the injuries and damages to the Plaintiff that resulted from the unintentional and unwanted discharge of the Model 605 revolver, as set forth above.

157.    Plaintiff maintains that the John Doe Defendants, being the manufacturers, designers, and/or distributors, are strictly liable to the Plaintiff pursuant to the provisions of Section 402A of the Restatement (second) of Torts said defects being, as set forth above, and including but not limited to the following:

(a)    the common design of the revolver's cylinder is defective;

(b)    the common design of the barrel of the Model 605 revolver to which the cylinder is aligned is defective;

(c)    the common design of the frame of the Model 605 revolver to which the cylinder is attached is defective;

(d)    in the course of regular use, the cylinder which houses the ammunition must align with the barrel of the firearm such that the bullet will be unobstructed when fired, yet the design allowed the cylinder to function while misaligned, allowing for the bullet to strike the firearm itself;

(e)    failing to provide proper and adequate signs or other warning devices to persons, like the Plaintiff, using the revolver;

(f)    failing to properly inspect, manage, and make the revolver safe;

(g)    failing to ensure proper cylinder alignment during the manufacturing process;

(h)    failing to place any warnings on the revolver informing the user that a serious injury could occur if the revolver is fired, due to the cylinder alignment defect;

(i)    failing to design a revolver without the cylinder alignment defect;

(j)    failing to ensure proper timing upon firing;

(k)    allowing cylinder locking; and

(l)    improper and milling of the revolver.

33

Case ID: 251002020
Control No.: 25112931

158.    As a direct result of the conduct of the John Doe Defendants, the Plaintiff sustained serious and permanent injuries, including but not limited to a traumatic piece of shrapnel from a .357 ammunition round shot into his face with resulting nerve injury, severe shock to his nervous system, scarring, and all of which have caused permanent nerve damage, pain, suffering, mental anguish, distress, inconvenience, loss of feeling of well-being, hypoesthesia, loss of ability to enjoy life and normal activities, embarrassment, humiliation, nervousness and loss of self-confidence, all of said injuries are permanent and will continue into the future for an indefinite period.

159.    As a result of the injuries sustained by Plaintiff herein, he has undergone in the past and will continue to undergo in the future pain and suffering.

160.    As a result of the injuries sustained by the Plaintiff herein, he has or may suffer a permanent diminution in the ability to enjoy life and life's pleasures.

161.    As a result of the injuries sustained by the Plaintiff herein, he has or may suffer permanent disability or permanent impairment of earning power and capacity.

162.    As a result of the injuries sustained by the Plaintiff herein, he has incurred medical expenses, and may incur medical expenses in the future.

163.    As the John Doe Defendants' actions were intentional, willful, malicious, wanton and/or egregious, as set forth above, the Plaintiff is entitled to an award of punitive damages.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendants, John Doe Persons and Entities, in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

Case ID: 251002020
Control No.: 25112931

**COUNT XV – 402B STRICT LIABILITY**
**CLAUDE SIMPKINS v. THE JOHN DOE PERSONS AND ENTITIES**

164.    Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

165.    At all times material to this Complaint, the John Doe Defendants were engaged in the business of selling firearms, including the sale of the Model 605 revolvers to users or consumers.

166.    The John Doe Defendants sold the subject Model 605 revolver that was defective and unreasonably dangerous to the public, including the Plaintiff, but advertising, labeling, or otherwise making misrepresentations of materials facts concerning the character or quality of the Model 605 revolver, and the Plaintiff justifiably relied upon the misrepresentations to purchase the revolver.

167.    Specifically, the John Doe Defendants sold the aforementioned Model 605 revolver, knowing of its ultimate use by persons such as the Plaintiff, which was defective and/or poorly designed and/or lacked the proper warnings or instructions, and was in such a condition as to be unreasonably dangerous to the ultimate user and others, including the Plaintiff, as outlined above, at the time of sale.

168.    Plaintiff's injuries, as outlined above, were caused by the defects which were present in the Taurus Model 605 revolver, and the John Doe Defendants are liable pursuant to section 402B of the Restatement (second) of Torts.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendants, Taurus International Manufacturing, Inc., Taurus Holdings, Inc., and Taurus Armas S.A., in an amount in excess of Fifty Thousand Dollars ($50,000) plus punitive damages, delay damages, and such other relief as deemed just and proper.

35

Case ID: 251002020
Control No.: 25112931

## COUNT XVI – BREACH OF WARRANTY
## CLAUDE SIMPKINS v. THE JOHN DOE PERSONS AND ENTITIES

169.    Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

170.    For the reasons set forth at length in this Complaint, which are incorporated herein, the subject Model 605 revolver was defective, unsafe, not fit for the ordinary purpose for which it was used, and was not of merchantable quality at the time it was sold.

171.    At a time prior to the January 30 injury, the John Doe Defendants, expressly or in some other manner, represented warranties that the subject Model 605 revolver was proper, fit, and safe for its intended uses and of merchantable quality.

172.    By distributing, selling, servicing, and maintaining the subject Model 605 revolver and its component parts, the John Doe Defendants expressly and impliedly warranted that the subject Model 605 revolver was of merchantable quality, effective, proper, fit, and safe for ordinary and particular purposes for which it was old and free from all defects.

173.    The representations and warranties set forth in the preceding paragraphs formed part of the bargain for selling the subject Model 605 Revolver, and were relied upon by the purchase.

174.    In truth and fact, the above representations of the John Doe Defendants were false.

175.    The subject Model 605 revolver was not effective, proper fit, or safe for its intended uses.

176.    The John Doe Defendants breached express and/or implied warranties regarding the subject Model 605 Revolver.

177.    As a direct and proximate result of Defendant's breach of the aforementioned express and/or implied warranties, Plaintiff sustained injuries and damages set forth above.

36

Case ID: 251002020
Control No.: 25112931

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendant, the John Doe persons and Entities, in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.


Leonard Tinari LLP

Dated: October 17, 2025                By:   /s/ *Michael V. Tinari*
                                              Michael V. Tinari, Esquire
                                              Attorney I.D. No.: 51853
                                              171 West Lancaster Ave., 2nd Floor
                                              Paoli, PA 19301
                                              Phone: 484-328-8147
                                              Email: mtinari@lt-lawyer.com
                                              *Attorney for Plaintiff, Claude Simpkins*

37

Case ID: 251002020
Control No.: 25112931

## VERIFICATION

I, Claude Simpkins, state that I am the Plaintiff in the foregoing matter and that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information and belief. I further understand that false statements made herein are subject to the penalties of 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities.

Date: 10/14/25

Claude Simpkins

Case ID: 251002020
Control No.: 25112931

# Exhibit A

Case ID: 251002020
Control No.: 25112931





Case ID: 251002020
Control No.: 25112931





Case ID: 251002020
Control No.: 25112931

# Exhibit B

Case ID: 251002020
Control No.: 25112931



Screenshot taken immediately prior to firing the round.



Screenshot taken immediately after firing the round (arrow included in video).

Case ID: 251002020
Control No.: 25112931



Second test, screenshot taken immediately prior to firing the round (arrow included in video)



Screenshot taken immediately after firing the round (arrow included in video)

Case ID: 251002020
Control No.: 25112931



**Problem with Taurus 605 .357 Update**

Kbum Guy
24.7K subscribers        Join        Subscribe        👍 438  👎    ↗ Share    💲 Thanks    ⋯

24,023 views  Jun 28, 2023



PowerDirector

**Taurus 605 factory blem revolver we have a big problem! Now the question will they fix it?**

Hamilton outdoors
12.1K subscribers        Join        Subscribe        👍 280  👎    ↗ Share    💲 Thanks    ⋯

Case ID: 251002020
Control No.: 25112931



Feb 24, 2012 · #1

Howdy. Long time lurker, first time poster. Thought I would share my experience today as a warning to others.

Despite what I've heard in the past, I decided to test the waters and purchase a Taurus 605. I'd read decent reviews saying how this was the, "Gem of the Taurus line."

There it is, chilling with my Beretta. Sure is pretty. Love a blued revolver. Was one of the reasons I was going for a Taurus, they made a blued J-Frame sized revolver for CCW.

So, went to the range today with it for the first time. Timing was seriously off, right out of the box. Gun was shaving lead off, throwing it back in my face. A nice chunk hit my ear, making it bleed. I generally prefer my lead to go toward the bad guy, strange I know.

So, took the gun back to Fin, Feather, and Fur. They were very nice, BTW. Exchanged it no problem. Tried another 605. Went down to the range in the basement. Cylinder would lock up after a shot. Would not cycle anything, factory loads. Turns out, the frame was not milled large enough and the rounds were getting stuck once the primer was hit. The firing pin was not protruding, no broken spring. I alerted the range employee because I could simply not believe my luck. He pulled out about 6 boxes of different ammo to see if any would work. Only one brand of 20 year old PMC would function. But, even removing them they were scraping on the frame.

Two horrible Tauruses in a row. Wow! Talk about quality control. Ended up returning that one, obviously. Picked up a Smith model 60. Should have done that from the start.

There it is, still has a bit of cleaner on the grip. Needless to say, that one works fine. Guess you get what you pay for. Cheers.



TaurusArmed.net

Home > Forums > The Range > **Taurus Product Problems** >

## "Another victim of 605 lead shaving" OR, "A bloody face"

→ Jump to Latest

👁 6.9K views · 💬 35 replies · 👤 25 participants · 🕐 last post by NotNowChief Oct 4, 2023

regough007 ☑ Discussion starter
10 posts · Joined 2023

#1 · Mar 23, 2023

Today was the first time that I was able to shoot my brand new 605...I am disappointed to say the least. I started off shooting standard pressure 38 specials and I have to say that I was definitely impressed with its accuracy with that load. However, my elation turned south when after about 20 rounds I lo9aded up 5 potent 357 mags. The recoil was stout but not unmanageable. With the first shot I felt a small "sting" near my right eye but didn't think too much of it and I quickly double actioned the second shot. Again I felt the sting under my right eye. The third shot was single action and this time the sting really got my attention...it hurt! I grabbed my phone and turned on the camera and looked at my face. The right side of my face looked like I had been peppered with birdshot...the blood was running down my face! After cleaning up with a paper towel, I regained my composure and loaded up some more 38 specials. NO lead shaving with the 38's, only with 357 magnums. So what gives??? I guess a trip back to the factory is in order/ I am pissed at becoming a victim of a "firearm incident" because having been a corporate pilot for 31 years, I am all about safety. Thank God for shooting glasses!!! Any thoughts out there?

😮😵 GhostHorse, flgolfer29, cnc1 and 2 others

💬 Reply    👍 Like    🔖 Save    ⌥ Share

**Taurus Firearm Forum**
3.3M posts · 74K members ·
Since 2007

A forum community dedicated to Taurus firearm owners and enthusiasts. Come join the discussion about optics, gunsmithing, styles, reviews, accessories, classifieds, and more!

Full Forum Listing →

**Explore Our Forums**

The Firing Line

New Member Introductions & Site Guidelines & Rules

Other Handguns

Taurus Revolvers

Concealed & Open Carry



← ⬤ r/Revolvers · 1y ago
RushEcstatic9368    ···

## Taurus 605 timing issue?

I recently came to own a Taurus 605 from 1997 and upon inspection I noticed that when pulling the trigger fast the hammer falls before the cylinder locks up. Do I need a new cylinder hand? Or should I just cut my losses? Also in single action it seems to be in time.

⬆ 5 ⬇    💬 3    ↗ Share

Add your reply

Sort by:  Best ⌄     🔍 Search Comments

⬤ Fox7285 · 1y ago

They do have issues, I would get that checked out.  I had a brand new one I had to return as when I got home I realized there were copper shavings on the forcing cone from misalignment.  Now I do like Taurus revolvers, but you can get a new 605 for $300 ish dollars new.  I'd cut your losses and upgrade unless this is special to you.

⬆ 1 ⬇    💬 Reply    ↗ Share    ···

**New to Reddit?**
Create your account and connect with a world of communities.

G    Continue with Google

✉    Continue with Email

📱    Continue With Phone Number

By continuing, you agree to our User Agreement and acknowledge that you understand the Privacy Policy.

⬤ r/Revolvers · 10mo ago

Taurus 605, worth it?
8 upvotes · 9 comments

⬤ r/Revolvers · 1y ago

Does anyone have good long term experience with the newer taurus revolvers like the 605 o...
4 upvotes · 8 comments

Case ID: 251002020
Control No.: 25112931



**flgolfer29** ✓ Discussion starter
112 posts · Joined 2018

#1 · Dec 18, 2022

I've been considering a new 856 or 605 for several weeks. But I wanted to see what kind of deals could be found at a local gun show this weekend. The 856 was preferred, but the only ones available were the ultra-lite, lots of them. However, there was one 605 stainless available. We haggled a bit on price before we agreed on a deal. $330 before tax.

This afternoon, I rode out to the country to put a few rounds through it. The first cylinder full of 357 magnums I was getting peppered in the face. Two of which left visible spots. Opening the cylinder to inspect the forcing cone, there were no shavings found. The blowback seemed to lessen as additional rounds were fired.

Overall, I enjoyed 50 rounds with a mix of both magnum & 38 special. It was surprisingly accurate shooting at plastic bottles at a distance of 7-8 yards.

When I cleaned the revolver, I noticed the sideplate screws were loose. Removed sideplate, disassembled the cylinder, cleaned, and then lubed. With the pachmayr grips installed, the magnum rounds were surprisingly tolerable to fire. Another range outing later this week to see if any felt blowback remains. Regardless of whether or not it will require a trip to Taurus, it will be a keeper.



Case ID: 251002020
Control No.: 25112931



Hello Dave

Sorry to hear about the incident you had and glad to hear you're okay , unfortunately Taurus did not provide any clear explanation but it is clear the issue is from the misaligned Cylinder.

What Taurus ended up doing is replacing the revolver for me and that's all and so far i haven't experienced the issue with the new revolver even tho haven't really shot a lot of rounds out of it

Thank you and stay safe

On Fri, Jan 31, 2025 at 12:15 PM Dave McCullough <dmccullough@lt-lawyer.com> wrote:

Hello,

My name is David and I work with Leonard Tinari LLP. I am investigating a matter related injuries that have occurred from firing the Taurus Model 605 .357 revolver and came across your videos on the topic. In particular, the videos I am interested in are the videos from January 17, 2023 and June 28, 2023, where it appears shrapnel launched from the revolver towards your face.

I am writing to you because I am curious about if you have any further information about a potential defect in this particular revolver model beyond what you've discussed and shown in your videos. Have you received any communication from Taurus regarding your videos or your defective firearm since then? If so, I am curious about whether they provided you with any sort of explanation for the issue or if they have conducted any repairs to your firearm. If someone other than Taurus repaired the gun, did that person diagnose a specific issue with it? Beyond that, I am also curious about any other additional information you may have.

Thank you very much for your time,

David McCullough
Associate
Leonard Tinari LLP
dmccullough@lt-lawyer.com

Case ID: 251002020
Control No.: 25112931

# Exhibit C

Case ID: 251002020
Control No.: 25112931



Case ID: 251002020
Control No.: 25112931

# Exhibit D

Case ID: 251002020
Control No.: 25112931





Case ID: 251002020
Control No.: 25112931

# Exhibit E

Case ID: 251002020
Control No.: 25112931

| SP 4-113(4/2019) | PENNSYLVANIA STATE POLICE<br>**APPLICATION/RECORD OF SALE** | STATE POLICE USE<br>ONLY |
|---|---|---|

**A**     **INSTRUCTIONS**

TRANSFEREE/PURCHASER ---------- COMPLETE SECTION B AT TIME OF APPLICATION.
COMPLETE SECTION C AT TIME OF SALE OR TRANSFER.
LICENSEE ------------------------------------- COMPLETE BLOCKS 1, 3, AND 4, AND SECTIONS D AND E.
TRANSFEROR/SELLER ---------------- (FOR PRIVATE SALES) COMPLETE SECTION F.

NOTE:    FORM MUST BE COMPLETED IN ITS ENTIRETY BY TYPING OR PRINTING IN BLUE OR BLACK INK

**TRANSACTION SUBJECT TO SALES TAX: NO**
Please explain in Section F if you selected "NO" for subject to sales tax.

**2. TRANSACTION SERIAL NO.**
E1162821

**3. STATE IDENTIFICATION NO.**
3158

**4. APPROVAL NO./DATE**
24W0588945
08/10/2024

**B**     **TRANSFEREE'S/PURCHASER'S INFORMATION**

| 5. LAST NAME<br>SIMPKINS | 6. JR, ETC. | 7. FIRST NAME<br>CLAUDE | 8. MIDDLE NAME<br>J | 9. DATE OF BIRTH<br>06/30/1970 | 10. AGE<br>54 |
|---|---|---|---|---|---|

| 11. SEX<br>M | 12. RACE<br>B | 13 EYE COLOR<br>BRO | 14. HAIR COLOR<br>BLD | 15. WEIGHT<br>205 | 16. HEIGHT<br>511 | 17 SOCIAL SECURITY NO. (Optional)<br>5428 | 18. COUNTY OF RESIDENCE<br>Philadelphia |
|---|---|---|---|---|---|---|---|

| 19. STREET ADDRESS<br>1832 CALLOWHILL ST APT C | 20. CITY<br>PHILADELPHIA | 21. STATE<br>PA | 22. ZIP CODE<br>19130 |
|---|---|---|---|

| 23. PA. PHOTO ID/DRIVER LICENSE NO<br>23756931 | 24. EMPLOYER/BUSINESS NAME<br>Retired | 25. OCCUPATION |
|---|---|---|

| 26. STREET ADDRESS | 27. CITY | 28. STATE | 29. ZIP CODE |
|---|---|---|---|

| 30. ARE YOU A UNITED STATES CITIZEN? IF NO, COUNTRY OF BIRTH:<br>COUNTRY OF CITIZENSHIP:         IMMIGRATION IDENTIFICATION NUMBER: | YES |
|---|---|
| 31. HAVE YOU EVER BEEN CONVICTED OF A CRIME ENUMERATED IN SECTION 6105(b), OR DO ANY OF THE CONDITIONS UNDER 6105(c) APPLY TO YOU? **(READ INFORMATION ON BACK PRIOR TO ANSWERING)** | NO |
| 32. ARE YOU NOW CHARGED WITH, OR HAVE YOU EVER BEEN CONVICTED OF A CRIME PUNISHABLE BY IMPRISONMENT FOR A TERM EXCEEDING ONE YEAR? THIS IS THE MAXIMUM SENTENCE THAT YOU "COULD HAVE RECEIVED," NOT THE ACTUAL SENTENCE YOU DID RECEIVE. (THIS DOES NOT INCLUDE FEDERAL OR STATE OFFENSES PERTAINING TO ANTITRUST, UNFAIR TRADE PRACTICES, RESTRAINTS OF TRADE, OR REGULATION OF BUSINESS; OR STATE OFFENSES CLASSIFIED AS MISDEMEANORS AND PUNISHABLE BY A TERM OF IMPRISONMENT NOT TO EXCEED TWO YEARS.) **(READ INFORMATION ON BACK PRIOR TO ANSWERING)** | NO |
| 33. ARE YOU THE ACTUAL BUYER OF THE FIREARM AS DEFINED UNDER 18 PA.C.S - 6102 LISTED ON THIS APPLICATION/RECORD OF SALE? (WARNING: YOU ARE NOT THE ACTUAL BUYER IF YOU ARE ACQUIRING THE FIREARM ON BEHALF OF ANOTHER PERSON UNLESS YOU ARE LEGITIMATELY ACQUIRING THE FIREARM AS A GIFT FOR ANY OF THE THE FOLLOWING INDIVIDUALS WHO ARE LEGALLY ELIGIBLE TO OWN A FIREARM: 1) SPOUSE; 2)PARENT; 3) CHILD; 4)GRANDPARENT; 5) GRANDCHILD | YES |

34. I VERIFY THE FACTS THAT I HAVE SET FORTH IN BLOCKS 5-33 OF THIS FORM ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF. THIS VERIFICATION IS MADE SUBJECT TO BOTH THE PENALTIES OF SECTION 4904 OF THE CRIMES CODE (18 PA.C.S 4904) RELATING TO UN-SWORN FALSIFICATION TO AUTHORITIES AND THE UNIFORM FIREARMS ACT. I ALSO UNDERSTAND THAT THE MAKING OF ANY FALSE WRITTEN STATEMENT OF THE EXHIBITING OF ANY FALSE MISREPRESENTED IDENTIFICATION WITH RESPECT TO THIS APPLICATION IS A CRIME PUNISHABLE AS A FELONY.

SIGNATURE OF TRANSFEREE/PURCHASER.             DATE OF APPLICATION: 08/10/2024

**C**     **ACKNOWLEDGMENT**

35. I ACKNOWLEDGE RECEIPT OF THE FIREARM (HANDGUN/LONG-GUN) AND A SUMMARY OF THE UNIFORM FIREARMS ACT WHICH INCLUDES A SAFETY BROCHURE.

SIGNATURE OF TRANSFEREE/PURCHASER:             DATE 08/10/2024

**D**     **LICENSEE'S INFORMATION:    EMPLOYEE**

| 36. LAST NAME<br>J. Isabella (41694) | 37. JR., ETC. | 38. FIRST NAME<br>Gregory | 39. MIDDLE NAME | 40. SIGNATURE |
|---|---|---|---|---|

| 41. BUSINESS NAME<br>FIRING LINE INC. | 42. BUSINESS TELEPHONE NO.<br>2153361710 | 43. COUNTY OF LICENSEE<br>Philadelphia |
|---|---|---|

| 44. BUSINESS ADDRESS<br>1532 SOUTH FRONT STREET | 45. CITY<br>PHILADELPHIA | 46. STATE<br>PA | 47. ZIP CODE<br>19147 |
|---|---|---|---|

| 48. DATE OF TRANSACTION<br>08/10/2024 | 49. TIME OF TRANSACTION<br>15:09:48 |
|---|---|

**E**     **FIREARM INFORMATION**

| 50. DOES THIS PURCHASE INVOLVE A PISTOL OR REVOLVER WITH A BARREL LENGTH OF LESS THAN 15 INCHES, A SHOTGUN WITH A BARREL LENGTH OF LESS THAN 18 INCHES, A RIFLE WITH A BARREL LENGTH OF LESS THAN 16 INCHES, OR A FIREARM WITH AN OVERALL LENGTH OF LESS THAN 26 INCHES? | YES |
|---|---|

| 51. MAKE<br>TAS - TAURUS (TAS) | 52. MODEL<br>605 | 53. CALIBER<br>38 | 54. LENGTH OF BARREL<br>3 | 55. SERIAL NUMBER<br>AGA980251 |
|---|---|---|---|---|

**F**     **TRANSFEROR'S/SELLER'S INFORMATION OR EXPLANATION FOR NONTAXABLE SALES**

| 56. LAST NAME<br>THE ARSENAL GUN SHOP | 57. JR., ETC. | 58.FIRST NAME<br>822015076C02409 | 59. MIDDLE NAME | 60. SIGNATURE |
|---|---|---|---|---|

| 61. STREET ADDRESS<br>1924 COOPER STREET | 62. CITY<br>DEPTFORD | 63. COUNTY/STATE<br>NJ | 64. ZIP CODE<br>08096 |
|---|---|---|---|

Case ID: 251002020
Control No.: 25112931

88775

PH# 267-640-8426

41694

# FIRING LINE, INC.
## 1532 SOUTH FRONT STREET
### PHILADELPHIA, PA 19147
### 215-336-1710
www.firinglineinc.com

Customer's Order No. _____  Phone No. _____  Date _____ 20 _____

Name  CLAUDE SIMPKINS

Address _____

| QUAN. | DESCRIPTION | PRICE | AMOUNT |
|---|---|---|---|
| 1. | TAURUS 605 | L.F | |
| | .357 MAG. 3.0 | | 2500 |
| | SER# AGA980751 | | |
| | Paid | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | TAX | |
| | | TOTAL | 2500 |
| | | DEPOSIT | |
| | | BALANCE | |

# 24WD588945

**ALL SALES FINAL. CANCELLATION FEE $50.00**
Received by _____

Case ID: 251002020
Control No.: 25112931

# Exhibit F

Case ID: 251002020
Control No.: 25112931

## Last Filed Vital Signs - documented in this encounter

| Vital Sign | Reading | Time Taken | Comments |
|---|---|---|---|
| Blood Pressure | - | - | |
| Pulse | - | - | |
| Temperature | - | - | |
| Respiratory Rate | 18 | 02/05/2025 1:54 PM EST | |
| Oxygen Saturation | - | - | |
| Inhaled Oxygen Concentration | - | - | |
| Weight | 95.3 kg (210 lb) | 02/05/2025 1:54 PM EST | |
| Height | 177.8 cm (5' 10") | 02/05/2025 1:54 PM EST | |
| Body Mass Index | 30.13 | 02/05/2025 1:54 PM EST | |

## Progress Notes - documented in this encounter

### Nurse Christine P - 02/05/2025 2:15 PM EST

Formatting of this note might be different from the original.

54 yo male who presents with shrapnel in L cheek. Bullet exploded while at gun range 1 week ago.
+pain

Review of Systems
CONST: Negative for fatigue, fever and unexpected weight change.
HENT: Negative for hearing loss, rhinorrhea and sore throat.
EYES: Negative for visual disturbance.
RESP: Negative for cough and shortness of breath.
CV: Negative for chest pain.
GI: Negative for abdominal pain.
GU: Negative for dysuria.
MUSC/SKEL: Negative for arthralgias.
SKIN: Negative.
ALL/IMM: Negative for environmental allergies.
NEURO: Positive for headaches. Negative for dizziness and weakness.
HEME: Negative for easy bruising/bleeding.

Electronically signed by Nurse Christine P at 02/05/2025 7:09 PM EST

### Khashayar Arianpour, MD - 02/05/2025 2:15 PM EST

Formatting of this note is different from the original.
Images from the original note were not included.
Otolaryngology - Head and Neck Surgery
New Patient Visit

2/5/2025

Chief Complaint
Patient presents with
Facial Laceration/Trauma

History of Present Illness, Otolaryngology Specialty-Specific Exam, and Assessment and Plan:

Claude J Simpkins is a 54 y.o. male who presents after he was at the shooting range on 1/30/2025 in Rio Grande shooting at silhouette targets when he felt something hit him in the face while using a 357 magnum. He sustained a puncture wound just over left malar region. Patient states that the puncture healed by itself and on antibiotics Keflex. He did have more tenderness which has slowly improved. He does state that the area still tender to palpation, although, he denies redness or any drainage from the site. He sustained no other injuries. He denies any droopiness or significant edema. He did undergo a CT scan that demonstrated metallic foreign body in the left malar region composing of 1 2 to fragments 1 of which is quite deep.

On physical exam, he is alert and not in any acute distress. Palpable left malar foreign body, in line with the lateral canthal line. Slightly tender to palpation. No evidence of cellulitis. Facial nerve intact across all divisions. There are no lesions, masses, or other abnormalities. The remaining head and neck exam is within normal limits.

My impression today is consistent with a patient who presents with left malar foreign body secondary to back firing of shrapnel from the 357 magnum on January 30, 2025. Patient is quite motivated have a foreign body removed given that it is causing him discomfort and is palpable. Tenderness is improving. We discussed the risks of the procedure including proximity to the facial nerve and the need for incision which would lead to a scar. He wishes to proceed. Will work to arrange surgery. Patient understands to call or come in with any new or changing symptoms..

Sincerely,

Case ID: 251002020
Control No.: 25112931

Case ID: 251002020
Control No.: 25112931

# Exhibit G

Case ID: 251002020
Control No.: 25112931

# Taurus 650

**Black 357 Mag 3 in.**



MSRP $: **534.99**

Instruction Manual 📥

Dealer Locator 📍

Shop Accessories 🏷️

**Buy Now:**

GunBroker.com

GALLERY OF GUNS

GUNS.COM

GUN MADE

You asked for it, and Taurus USA delivered—reintroducing the Taurus 650 .357 Magnum. This compact, 5-shot snub-nosed revolver features a fully shrouded hammer, ensuring a snag-free draw every time. Its sleek design minimizes the revolver's profile, reducing the risk of printing when carried concealed. Perfect for everyday carry, the Taurus 650's Double Action Only (DAO) trigger system and internal hammer offer smooth, reliable performance, delivering dependable ignition on magnum primers in high-stress situations.

Case ID: 251002020
Control No.: 25112931

# EXHIBIT B

Case ID: 251002020
Control No.: 25112931

**LEONARD TINARI, LLP**
By:    Michael V. Tinari, Esquire
Attorney I.D. No. 51853
171 W. Lancaster Avenue, 2nd Floor
Paoli, PA 19301
Telephone: (484) 328-8147
Email: mtinari@lt-lawyer.com

Attorneys for Plaintiff



*Filed and Attested by the Office of Judicial Records NOV 2025 06:29 pm B. BALILONTS*

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA
### CIVIL ACTION – LAW

| | | |
|---|---|---|
| CLAUDE SIMPKINS | : | |
| Plaintiff | : | |
| | : | NO. 251002020 |
| vs. | : | |
| | : | |
| TAURUS HOLDINGS, INC | : | |
| d/b/a TAURUS USA | : | |
| & | : | **JURY TRIAL DEMANDED** |
| TAURUS INTERNATIONAL | : | |
| MANUFACTURING, INC | : | |
| & | : | |
| TAURUS ARMAS S.A. | : | |
| f/k/a FORJAS TAURUS S.A. | : | |
| & | : | |
| FIRING LINE, INC. | : | |
| & | : | |
| THE ARSENAL GUN SHOP LLC | : | |
| & | : | |
| JOHN DOE PERSONS AND ENTITIES | : | CIVIL ACTION |
| Defendants | : | |
| | : | |

### AFFIDAVIT OF SERVICE BY CERTIFIED MAIL PURSUANT TO PA. R. CIV. PRO 404

I, Michael V. Tinari, Esquire, an attorney with the law firm of Leonard Tinari LLP, being properly sworn according to law, hereby depose and say that:

1.    On October 20, 2025, I caused a copy of Plaintiff's Complaint to be served upon Defendant Taurus Armas S.A. f/k/a Forjas Taurus S.A., ("Defendant") in this matter as hereafter described.

1

Case ID: 251002020
Control No.: 25112931

2.      On October 20, 2025, I caused a copy of the aforesaid document to be served upon Defendant by sending same to Defendant's registered agent, Thomas Conger, Esquire via Certified Mail, Return Receipt Requested to Defendant's address 218 E. Water Street, Bainbridge, GA 39817.  A true and correct copy of the October 20, 2025 letter confirming that said items were sent are attached hereto as Exhibit "A".

3.      The certified mail with United States Postal Service tracking number 9589071052702919893732 was sent and delivered to Defendant at the 218 E. Water Street, Bainbridge, GA 39817 address.  The Return Receipt was returned to the undersigned by Defendant and a printout from www.usps.com is attached showing delivery was completed on October 24, 2025.  A true and correct copy of the Return Receipt Requested and printout is attached hereto as Exhibit "B".

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Leonard Tinari LLP

Dated: November 10, 2025          By:   /s/ *Michael V. Tinari*
                                       Michael V. Tinari, Esquire
                                       *Attorney for Plaintiff, Claude Simpkins*

2

Case ID: 251002020
Control No.: 25112931

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date a true and correct copy of the foregoing Affidavit of Service by Certified Mail Pursuant to Pa. R. Civ. Pro 404 was served upon the following this day via first class mail:

**TAURUS HOLDINGS, INC d/b/a TAURUS USA**
100 Taurus Way
Bainbridge, Georgia 39817

**TAURUS INTERNATIONAL MANUFACTURING, INC**
100 Taurus Way
Bainbridge, Georgia 39817

**TAURUS ARMAS S.A. f/k/a FORJAS TAURUS S.A.**
100 Taurus Way
Bainbridge, Georgia 39817
And
Av. São Borja, 2181
São Leopoldo, 93035-411, Brazil

**FIRING LINE, INC.**
1532 S. Front Street
Philadelphia, PA 19147

**THE ARSENAL GUN SHOP LLC**
1924 Cooper Street
Deptford, NJ 08096

Leonard Tinari LLP

Dated: November 10, 2025          By:   /s/ *Michael V. Tinari*
                                        Michael V. Tinari, Esquire
                                        *Attorney for Plaintiff, Claude Simpkins*

3

# Exhibit A

Case ID: 251002020
Control No.: 25112931



Keith N. Leonard, Esquire
kleonard@lt-lawyer.com

171 West Lancaster Avenue
2nd Floor
Paoli, PA 19301

Michael V. Tinari, Esquire
mtinari@lt-lawyer.com

Phone: 484-328-8147
Web: lt-lawyer.com
Licensed in PA and NJ

October 20, 2025

**BY CERTIFIED, REGISTERED MAIL**
Thomas Conger, Esquire
Conger & Smith
218 E. Water Street
Bainbridge, GA 39817
Registered Agent for Taurus Armas S.A. f/k/a Forjas Taurus SA

**Re:    Claude Simpkins v. Taurus Holdings, Inc., Taurus International Manufacturing, Inc., et al., Philadelphia County Court of Common Pleas, No. 251002020**

Dear Mr. Conger:

As you know, I represent plaintiff, Claude Simpkins in regard to the above. Enclosed herewith please find a time-stamped copy of the Complaint, the original of which has been filed of record. If you wish to discuss, please feel free to contact me.

Thank you.

Sincerely,

Michael V. Tinari

MVT/kas
Enclosure

Case ID: 251002020
Control No.: 25112931

# Exhibit B

Case ID: 251002020
Control No.: 25112931

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Taurus Armas S.A.
f/k/a Forjas Taurus S.A.
c/o Thomas Conger
218 E. Water street
Bainbridge, GA 39817

9590 9402 9664 5199 1696 16

2. Article Number (Transfer from service label)

9589 0710 5270 2919 8937 32

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X *Jessica Hart*     ☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

*Jessica Hart*

D. Is delivery address different from item 1? ☑ Yes
If YES, enter delivery address below: ☑ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery (00)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053     Domestic Return Receipt



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

Bainbridge, GA 39817

Certified Mail Fee  $5.50
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)     $
☐ Return Receipt (electronic)     $
☐ Certified Mail Restricted Delivery     $
☐ Adult Signature Required     $
☐ Adult Signature Restricted Delivery     $
Postage  $12.00
$
Total Postage and Fees
$
Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

Postmark Here

OCT 20 2023

USPS

PS Form 3800, January 2023 PSN 7530-02-000-9047     See Reverse for Instructions

Case ID: 251002020
Control No.: 25112931



USPS TRACKING #

9590 9402 9664 5199 1696 16

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States
Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

Leonard Tinari LLP
171 W. Lancaster Ave, 2nd fl
Paoli, PA 19341

Case ID: 251002020
Control No.: 25112931

ALERT: AN UNEXPECTED INCIDENT AT THE AIRPORT IN LOUISVILLE, KY MAY DELAY FINAL D…

# USPS Tracking®

FAQs >

Remove ✕

**Tracking Number:**

## 9589071052702919893732

Copy          Add to Informed Delivery (https://informeddelivery.usps.com/)

### Latest Update

Your item was delivered to an individual at the address at 9:46 am on October 24, 2025 in BAINBRIDGE, GA 39817.

**Get More Out of USPS Tracking:**

   **USPS Tracking Plus®**

### Delivered

**Delivered, Left with Individual**

BAINBRIDGE, GA 39817
October 24, 2025, 9:46 am

**Out for Delivery**

BAINBRIDGE, GA 39817
October 24, 2025, 6:26 am

**Arrived at Post Office**

BAINBRIDGE, GA 39817
October 24, 2025, 6:15 am

**Arrived at USPS Facility**

BAINBRIDGE, GA 39817
October 24, 2025, 5:54 am

**In Transit to Next Facility**

October 24, 2025, 5:09 am

Feedback

Case ID: 251002020
Control No.: 25112931

# EXHIBIT C

Case ID: 251002020
Control No.: 25112931

**POST & SCHELL, P.C.**
By:    Daniel Altschuler
Attorney ID No. 49470
Three Logan Square
1717 Arch Street, 24th Floor
Philadelphia, PA  19103
Telephone: (215) 587-1107
Email: daltschuler@postschell.com

Attorneys for Defendants Taurus Holdings, Inc., Taurus International Manufacturing, Inc. and Taurus Armas S.A.

| | |
|---|---|
| CLAUDE SIMPKINS,<br>                               Plaintiff, | :   COURT OF COMMON PLEAS<br>:   OF PHILADELPHIA COUNTY<br>: |
| vs. | : |
|  | :   NO. 251002020 |
| TAURUS HOLDINGS, INC.,<br>TAURUS INTERNATIONAL<br>MANUFACTURING, INC., TAURUS<br>ARMAS S.A., FIRING LINE, INC. and<br>THE ARSENAL GUN SHOP LLC | :   **JURY TRIAL DEMANDED**<br>:<br>:<br>: |
|  | : |
|                              Defendants. | : |

## DECLARATION OF LEONARDO BRUM SESTI

1.    My name is Leonardo Brum Sesti.  I am over 18 years of age and competent to make this Declaration, which I do on the basis of my own personal knowledge of the facts stated below, and the books and records over which I have charge.  I make and submit this Declaration in support of Defendant Taurus Armas, S.A.'s ("Armas") Preliminary Objections in the above-captioned case.  Because the bylaws of Armas require that two officers sign any document that may bind the company, this Declaration is made in conjunction with the separate Declaration of Mr. Eduardo Minghelli.

2.    I am the Engineering Director of Armas.

3.    Armas is a *sociedade anônima* organized under the laws of Brazil, with its headquarters located at Av. São Borja, 2.181/Prédio A, São Leopoldo/Distrito Industrial, Rio

1

Case ID: 251002020<br>Control No.: 25112931

Grande do Sul, Brazil 93.035-411.  Shares of Armas are publicly traded on the B3 stock exchange in São Paulo, Brazil.

4.    Armas has manufactured firearms in Brazil for sale under the world-famous Taurus brand since the 1940s.

5.    Armas does not have any employees, officers, directors, agents, managers, salespersons, offices, business or manufacturing facilities, inventory, assets, telephone numbers, bank accounts, or other personal property in the Commonwealth of Pennsylvania.  Armas has never owned, leased, occupied, or otherwise held any interest in any real property located in the Commonwealth of Pennsylvania.

6.    Armas has never communicated, interacted, or transacted any business with Plaintiff Claude Simpkins or Defendants Firing Line, Inc. and The Arsenal Gun Shop LLC.

7.    Armas is not authorized or licensed to conduct business in the Commonwealth of Pennsylvania, and conducts no business in the Commonwealth of Pennsylvania.

8.    Armas is not required to pay any sales tax or other taxes in the Commonwealth of Pennsylvania.

9.    Armas does not advertise or solicit any business in the Commonwealth of Pennsylvania.

10.    Armas does not sell, ship, or distribute anything in the Commonwealth of Pennsylvania, and, as a result, derives no revenue from sales into Pennsylvania.

11.    According to the serial number provided by Plaintiff Claude Simpkins, AGA980251, Armas manufactured the revolver that is the subject of this lawsuit in São Leopoldo, Brazil, in approximately January 2024.

2

Case ID: 251002020
Control No.: 25112931

12.    According to the serial number provided by Plaintiff, Armas sold the subject revolver to Defendant Taurus International Manufacturing, Inc. ("TIMI") on January 30, 2024, and title to the subject pistol transferred in São Leopoldo, Brazil.

13.    Defendant TIMI paid for the subject revolver via draft to Armas in Brazil.

14.    Defendant TIMI imported the subject pistol from São Leopoldo, Brazil, to its facilities in Bainbridge, Georgia.

15.    Armas did not sell, ship, import, or distribute the subject pistol in the Commonwealth of Pennsylvania, or in the United States for that matter.

16.    I am informed that Plaintiff sent by certified U.S. Mail his complaint to Thomas Conger, Esq. of the law firm Conger & Smith in Bainbridge, Georgia as "Registered Agent for Taurus Armas S.A. f/k/a Forjas Taurus SA".

17.    Mr. Conger is not, and never has been, the agent of Armas and is not, and never has been, authorized to accept or receive anything for or on behalf of Armas, including mailed or personally-served legal papers.

18.    Further, neither Defendants Taurus Holdings, Inc. and TIMI themselves, nor any officer, employee, attorney, representative, or agent of those companies is authorized to accept or receive anything for or on behalf of Armas, including mailed or personally-served legal papers.

I declare under penalty of perjury under the laws of the United States of America that the foregoing declaration is true and correct to the best of my knowledge.

EXECUTED this 12th day of November, 2025.

Leonardo Brum Sesti (13 de novembro de 2025 14:02:30 GMT-3)

LEONARDO BRUM SESTI

3

SGR/81318841.1

Case ID: 251002020
Control No.: 25112931

# EXHIBIT D

Case ID: 251002020
Control No.: 25112931

**POST & SCHELL, P.C.**
By:    Daniel Altschuler
Attorney ID No. 49470
Three Logan Square
1717 Arch Street, 24th Floor
Philadelphia, PA 19103
Telephone: (215) 587-1107
Email: daltschuler@postschell.com

Attorneys for Defendants Taurus Holdings,
Inc., Taurus International Manufacturing, Inc.
and Taurus Armas S.A.

| | |
|---|---|
| CLAUDE SIMPKINS, | : COURT OF COMMON PLEAS |
| Plaintiff, | : OF PHILADELPHIA COUNTY |
| | : |
| vs. | : |
| | : NO. 251002020 |
| TAURUS HOLDINGS, INC., | : |
| TAURUS INTERNATIONAL | : **JURY TRIAL DEMANDED** |
| MANUFACTURING, INC., TAURUS | : |
| ARMAS S.A., FIRING LINE, INC. and | : |
| THE ARSENAL GUN SHOP LLC | : |
| | : |
| Defendants. | : |

## DECLARATION OF EDUARDO MINGHELLI

1.      My name is Eduardo Minghelli.  I am over 18 years of age and competent to make this Declaration, which I do on the basis of my own personal knowledge of the facts stated below, and the books and records over which I have charge.  I make and submit this Declaration in support of Defendant Taurus Armas, S.A.'s ("Armas") Preliminary Objections in the above-captioned case.  Because the bylaws of Armas require that two officers sign any document that may bind the company, this Declaration is made in conjunction with the separate Declaration of Mr. Sergio Castilho Sgrillo Filho.

2.      I am the New Business and Supply Chain Director of Armas.

3.      Armas is a *sociedade anônima* organized under the laws of Brazil, with its headquarters located at Av. São Borja, 2.181/Prédio A, São Leopoldo/Distrito Industrial, Rio

1

Case ID: 251002020
Control No.: 25112931

Grande do Sul, Brazil 93.035-411. Shares of Armas are publicly traded on the B3 stock exchange in São Paulo, Brazil.

4.    Armas has manufactured firearms in Brazil for sale under the world-famous Taurus brand since the 1940s.

5.    Armas does not have any employees, officers, directors, agents, managers, salespersons, offices, business or manufacturing facilities, inventory, assets, telephone numbers, bank accounts, or other personal property in the Commonwealth of Pennsylvania. Armas has never owned, leased, occupied, or otherwise held any interest in any real property located in the Commonwealth of Pennsylvania.

6.    Armas has never communicated, interacted, or transacted any business with Plaintiff Claude Simpkins or Defendants Firing Line, Inc. and The Arsenal Gun Shop LLC.

7.    Armas is not authorized or licensed to conduct business in the Commonwealth of Pennsylvania, and conducts no business in the Commonwealth of Pennsylvania.

8.    Armas is not required to pay any sales tax or other taxes in the Commonwealth of Pennsylvania.

9.    Armas does not advertise or solicit any business in the Commonwealth of Pennsylvania.

10.    Armas does not sell, ship, or distribute anything in the Commonwealth of Pennsylvania, and, as a result, derives no revenue from sales into Pennsylvania.

11.    According to the serial number provided by Plaintiff Claude Simpkins, AGA980251, Armas manufactured the revolver that is the subject of this lawsuit in São Leopoldo, Brazil, in approximately January 2024.

2

Case ID: 251002020
Control No.: 25112931

12. According to the serial number provided by Plaintiff, Armas sold the subject revolver to Defendant Taurus International Manufacturing, Inc. ("TIMI") on January 30, 2024, and title to the subject pistol transferred in São Leopoldo, Brazil.

13. Defendant TIMI paid for the subject revolver via draft to Armas in Brazil.

14. Defendant TIMI imported the subject pistol from São Leopoldo, Brazil, to its facilities in Bainbridge, Georgia.

15. Armas did not sell, ship, import, or distribute the subject pistol in the Commonwealth of Pennsylvania, or in the United States for that matter.

16. I am informed that Plaintiff sent by certified U.S. Mail his complaint to Thomas Conger, Esq. of the law firm Conger & Smith in Bainbridge, Georgia as "Registered Agent for Taurus Armas S.A. f/k/a Forjas Taurus SA".

17. Mr. Conger is not, and never has been, the agent of Armas and is not, and never has been, authorized to accept or receive anything for or on behalf of Armas, including mailed or personally-served legal papers.

18. Further, neither Defendants Taurus Holdings, Inc. and TIMI themselves, nor any officer, employee, attorney, representative, or agent of those companies is authorized to accept or receive anything for or on behalf of Armas, including mailed or personally-served legal papers.

I declare under penalty of perjury under the laws of the United States of America that the foregoing declaration is true and correct to the best of my knowledge.

EXECUTED this 12th day of november, 2025.

_____
Eduardo Minghelli (12 de novembro de 2025 18:10:16 GMT-3)
EDUARDO MINGHELLI

3

SGR/81318841.1

Case ID: 251002020
Control No.: 25112931

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

*Filed and Attested by the
Office of Judicial Records
20 NOV 2025 02:16 pm
A. STAMATO*

|  |  |  |
|---|---|---|
| CLAUDE SIMPKINS, | : | |
| *Plaintiff* | : | |
| | : | |
| v. | : | OCTOBER TERM, 2025 |
| | : | No.    02020 |
| TAURUS HOLDINGS, INC, TAURUS | : | |
| INTERNATIONAL MANUFACTURING, | : | |
| INC., TAURUS ARMAS SA, ARSENAL | : | |
| GUN SHOP, LLC, and FIRING LINE, INC, | : | |
| *Defendants* | : | |
| | : | |

## ORDER

AND NOW, this        day of                  , 2025, upon consideration of the

preliminary objections of Defendant Firing Line, Inc., to Plaintiff's Complaint, and any

response(s) thereto, it is hereby ORDERED and DECREED that said Objections are

SUSTAINED. Paragraph 104(l) is hereby STRICKEN as insufficiently specific, as is the term

"but was not limited to" in paragraph 104.

BY THE COURT:

_____
, J.

Case ID: 251002020
Control No.: 25114393

**NOTICE TO PLEAD**

To:    Plaintiff

You are hereby notified to file a written response to the enclosed Preliminary Objections within twenty (20) days from service hereof or a judgment may be entered against you.

By:  _____

    Richard F. Ostriak, Esq.

    *Attorney for Moving Defendant*

**MARGOLIS EDELSTEIN**                  Counsel for Defendant,
BY:    Richard F. Ostriak, Esq.              *Firing Line, Inc.*
PA Bar ID No. 83824
The Curtis Center
170 S. Independence Mall W.
Suite 400E
Philadelphia, PA 19106
(215) 931-5812
*rostriak@margolisedelstein.com*             *File #48750.0-00005*

| | | |
|---|---|---|
| CLAUDE SIMPKINS, | : | PHILADELPHIA COURT OF |
| *Plaintiff* | : | COMMON PLEAS |
| | : | |
| v. | : | OCTOBER TERM, 2025 |
| | : | No.   02020 |
| TAURUS HOLDINGS, INC, TAURUS | : | |
| INTERNATIONAL MANUFACTURING, | : | |
| INC., TAURUS ARMAS SA, ARSENAL | : | |
| GUN SHOP, LLC, and FIRING LINE, INC, | : | |
| *Defendants* | : | |
| | : | |

### PRELIMINARY OBJECTIONS OF DEFENDANT FIRING LINE, INC
### TO PLAINTIFF'S COMPLAINT

Defendant, Firing Line, Inc., by and through its attorneys, Margolis Edelstein, hereby

preliminarily object to Plaintiff's Complaint, and in support thereof avers the following:

1.      Plaintiff initiated this matter by complaint on October 17, 2025 (a true and correct

copy of Plaintiff's complaint is attached hereto as Exhibit "A").

2.      Plaintiff's Complaint, at Count VII directs allegations of negligence to the

Movant (Exhibit "A", *at* Pg. 21, Count VII, ¶¶102-107).

Case ID: 251002020
Control No.: 25114393

3.      At paragraph 104, Plaintiff attempts to set forth a basis for his claims of negligence in several numbered sub-paragraphs ranging from (a) to (l), and alleged that the movant's negligence "consisted of, but was not limited to, one of the following . . ." (Exhibit "A", *at* ¶104).

4.      Further, at sub-paragraph 104(l), Plaintiff charges Movant with "other negligent acts and omissions to be developed in the course of discovery" (Exhibit "A", *at* ¶104(l)).

5.      Pennsylvania Rule of Civil Procedure 1028(a)(3) permits the filing of Preliminary Objections to a Complaint for insufficient specificity.

6.      Under Pennsylvania Rule of Civil Procedure 1019(a), which is incorporated herein by reference, "the material facts on which a cause of action is based shall be stated in a concise and summary form."

7.      The law in Pennsylvania provides that allegations contained in a complaint must be supported by specific facts; that is, Pennsylvania is a fact-pleading jurisdiction. *Servin v Kelshaw*, 611 A.2d 1232 (Pa.Super. 1992).

8.      A complaint "must not only give the party notice of what the . . . claim is and the grounds upon which it rests, but it must also formulate the issues by summarizing those facts essential to support the claim." *Alpha Tau Omega Fraternity v. University of Pennsylvania*, 464 A.2d 1349, 1352 (Pa.Super. 1983).

9.      Plaintiff's Complaint is insufficiently specific at paragraphs 104 and 104(l), where Plaintiffs incorporate non-specific, boilerplate allegations of negligence (Exhibit "A"); *Connor v. Allegheny General Hospital*, 461 A.2d 600 (Pa. 1983).

10.     Plaintiff's assertions, at paragraphs 104 and 104(l), that Movant's negligence "consisted of, but was not limited to, one of the following . . .", including  "other negligent acts

and omissions to be developed in the course of discovery" is an impermissibly vague and nonspecific boilerplate allegation which should be stricken as a matter of law. _Connor_, 461 A.2d 600 (Pa. 1983).

WHEREFORE, Moving Defendant respectfully moves the Court to GRANT and SUSTAIN these preliminary objections, and enter the Order attached hereto.

**MARGOLIS EDELSTEIN**

BY: _____

RICHARD F. OSTRIAK, ESQ.
The Curtis Center
170 S. Independence Mall W.
Suite 400E
Philadelphia, PA 19106
(215) 931-5812
_rostriak@margolisedelstein.com_

Case ID: 251002020
Control No.: 25114393

**MARGOLIS EDELSTEIN**                    Counsel for Defendant,
BY:    Richard F. Ostriak, Esq.            *Firing Line, Inc.*
PA Bar ID No. 83824
The Curtis Center
170 S. Independence Mall W.
Suite 400E
Philadelphia, PA 19106
(215) 931-5812
*rostriak@margolisedelstein.com*          *File #48750.0-00005*

---

| | | |
|---|---|---|
| CLAUDE SIMPKINS, | : | PHILADELPHIA COURT OF |
| *Plaintiff* | : | COMMON PLEAS |
| | : | |
| v. | : | OCTOBER TERM, 2025 |
| | : | No.    02020 |
| TAURUS HOLDINGS, INC, TAURUS | : | |
| INTERNATIONAL MANUFACTURING, | : | |
| INC., TAURUS ARMAS SA, ARSENAL | : | |
| GUN SHOP, LLC, and FIRING LINE, INC, | : | |
| *Defendants* | : | |
| | : | |

---

### MEMORANDUM OF LAW IN SUPPORT OF PRELIMINARY OBJECTIONS OF DEFENDANT FIRING LINE, INC., TO PLAINTIFF'S COMPLAINT

I.    HISTORY

Plaintiff instituted this action against the Defendants by the filing of a Complaint. These

objections followed.

II.    MATTER BEFORE THE COURT

The preliminary objections of Defendant, Firing Line, Inc., to Plaintiff's Complaint for

insufficient specificity.

III.    QUESTIONS PRESENTED

1. Is Plaintiff's Complaint insufficiently specific where it incorporates the phrase that that Movant's negligence "consisted of, but was not limited to, one of the following . . ." at paragraph 104 such that same must be stricken?

   SUGGESTED ANSWER:        Yes.

2. Is Plaintiff's Complaint insufficiently specific where it incorporates the phrase "other

Case ID: 251002020
Control No.: 25114393

negligent acts and omissions to be developed in the course of discovery" such that same must be stricken?

SUGGESTED ANSWER:        Yes.

IV.      ARGUMENT

Preliminary Objections are governed by Pennsylvania Rule of Civil Procedure 1028, which provides, in pertinent part, that:

> (a) Preliminary objections may be filed by any party to any pleading and are limited to the following grounds:
>
> *********
>
> (3) insufficient specificity in a pleading ...

Pa.R.Civ.P.  1028(a)(1),  (a)(3).

Pennsylvania is a fact pleading state. _Miketic v. Baron_, 675 A.2d 324 (Pa.Super. 1996); _Alpha Tau Omega Fraternity v. University of Pennsylvania_, 464 A.2d 1349 (Pa.Super. 1983); _Smith v. Brown_, 423 A.2d 743 (Pa.Super. 1980). "Under the Pennsylvania system of fact pleading, the pleader must define the issues; every act or performance essential to that end must be set forth in the complaint." _Santiago v. Pennsylvania Nat. Mut. Cas. Ins. Co._, 613 A.2d 1235, 1238 (Pa.Super. 1992). The degree of specificity required in a complaint to maintain a cause of action is governed by Pennsylvania Rule of Civil Procedure, Rule 1019, which states, in pertinent part:

> Contents of Pleadings. General and Specific Averments.
>
> (a) The material facts upon which a cause of action or defense is based shall be stated in a concise and summary form.
>
> ******************
>
> (f) Averments of time, place and items of special damage shall be specifically stated.

Case ID: 251002020
Control No.: 25114393

Pa.R.Civ.P. 1019. Rule 1019(a) has been interpreted to mean that the complaint must not only apprise the defendant of an asserted claim, but it must also provide a synopsis of the essential facts to support the claim. *Krajsa v. Keypunch, Inc.*, 622 A.2d 355, 357 (Pa.Super. 1993). *See Pennsylvania Public Utility Com. v. Zanella Transit, Inc.*, 53 Pa.Commw. 359 (1980) (general conclusions of law violate the requirement of Rule 1019(a) mandating the pleading of material facts); *Servin v. Kelshaw*, 611 A.2d 1232 (Pa. Super. 1992); *Alpha Tau Omega Fraternity*, *supra* (a complaint "must not only give the party notice of what the... claim is and the grounds upon which it rests, but it must also formulate the issues by summarizing those facts essential to support the claim"). The Rule of specificity is satisfied if the allegations in the pleadings (1) contain averments of all facts plaintiff will eventually have to prove in order to recover, and (2) they are sufficiently specific so as to enable the parties served to prepare a defense thereto. *Commonwealth of Pennsylvania Department of Transportation v. Shipley Humble Oil Company*, 370 A.2d 438 (Pa. Commwlth. 1977).

Plaintiff's incorporation of the generalized, non-specific phrase "consisted of, but was not limited to", and the overbroad allegation that Defendants were negligent for "other negligent acts and omissions to be developed in the course of discovery", are so overly broad, vague and ambiguous that they must be stricken. These phrases contain only the broadest of legal allegations and offer none of the specific factual items required under the Rules so that the Defendants can prepare an adequate defense thereto. These portions of the Complaint fail to satisfy the fact pleading requirements of Rule 1019(a).

Should these phrases be permitted to stand as is, the Defendant will be subject to endless liability under the present pleading, such as occurred in *Connor v. Allegheny General Hospital*, 461 A.2d 600 (Pa. 1983). In *Connor*, a plaintiff alleged medical malpractice for, among other

Case ID: 251002020
Control No.: 25114393

things, "[o]therwise failing to use due care and caution under the circumstances." Late into the

litigation, after it was discovered that plaintiff was unable to prove medical malpractice under the

originally pleaded set of facts, she attempted to amend her complaint. The trial court denied her

Motion to Amend on the grounds that she brought forth a new cause of action which was time

barred by the statute of limitations. The Superior Court affirmed on the same grounds. The

Supreme Court of Pennsylvania, however granted allocatur and reversed, holding that the

proposed amendment to the Plaintiff's complaint was not time barred by the statute of limitations

since the amendment did not change the original cause of action, but merely specified other ways

in which the hospital was negligent. The Supreme Court found that this amendment would not

result in any prejudice of the defendant and further explained:

> If the appellee did not know how it otherwise failed to use
> due care and caution under the circumstances, it could have
> filed preliminary objections in the nature of the request for
> a more specific pleading or it could have moved to strike
> that portion of the Plaintiff's complaint.

Id. *at* 502-3.

If Plaintiff's objectionable language in the Complaint is left undisturbed, the Movant will

be subject to endless liability for unspecified or unidentified damages as in *Connor* and will be

left to prepare defenses to any number of possible theories which may be covered by the

language of these overly broad and general allegations. Defendants should not be forced to

defend against a myriad of theories of liability which are not properly pleaded or supported by

facts contained in the Complaint.

Case ID: 251002020
Control No.: 25114393

WHEREFORE, Defendant Firing Line, Inc., respectfully moves this Court to grant and

sustain these Preliminary Objections, and enter the Order attached hereto

**MARGOLIS EDELSTEIN**

BY: _____

RICHARD F. OSTRIAK, ESQ.
The Curtis Center
170 S. Independence Mall W.
Suite 400E
Philadelphia, PA 19106
(215) 931-5812
rostriak@margolisedelstein.com

**MARGOLIS EDELSTEIN**
BY:   Richard F. Ostriak, Esq.
PA Bar ID No. 83824
The Curtis Center
170 S. Independence Mall W.
Suite 400E
Philadelphia, PA 19106
(215) 931-5812
*rostriak@margolisedelstein.com*

Counsel for Defendant,
*Firing Line, Inc.*

*File #48750.0-00005*

| | | |
|---|---|---|
| CLAUDE SIMPKINS, | : | PHILADELPHIA COURT OF |
| Plaintiff | : | COMMON PLEAS |
| | : | |
| v. | : | OCTOBER TERM, 2025 |
| | : | No.    02020 |
| TAURUS HOLDINGS, INC, TAURUS | : | |
| INTERNATIONAL MANUFACTURING, | : | |
| INC., TAURUS ARMAS SA, ARSENAL | : | |
| GUN SHOP, LLC, and FIRING LINE, INC, | : | |
| Defendants | : | |
| | : | |

AFFIDAVIT OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing

Preliminary Objections will be served upon all parties to this action by electronic filing with the

Court. The undersigned does further certify that there are no unrepresented parties hereto.

**MARGOLIS EDELSTEIN**

BY: _____
RICHARD F. OSTRIAK, ESQ.
The Curtis Center
170 S. Independence Mall W.
Suite 400E
Philadelphia, PA 19106
(215) 931-5812
*rostriak@margolisedelstein.com*

# Exhibit
# A

Case ID: 251002020
Control No.: 25114393

# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet

PHILADELPHIA _____ County

| For Prothonotary Use Only: |
|---|
| Docket No: |

*Filed and Attested by the Office of Judicial Records 17 OCT 2025 01:59 pm B. BALILOWTS*

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

## SECTION A

**Commencement of Action**:
- [X] Complaint
- [ ] Writ of Summons
- [ ] Petition
- [ ] Transfer from Another Jurisdiction
- [ ] Declaration of Taking

Lead Plaintiff's Name:
CLAUDE SIMPKINS

Lead Defendant's Name:
TAURUS HOLDINGS, INC., ET AL.

**Are money damages requested?** [X] Yes  [ ] No

Dollar Amount Requested: (check one)
- [ ] within arbitration limits
- [X] outside arbitration limits

**Is this a *Class Action Suit*?** [ ] Yes  [X] No

**Is this an *MDJ Appeal*?** [ ] Yes  [X] No

Name of Plaintiff/Appellant's Attorney: MICHAEL V. TINARI, ESQUIRE

[ ] **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

## SECTION B

**Nature of the Case**: Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** (*do not include Mass Tort*)
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [ ] Premises Liability
- [X] Product Liability (*does not include mass tort*)
- [ ] Slander/Libel/ Defamation
- [ ] Other: _____

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other: _____

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional: _____

**CONTRACT** (*do not include Judgments*)
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other _____
- [ ] Employment Dispute: Discrimination
- [ ] Employment Dispute: Other _____
- [ ] Other: _____

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other: _____

**CIVIL APPEALS**
Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other _____
- [ ] Zoning Board
- [ ] Other: _____

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [ ] Other: _____

Case ID: 251002020
Updated 1/1/2011
Control No.: 25114393

# NOTICE

**Pennsylvania Rule of Civil Procedure 205.5. (Cover Sheet) provides, in part:**

**Rule 205.5.    Cover Sheet**

(a)(1)   This rule shall apply to all actions governed by the rules of civil procedure except the following:

(i)      actions pursuant to the Protection from Abuse Act, Rules 1901 et seq.

(ii)     actions for support, Rules 1910.1 et seq.

(iii)    actions for custody, partial custody and visitation of minor children, Rules 1915.1 et seq.

(iv)     actions for divorce or annulment of marriage, Rules 1920.1 et seq.

(v)      actions in domestic relations generally, including paternity actions, Rules 1930.1 et seq.

(vi)     voluntary mediation in custody actions, Rules 1940.1 et seq.

(2)      At the commencement of any action, the party initiating the action shall complete the cover sheet set forth in subdivision (e) and file it with the prothonotary.

(b)      The prothonotary shall not accept a filing commencing an action without a completed cover sheet.

(c)      The prothonotary shall assist a party appearing pro se in the completion of the form.

(d)      A judicial district which has implemented an electronic filing system pursuant to Rule 205.4 and has promulgated those procedures pursuant to Rule 239.9 shall be exempt from the provisions of this rule.

(e)      The Court Administrator of Pennsylvania, in conjunction with the Civil Procedural Rules Committee, shall design and publish the cover sheet.  The latest version of the form shall be published on the website of the Administrative Office of Pennsylvania Courts at www.pacourts.us.

Case ID: 251002020
Control No.: 25114393

**LEONARD TINARI, LLP**
By:    Michael V. Tinari, Esquire
Attorney I.D. No. 51853                                      Attorneys for Plaintiff
171 W. Lancaster Avenue, 2nd Floor
Paoli, PA 19301
Telephone: (484) 328-8147
Email: mtinari@lt-lawyer.com

### IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA
### CIVIL ACTION – LAW

|  |  |
|---|---|
| **CLAUDE SIMPKINS** : | NO. |
| 31 West Allegheny Ave, Apt 244 : | |
| Philadelphia, PA 19132 : | |
| : | **JURY TRIAL DEMANDED** |
| Plaintiff : | |
| : | |
| vs. : | |
| : | |
| **TAURUS HOLDINGS, INC** : | |
| **d/b/a TAURUS USA** : | |
| 100 Taurus Way : | |
| Bainbridge, Georgia 39817 : | |
| **&** : | |
| **TAURUS INTERNATIONAL** : | |
| **MANUFACTURING, INC** : | |
| 100 Taurus Way : | |
| Bainbridge, Georgia 39817 : | |
| **&** : | |
| **TAURUS ARMAS S.A.** : | |
| **f/k/a FORJAS TAURUS S.A.** : | |
| 100 Taurus Way : | |
| Bainbridge, Georgia 39817 : | |
| And : | |
| Av. São Borja, 2181 : | |
| São Leopoldo, 93035-411, Brazil : | |
| **&** : | |
| **FIRING LINE, INC.** : | |
| 1532 S. Front Street : | |
| Philadelphia, PA 19147 : | |
| **&** : | |

1

Case ID: 251002020
Control No.: 25114393

**THE ARSENAL GUN SHOP LLC**        :
1924 Cooper Street        :
Deptford, NJ 08096        :
     **&**        :
**JOHN DOE PERSONS AND ENTITIES**      :      CIVIL ACTION
      Defendants        :
       :
_____ :

## COMPLAINT – CIVIL ACTION
## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objection to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su personá. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades o otros derechos importantes para usted. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. | LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. |
| Philadelphia Bar Association Lawyer Referral and Information Service One Reading Center Philadelphia, Pennsylvania 19107 Telephone (215) 238-1701 | Asociacion De Licenciados De Filadelfia Servicio De Referencia E Informacion Legal One Reading Center Filadelfia, Pennsylvania 19107 Telefono: (215)238-1701 |

2

Case ID: 251002020
Control No.: 25114393

**LEONARD TINARI, LLP**
By:     Michael V. Tinari, Esquire
Attorney I.D. No. 51853
171 W. Lancaster Avenue, 2nd Floor
Paoli, PA 19301
Telephone: (484) 328-8147
Email: mtinari@lt-lawyer.com

Attorneys for Plaintiff

### IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA
### CIVIL ACTION – LAW

| | | |
|---|---|---|
| **CLAUDE SIMPKINS** | : | NO. |
| 31 West Allegheny Ave, Apt 244 | : | |
| Philadelphia, PA 19132 | : | |
| | : | **JURY TRIAL DEMANDED** |
| Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| **TAURUS HOLDINGS, INC** | : | |
| **d/b/a TAURUS USA** | : | |
| 100 Taurus Way | : | |
| Bainbridge, Georgia 39817 | : | |
| **&** | : | |
| **TAURUS INTERNATIONAL** | : | |
| **MANUFACTURING, INC** | : | |
| 100 Taurus Way | : | |
| Bainbridge, Georgia 39817 | : | |
| **&** | : | |
| **TAURUS ARMAS S.A.** | : | |
| **f/k/a FORJAS TAURUS S.A.** | : | |
| 100 Taurus Way | : | |
| Bainbridge, Georgia 39817 | : | |
| And | : | |
| Av. São Borja, 2181 | : | |
| São Leopoldo, 93035-411, Brazil | : | |
| **&** | : | |
| **FIRING LINE, INC.** | : | |
| 1532 S. Front Street | : | |
| Philadelphia, PA 19147 | : | |
| **&** | : | |
| **THE ARSENAL GUN SHOP LLC** | : | |
| 1924 Cooper Street | : | |
| Deptford, NJ 08096 | : | |
| **&** | : | |

<span style="color:red">Case ID: 251002020
Control No.: 25114393</span>

**JOHN DOE PERSONS AND ENTITIES**    :      CIVIL ACTION
          Defendants          :
_____  :

## COMPLAINT

Plaintiff, Claude Simpkins, by and through his attorney, Michal V. Tinari, Esquire, of Leonard Tinari LLP, respectfully represents and avers as follows:

## PARTIES

1. Plaintiff, Claude Simpkins, is an adult individual who at the time of the injury averred herein resided at 1832 Callowhill Street, Apartment C, City of Philadelphia, and Commonwealth of Pennsylvania, and at the time of the filing of this civil action resides at 31 West Allegheny Ave, Apt 244, City of Philadelphia, and Commonwealth of Pennsylvania.

2. Defendant, Taurus Holdings, Inc., d/b/a Taurus USA (individually referred to herein as "Taurus Holdings") is a Georgia corporation with its principal place of business located at 100 Taurus Way, Bainbridge, Georgia 39817. Defendant Taurus Holdings is, individually or jointly with one or more of the other Taurus Defendants, in the business of designing, manufacturing, assembling, distributing, importing, selling, marketing for sale, and advertising firearms.

3. Defendant, Taurus International Manufacturing, Inc., (individually referred to herein as "Taurus International") is a Georgia corporation with its principal place of business located at 100 Taurus Way, Bainbridge, Georgia 39817. Defendant Taurus International is, individually or jointly with one or more of the other Taurus Defendants, in the business of designing, manufacturing, assembling, distributing, importing, selling, marketing for sale, and advertising firearms.

4. Defendant, Taurus Armas S.A. f/k/a Forjas Taurus S.A. (individually referred to herein as "Taurus Armas") is a Brazilian company with its principal place of business located at Av. São Borja, 2181. São Leopoldo, 93035-411 Brazil and, upon information and belief, with

1

Case ID: 251002020
Control No.: 25114393

corporate offices at 100 Taurus Way, Bainbridge Georgia 39817. Defendant Taurus Armas is, individually or jointly with one or more of the other Taurus Defendants, in the business of designing, manufacturing, distributing, importing, exporting, selling, and marketing and otherwise advertising firearms.

5. Defendants Taurus Holdings, Taurus International, and Taurus Armas will be herein referred to collectively as the "Taurus Defendants."

6. Defendant, Firing Line, Inc., ("Firing Line") is a Pennsylvania corporation and licensed gun broker and dealer by the Bureau of Alcohol, Tobacco, Firearms and Explosives (referred to herein as the "ATF") with a Federal Firearms license. Its principal place of business is located at 1532 S. Front Street, Philadelphia, PA 19147.

7. Defendant, The Arsenal Gun Shop LLC, ("Arsenal") is a New Jersey limited liability company and licensed gun broker and dealer by the ATF with a Federal Firearms License. Its principal place of business is located at 1924 Cooper Street, Deptford, NJ 08096.

8. The Taurus Defendants, Firing Line, Arsenal and Defendants John Doe Persons and Entities (which John Doe Defendants are presently unknown to Plaintiff after a reasonable search with due diligence and as may hereafter be identified) are collectively referred to herein as the "Defendants".

9. Defendants John Doe Persons and Entities are fictitious individuals or entities who, along with known Defendants identified by name herein, are jointly and severally responsible and liable for the actions and omissions of the Defendants as described and averred more fully throughout Plaintiff's Complaint. The John Doe Persons and Entities will be herein referred to collectively as the "John Doe Defendants."

Case ID: 251002020
Control No.: 25114393

## JURISDICTION AND VENUE

10.     This Court has personal jurisdiction over the Taurus Defendants pursuant to the Pennsylvania Long-Arm Statute (42 Pa.C.S. §5322). Specifically, the Taurus Defendants, directly and by through their employees and agents, have engaged in systemic and ongoing business transactions in the Commonwealth of Pennsylvania, and have had continuous and substantial business connections in the Commonwealth of Pennsylvania at all times relevant to Plaintiff's averments and claims in this Complaint. The Taurus Defendants have chosen to manufacture, assemble, distribute, sell, import, export, market for sale, and advertise multiple types and brands of firearms, including the revolver that is the subject of this Complaint, throughout the United States, including the Commonwealth of Pennsylvania

11.     This Court has specific personal jurisdiction over the Taurus Defendants, because they have, directly and by and through their employees and agents:

(a)      operated, conducted, engaged in, or carried out a business venture in the United States, more specifically the State of Georgia ,designing. manufacturing, and assembling firearms under the "Taurus" and/or "Taurus USA" (and other) brand names, with the Taurus and Taurus USA brands of firearms being collectively referred to herein as "Taurus"), importing Taurus firearms under the "Taurus" brand name from Brazil into the State of Georgia, distributing Taurus firearms throughout the United States, including within the Commonwealth of Pennsylvania, under the "Taurus" brand name, and receiving revenues from such importation and distribution of the firearms under the "Taurus" brand name, such that specific personal jurisdiction arises under 42 Pa.C.S. §5322(a)(1)(i)(ii)(iii) & (iv);

3

Case ID: 251002020
Control No.: 25114393

(b)     committed various tortious acts and caused harm within the Commonwealth of Pennsylvania, including but not limited to the Plaintiff, by designing, manufacturing, advertising and otherwise marketing for sale, distributing, and selling a defective Model 605 .357 caliber revolver, Serial Number AGA9801 (hereinafter "Taurus Model 605" or 'Revolver") such that specific jurisdiction arises under 42 Pa.C.S. §5322(a)(3) and (4);

(c)     caused injury to Plaintiff, a resident of the Commonwealth of Pennsylvania arising out of an act or omission by it outside of the Commonwealth of Pennsylvania while products, materials, or things processed, serviced, manufactured, or assembled by them in Brazil and elsewhere were used or consumed within the Commonwealth of Pennsylvania in the ordinary course of commerce, trade, or use that has caused injuries to Plaintiff arising out of the design, manufacture, assembling, distribution, and marketing of the Taurus Model 605 revolver outside of the Commonwealth of Pennsylvania while the revolver processed, serviced, manufactured, or assemble by Taurus Armas or other Taurus Defendant were used or consumed in the Commonwealth of Pennsylvania in the ordinary course of commerce, trade or use, such that specific personal jurisdiction arises under 42 Pa.C.S. §5322.

12.     This Court has general personal jurisdiction over the Taurus Defendants because, as averred more fully herein, they have engaged in substantial and not isolated activity within the United States and the Commonwealth of Pennsylvania, including but not limited to the continuous, ongoing, extensive importation of thousands of firearms into the United States and the Commonwealth of Pennsylvania from Brazil under the "Taurus" brand name(s) and distributing the revolvers and other firearms throughout the United States under the "Taurus" brand name(s), such that general personal jurisdiction arises under 42 Pa.C.S. §5322(a)(1)-(iv) and (2).

4

Case ID: 251002020
Control No.: 25114393

13.    This Court has personal jurisdiction over Defendant  Arsenal because it has committed various tortious acts which have caused harm within the Commonwealth of Pennsylvania, including but not limited injury and damages to Plaintiff, by the advertising, selling and distribution of the defective Taurus Model 605 revolver, such that specific jurisdiction arises under 42 Pa.C.S. §5322(a)(4);

14.    Jurisdiction is proper against Defendant Firing Line because Firing Line is a business entity with its principal place of business in Philadelphia, Pennsylvania.

15.    Venue is proper in Philadelphia County because, pursuant to Pa.R.C.P. 1006(a)(3), a transaction or occurrence took place out of which the cause of action arose in Philadelphia County.

## FACTS

16.    Plaintiff incorporates the foregoing averments as if same were stated below again at length.

17.    Defendants Taurus Holdings and Taurus International are subsidiaries of Defendant Taurus Armas.

18.    Defendant Taurus Armas is the global parent company of Taurus Holdings, Taurus International and Taurus USA and one of the largest small firearms manufacturers in the world. It produces, distributes and sells  firearms  and other industrial products throughout the world, including the Commonwealth of Pennsylvania and manufactures distributes and sells revolvers under the brand name "Taurus" and distributes revolvers and other firearms throughout the United States and the Commonwealth of Pennsylvania under the "Taurus" brand name through co-Defendants, Taurus International and Taurus Holdings.

5

Case ID: 251002020
Control No.: 25114393

19.      Defendant Taurus Holdings is a holding company formed and owned by Taurus Armas and  the parent company of co-Defendant Taurus International, and they are both in the business of designing, manufacturing, selling, distributing, and marketing for sale firearms, including the Taurus Model 605 revolver, throughout the United States and the Commonwealth of Pennsylvania. In addition, the Taurus Defendants designed, manufactured, assembled, marketed, imported, and distributed revolvers and other firearms, including the Taurus Model 605 revolver at issue in this action, in the Commonwealth of Pennsylvania and elsewhere.

20. Taurus USA is a division of Taurus Holdings and is the importer and distributor of Taurus firearms in the United States, including the Commonwealth of Pennsylvania. It ensures compliance with United States regulations and manages marketing and sales.

21.      In addition, the Taurus Defendants manufacture, assemble, market, import, sell, and distribute revolvers and other firearms, including the subject Taurus Model 605 revolver, in the Commonwealth of Pennsylvania and elsewhere within the United States.

22.      Forty manufacturers dominated the firearms market in the United States in 2023, controlling over 92% of the total domestic output. Of those manufacturers, Taurus Defendants were the tenth largest manufacturer of firearms in terms of sales in 2022 as reported by the ATF.

23.      The subject defective Taurus Model 605 revolver was designed, manufactured, assembled, marketed for sale, distributed, and sold under the Taurus brand. Photos of the subject Taurus Model 605 revolver and packaging are attached as Exhibit A.

24.      The Taurus Model 605 revolver is a compact double action revolver designed for individuals to carry concealed.

Case ID: 251002020
Control No.: 25114393

25.    Upon information and belief, the Taurus Model 605 revolver is manufactured or assembled (or both) by Taurus Armas and Taurus Holdings and/or Taurus International Manufacturing at the Taurus Defendants' facility located in Georgia.

26.    Upon information and belief, the Taurus Model 605 revolver was manufactured by Taurus Armas in Brazil and Taurus Holdings and/or Taurus International in Georgia but was eventually remanufactured by Taurus International and/or Taurus Holdings in Georgia.

27.    The Taurus Defendants' corporate structures and operations are so intertwined from an organizational standpoint and contractually for each other's responsibilities and liabilities that they are essentially acting under and within one business enterprise with regard to the averments in this Complaint.

28.    This structure allows Taurus Armas to maintain a strong presence in the United States market while leveraging local manufacturing, distribution and service capabilities through its subsidiaries subject to its corporate governance.

29.    The Taurus Defendants design, manufacture, and assemble nearly every part of the revolvers sold under the Taurus brands, including the cylinders, frames, barrels, forcing cones and mechanisms by which the cylinder is attached to the frame.

30.    The Taurus Defendants have designed, manufactured, and distributed various revolvers, including the Taurus Model 605 revolver that is the subject of this action, with defects. These defects include but are not limited to a defect in which the cylinder, forcing cone and barrel are dangerously and defectively misaligned, which causes the bullet to scrape against the barrel upon firing, shaving off pieces of the bullet and creating a blowback of dangerous shrapnel which can seriously injure, maim, or kill an individual operating the firearm or bystanders.

7

Case ID: 251002020
Control No.: 25114393

31. The Taurus Defendants have knowingly manufactured, marketed and sold thousands of defective misaligned revolvers to consumers throughout the United States, including to the Plaintiff.

32. Despite knowing about the alignment defect in Taurus 605 model revolvers for years, the Taurus Defendants consciously and intentionally have failed to warn consumers or voluntarily recall them, including the Plaintiff who was seriously injured by shrapnel ejected from a defective Taurus 605 revolver.

33. The Taurus Defendants have been alerted to this defect by other consumers in the past, offering replacements for misaligned revolvers under the company's warranty when the defect occurs in lieu of actually correcting the design and manufacture processes to eliminate the known defect.

34. The Taurus Defendants ignored the indisputable evidence of the same defect in the Taurus 605 revolver firearm that has injured Plaintiff and which had been known to occur dating back to at least 2012. Several videos available on the Internet demonstrate this defect, up to and including injuring the videographer. Screenshots of the videos and community forums demonstrating the revolver's defect are attached hereto as Exhibit "B."

35. Instead of recalling the Taurus Model 605 revolver from the market or stopping sales of this make of revolver until the defect can be eliminated, the Taurus Defendants have continued to sell the revolver to uninformed end users and as such chose sales and profits over safety

36. Additionally, Taurus International and Taurus Holdings continue to receive Taurus Model 605 revolvers that are manufactured by Taurus Armas in Brazil and imported to the United States for distribution despite notice of such defect as has injured Plaintiff.

8

37.     The Taurus Defendants regularly engage in the business of distributing Taurus Model 605 make revolvers and other firearms to federally licensed sellers of firearms across the United States including such licensed dealers located in the Commonwealth of Pennsylvania and the State of New Jersey.

38.     Defendant Firing Line regularly engages in the business of offering for sale and selling Taurus Model 605 revolvers and other firearms to end-users in the Commonwealth of Pennsylvania. Defendant Firing Line additionally represents its staff as particularly knowledgeable about the firearms sold to customers. See Firing Line website representations attached as Exhibit "C."

39.     Defendant Arsenal regularly engages in the business of advertising, offering for sale, selling, distributing, and marketing Taurus Model 605 revolvers and other firearms to end-users via its extensive website and other adverting material throughout the United States, including within the Commonwealth of Pennsylvania. As such, Arsenal uses and regularly conducts business with Firing Line in the distribution, sale and registration and ownership of firearms, including the sale of revolvers to end-users in the Commonwealth of Pennsylvania. Defendant Arsenal additionally represents itself as a provider of the "highest quality" firearms. See Arsenal website representations attached as Exhibit "D."

40.     On or about August 10, 2024, Plaintiff Claude Simpkins purchased a new, never-used Taurus Model 605 Revolver from Defendants Arsenal and Firing Line.

41.     Plaintiff's status as a Pennsylvania resident necessitated the transfer of title to the Taurus 605 revolver at issue in this action and which injured Plaintiff from Arsenal to Firing Line before ownership passed to Plaintiff.

9

Case ID: 251002020
Control No.: 25114393

42.    Firing Line sold, distributed and transferred ownership of the Taurus 605 revolver to Plaintiff, Claude Simpkins. Copies of the Transfer paperwork referencing the sale to Plaintiff is attached as Exhibit "E".

43.    On or about January 30, 2025, at approximately 2:30pm, Plaintiff Claude Simpkins took his Taurus Model 605 Revolver to Range 609, a firing range in Middle Township, New Jersey to use the revolver for the first time since he purchased the gun.

44.    Plaitiff then proceeded to fire the .357 Magnum rounds from the revolver. After firing the second round from the Taurus 605 revolver, the Plaintiff felt a hot stabbing feeling pain on the left side of his face. He placed the revolver down and touched the left side of his face – discovering that his face was bleeding profusely. In essence, firing the Taurus 605 revolver resulted in him being shot in the face by the gun.

45.    Plaintiff immediately retrieved gauze from a nearby first aid kit to stop the bleeding and unloaded the remaining bullets from his revolver.

46.    The owner of the gun range spoke with Plaintiff and strongly advised him to immediately go to the emergency room of a hospital.

47.    Until the point where the Plaintiff sought to use the revolver at the firing range on January 30, the Taurus 605 revolver had not been used or altered in any way.

48.    The Plaintiff, being a retired law enforcement officer, military veteran and experienced firearm user, had at no point prior to shooting the gun at said gun range taken any action which might have manipulated or altered the alignment of the revolver's cylinder.

49.    Plaintiff left the gun range and went immediately to Cooper Cape Regional Emergency Room ("Cooper") to obtain treatment.

10

50. A CT scan performed by physicians at Cooper revealed that a "metallic foreign body measuring 4.5x4mm" had entered the left side of his face.

51. After obtaining the results from the CT scan at Cooper, the Plaintiff made an appointment at Thomas Jefferson University Health seeking further diagnosis and treatment and was seen there by Dr. Khashayar Arianpour on February 5, 2025.

52. Upon observing the Plaintiff's injuries and the results of the CT scan, Dr. Arianpour diagnosed the injuries to Plaintiff as being "consistent with a patient who presents with left malar foreign body secondary to back firing of shrapnel from the 357 magnum on January 30, 2025." A true and correct copy of the 2/5/2025 medical report from Dr. Arianpour is attached hereto as Exhibit "F."

53. The CT scan revealed that the shrapnel was lodged so deeply in the Plaintiff's face that removal required urgent surgical intervention.

54. The surgeon who performed the operation, Dr. Howard Krein, at Thomas Jefferson University Health, informed Plaintiff that because the shrapnel was embedded so deeply in his face and struck vital nerves, he would need to undergo anesthesia for the surgery.

55. Since the surgery, Plaintiff has been routinely following up with Dr. Krein to help with his recovery and deal with his ongoing medical issues directly resulting from the injuries he suffered when he fired the Taurus 605 revolver at the gun range.

56. In addition to intense ongoing pain, permanent nerve damage, and permanent scarring, and despite the fact that he is an experienced gun owner, Plaintiff now experiences moments of severe anxiety around guns, specifically regarding the possibility of blowback from shrapnel that he had never experienced before.

11

**COUNT I – NEGLIGENCE**
**CLAUDE SIMPKINS v. ALL TAURUS DEFENDANTS**

56.    Plaintiff, Claude Simpkins, hereby incorporates the averments in the foregoing paragraphs by reference as though same were set forth fully at length herein.

57.    At all times relevant to this action, the Taurus Defendants had the duty to exercise that degree of care that a reasonably prudent firearm manufacturer and/or distributor should use in the design, testing, selection, manufacture, assembly, marketing, supply, distribution and sales of its firearms, including the Taurus Model 605 revolver purchased by the Plaintiff.

58.    The negligent, careless, and reckless conduct of the Defendants caused Plaintiff's injuries and the Taurus Defendants or their agents, servants, workmen, employees, or contractors acted with a total disregard for the risk of harm to the plaintiff, which conduct consisted of, but was not limited to, one of the following.

    (a)    the common design of the cylinder of the Taurus Model 605 revolver is defective;

    (b)    the common design of the barrel of the Taurus Model 605 revolver to which the cylinder is aligned is defective;

    (c)    the common design of the frame of the Taurus Model 605 revolver to which the cylinder is attached is defective;

    (d)    failing to warn the Plaintiff of the dangers involved with using the Taurus Model 605 revolver that contained the cylinder alignment defect;

    (e)    failing to properly inspect, manage, and make the revolver safe;

    (f)    failing to place any warnings on the revolver informing the user that a serious injury could occur if the revolver's cylinder is not properly aligned with the barrel upon firing, and that such misalignments are endemic to the Taurus Model 605 revolver;

    (g)    failing to design a revolver without the cylinder alignment defect.

12

Case ID: 251002020
Control No.: 25114393

(h)    designing, manufacturing, distributing, and selling a Taurus Model 605 revolver with a design defect that causes shrapnel to blow back upon the user when fired;

(i)    failing to properly test the Taurus Model 605 revolver;

(j)    failing to advise users, including the Plaintiff, of the dangerous and defective design of the Taurus Model 605 revolver, as set forth above, after being specifically notified of the same through warranty claims submitted to them and public videos discussing and testing the defect;

(k)    Taurus Defendants were negligent under the doctrine of *res ipsa loquitur* as the Plaintiff would not have suffered injuries, as set forth above, if not for the Taurus Model 605 revolver shaving metal shrapnel off of the bullet when fired.

59.    As a direct result of the conduct of the Taurus Defendants, the Plaintiff sustained serious and permanent injuries, including but not limited to, a traumatic piece of shrapnel from a .357 ammunition round shot into his face with resulting nerve injury, severe shock to his nervous system, scarring, and all of which have caused permanent nerve damage, pain, suffering, mental anguish, distress, inconvenience, loss of feeling of well-being, hypoesthesia, loss of ability to enjoy life and normal activities, embarrassment, humiliation, nervousness and loss of self-confidence, all of said injuries are permanent and will continue into the future for an indefinite period.

60.    As a result of the injuries sustained by Plaintiff herein, he has undergone in the past and will continue to undergo in the future pain and suffering.

61.    As a result of the injuries sustained by the Plaintiff herein, he has or may suffer a permanent diminution in the ability to enjoy life and life's pleasures.

62.    As a result of the injuries sustained by the Plaintiff herein, he has or may suffer permanent disability, loss of income or permanent impairment of earning power and capacity.

63.    As a result of the injuries sustained by the Plaintiff herein, he has incurred medical expenses and may incur medical expenses in the future.

13

Case ID: 251002020
Control No.: 25114393

64.     As the Taurus Defendants' actions were intentional, willful, malicious, wanton and/or egregious, as set forth above, the Plaintiff is entitled to an award of punitive damages.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendants, Taurus International Manufacturing, Inc., Taurus Holdings, Inc., and Taurus Armas S.A., in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

## COUNT II – 402A STRICT LIABILITY
## CLAUDE SIMPKINS v. ALL TAURUS DEFENDANTS

65.     Plaintiff, Claude Simpkins, hereby incorporates the averments in the foregoing paragraphs by reference as though same were set forth fully at length herein.

66.     The Taurus Defendants did design, manufacture, distribute, and sell the aforementioned Taurus Model 605 revolver, knowing of its ultimate use by persons such as Plaintiff Claude Simpkins, which was defective and/or poorly designed and/or lacked the proper warnings or instructions, and was in such a condition as to be unreasonably dangerous to the ultimate user and others, at the time of its sale.

67.     The Taurus Defendants designed the Taurus Model 605 revolver with a barrel, forcing cone and /or cylinder alignment defect, rendering it inherently dangerous and creating a substantial, clear, extreme, and unreasonable risk of serious injury or death to the purchasers and gun users, including the Plaintiff. The Taurus Defendants manufactured, assembled, marketed, distributed, and sold the Taurus Model 605 revolver with the defect. The revolver was in the same defective condition due to the misaligned cylinder from the time it left the Taurus Defendants' control until it reached the Plaintiff.

14

Case ID: 251002020
Control No.: 25114393

68.    The Taurus Model 605 revolver was sold in a substantially and unreasonably dangerous condition to an extent beyond that which would be contemplated by the ordinary consumer, including the Plaintiff.

69.    As a direct and proximate result of the facts alleged above, the Plaintiff was exposed to a clear, substantial, and unreasonable risk of serious injury from the cylinder alignment defect, and was seriously injured due to the same, as set forth above.

70.    The Taurus Defendants are strictly liable in tort for the injuries and damages to the Plaintiff that resulted from the unintentional and unwanted discharge of the Taurus Model 605 revolver, as set forth above.

72.    Plaintiff maintains that the Taurus Defendants, being the manufacturers, designers, and/or distributors, are strictly liable to the Plaintiff pursuant to the provisions of Section 402A of the Restatement (second) of Torts said defects being, as set forth above, and including but not limited to the following:

(a)    the common design of the revolver's cylinder and forcing cone are defective;

(b)    the common design of the barrel of the Taurus Model 605 revolver to which the cylinder is aligned is defective;

(c)    the common design of the frame of the Taurus Model 605 revolver to which the cylinder is attached is defective;

(d)    in the course of regular use, the cylinder which houses the ammunition must align with the barrel of the firearm such that the bullet will be unobstructed when fired, yet the design allowed the cylinder to function while misaligned, allowing for the bullet to strike the firearm itself;

(e)    failing to provide proper and adequate signs or other warning devices to persons, like the Plaintiff, using the revolver;

(f)    failing to properly inspect, manage, and make the revolver safe;

15

Case ID: 251002020
Control No.: 25114393

(g)     failing to ensure proper alignment and safe passage of the bullet during the manufacturing process;

(h)     failing to place any warnings on the revolver informing the user that a serious injury could occur if the revolver is fired, due to the alignment defect;

(i)     failing to design a revolver without the alignment defect;

(j)     failing to ensure proper timing upon firing;

(k)     allowing cylinder locking; and

(l)     improper and unsafe milling of the revolver.

72.     As a direct result of the conduct of the Taurus Defendants, the Plaintiff sustained serious and permanent injuries, including but not limited to a traumatic piece of shrapnel from a .357 ammunition round shot into his face with resulting nerve injury, severe shock to his nervous system, scarring, and all of which have caused permanent nerve damage, pain, suffering, mental anguish, distress, inconvenience, loss of feeling of well-being, hypoesthesia, loss of ability to enjoy life and normal activities, embarrassment, humiliation, nervousness and loss of self-confidence, all of said injuries are permanent and will continue into the future for an indefinite period.

73.     As a result of the injuries sustained by Plaintiff herein, he has undergone in the past and will continue to undergo in the future pain and suffering.

74.     As a result of the injuries sustained by the Plaintiff herein, he has or may suffer a permanent diminution in the ability to enjoy life and life's pleasures.

75.     As a result of the injuries sustained by the Plaintiff herein, he has or may suffer permanent disability, loss of income or permanent impairment of earning power and capacity.

76.     As a result of the injuries sustained by the Plaintiff herein, he has incurred medical expenses and may incur medical expenses in the future.

16

Case ID: 251002020
Control No.: 25114393

77.    As the Taurus Defendants' actions were intentional, willful, malicious, wanton and/or egregious, as set forth above, the Plaintiff is entitled to an award of punitive damages.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendants, Taurus International Manufacturing, Inc., Taurus Holdings, Inc., and Taurus Armas S.A., in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

## COUNT III – 402B STRICT LIABILITY
## CLAUDE SIMPKINS v. ALL TAURUS DEFENDANTS

78.    Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

79.    At all times material to this Complaint, the Taurus Defendants were engaged in the business of selling firearms, including the sale of the Taurus Model 605 revolvers to users or consumers.

80.    The Taurus Defendants sold the Taurus Model 605 revolver that was defective and unreasonably dangerous to the public, including the Plaintiff, but advertising, labeling, or otherwise making misrepresentations of materials facts concerning the character or quality of the Taurus Model 605 revolver, and the Plaintiff justifiably relied upon the misrepresentations to purchase the revolver. Defendants, in particular, misrepresented the safety and quality of the revolver through advertising, specifically on its website. See Taurus website representations attached as Exhibit "G."

81.    Specifically, the Taurus Defendants sold the aforementioned Taurus Model 605 revolver, knowing of its ultimate use by persons such as the Plaintiff, which was defective and/or poorly designed and/or lacked the proper warnings or instructions, and was in such a condition as

17

Case ID: 251002020
Control No.: 25114393

to be unreasonably dangerous to the ultimate user and others, including the Plaintiff, as outlined above, at the time of sale.

82.     Plaintiff's injuries, as outlined above, were caused by the defects which were present in the Taurus Model 605 revolver, and the Taurus Defendants are liable pursuant to section 402B of the Restatement (second) of Torts.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendants, Taurus International Manufacturing, Inc., Taurus Holdings, Inc., and Taurus Armas S.A., in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

## COUNT IV – BREACH OF WARRANTY
## CLAUDE SIMPKINS v. ALL TAURUS DEFENDANTS

83.     Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

84.     For the reasons set forth at length in this Complaint, which are incorporated herein, the subject Model 605 revolver was defective, unsafe, not fit for the ordinary purpose for which it was used, and was not of merchantable quality at the time it was sold.

85.     At a time prior to the January 30 injury, the Taurus Defendants expressly or in some other manner represented warranties that the subject Model 605 revolver was proper, fit, and safe for its intended uses and of merchantable quality.

86.     By designing, manufacturing, distributing, selling, servicing, and maintaining the subject Model 605 revolver and its component parts, the Taurus Defendants expressly and impliedly warranted that the subject Model 605 revolver was of merchantable quality, effective, proper, fit, and safe for ordinary and particular purposes for which it was old and free from all defects.

18

Case ID: 251002020
Control No.: 25114393

87. The representations and warranties set forth in the preceding paragraphs formed part of the bargain for selling the subject Model 605 Revolver and were relied upon by the purchase.

88. In truth and fact, the above representations of the Taurus Defendants were false.

89. The subject Model 605 revolver was not effective, proper fit, or safe for its intended uses.

90. The Taurus Defendants breached express and/or implied warranties regarding the subject Model 605 Revolver.

91. As a direct and proximate result of the Taurus Defendant's breach of the aforementioned express and/or implied warranties, Plaintiff sustained injuries and damages set forth above.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendants, Taurus International Manufacturing, Inc., Taurus Holdings, Inc., and Taurus Armas S.A., in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

## COUNT V – 402A STRICT LIABILITY
## CLAUDE SIMPKINS v. FIRING LINE, INC.

92. Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

93. At all times material hereto, Defendant Firing Line, Inc. was engaged in the distribution and sale of the Taurus Model 605 revolver to users or consumers.

94. Defendant Firing Line distributed and sold the subject Taurus Model 605 revolver that was defective and unreasonably dangerous to the Plaintiff, as a user or consumer, without substantial change in the condition in which it was sold.

Case ID: 251002020
Control No.: 25114393

95.    Defendant Firing Line distributed and  sold the subject Taurus Model 605 revolver, knowing of its ultimate use by persons such as the Plaintiff, which was defective and/or poorly designed and/or lacked the proper warnings or instructions, and was in such condition as to be unreasonably dangerous to the ultimate user and others, including the Plaintiff, as outlined above, at the time of its sale.

96.    Plaintiff's injuries, as outlined above, were caused by the defects which were present in the Taurus Model 605 revolver, pursuant to section 402A of the Restatement (second) of Torts.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendant Firing Line, Inc., in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

## COUNT VI – 402B STRICT LIABILITY
## CLAUDE SIMPKINS v. FIRING LINE, INC.

97.    Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

98.    At all times material, Defendant Firing Line was engaged in the business of selling firearms, including the sale of the Taurus Model 605 revolvers to users or consumers.

99.    Defendant Firing Line distributed and  sold the  Taurus Model 605 revolver that was defective and unreasonably dangerous to the public, including the Plaintiff, by advertising, labeling, or otherwise made misrepresentations of material facts concerning the character or quality of the Taurus Model 605 revolver, and the Plaintiff justifiably relied upon the misrepresentations to purchase the revolver.

100.    Specifically, the Defendant Firing Line distributed and  sold the aforementioned Taurus Model 605 revolver, knowing of its ultimate use by persons such as the Plaintiff herein,

20

Case ID: 251002020
Control No.: 25114393

which was defective and/or poorly designed and/or lacked the proper warnings or instructions, and was in such condition as to be unreasonably dangerous to the ultimate user and others, including the Plaintiff, as outlined above, at the time of its sale.

101.    Plaintiff's injuries, as outlined above, were caused by the defects which were present in the Taurus Model 605 revolver, and the Defendant Firing Line is liable pursuant to section 402B of the Restatement (Second) of Torts.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendant, Firing Line, Inc., in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

**COUNT VII – NEGLIGENCE**
**CLAUDE SIMPKINS v. FIRING LINE, INC.**

102.    Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

103.    At all relevant times, Defendant owed a duty to distribute the product with the exercise of reasonable care, with the necessary information provided with the product.

104.    The negligent, careless, and reckless conduct of the Defendant caused Plaintiff's injuries and Firing Line or its agents, servants, workmen, employees, or contractors acted with a total disregard for the risk of harm to the plaintiff, which conduct consisted of, but was not limited to, one of the following:

(a)    failing to warn the Plaintiff of the dangers involved with using the Taurus Model 605 revolver that contained the cylinder alignment defect;

(b)    failing to properly inspect, manage, and make the revolver safe;

(c)    failing to use due care in distributing and selling the Taurus Model 605 revolver;

21

Case ID: 251002020
Control No.: 25114393

(d)      failing to make reasonable tests and/or inspections to discover the defective, hazardous and unreasonably dangerous conditions relating to the revolver's propensity for misalignment as described above.

(e)      negligently failing to place any warnings on the revolver informing the user that a serious injury could occur if the revolver's cylinder is not properly aligned with the barrel upon firing, and that such misalignments are endemic to the Taurus Model 605 revolver;

(f)      negligently failing to unambiguously warn purchasers and end users of the gun, including Plaintiff, of said defective, hazardous and unreasonably dangerous conditions relating to its design and manufacture, about which it knew or should have known through the exercise of ordinary care;

(g)      failing to discover the defective, hazardous and unreasonably dangerous conditions relating to the Taurus Model 605 revolver's propensity for misalignment between the cylinder and the barrel;

(h)      misrepresenting the dangers and hazards posed by the Taurus Model 605 revolver;

(i)      distributing and selling a Taurus Model 605 revolver with a design defect that causes shrapnel to blow back upon the user when fired;

(j)      failing to properly test the Taurus Model 605 revolver;

(k)      defendant Firing Line was negligent under the doctrine of *res ipsa loquitur* as the Plaintiff would not have suffered injuries, as set forth above, if not for the Model 605 revolver shaving metal shrapnel off of the bullet when fired; and

(l)      other negligent acts and omissions to be developed in the course of discovery.

105.    Defendant knew, or should have known, that exposing users to the dangerous and defective and hazardous conditions existing in the gun would or could give rise to serious bodily injuries to such users, up to and including death.

106.    Defendant's negligence, as alleged in this Count, directly and proximately caused shrapnel from the Taurus Model 605 revolver to strike and seriously injure Plaintiff Claude Simpkins.

22

Case ID: 251002020
Control No.: 25114393

107.    As a direct result of the conduct of Defendant Firing Line  the Plaintiff sustained serious and permanent injuries, including but not limited to, a traumatic piece of shrapnel from a .357 ammunition round shot into his face with resulting nerve injury, severe shock to his nervous system, scarring, and all of which have caused permanent nerve damage, pain, suffering, mental anguish, distress, inconvenience, loss of feeling of well-being, hypoesthesia, loss of ability to enjoy life and normal activities, embarrassment, humiliation, nervousness and loss of self-confidence, all of said injuries are permanent and will continue into the future for an indefinite period.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendant, Firing Line, Inc., in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

## COUNT VIII – BREACH OF WARRANTY
## CLAUDE SIMPKINS v. FIRING LINE, INC.

108.    Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

109.    For the reasons set forth at length in this Complaint, which are incorporated herein, the subject Model 605 revolver was defective, unsafe, not fit for the ordinary purpose for which it was used, and was not of merchantable quality at the time it was sold.

110.    At a time prior to the January 30 injury, Defendant Firing Line, Inc. expressly or in some other manner represented warranties that the subject Model 605 revolver was proper, fit, and safe for its intended uses and of merchantable quality.

111.    By distributing, selling, servicing, and maintaining the subject Model 605 revolver and its component parts, Firing Line, Inc. expressly and impliedly warranted that the subject Model 605 revolver was of merchantable quality, effective, proper, fit, and safe for ordinary and particular purposes for which it was old and free from all defects.

23

Case ID: 251002020
Control No.: 25114393

112.    The representations and warranties set forth in the preceding paragraphs formed part of the bargain for selling the subject Model 605 Revolver and were relied upon by the purchase.

113.    In truth and fact, the above representations of Firing Line, Inc. were false.

114.    The subject Model 605 revolver was not effective, proper fit, or safe for its intended uses.

115.    Firing Line, Inc. breached express and/or implied warranties regarding the subject Model 605 Revolver.

116.    As a direct and proximate result of Defendant's breach of the aforementioned express and/or implied warranties, Plaintiff sustained injuries and damages set forth above.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendant, Firing Line, Inc., in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

### COUNT IX – 402A STRICT LIABILITY
### CLAUDE SIMPKINS v. THE ARSENAL GUN SHOP LLC

117.    Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

118.    At all times material, Defendant The Arsenal Gun Shop LLC. was engaged in the sale of the Taurus Model 605 revolver to users or consumers.

119.    Defendant Arsenal distributed and sold the subject Taurus Model 605 revolver that was defective and unreasonably dangerous to the Plaintiff, as a user or consumer, without substantial change in the condition in which it was sold.

120.    Defendant Arsenal distributed and   sold the subject Taurus Model 605 revolver, knowing of its ultimate use by persons such as the Plaintiff, which was defective and/or poorly

Case ID: 251002020
Control No.: 25114393

designed and/or lacked the proper warnings or instructions, and was in such condition as to be unreasonably dangerous to the ultimate user and others, including the Plaintiff, as outlined above, at the time of its sale.

121.    Plaintiff's injuries, as outlined above, were caused by the defects which were present in the Taurus Model 605 revolver, pursuant to section 402A of the Restatement (second) of Torts.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendant The Arsenal Gun Shop LLC, in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

<strong><u>COUNT X– 402B STRICT LIABILITY<br>CLAUDE SIMPKINS v. THE ARSENAL GUN SHOP LLC</u></strong>

122.    Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

123.    At all times material, Defendant Arsenal was engaged in the business of selling firearms, including the sale of the Taurus Model 605 revolvers to users or consumers.

124.    Defendant Arsenal distributed and sold the subject Taurus Model 605 revolver that was defective and unreasonably dangerous to the public, including the Plaintiff, by advertising, labeling, or otherwise made misrepresentations of material facts concerning the character or quality of the Taurus Model 605 revolver, and the Plaintiff justifiably relied upon the misrepresentations to purchase the revolver.

125.    Specifically, the Defendant  Arsenal  sold the aforementioned Taurus Model 605 revolver, knowing of its ultimate use by persons such as the Plaintiff herein, which was defective and/or poorly designed and/or lacked the proper warnings or instructions, and was in such

25

Case ID: 251002020<br>Control No.: 25114393

condition as to be unreasonably dangerous to the ultimate user and others, including the Plaintiff, as outlined above, at the time of its sale.

126.    Plaintiff's injuries, as outlined above, were caused by the defects which were present in the Taurus Model 605 revolver, and the Defendant Arsenal is liable pursuant to section 402B of the Restatement (Second) of Torts.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendant, The Arsenal Gun Shop LLC in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

## COUNT XI – NEGLIGENCE
## CLAUDE SIMPKINS v. THE ARSENAL GUN SHOP LLC

127.    Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

128.    At all relevant times, Defendant owed a duty to distribute the product with the exercise of reasonable care, with the necessary information provided with the product.

129.    The negligent, careless, and reckless conduct of the Defendant caused Plaintiff's injuries and Arsenal or its agents, servants, workmen, employees, or contractors acted with a total disregard for the risk of harm to the plaintiff, which conduct consisted of, but was not limited to, one of the following:

(a)    failing to warn the Plaintiff of the dangers involved with using the Taurus Model 605 revolver that contained the cylinder alignment defect;

(b)    failing to properly inspect, manage, and make the revolver safe;

(c)    failing to use due care in distributing and selling the Taurus Model 605 revolver;

26

Case ID: 251002020
Control No.: 25114393

(d)    failing to make reasonable tests and/or inspections to discover the defective, hazardous and unreasonably dangerous conditions relating to the gun's propensity for cylinder misalignment as described above.

(e)    negligently failing to place any warnings on the revolver informing the user that a serious injury could occur if the revolver's cylinder is not properly aligned with the barrel upon firing, and that such misalignments are endemic to the Taurus Model 605 revolver;

(f)    negligently failing to unambiguously warn purchasers and end users of the gun, including Plaintiff, of said defective, hazardous and unreasonably dangerous conditions relating to its design and manufacture, about which it knew or should have known through the exercise of ordinary care;

(g)    failing to discover the defective, hazardous and unreasonably dangerous conditions relating to the Model 605 revolver's propensity for misalignment between the cylinder and the barrel;

(h)    misrepresenting the dangers and hazards posed by the Taurus Model 605 revolver;

(i)    distributing and selling a Taurus Model 605 revolver with a design defect that causes shrapnel to blow back upon the user when fired;

(j)    failing to properly test the Taurus Model 605 revolver;

(k)    Defendant Arsenal was negligent under the doctrine of *res ipsa loquitur* as the Plaintiff would not have suffered injuries, as set forth above, if not for the Taurus Model 605 revolver shaving metal shrapnel off of the bullet when fired; and

(l)    other negligent acts and omissions to be developed in the course of discovery.

130.    Defendant knew, or should have known, that exposing users to the dangerous and defective and hazardous conditions existing in the gun would or could give rise to serious bodily injuries to such users, up to and including death.

131.    Defendant's negligence, as alleged in this Count, directly and proximately caused shrapnel from the Taurus Model 605 revolver to strike and seriously injure Plaintiff Claude Simpkins.

27

Case ID: 251002020
Control No.: 25114393

132.    As a direct result of the conduct of Defendant Arsenal , the Plaintiff sustained serious and permanent injuries, including but not limited to, a traumatic piece of shrapnel from a .357 ammunition round shot into his face with resulting nerve injury, severe shock to his nervous system, scarring, and all of which have caused permanent nerve damage, pain, suffering, mental anguish, distress, inconvenience, loss of feeling of well-being, hypoesthesia, loss of ability to enjoy life and normal activities, embarrassment, humiliation, nervousness and loss of self-confidence, all of said injuries are permanent and will continue into the future for an indefinite period.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendant, The Arsenal Gun Shop LLC, in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

## COUNT XII – BREACH OF WARRANTY
## CLAUDE SIMPKINS v. THE ARSENAL GUN SHOP LLC

133.    Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

134.    For the reasons set forth at length in this Complaint, which are incorporated herein, the subject Model 605 revolver was defective, unsafe, not fit for the ordinary purpose for which it was used, and was not of merchantable quality at the time it was sold.

135.    At a time prior to the January 30 injury, Defendant The Arsenal Gun Shop LLC. expressly or in some other manner represented warranties that the subject Model 605 revolver was proper, fit, and safe for its intended uses and of merchantable quality.

136.    By distributing, selling, servicing, and maintaining the subject Model 605 revolver and its component parts, The Arsenal Gun Shop LLC expressly and impliedly warranted that the

28

Case ID: 251002020
Control No.: 25114393

subject Model 605 revolver was of merchantable quality, effective, proper, fit, and safe for ordinary and particular purposes for which it was old and free from all defects.

137.    The representations and warranties set forth in the preceding paragraphs formed part of the bargain for selling the subject Model 605 Revolver and were relied upon by the purchase.

138.    In truth and fact, the above representations of The Arsenal Gun Shop LLC were false.

139.    The subject Model 605 revolver was not effective, proper fit, or safe for its intended uses.

140.    The Arsenal Gun Shop LLC breached express and/or implied warranties regarding the subject Model 605 Revolver.

141.    As a direct and proximate result of Defendant's breach of the aforementioned express and/or implied warranties, Plaintiff sustained injuries and damages set forth above.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendant, The Arsenal Gun Shop LLC, in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

## COUNT XIII – NEGLIGENCE
## CLAUDE SIMPKINS v. THE JOHN DOE PERSONS AND ENTITIES

142.    Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

143.    At all times relevant to this action, the John Doe Defendants had the duty to exercise that degree of care that a reasonably prudent firearm manufacturer and/or distributor should use in

29

Case ID: 251002020
Control No.: 25114393

the design, testing, selection, manufacture, assembly, marketing, supply, distribution and sales of firearms, including the Model 605 revolver purchased by the Plaintiff.

144. The negligent, careless, and reckless conduct of the Defendants caused Plaintiff's injuries and the John Doe Defendants or their agents, servants, workmen, employees, or contractors acted with a total disregard for the risk of harm to the Plaintiff, which conduct consisted of, but was not limited to, one of the following.

(a) the common design of the cylinder of the Model 605 revolver is defective;

(b) the common design of the barrel of the Model 605 revolver to which the cylinder is aligned is defective;

(c) the common design of the frame of the Model 605 revolver to which the cylinder is attached is defective;

(d) failing to warn the Plaintiff of the dangers involved with using the Model 605 revolver that contained the cylinder alignment defect;

(e) failing to properly inspect, manage, and make the revolver safe;

(f) failing to place any warnings on the revolver informing the user that a serious injury could occur if the revolver's cylinder is not properly aligned with the barrel upon firing, and that such misalignments are endemic to the Model 605 revolver;

(g) failing to design a revolver without the cylinder alignment defect.

(h) designing, manufacturing, distributing, and selling a Model 605 revolver with a design defect that causes shrapnel to blow back upon the user when fired;

(i) failing to properly test the Model 605 revolver;

(j) failing to advise users, including the Plaintiff, of the dangerous and defective design of the Model 605 revolver, as set forth above, after being specifically notified of the same through warranty claims submitted to them and public videos discussing and testing the defect;

(k) Defendants were negligent under the doctrine of *res ipsa loquitur* as the Plaintiff would not have suffered injuries, as set forth above, if not for the Model 605 revolver shaving metal shrapnel off of the bullet when fired;

Case ID: 251002020
Control No.: 25114393

145.    As a direct result of the conduct of the John Doe Persons and Entities, the Plaintiff sustained serious and permanent injuries, including but not limited to, a traumatic piece of shrapnel from a .357 ammunition round shot into his face with resulting nerve injury, severe shock to his nervous system, scarring, and all of which have caused permanent nerve damage, pain, suffering, mental anguish, distress, inconvenience, loss of feeling of well-being, hypoesthesia, loss of ability to enjoy life and normal activities, embarrassment, humiliation, nervousness and loss of self-confidence, all of said injuries are permanent and will continue into the future for an indefinite period.

146.    As a result of the injuries sustained by the Plaintiff herein, he has undergone in the past and will continue to undergo in the future pain and suffering.

147.    As a result of the injuries sustained by the Plaintiff herein, he has or may suffer a permanent diminution in the ability to enjoy life and life's pleasures.

148.    As a result of the injuries sustained by the Plaintiff herein, he has or may suffer a permanent disability or permanent impairment of earning power and capacity.

149.    As a result of the injuries sustained by the Plaintiff herein, he has incurred medical expenses, and may incur medical expenses in the future.

150.    As the John Doe Defendants' actions were intentional, willful, malicious, wanton and/or egregious, as set forth above, the Plaintiff is entitled to an award of punitive damages.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendants, John Doe Persons and Entities, in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

31

Case ID: 251002020
Control No.: 25114393

**COUNT XIV – 402A STRICT LIABILITY**
**CLAUDE SIMPKINS v. THE JOHN DOE PERSONS AND ENTITIES**

151.    Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

152.    The John Doe Defendants did design, manufacture, distribute, and/or sell the aforementioned Model 605 revolver, knowing of its ultimate use by persons such as Plaintiff Claude Simpkins, which was defective and/or poorly designed and/or lacked the proper warnings or instructions, and was in such a condition as to be unreasonably dangerous to the ultimate user and others, at the time of its sale.

153.    The John Doe Defendants designed the Model 605 revolver with a cylinder alignment defect, rendering it inherently dangerous and creating a substantial, clear, extreme, and unreasonable risk of serious injury or death to the purchasers and gun users, including the Plaintiff. The John Doe Defendants manufactured, assembled, marketed, distributed, and/or sold the Model 605 revolver with the defect. The revolver was in the same defective condition due to the misaligned cylinder from the time it left the John Doe Defendants' control until it reached the Plaintiff.

154.    The Model 605 revolver was sold in substantially and unreasonably dangerous condition to an extent beyond that which would be contemplated by the ordinary consumer, including the Plaintiff.

155.    As a direct and proximate result of the facts alleged above, the Plaintiff was exposed to a clear, substantial, and unreasonable risk of serious injury from the cylinder alignment defect, and was seriously injured due to the same, as set forth above.

32

Case ID: 251002020
Control No.: 25114393

156.    The John Doe Defendants are strictly liable in tort for the injuries and damages to the Plaintiff that resulted from the unintentional and unwanted discharge of the Model 605 revolver, as set forth above.

157.    Plaintiff maintains that the John Doe Defendants, being the manufacturers, designers, and/or distributors, are strictly liable to the Plaintiff pursuant to the provisions of Section 402A of the Restatement (second) of Torts said defects being, as set forth above, and including but not limited to the following:

(a)    the common design of the revolver's cylinder is defective;

(b)    the common design of the barrel of the Model 605 revolver to which the cylinder is aligned is defective;

(c)    the common design of the frame of the Model 605 revolver to which the cylinder is attached is defective;

(d)    in the course of regular use, the cylinder which houses the ammunition must align with the barrel of the firearm such that the bullet will be unobstructed when fired, yet the design allowed the cylinder to function while misaligned, allowing for the bullet to strike the firearm itself;

(e)    failing to provide proper and adequate signs or other warning devices to persons, like the Plaintiff, using the revolver;

(f)    failing to properly inspect, manage, and make the revolver safe;

(g)    failing to ensure proper cylinder alignment during the manufacturing process;

(h)    failing to place any warnings on the revolver informing the user that a serious injury could occur if the revolver is fired, due to the cylinder alignment defect;

(i)    failing to design a revolver without the cylinder alignment defect;

(j)    failing to ensure proper timing upon firing;

(k)    allowing cylinder locking; and

(l)    improper and milling of the revolver.

33

Case ID: 251002020
Control No.: 25114393

158.    As a direct result of the conduct of the John Doe Defendants, the Plaintiff sustained serious and permanent injuries, including but not limited to a traumatic piece of shrapnel from a .357 ammunition round shot into his face with resulting nerve injury, severe shock to his nervous system, scarring, and all of which have caused permanent nerve damage, pain, suffering, mental anguish, distress, inconvenience, loss of feeling of well-being, hypoesthesia, loss of ability to enjoy life and normal activities, embarrassment, humiliation, nervousness and loss of self-confidence, all of said injuries are permanent and will continue into the future for an indefinite period.

159.    As a result of the injuries sustained by Plaintiff herein, he has undergone in the past and will continue to undergo in the future pain and suffering.

160.    As a result of the injuries sustained by the Plaintiff herein, he has or may suffer a permanent diminution in the ability to enjoy life and life's pleasures.

161.    As a result of the injuries sustained by the Plaintiff herein, he has or may suffer permanent disability or permanent impairment of earning power and capacity.

162.    As a result of the injuries sustained by the Plaintiff herein, he has incurred medical expenses, and may incur medical expenses in the future.

163.    As the John Doe Defendants' actions were intentional, willful, malicious, wanton and/or egregious, as set forth above, the Plaintiff is entitled to an award of punitive damages.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendants, John Doe Persons and Entities, in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

34

Case ID: 251002020
Control No.: 25114393

**COUNT XV – 402B STRICT LIABILITY**
**CLAUDE SIMPKINS v. THE JOHN DOE PERSONS AND ENTITIES**

164.    Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

165.    At all times material to this Complaint, the John Doe Defendants were engaged in the business of selling firearms, including the sale of the Model 605 revolvers to users or consumers.

166.    The John Doe Defendants sold the subject Model 605 revolver that was defective and unreasonably dangerous to the public, including the Plaintiff, but advertising, labeling, or otherwise making misrepresentations of materials facts concerning the character or quality of the Model 605 revolver, and the Plaintiff justifiably relied upon the misrepresentations to purchase the revolver.

167.    Specifically, the John Doe Defendants sold the aforementioned Model 605 revolver, knowing of its ultimate use by persons such as the Plaintiff, which was defective and/or poorly designed and/or lacked the proper warnings or instructions, and was in such a condition as to be unreasonably dangerous to the ultimate user and others, including the Plaintiff, as outlined above, at the time of sale.

168.    Plaintiff's injuries, as outlined above, were caused by the defects which were present in the Taurus Model 605 revolver, and the John Doe Defendants are liable pursuant to section 402B of the Restatement (second) of Torts.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendants, Taurus International Manufacturing, Inc., Taurus Holdings, Inc., and Taurus Armas S.A., in an amount in excess of Fifty Thousand Dollars ($50,000) plus punitive damages, delay damages, and such other relief as deemed just and proper.

35

Case ID: 251002020
Control No.: 25114393

**COUNT XVI – BREACH OF WARRANTY**
**CLAUDE SIMPKINS v. THE JOHN DOE PERSONS AND ENTITIES**

169.    Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

170.    For the reasons set forth at length in this Complaint, which are incorporated herein, the subject Model 605 revolver was defective, unsafe, not fit for the ordinary purpose for which it was used, and was not of merchantable quality at the time it was sold.

171.    At a time prior to the January 30 injury, the John Doe Defendants, expressly or in some other manner, represented warranties that the subject Model 605 revolver was proper, fit, and safe for its intended uses and of merchantable quality.

172.    By distributing, selling, servicing, and maintaining the subject Model 605 revolver and its component parts, the John Doe Defendants expressly and impliedly warranted that the subject Model 605 revolver was of merchantable quality, effective, proper, fit, and safe for ordinary and particular purposes for which it was old and free from all defects.

173.    The representations and warranties set forth in the preceding paragraphs formed part of the bargain for selling the subject Model 605 Revolver, and were relied upon by the purchase.

174.    In truth and fact, the above representations of the John Doe Defendants were false.

175.    The subject Model 605 revolver was not effective, proper fit, or safe for its intended uses.

176.    The John Doe Defendants breached express and/or implied warranties regarding the subject Model 605 Revolver.

177.    As a direct and proximate result of Defendant's breach of the aforementioned express and/or implied warranties, Plaintiff sustained injuries and damages set forth above.

36

Case ID: 251002020
Control No.: 25114393

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendant, the John Doe persons and Entities, in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

Leonard Tinari LLP

Dated: October 17, 2025

By: ___/s/ *Michael V. Tinari*

Michael V. Tinari, Esquire
Attorney I.D. No.: 51853
171 West Lancaster Ave., 2nd Floor
Paoli, PA 19301
Phone: 484-328-8147
Email: mtinari@lt-lawyer.com
*Attorney for Plaintiff, Claude Simpkins*

37

Case ID: 251002020
Control No.: 25114393

## VERIFICATION

I, Claude Simpkins, state that I am the Plaintiff in the foregoing matter and that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information and belief. I further understand that false statements made herein are subject to the penalties of 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities.

Date: 10/14/25

Claude Simpkins

Case ID: 251002020
Control No.: 25114393

# Exhibit A

Case ID: 251002020
Control No.: 25114393





Case ID: 251002020
Control No.: 25114393





Case ID: 251002020
Control No.: 25114393

# Exhibit B

Case ID: 251002020
Control No.: 25114393



Screenshot taken immediately prior to firing the round.



Screenshot taken immediately after firing the round (arrow included in video).

Case ID: 251002020
Control No.: 25114393



Second test, screenshot taken immediately prior to firing the round (arrow included in video)



Screenshot taken immediately after firing the round (arrow included in video)

Case ID: 251002020
Control No.: 25114393



**Problem with Taurus 605 .357 Update**

Kbum Guy
24.7K subscribers

Join    Subscribe

👍 438    👎    ↗ Share    💲 Thanks    ⋯



24,023 views  Jun 28, 2023



**Taurus 605 factory blem revolver we have a big problem! Now the question will they fix it?**

Hamilton outdoors
12.1K subscribers

Join    Subscribe

👍 280    👎    ↗ Share    💲 Thanks    ⋯



Case ID: 251002020
Control No.: 25114393

Feb 24, 2012                                                                                                    #1

**Tigerjeebs**
Member
Joined:    Jan 28, 2012
Messages:        11

Howdy. Long time lurker, first time poster. Thought I would share my experience today as a warning to others.

Despite what I've heard in the past, I decided to test the waters and purchase a Taurus 605. I'd read decent reviews saying how this was the, "Gem of the Taurus line."



There it is, chilling with my Beretta. Sure is pretty. Love a blued revolver. Was one of the reasons I was going for a Taurus, they made a blued J-Frame sized revolver for CCW.

So, went to the range today with it for the first time. Timing was seriously off, right out of the box. Gun was shaving lead off, throwing it back in my face. A nice chunk hit my ear, making it bleed. I generally prefer my lead to go toward the bad guy, strange I know.

So, took the gun back to Fin, Feather, and Fur. They were very nice, BTW. Exchanged it no problem. Tried another 605. Went down to the range in the basement. Cylinder would lock up after a shot. Would not cycle anything, factory loads. Turns out, the frame was not milled large enough and the rounds were getting stuck once the primer was hit. The firing pin was not protruding, no broken spring. I alerted the range employee because I could simply not believe my luck. He pulled out about 6 boxes of different ammo to see if any would work. Only one brand of 20 year old PMC would function. But, even removing them they were scraping on the frame.

Two horrible Tauruses in a row. Wow! Talk about quality control. Ended up returning that one, obviously. Picked up a Smith model 60. Should have done that from the start.

There it is, still has a bit of cleaner on the grip. Needless to say, that one works fine. Guess you get what you pay for. Cheers.

---

**TaurusArmed**.net                    Search Community 🔍        ✏️ Create thread    ◎ New    ▤ Forums    ••• More    👤 Login / Join

Home  ›  Forums  ›  The Range  ›  **Taurus Product Problems**  ›

## "Another victim of 605 lead shaving" OR, "A bloody face"                    → Jump to Latest

👁 6.9K views   💬 35 replies   👥 25 participants   🕐 last post by NotNowChief  Oct 4, 2023

**regough007** ✅ Discussion starter
10 posts · Joined 2023

#1 · Mar 23, 2023

Today was the first time that I was able to shoot my brand new 605...I am disappointed to say the least. I started off shooting standard pressure 38 specials and I have to say that I was definitely impressed with its accuracy with that load. However, my elation turned south when after about 20 rounds I lo9aded up 5 potent 357 mags. The recoil was stout but not unmanageable. With the first shot I felt a small "sting" near my right eye but didn't think too much of it and I quickly double actioned the second shot. Again I felt the sting under my right eye. The third shot was single action and this time the sting really got my attention...it hurt! I grabbed my phone and turned on the camera and looked at my face. The right side of my face looked like I had been peppered with birdshot...the blood was running down my face! After cleaning up with a paper towel, I regained my composure and loaded up some more 38 specials. NO lead shaving with the 38's, only with 357 magnums. So what gives??? I guess a trip back to the factory is in order/ I am pissed at becoming a victim of a "firearm incident" because having been a corporate pilot for 31 years, I am all about safety. Thank God for shooting glasses!!! Any thoughts out there?

😮😮 GhostHorse, flgolfer29, cnc1 and 2 others

💬 Reply        👍 Like                                                                    🔖 Save    ⌁ Share

**Taurus Firearm Forum**
3.3M posts • 74K members •
Since 2007

A forum community dedicated to Taurus firearm owners and enthusiasts. Come join the discussion about optics, gunsmithing, styles, reviews, accessories, classifieds, and more!

Full Forum Listing →

**Explore Our Forums**

The Firing Line

New Member Introductions & Site Guidelines & Rules

Other Handguns

Taurus Revolvers

Concealed & Open Carry

---

←  ⬤ **r/Revolvers** · 1y ago                                                                            •••
       RushEcstatic9368

## Taurus 605 timing issue?

I recently came to own a Taurus 605 from 1997 and upon inspection I noticed that when pulling the trigger fast the hammer falls before the cylinder locks up. Do I need a new cylinder hand? Or should I just cut my losses? Also in single action it seems to be in time.

⇧ 5 ⇩      💬 3      ↗ Share

Add your reply

Sort by:  Best ⌄        🔍 Search Comments

⬤ **Fox7285** · 1y ago

They do have issues, I would get that checked out.  I had a brand new one I had to return as when I got home I realized there were copper shavings on the forcing cone from misalignment.  Now I do like Taurus revolvers, but you can get a new 605 for $300 ish dollars new.  I'd cut your losses and upgrade unless this is special to you.

⇧ 1 ⇩    💬 Reply    ↗ Share    •••

**New to Reddit?**
Create your account and connect with a world of communities.

G        Continue with Google

✉        Continue with Email

☎        Continue With Phone Number

By continuing, you agree to our User Agreement and acknowledge that you understand the Privacy Policy.

⬤ r/Revolvers • 10mo ago

Taurus 605, worth it?

8 upvotes · 9 comments

⬤ r/Revolvers • 1y ago

Does anyone have good long term experience with the newer taurus revolvers like the 605 o...

4 upvotes · 8 comments

 **flgolfer29** ✓ Discussion starter
112 posts · Joined 2018

#1 · Dec 18, 2022

I've been considering a new 856 or 605 for several weeks. But I wanted to see what kind of deals could be found at a local gun show this weekend. The 856 was preferred, but the only ones available were the ultra-lite, lots of them. However, there was one 605 stainless available. We haggled a bit on price before we agreed on a deal. $330 before tax.

This afternoon, I rode out to the country to put a few rounds through it. The first cylinder full of 357 magnums I was getting peppered in the face. Two of which left visible spots. Opening the cylinder to inspect the forcing cone, there were no shavings found. The blowback seemed to lessen as additional rounds were fired.

Overall, I enjoyed 50 rounds with a mix of both magnum & 38 special. It was surprisingly accurate shooting at plastic bottles at a distance of 7-8 yards.

When I cleaned the revolver, I noticed the sideplate screws were loose. Removed sideplate, disassembled the cylinder, cleaned, and then lubed. With the pachmayr grips installed, the magnum rounds were surprisingly tolerable to fire. Another range outing later this week to see if any felt blowback remains. Regardless of whether or not it will require a trip to Taurus, it will be a keeper.



Case ID: 251002020
Control No.: 25114393



Hello Dave

Sorry to hear about the incident you had and glad to hear you're okay , unfortunately Taurus did not provide any clear explanation but it is clear the issue is from the misaligned Cylinder.

What Taurus ended up doing is replacing the revolver for me and that's all and so far i haven't experienced the issue with the new revolver even tho haven't really shot a lot of rounds out of it

Thank you and stay safe

On Fri, Jan 31, 2025 at 12:15 PM Dave McCullough <dmccullough@lt-lawyer.com> wrote:

> Hello,
>
> My name is David and I work with Leonard Tinari LLP. I am investigating a matter related injuries that have occurred from firing the Taurus Model 605 .357 revolver and came across your videos on the topic. In particular, the videos I am interested in are the videos from January 17, 2023 and June 28, 2023, where it appears shrapnel launched from the revolver towards your face.
>
> I am writing to you because I am curious about if you have any further information about a potential defect in this particular revolver model beyond what you've discussed and shown in your videos. Have you received any communication from Taurus regarding your videos or your defective firearm since then? If so, I am curious about whether they provided you with any sort of explanation for the issue or if they have conducted any repairs to your firearm. If someone other than Taurus repaired the gun, did that person diagnose a specific issue with it? Beyond that, I am also curious about any other additional information you may have.
>
> Thank you very much for your time,
>
> David McCullough
> Associate
> Leonard Tinari LLP
> dmccullough@lt-lawyer.com

Case ID: 251002020
Control No.: 25114393

# Exhibit C

Case ID: 251002020
Control No.: 25114393



Case ID: 251002020
Control No.: 25114393

# Exhibit D

Case ID: 251002020
Control No.: 25114393





Case ID: 251002020
Control No.: 25114393

# Exhibit E

Case ID: 251002020
Control No.: 25114393

| SP 4-113(4/2019) | PENNSYLVANIA STATE POLICE<br>**APPLICATION/RECORD OF SALE** | STATE POLICE USE<br>ONLY |
|---|---|---|

| **A** | **INSTRUCTIONS** | **2. TRANSACTION SERIAL NO.**<br>E1162821 |
|---|---|---|

TRANSFEREE/PURCHASER ---------- COMPLETE SECTION B AT TIME OF APPLICATION.
COMPLETE SECTION C AT TIME OF SALE OR TRANSFER.
LICENSEE ------------------------------------ COMPLETE BLOCKS 1, 3, AND 4, AND SECTIONS D AND E.
TRANSFEROR/SELLER ---------------- (FOR PRIVATE SALES) COMPLETE SECTION F.

**3. STATE IDENTIFICATION NO.**
3158

NOTE:     FORM MUST BE COMPLETED IN ITS ENTIRETY BY TYPING OR PRINTING IN BLUE OR BLACK INK

**4. APPROVAL NO./DATE**
24W0588945
08/10/2024

**TRANSACTION SUBJECT TO SALES TAX:  NO**
Please explain in Section F if you selected "NO" for subject to sales tax.

| **B** | **TRANSFEREE'S/PURCHASER'S INFORMATION** |
|---|---|

| 5. LAST NAME<br>SIMPKINS | 6. JR, ETC. | 7. FIRST NAME<br>CLAUDE | 8. MIDDLE NAME<br>J | 9. DATE OF BIRTH<br>06/30/1970 | 10. AGE<br>54 |
|---|---|---|---|---|---|

| 11. SEX<br>M | 12. RACE<br>B | 13 EYE COLOR<br>BRO | 14. HAIR COLOR<br>BLD | 15. WEIGHT<br>205 | 16. HEIGHT<br>511 | 17 SOCIAL SECURITY NO. (Optional)<br>5428 | 18. COUNTY OF RESIDENCE<br>Philadelphia |
|---|---|---|---|---|---|---|---|

| 19. STREET ADDRESS<br>1832 CALLOWHILL ST APT C | 20. CITY<br>PHILADELPHIA | 21. STATE<br>PA | 22. ZIP CODE<br>19130 |
|---|---|---|---|

| 23. PA. PHOTO ID/DRIVER LICENSE NO<br>23756931 | 24. EMPLOYER/BUSINESS NAME<br>Retired | 25. OCCUPATION |
|---|---|---|

| 26. STREET ADDRESS | 27. CITY | 28. STATE | 29. ZIP CODE |
|---|---|---|---|

| 30. ARE YOU A UNITED STATES CITIZEN?  IF NO, COUNTRY OF BIRTH:<br>COUNTRY OF CITIZENSHIP:                      IMMIGRATION IDENTIFICATION NUMBER: | YES |
|---|---|
| 31. HAVE YOU EVER BEEN CONVICTED OF A CRIME ENUMERATED IN SECTION 6105(b), OR DO ANY OF THE CONDITIONS UNDER 6105(c) APPLY TO YOU? **(READ INFORMATION ON BACK PRIOR TO ANSWERING)** | NO |
| 32. ARE YOU NOW CHARGED WITH, OR HAVE YOU EVER BEEN CONVICTED OF A CRIME PUNISHABLE BY IMPRISONMENT FOR A TERM EXCEEDING ONE YEAR? THIS IS THE MAXIMUM SENTENCE THAT YOU "COULD HAVE RECEIVED," NOT THE ACTUAL SENTENCE YOU DID RECEIVE.  (THIS DOES NOT INCLUDE FEDERAL OR STATE OFFENSES PERTAINING TO ANTITRUST, UNFAIR TRADE PRACTICES, RESTRAINTS OF TRADE, OR REGULATION OF BUSINESS; OR STATE OFFENSES CLASSIFIED AS MISDEMEANORS AND PUNISHABLE BY A TERM OF IMPRISONMENT NOT TO EXCEED TWO YEARS.) **(READ INFORMATION ON BACK PRIOR TO ANSWERING)** | NO |
| 33. ARE YOU THE ACTUAL BUYER OF THE FIREARM AS DEFINED UNDER 18 PA.C.S - 6102 LISTED ON THIS APPLICATION/RECORD OF SALE? (WARNING: YOU ARE NOT THE ACTUAL BUYER IF YOU ARE ACQUIRING THE FIREARM ON BEHALF OF ANOTHER PERSON UNLESS YOU ARE LEGITIMATELY ACQUIRING THE FIREARM AS A GIFT FOR ANY OF THE THE FOLLOWING INDIVIDUALS WHO ARE LEGALLY ELIGIBLE TO OWN A FIREARM: 1) SPOUSE; 2)PARENT; 3) CHILD; 4)GRANDPARENT; 5) GRANDCHILD | YES |

34. I VERIFY THE FACTS THAT I HAVE SET FORTH IN BLOCKS 5-33 OF THIS FORM ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.  THIS VERIFICATION IS MADE SUBJECT TO BOTH THE PENALTIES OF SECTION 4904 OF THE CRIMES CODE (18 PA.C.S 4904) RELATING TO UN-SWORN FALSIFICATION TO AUTHORITIES AND THE UNIFORM FIREARMS ACT.  I ALSO UNDERSTAND THAT THE MAKING OF ANY FALSE WRITTEN STATEMENT OF THE EXHIBITING OF ANY FALSE MISREPRESENTED IDENTIFICATION WITH RESPECT TO THIS APPLICATION IS A CRIME PUNISHABLE AS A FELONY.

SIGNATURE OF TRANSFEREE/PURCHASER.                    DATE OF APPLICATION:08/10/2024

| **C** | **ACKNOWLEDGMENT** |
|---|---|

35. I ACKNOWLEDGE RECEIPT OF THE FIREARM (HANDGUN/LONG-GUN) AND A SUMMARY OF THE UNIFORM FIREARMS ACT WHICH INCLUDES A SAFETY BROCHURE.

SIGNATURE OF TRANSFEREE/PURCHASER:                    DATE  08/10/2024

| **D** | **LICENSEE'S INFORMATION:     EMPLOYEE** |
|---|---|

| 36. LAST NAME<br>J. Isabella (41694) | 37. JR., ETC. | 38. FIRST NAME<br>Gregory | 39. MIDDLE NAME | 40. SIGNATURE |
|---|---|---|---|---|

| 41. BUSINESS NAME<br>FIRING LINE INC. | 42. BUSINESS TELEPHONE NO.<br>2153361710 | 43. COUNTY OF LICENSEE<br>Philadelphia |
|---|---|---|

| 44. BUSINESS ADDRESS<br>1532 SOUTH FRONT STREET | 45. CITY<br>PHILADELPHIA | 46. STATE<br>PA | 47. ZIP CODE<br>19147 |
|---|---|---|---|

| 48. DATE OF TRANSACTION<br>08/10/2024 | 49. TIME OF TRANSACTION<br>15:09:48 |
|---|---|

| **E** | **FIREARM INFORMATION** |
|---|---|

| 50. DOES THIS PURCHASE INVOLVE A PISTOL OR REVOLVER WITH A BARREL LENGTH OF LESS THAN 15 INCHES, A SHOTGUN WITH A BARREL LENGTH OF LESS THAN 18 INCHES, A RIFLE WITH A BARREL LENGTH OF LESS THAN 16 INCHES, OR A FIREARM WITH AN OVERALL LENGTH OF LESS THAN 26 INCHES? | YES |
|---|---|

| 51. MAKE<br>TAS - TAURUS (TAS) | 52. MODEL<br>605 | 53. CALIBER<br>38 | 54. LENGTH OF BARREL<br>3 | 55. SERIAL NUMBER<br>AGA980251 |
|---|---|---|---|---|

| **F** | **TRANSFEROR'S/SELLER'S INFORMATION OR EXPLANATION FOR NONTAXABLE SALES** |
|---|---|

| 56. LAST NAME<br>THE ARSENAL GUN SHOP | 57. JR., ETC. | 58.FIRST NAME<br>822015076C02409 | 59. MIDDLE NAME | 60. SIGNATURE |
|---|---|---|---|---|

| 61. STREET ADDRESS<br>1924 COOPER STREET | 62. CITY<br>DEPTFORD | 63. COUNTY/STATE<br>NJ | 64. ZIP CODE<br>08096 |
|---|---|---|---|

Case ID: 251002020
Control No.: 25114393

88775

PH# 267-640-8426

# FIRING LINE, INC.
## 1532 SOUTH FRONT STREET
### PHILADELPHIA, PA 19147
### 215-336-1710
### www.firinglineinc.com

41694

Customer's
Order No. _____   Phone No. _____   Date _____ 20 _____

Name   CLAUDE SIMPKINS

Address   _____

| QUAN. | DESCRIPTION | PRICE | AMOUNT |
|-------|-------------|-------|--------|
| 1. | TAURUS 605 | 1.5 | |
| | .357 MAG. 3.0 | | 2500 |
| | SER# AGA980351 | | |
| | Paid | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | TAX | | |
| | TOTAL | 25 00 | |
| # 24WD588945 | DEPOSIT | | |
| | BALANCE | | |

**ALL SALES FINAL. CANCELLATION FEE $50.00**
Received by _____

Case ID: 251002020
Control No.: 25114393

# Exhibit F

Case ID: 251002020
Control No.: 25114393

## Last Filed Vital Signs - documented in this encounter

| Vital Sign | Reading | Time Taken | Comments |
|---|---|---|---|
| Blood Pressure | - | - | |
| Pulse | - | - | |
| Temperature | - | - | |
| Respiratory Rate | 18 | 02/05/2025 1:54 PM EST | |
| Oxygen Saturation | - | - | |
| Inhaled Oxygen Concentration | - | - | |
| Weight | 95.3 kg (210 lb) | 02/05/2025 1:54 PM EST | |
| Height | 177.8 cm (5' 10") | 02/05/2025 1:54 PM EST | |
| Body Mass Index | 30.13 | 02/05/2025 1:54 PM EST | |

## Progress Notes - documented in this encounter

### Nurse Christine P - 02/05/2025 2:15 PM EST

Formatting of this note might be different from the original.

54 yo male who presents with shrapnel in L cheek. Bullet exploded while at gun range 1 week ago.
+pain

Review of Systems
CONST: Negative for fatigue, fever and unexpected weight change.
HENT: Negative for hearing loss, rhinorrhea and sore throat.
EYES: Negative for visual disturbance.
RESP: Negative for cough and shortness of breath.
CV: Negative for chest pain.
GI: Negative for abdominal pain.
GU: Negative for dysuria.
MUSC/SKEL: Negative for arthralgias.
SKIN: Negative.
ALL/IMM: Negative for environmental allergies.
NEURO: Positive for headaches. Negative for dizziness and weakness.
HEME: Negative for easy bruising/bleeding.

Electronically signed by Nurse Christine P at 02/05/2025 7:09 PM EST

### Khashayar Arianpour, MD - 02/05/2025 2:15 PM EST

Formatting of this note is different from the original.
Images from the original note were not included.
Otolaryngology - Head and Neck Surgery
New Patient Visit

2/5/2025

Chief Complaint
Patient presents with
Facial Laceration/Trauma

History of Present Illness, Otolaryngology Specialty-Specific Exam, and Assessment and Plan:

Claude J Simpkins is a 54 y.o. male who presents after he was at the shooting range on 1/30/2025 in Rio Grande shooting at silhouette targets when he felt something hit him in the face while using a 357 magnum. He sustained a puncture wound just over left malar region. Patient states that the puncture healed by itself and on antibiotics Keflex. He did have more tenderness which has slowly improved. He does state that the area still tender to palpation, although, he denies redness or any drainage from the site. He sustained no other injuries. He denies any droopiness or significant edema. He did undergo a CT scan that demonstrated metallic foreign body in the left malar region composing of 1 2 to fragments 1 of which is quite deep.

On physical exam, he is alert and not in any acute distress. Palpable left malar foreign body, in line with the lateral canthal line. Slightly tender to palpation. No evidence of cellulitis. Facial nerve intact across all divisions. There are no lesions, masses, or other abnormalities. The remaining head and neck exam is within normal limits.

My impression today is consistent with a patient who presents with left malar foreign body secondary to back firing of shrapnel from the 357 magnum on January 30, 2025. Patient is quite motivated have a foreign body removed given that it is causing him discomfort and is palpable. Tenderness is improving. We discussed the risks of the procedure including proximity to the facial nerve and the need for incision which would lead to a scar. He wishes to proceed. Will work to arrange surgery. Patient understands to call or come in with any new or changing symptoms..

Sincerely,

Case ID: 251002020
Control No.: 25114393

Khashayar Arianpour, MD
Facial Plastic and Reconstructive Surgery Fellow

Case ID: 251002020
Control No.: 25114393

# Exhibit G

Case ID: 251002020
Control No.: 25114393

# Taurus 650
**Black 357 Mag 3 in.**



MSRP $: **534.99**

| Instruction Manual ⬇ |
| Dealer Locator 📍 |
| Shop Accessories 🏷 |

**Buy Now:**

GunBroker.com

GALLERY OF GUNS

GUNS.COM

GUN MADE

You asked for it, and Taurus USA delivered—reintroducing the Taurus 650 .357 Magnum. This compact, 5-shot snub-nosed revolver features a fully shrouded hammer, ensuring a snag-free draw every time. Its sleek design minimizes the revolver's profile, reducing the risk of printing when carried concealed. Perfect for everyday carry, the Taurus 650's Double Action Only (DAO) trigger system and internal hammer offer smooth, reliable performance, delivering dependable ignition on magnum primers in high-stress situations.

Case ID: 251002020
Control No.: 25114393

# Exhibit B

Case ID: 251002020
Control No.: 25114393

CLAUDE SIMPKINS,

              Plaintiff,

        vs.

TAURUS HOLDINGS, INC.,
TAURUS INTERNATIONAL
MANUFACTURING, INC., TAURUS
ARMAS S.A., FIRING LINE, INC. and
THE ARSENAL GUN SHOP LLC

              Defendants.

:  COURT OF COMMON PLEAS
:  OF PHILADELPHIA COUNTY
:
:
:  NO. 251002020
:
:  **JURY TRIAL DEMANDED**
:
:
:
:
:
:
:
:

*Filed and Attested by the Office of Judicial Records NOV 2025 05:16 pm C. SMITH*

## ORDER

**AND NOW**, this _____ day of _____, 2025, upon consideration of the Preliminary

Objections of Defendants, Taurus Holdings, Inc. and Taurus International Manufacturing, Inc., to

Plaintiff's Complaint, and any response thereto, is hereby **ORDERED** that said objections are

**SUSTAINED**.  **IT IS FURTHER ORDERED** as follows:

1) Paragraph 58(k) is **HEREBY STRICKEN** from Plaintiff's Complaint;

2) Paragraphs 64 and 77 are **HEREBY STRICKEN** from Plaintiff's Complaint; and

3) Plaintiff's demand for punitive damages in the *ad damnum* clauses of Counts I, II, III,
   and IV are **HEREBY STRICKEN** from Plaintiff's Complaint.

BY THE COURT:

_____
                             J.

Case ID: 251002020
Control No.: 25114990

To the Plaintiff(s) and Co-Defendant(s)
You are hereby notified to plead to the
**Preliminary Objections**
enclosed herewith within twenty (20) days of
service hereof, or default judgment
may be entered against you.

BY: _____
    Attorney for Objecting Defendant(s)

**POST & SCHELL, P.C.**
BY:  DANIEL S. ALTSCHULER,
ESQUIRE
I.D. # 49470
E-mail: daltschuler@postschell.com
THREE LOGAN SQUARE
1717 ARCH STREET, 24TH FLOOR
PHILADELPHIA, PA 19103
(215) 587-6612
FAX: (215) 320-4875

Attorneys for Defendants Taurus Holdings,
Inc., Taurus International Manufacturing, Inc.
and Taurus Armas S.A.

| | |
|---|---|
| CLAUDE SIMPKINS,<br>                        Plaintiff,<br><br>       vs.<br><br>TAURUS HOLDINGS, INC.,<br>TAURUS INTERNATIONAL<br>MANUFACTURING, INC., TAURUS<br>ARMAS S.A., FIRING LINE, INC. and<br>THE ARSENAL GUN SHOP LLC<br><br>                    Defendants. | **:** COURT OF COMMON PLEAS<br>**:** OF PHILADELPHIA COUNTY<br>**:**<br>**:**<br>**:**<br>**:** NO. 251002020<br>**:**<br>**:** **JURY TRIAL DEMANDED**<br>**:**<br>**:**<br>**:**<br>**:**<br>**:**<br>**:** |

### PRELIMINARY OBJECTIONS OF DEFENDANTS, TAURUS HOLDINGS, INC. AND TAURUS INTERNATIONAL MANUFACTURING, INC., TO PLAINTIFF'S COMPLAINT

Defendants, Taurus Holdings, Inc. ("Holdings") and Taurus International Manufacturing,

Inc. ("TIMI") (referred to collectively as "Taurus Defendants"), by and through their attorneys,

Post & Schell, P.C., hereby file the following Preliminary Objections to Plaintiff's Complaint

pursuant to Pa.R.Civ,P. 1028, and in support thereof, avers as follows:

Case ID: 251002020
Control No.: 25114990

## I.    STATEMENT OF FACTS AND PROCEDURAL HISTORY

1.    On October 17, 2025, Plaintiff, Claude Simpkins, filed a Complaint in this Court against Taurus Defendants, Firing Line, Inc., and the Arsenal Gun Shop LLC. See copy of Plaintiff's Complaint attached hereto as Exhibit "A."

2.    In his Complaint, Plaintiff asserts four (4) separate causes of action against Taurus Defendants: Negligence (Count I), Strict Liability under Restatement (Second) of Torts 402A (Count II), Strict Liability under Restatement (Second) of Torts 402B (Count III), and Breach of Warranty (Count IV). See Exhibit A, ¶¶56-91.

3.    As part of his negligence claim, Plaintiff alleges that "Taurus Defendants were negligent under the doctrine of *res ipsa loquitur* as the Plaintiff would not have suffered injuries, as set forth above, if not for the Taurus Model 605 revolver shaving metal shrapnel off of the bullet when fired." See Exhibit A, ¶58(k).

4.    Additionally, in Paragraphs 64 and 77 as well as the *ad damnum* clauses of Counts I, II, III, and IV of the Complaint, Plaintiff asserts a demand for punitive damages. See Exhibit A, ¶¶64 and 77.

5.    However, Plaintiff fails to allege the requisite facts to support a claim for punitive damages.

6.    Accordingly, Taurus Defendants file these timely Preliminary Objections to Plaintiff's Complaint.

## II.    LEGAL ARGUMENT

7.    Pennsylvania Rule of Civil Procedure 1028 allows a party to challenge the merits of a legal claim and strike deficiencies in a pleading. See Pa. R.C.P. 1028.

2

Case ID: 251002020
Control No.: 25114990

8.    "In reviewing preliminary objections, only facts that are well pleaded, material, and relevant will be considered as true, together with such reasonable inferences that may be drawn from those facts, and preliminary objections will be sustained only if they are clear and free from doubt." See Somers v. Somers, 613 A.2d 1211, 1212 (Pa. Super. 1992) (citation omitted).

9.    "Because Pennsylvania is a fact-pleading jurisdiction, a pleading must not only apprise the opposing party of the asserted claim, it must also formulate the issues by summarizing those facts essential to support the claim." See Corestates Bank, N.A. v. Cutillo, 723 A.2d 1053, 1057 (Pa. Super. 1999) (internal quotations omitted); see also Pa. R.C.P. 1019.

### A. PRELIMINARY OBJECTION IN THE FORM OF A MOTION TO STRIKE PARAGRAPH 58(k) OF THE COMPLAINT ALLEGING A THEORY OF *RES IPSA LOQUITUR* PURSUANT TO Pa.R.Civ.P. 1028(a)(2) FOR FAILURE TO CONFORM TO LAW AND/OR RULE OF COURT.

10.    In Paragraph 58 of the Complaint, Plaintiff lists various allegations of negligence as part of his negligence claim (Count I) against Taurus Defendants. See Exhibit A, ¶¶56-64

11.    Under sub-Paragraph 58(k), Plaintiff alleges that "Taurus Defendants were negligent under the doctrine of *res ipsa loquitur* as the Plaintiff would not have suffered injuries, as set forth above, if not for the Taurus Model 605 revolver shaving metal shrapnel off of the bullet when fired." See Exhibit A, ¶58(k).

12.    Not only is this an incorrect application of the *res ipsa loquitur* doctrine, but also an improper allegation in a complaint under Pennsylvania law.

13.    The doctrine of *res ipsa loquitur* is "a short-hand expression for a rule of evidence which allows a jury to infer the existence of negligence and causation where the injury at issue is one that does not ordinarily occur in the absence of negligence." Sedistsky v. Pareso, 582 A.2d 1314, 1315 (Pa. Super. 1990) (citing Gilbert v. Korvette, Inc., 327 A.2d 94, 99 (Pa. 1974)).

3

Case ID: 251002020
Control No.: 25114990

14.     The Pennsylvania Supreme Court has also declared that the doctrine of *res ipsa loquitur* is **not** a theory of recovery, but rather a rule of circumstantial evidence. Quinby v. Plumsteadville Family Practice, Inc., 907 A.2d 1061, 1071 (Pa. 2006).

15.     As a rule of evidence, the doctrine of *res ipsa loquitur* "is brought into play where the situation presented makes it applicable. **It does not have to be pleaded in the complaint or noticed by specific designation to the adverse party at a pre-trail or at trial, since it is neither a cause of action, nor a ground for recovery, nor an issue**." Hollywood Shop, Inc. v. Pa. Gas & Water Co., 411 A.2d 509, 513 (1979) (quoting Fassbinder v. Pa. R.R. Co., 322 F.2d 859, 863 (3d Cir.1963) (emphasis added)).

16.     Thus, Pennsylvania courts have sustained preliminary objections seeking to strike allegations of negligence under a "theory" of *res ipsa loquitur*. See, e.g., Belles v. Giovanni's Pizza, 2014 Pa. Dist. & Cnty. Dec. LEXIS 235 (Bucks CCP Nov. 20, 2014) (sustaining preliminary objection in the form of a motion to strike an allegation of *res ipsa loquitur* from the plaintiff's complaint).

17.     For this reason, Subparagraph 58(k) should be stricken from Plaintiff's Complaint.

**WHEREFORE,** Defendants, Taurus Holdings, Inc. and Taurus International Manufacturing, Inc., respectfully demand that Sub-Paragraph 58(k) of Plaintiff's Complaint be stricken with prejudice.

**B. PRELIMINARY OBJECTION IN THE FORM OF A MOTION TO STRIKE PLAINTIFF'S DEMAND FOR PUNITIVE DAMAGES IN PARAGRAPHS 64, 77 AND *AD DAMNUM* CLAUSES OF COUNTS I, II, III, AND IV PURSUANT TO Pa.R.Civ.P. 1028(a)(2) FOR FAILURE TO CONFORM TO LAW AND/OR RULE OF COURT.**

18.     In Paragraphs 64 and 77 of Plaintiff's Complaint, he alleges that he "is entitled to an award of punitive damages." See Exhibit A, ¶¶64 and 77.

4

Case ID: 251002020
Control No.: 25114990

19.     Likewise, in each of Plaintiff's *ad damnum* clauses against Taurus Defendants, Plaintiff demands punitive damages. See Exhibit A, Count I, II, III, and IV.

20.     However, under Pennsylvania law, in order for a claim for punitive damages to proceed, the pleading must allege **specific conduct** that was outrageous in nature and that demonstrates intentional, willful, wanton, or reckless behavior **by the particular defendant**. SHV Coal v.  Continental Grain, 587 A.2d 702 (Pa. 1991) (emphasis added).

21.     Although the Plaintiff's Complaint contains random allegations of "willful, wanton, reckless and intentional" conduct Taurus Defendants, nowhere is it alleged that Taurus Defendants engaged in conduct with an evil motive or reckless indifference needed to factually support a claim for punitive damages. If a claim alleges merely negligent (or even grossly negligent) conduct, it is not sufficient to support a claim for punitive damages. Feld v. Merrian, 485 A.2d 742 (Pa. 1984); McDanial v. Merk, Sharp & Dohme, 533 A.2d 436 (Pa. Super. 1987); Schock v T.J. Care, Inc., 65 Pa. D.&C.4th 517 (CCP Fayette Co. 2004).

22.     The ordinary negligence, inadvertence, mistake or error in judgment alleged in this Complaint regarding the misidentification of Smith simply does not support a claim for punitive damages.

23.     Maintenance of a punitive damage claim requires a high standard of factual allegations not available from the pleading (or record) now before this Court. Despite a 177 paragraph Complaint, Plaintiff does do not set forth **any** facts which support that Taurus Defendants acted outrageously, with indifference or conscious disregard, or with the motive upon him personally to warrant punitive damages.

24.     Therefore, Plaintiff's demand for punitive damages should be stricken from the Complaint.

5

**WHEREFORE,** Defendants, Taurus Holdings, Inc. and Taurus International Manufacturing, Inc., respectfully demand that Plaintiff's demand for punitive damages in Paragraphs 64 and 77 and the *ad damnum* clauses of Plaintiff's Complaint be stricken with prejudice.

Respectfully submitted,

**POST & SCHELL, P.C.**

**BY**:

DATED: November 13, 2025

DANIEL S. ALTSCHULER, ESQUIRE
ATTORNEYS FOR DEFENDANTS,
TAURUS HOLDINGS, INC., TAURUS
INTERNATIONAL MANUFACTURING,
INC. AND TAURUS ARMAS S.A.

6

Case ID: 251002020
Control No.: 25114990

**POST & SCHELL, P.C.**
BY:  DANIEL S. ALTSCHULER,
ESQUIRE
I.D. # 49470
E-mail: daltschuler@postschell.com
THREE LOGAN SQUARE
1717 ARCH STREET, 24TH FLOOR
PHILADELPHIA, PA 19103
(215) 587-6612
FAX: (215) 320-4875

Attorneys for Defendants Taurus Holdings, Inc., Taurus International Manufacturing, Inc. and Taurus Armas S.A.

| | |
|---|---|
| CLAUDE SIMPKINS,<br><br>             Plaintiff,<br><br>vs.<br><br>TAURUS HOLDINGS, INC.,<br>TAURUS INTERNATIONAL<br>MANUFACTURING, INC., TAURUS<br>ARMAS S.A., FIRING LINE, INC. and<br>THE ARSENAL GUN SHOP LLC<br><br>             Defendants. | :  COURT OF COMMON PLEAS<br>:  OF PHILADELPHIA COUNTY<br>:<br>:<br>:<br>:  NO. 251002020<br>:<br>:  **JURY TRIAL DEMANDED**<br>:<br>:<br>:<br>:<br>:<br>: |

## <u>MEMORANDUM OF LAW IN SUPPORT OF PRELIMINARY OBJECTIONS OF DEFENDANTS, TAURUS HOLDINGS, INC. AND TAURUS INTERNATIONAL MANUFACTURING, INC., TO PLAINTIFF'S COMPLAINT</u>

Defendants, Taurus Holdings, Inc. ("Holdings") and Taurus International Manufacturing, Inc. ("TIMI") (referred to collectively as "Taurus Defendants"), by and through their attorneys, Post & Schell, P.C., hereby submits this Memorandum of Law in Support of its Preliminary Objections to Plaintiff's Complaint pursuant to Pa.R.Civ,P. 1028.

**I.**    **<u>MATTER BEFORE THIS COURT</u>**

Before this Honorable Court is Defendants, Taurus Holdings, Inc. and Taurus International Manufacturing, Inc.'s Preliminary Objections to Plaintiff's Complaint.

## II.   QUESTIONS PRESENTED

A.  **WHETHER THIS COURT SHOULD SUSTAIN TAURUS DEFENDANTS' PRELIMINARY OBJECTION IN THE FORM OF A MOTION TO STRIKE PARAGRAPH 58(k) OF THE COMPLAINT ALLEGING A THEORY OF *RES IPSA LOQUITUR* PURSUANT TO Pa.R.Civ.P. 1028(a)(2) FOR FAILURE TO CONFORM TO LAW AND/OR RULE OF COURT.**

Suggested Answer: **YES.**

B.  **WHETHER THIS COURT SHOULD SUSTAIN TAURUS DEFENDANTS' PRELIMINARY OBJECTION IN THE FORM OF A MOTION TO STRIKE PLAINTIFF'S DEMAND FOR PUNITIVE DAMAGES IN PARAGRAPHS 64, 77 AND *AD DAMNUM* CLAUSES OF COUNTS I, II, III, AND IV PURSUANT TO Pa.R.Civ.P. 1028(a)(2) FOR FAILURE TO CONFORM TO LAW AND/OR RULE OF COURT.**

Suggested Answer: **YES.**

## III.   STATEMENT OF FACTS AND PROCEDURAL HISTORY

On October 17, 2025, Plaintiff, Claude Simpkins, filed a Complaint in this Court against Taurus Defendants, Firing Line, Inc., and the Arsenal Gun Shop LLC. See copy of Plaintiff's Complaint attached hereto as Exhibit "A."

In his Complaint, Plaintiff asserts four (4) separate causes of action against Taurus Defendants: Negligence (Count I), Strict Liability under Restatement (Second) of Torts 402A (Count II), Strict Liability under Restatement (Second) of Torts 402B (Count III), and Breach of Warranty (Count IV). See Exhibit A, ¶¶56-91.

25.   As part of his negligence claim, Plaintiff alleges that Taurus Defendants were negligent under the doctrine of *res ipsa loquitur* as the Plaintiff would not have suffered injuries, as set forth above, if not for the Taurus Model 605 revolver shaving metal shrapnel off of the bullet when fired." See Exhibit A, ¶58(k).

2

Case ID: 251002020
Control No.: 25114990

Additionally, in Paragraphs 64 and 77 as well as the *ad damnum* clauses of the Complaint, Plaintiff asserts a demand for punitive damages. However, Plaintiff fails to allege the requisite facts to support a claim for punitive damages.

Accordingly, Taurus Defendants file these timely Preliminary Objections to Plaintiff's Complaint.

## IV.   LEGAL ARGUMENT

Pennsylvania Rule of Civil Procedure 1028 allows a party to challenge the merits of a legal claim and strike deficiencies in a pleading. See Pa. R.C.P. 1028.

"In reviewing preliminary objections, only facts that are well pleaded, material, and relevant will be considered as true, together with such reasonable inferences that may be drawn from those facts, and preliminary objections will be sustained only if they are clear and free from doubt." See Somers v. Somers, 613 A.2d 1211, 1212 (Pa. Super. 1992) (citation omitted).

"Because Pennsylvania is a fact-pleading jurisdiction, a pleading must not only apprise the opposing party of the asserted claim, it must also formulate the issues by summarizing those facts essential to support the claim." See Corestates Bank, N.A. v. Cutillo, 723 A.2d 1053, 1057 (Pa. Super. 1999) (internal quotations omitted); see also Pa. R.C.P. 1019.

**A. This Court Should Sustain Taurus Defendants' Preliminary Objection in the Form of a Motion to Strike Paragraph 58(k) of the Complaint Alleging a Theory of *Res Ipsa Loquitur* Pursuant to Pa.R.Civ.P. 1028(a)(2) For Failure to Conform to Law and/or Rule of Court.**

In Paragraph 58 of the Complaint, Plaintiff lists various allegations of negligence as part of his negligence claim (Count I) against Taurus Defendants. See Exhibit A, ¶¶56-64. Specifically, under sub-Paragraph 58(k), Plaintiff alleges that "Taurus Defendants were negligent under the doctrine of *res ipsa loquitur* as the Plaintiff would not have suffered injuries, as set forth above, if not for the Taurus Model 605 revolver shaving metal shrapnel off of the bullet when fired." See

3

Exhibit A, ¶58(k).  Not only is this an incorrect application of the *res ipsa loquitur* doctrine, but also an improper allegation in a complaint under Pennsylvania law.

The doctrine of *res ipsa loquitur* is "a short-hand expression for a rule of evidence which allows a jury to infer the existence of negligence and causation where the injury at issue is one that does not ordinarily occur in the absence of negligence." Sedistsky v. Pareso, 582 A.2d 1314, 1315 (Pa. Super. 1990) (citing Gilbert v. Korvette, Inc., 327 A.2d 94, 99 (Pa. 1974)).  The Pennsylvania Supreme Court has also declared that the doctrine of *res ipsa loquitur* is **not** a theory of recovery, but rather a rule of circumstantial evidence. Quinby v. Plumsteadville Family Practice, Inc., 907 A.2d 1061, 1071 (Pa. 2006).

As a rule of evidence, the doctrine of *res ipsa loquitur* "is brought into play where the situation presented makes it applicable.  **It does not have to be pleaded in the complaint or noticed by specific designation to the adverse party at a pre-trail or at trial, since it is neither a cause of action, nor a ground for recovery, nor an issue**." Hollywood Shop, Inc. v. Pa. Gas & Water Co., 411 A.2d 509, 513 (1979) (quoting Fassbinder v. Pa. R.R. Co., 322 F.2d 859, 863 (3d Cir.1963) (emphasis added)).  Thus, Pennsylvania courts have sustained preliminary objections seeking to strike allegations of negligence under a "theory" of *res ipsa loquitur*. See, e.g., Belles v. Giovanni's Pizza, 2014 Pa. Dist. & Cnty. Dec. LEXIS 235 (Bucks CCP Nov. 20, 2014) (sustaining preliminary objection in the form of a motion to strike an allegation of *res ipsa loquitur* from the plaintiff's complaint).

For this reason, Subparagraph 58(k) should be stricken from Plaintiff's Complaint.

4

**B. This Court Should Sustain Taurus Defendants' Preliminary Objection in the Form of a Motion to Strike Plaintiff's Demand for Punitive Damages in Paragraphs 64 and 77 and the _Ad Damnum_ Clauses of Counts I, II, III, and IV Pursuant to Pa.R.Civ.P. 1028(a)(2) For Failure to Conform to Law and/or Rule of Court.**

In Paragraphs 64 and 77 of Plaintiff's Complaint, he alleges that he "is entitled to an award of punitive damages." See Exhibit A, ¶¶64 and 77. Likewise, in each of Plaintiff's _ad damnum_ clauses against Taurus Defendants, Plaintiff demands punitive damages. See Exhibit A, Count I, II, III, and IV.

However, under Pennsylvania law, in order for a claim for punitive damages to proceed, the pleading must allege **specific conduct** that was outrageous in nature and that demonstrates intentional, willful, wanton, or reckless behavior **by the particular defendant**. SHV Coal v. Continental Grain, 587 A.2d 702 (Pa. 1991) (emphasis added).

Although the Plaintiff's Complaint contains random allegations of "willful, wanton, reckless and intentional" conduct Taurus Defendants, nowhere is it alleged that Taurus Defendants engaged in conduct with an evil motive or reckless indifference needed to factually support a claim for punitive damages. If a claim alleges merely negligent (or even grossly negligent) conduct, it is not sufficient to support a claim for punitive damages. Feld v. Merrian, 485 A.2d 742 (Pa. 1984); McDanial v. Merk, Sharp & Dohme, 533 A.2d 436 (Pa. Super. 1987); Schock v T.J. Care, Inc., 65 Pa. D. & C. 4th 517 (Fayette CCP 2004). The ordinary negligence, inadvertence, mistake or error in judgment alleged in this Complaint regarding the misidentification of Smith simply does not support a claim for punitive damages.

Maintenance of a punitive damage claim requires a high standard of factual allegations not available from the pleading (or record) now before this Court. Despite a 177 paragraph Complaint, Plaintiff does do not set forth **any** facts which support that Taurus Defendants acted outrageously,

5

Case ID: 251002020
Control No.: 25114990

with indifference or conscious disregard, or with the motive upon him personally to warrant punitive damages.

Therefore, Plaintiff's demand for punitive damages should be stricken from the Complaint.

## V.    <u>CONCLUSION</u>

For the reasons more fully explained above, Defendants, Taurus Holdings, Inc. and Taurus International Manufacturing, Inc., respectfully demand that Paragraph 58(k) and Plaintiff's demand for punitive damages in Paragraphs 64 and 77 and the *ad damnum* clauses of Plaintiff's Complaint be stricken from Plaintiff's Complaint.

Respectfully submitted,

**POST & SCHELL, P.C.**

**BY**: _____

**DATED**: November 13, 2025

DANIEL S. ALTSCHULER, ESQUIRE
ATTORNEYS FOR DEFENDANTS,
TAURUS HOLDINGS, INC., TAURUS
INTERNATIONAL MANUFACTURING,
INC. AND TAURUS ARMAS S.A.

6

Case ID: 251002020
Control No.: 25114990

## CERTIFICATE OF SERVICE

I, Daniel S. Altschuler, Esquire, hereby state that a true and correct copy of the foregoing

*PRELIMINARY OBJECTIONS OF DEFENDANTS, TAURUS HOLDINGS, INC. AND TAURUS INTERNATIONAL MANUFACTURING, INC., TO PLAINTIFF'S COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT*, was served via the Philadelphia County Court E-Filing System, at time of acceptance by the Prothonotary's Office, on the date set forth below upon all counsel of record.

POST & SCHELL, P.C.

BY: _____

**DATED**: November 13, 2025

DANIEL S. ALTSCHULER, ESQUIRE
ATTORNEYS FOR DEFENDANTS,
TAURUS HOLDINGS, INC., TAURUS
INTERNATIONAL MANUFACTURING,
INC. AND TAURUS ARMAS S.A.

# EXHIBIT A

Case ID: 251002020
Control No.: 25114990

# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet

PHILADELPHIA _____ **County**

| For Prothonotary Use Only: |
| --- |
| Docket No: |

*Filed and Attested by the Office of Judicial Records 17 OCT 2025 01:59 pm B. BALILONIS*

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

## SECTION A

**Commencement of Action**:
- [X] Complaint
- [ ] Writ of Summons
- [ ] Petition
- [ ] Transfer from Another Jurisdiction
- [ ] Declaration of Taking

Lead Plaintiff's Name:
CLAUDE SIMPKINS

Lead Defendant's Name:
TAURUS HOLDINGS, INC., ET AL.

**Are money damages requested?** [X] Yes  [ ] No

Dollar Amount Requested: (check one)  [ ] within arbitration limits  [X] outside arbitration limits

**Is this a *Class Action Suit*?** [ ] Yes [X] No

**Is this an *MDJ Appeal*?** [ ] Yes [X] No

Name of Plaintiff/Appellant's Attorney: MICHAEL V. TINARI, ESQUIRE

[ ] **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

## SECTION B

**Nature of the Case**:  Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** (*do not include Mass Tort*)
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [ ] Premises Liability
- [X] Product Liability *(does not include mass tort)*
- [ ] Slander/Libel/ Defamation
- [ ] Other: _____

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other: _____

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional: _____

**CONTRACT** (*do not include Judgments*)
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other _____
- [ ] Employment Dispute: Discrimination
- [ ] Employment Dispute: Other _____
- [ ] Other: _____

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other: _____

**CIVIL APPEALS**
Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other _____
- [ ] Zoning Board
- [ ] Other: _____

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [ ] Other: _____

Case ID: 251002020
Updated 1/1/2011
Control No.: 25114990

# NOTICE

**Pennsylvania Rule of Civil Procedure 205.5. (Cover Sheet) provides, in part:**

**Rule 205.5.    Cover Sheet**

(a)(1)    This rule shall apply to all actions governed by the rules of civil procedure except the following:

(i)    actions pursuant to the Protection from Abuse Act, Rules 1901 et seq.

(ii)    actions for support, Rules 1910.1 et seq.

(iii)    actions for custody, partial custody and visitation of minor children, Rules 1915.1 et seq.

(iv)    actions for divorce or annulment of marriage, Rules 1920.1 et seq.

(v)    actions in domestic relations generally, including paternity actions, Rules 1930.1 et seq.

(vi)    voluntary mediation in custody actions, Rules 1940.1 et seq.

(2)    At the commencement of any action, the party initiating the action shall complete the cover sheet set forth in subdivision (e) and file it with the prothonotary.

(b)    The prothonotary shall not accept a filing commencing an action without a completed cover sheet.

(c)    The prothonotary shall assist a party appearing pro se in the completion of the form.

(d)    A judicial district which has implemented an electronic filing system pursuant to Rule 205.4 and has promulgated those procedures pursuant to Rule 239.9 shall be exempt from the provisions of this rule.

(e)    The Court Administrator of Pennsylvania, in conjunction with the Civil Procedural Rules Committee, shall design and publish the cover sheet.  The latest version of the form shall be published on the website of the Administrative Office of Pennsylvania Courts at www.pacourts.us.

Case ID: 251002020
Control No.: 25114990

**LEONARD TINARI, LLP**
By:    Michael V. Tinari, Esquire
Attorney I.D. No. 51853                          Attorneys for Plaintiff
171 W. Lancaster Avenue, 2nd Floor
Paoli, PA 19301
Telephone: (484) 328-8147
Email: mtinari@lt-lawyer.com

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY,
PENNSYLVANIA
CIVIL ACTION – LAW**

| | |
|---|---|
| **CLAUDE SIMPKINS** : | |
| 31 West Allegheny Ave, Apt 244 : | NO. |
| Philadelphia, PA 19132 : | |
| : | **JURY TRIAL DEMANDED** |
| Plaintiff : | |
| : | |
| vs. : | |
| : | |
| **TAURUS HOLDINGS, INC** : | |
| **d/b/a TAURUS USA** : | |
| 100 Taurus Way : | |
| Bainbridge, Georgia 39817 : | |
| **&** : | |
| **TAURUS INTERNATIONAL** : | |
| **MANUFACTURING, INC** : | |
| 100 Taurus Way : | |
| Bainbridge, Georgia 39817 : | |
| **&** : | |
| **TAURUS ARMAS S.A.** : | |
| **f/k/a FORJAS TAURUS S.A.** : | |
| 100 Taurus Way : | |
| Bainbridge, Georgia 39817 : | |
| And : | |
| Av. São Borja, 2181 : | |
| São Leopoldo, 93035-411, Brazil : | |
| **&** : | |
| **FIRING LINE, INC.** : | |
| 1532 S. Front Street : | |
| Philadelphia, PA 19147 : | |
| **&** : | |

1

Case ID: 251002020
Control No.: 25114990

**THE ARSENAL GUN SHOP LLC**                  :
1924 Cooper Street                            :
Deptford, NJ 08096                            :
        **&**                                 :
**JOHN DOE PERSONS AND ENTITIES**             :        CIVIL ACTION
        Defendants                            :
                                              :
_____     :

## COMPLAINT – CIVIL ACTION
## NOTICE TO DEFEND

<table>
<tr><td>NOTICE</td><td>AVISO</td></tr>
<tr><td>

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are  served, by entering a written appearance personally or by attorney  and filing in writing with the court your defenses or objection to  the claims set forth against you.  You are warned that if you fail  to do so the case may proceed without you and a judgment may  be entered against you by the court without further notice for any   money claimed in the complaint or for any other claim or relief  requested by the plaintiff.  You may lose money or property or  other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT  AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH  BELOW  TO  FIND  OUT  WHERE  YOU  CAN  GET

LEGAL HELP.

Philadelphia Bar Association  Lawyer Referral and Information Service One Reading Center  Philadelphia, Pennsylvania 19107 Telephone (215) 238-1701

</td><td>

Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación.  Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su personá.  Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación.  Además, la corte puede decidir a favor del demandante y  requiere que usted cumpla con todas las provisiones de esta  demanda.  Usted puede perder dinero o sus propiedades o otros  derechos importantes para usted.

LLEVE  ESTA  DEMANDA  A  UN  ABOGADO INMEDIATAMENTE.  SI NO TIENE ABOGADO O SI NO

TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE  SE  PUEDE  CONSEGUIR  ASISTENCIA LEGAL.

Asociacion De Licenciados De Filadelfia  Servicio De Referencia E Informacion Legal  One Reading Center Filadelfia, Pennsylvania 19107 Telefono:  (215)238-1701

</td></tr>
</table>

2

Case ID: 251002020
Control No.: 25114990

**LEONARD TINARI, LLP**
By:     Michael V. Tinari, Esquire
Attorney I.D. No. 51853
171 W. Lancaster Avenue, 2nd Floor
Paoli, PA 19301
Telephone: (484) 328-8147
Email: mtinari@lt-lawyer.com

Attorneys for Plaintiff

### IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA
### CIVIL ACTION – LAW

| | | |
|---|---|---|
| **CLAUDE SIMPKINS** | : | NO. |
| 31 West Allegheny Ave, Apt 244 | : | |
| Philadelphia, PA 19132 | : | |
| | : | **JURY TRIAL DEMANDED** |
| Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| **TAURUS HOLDINGS, INC** | : | |
| **d/b/a TAURUS USA** | : | |
| 100 Taurus Way | : | |
| Bainbridge, Georgia 39817 | : | |
| **&** | : | |
| **TAURUS INTERNATIONAL** | : | |
| **MANUFACTURING, INC** | : | |
| 100 Taurus Way | : | |
| Bainbridge, Georgia 39817 | : | |
| **&** | : | |
| **TAURUS ARMAS S.A.** | : | |
| **f/k/a FORJAS TAURUS S.A.** | : | |
| 100 Taurus Way | : | |
| Bainbridge, Georgia 39817 | : | |
| And | : | |
| Av. São Borja, 2181 | : | |
| São Leopoldo, 93035-411, Brazil | : | |
| **&** | : | |
| **FIRING LINE, INC.** | : | |
| 1532 S. Front Street | : | |
| Philadelphia, PA 19147 | : | |
| **&** | : | |
| **THE ARSENAL GUN SHOP LLC** | : | |
| 1924 Cooper Street | : | |
| Deptford, NJ 08096 | : | |
| **&** | : | |

Case ID: 251002020
Control No.: 25114990

**JOHN DOE PERSONS AND ENTITIES** : CIVIL ACTION
          Defendants : 

_____ :

## *COMPLAINT*

Plaintiff, Claude Simpkins, by and through his attorney, Michal V. Tinari, Esquire, of Leonard Tinari LLP, respectfully represents and avers as follows:

## PARTIES

1.    Plaintiff, Claude Simpkins, is an adult individual who at the time of the injury averred herein resided at 1832 Callowhill Street, Apartment C, City of Philadelphia, and Commonwealth of Pennsylvania, and at the time of the filing of this civil action resides at 31 West Allegheny Ave, Apt 244, City of Philadelphia, and Commonwealth of Pennsylvania.

2.    Defendant, Taurus Holdings, Inc., d/b/a Taurus USA (individually referred to herein as "Taurus Holdings") is a Georgia corporation with its principal place of business located at 100 Taurus Way, Bainbridge, Georgia 39817. Defendant Taurus Holdings is, individually or jointly with one or more of the other Taurus Defendants, in the business of designing, manufacturing, assembling, distributing, importing, selling, marketing for sale, and advertising firearms.

3.    Defendant, Taurus International Manufacturing, Inc., (individually referred to herein as "Taurus International") is a Georgia corporation with its principal place of business located at 100 Taurus Way, Bainbridge, Georgia 39817. Defendant Taurus International is, individually or jointly with one or more of the other Taurus Defendants, in the business of designing, manufacturing, assembling, distributing, importing, selling, marketing for sale, and advertising firearms.

4.    Defendant, Taurus Armas S.A. f/k/a Forjas Taurus S.A. (individually referred to herein as "Taurus Armas") is a Brazilian company with its principal place of business located at Av. São Borja, 2181. São Leopoldo, 93035-411 Brazil and, upon information and belief, with

1

Case ID: 251002020
Control No.: 25112990

corporate offices at 100 Taurus Way, Bainbridge Georgia 39817. Defendant Taurus Armas is, individually or jointly with one or more of the other Taurus Defendants, in the business of designing, manufacturing, distributing, importing, exporting, selling, and marketing and otherwise advertising firearms.

5. Defendants Taurus Holdings, Taurus International, and Taurus Armas will be herein referred to collectively as the "Taurus Defendants."

6. Defendant, Firing Line, Inc., ("Firing Line") is a Pennsylvania corporation and licensed gun broker and dealer by the Bureau of Alcohol, Tobacco, Firearms and Explosives (referred to herein as the "ATF") with a Federal Firearms license. Its principal place of business is located at 1532 S. Front Street, Philadelphia, PA 19147.

7. Defendant, The Arsenal Gun Shop LLC, ("Arsenal") is a New Jersey limited liability company and licensed gun broker and dealer by the ATF with a Federal Firearms License. Its principal place of business is located at 1924 Cooper Street, Deptford, NJ 08096.

8. The Taurus Defendants, Firing Line, Arsenal and Defendants John Doe Persons and Entities (which John Doe Defendants are presently unknown to Plaintiff after a reasonable search with due diligence and as may hereafter be identified) are collectively referred to herein as the "Defendants".

9. Defendants John Doe Persons and Entities are fictitious individuals or entities who, along with known Defendants identified by name herein, are jointly and severally responsible and liable for the actions and omissions of the Defendants as described and averred more fully throughout Plaintiff's Complaint. The John Doe Persons and Entities will be herein referred to collectively as the "John Doe Defendants."

2

Case ID: 251002020
Control No.: 25114990

## JURISDICTION AND VENUE

10.    This Court has personal jurisdiction over the Taurus Defendants pursuant to the Pennsylvania Long-Arm Statute (42 Pa.C.S. §5322). Specifically, the Taurus Defendants, directly and by through their employees and agents, have engaged in systemic and ongoing business transactions in the Commonwealth of Pennsylvania, and have had continuous and substantial business connections in the Commonwealth of Pennsylvania at all times relevant to Plaintiff's averments and claims in this Complaint. The Taurus Defendants have chosen to manufacture, assemble, distribute, sell, import, export, market for sale, and advertise multiple types and brands of firearms, including the revolver that is the subject of this Complaint, throughout the United States, including the Commonwealth of Pennsylvania

11.    This Court has specific personal jurisdiction over the Taurus Defendants, because they have, directly and by and through their employees and agents:

(a)    operated, conducted, engaged in, or carried out a business venture in the United States, more specifically the State of Georgia ,designing. manufacturing, and assembling firearms under the "Taurus" and/or "Taurus USA" (and other) brand names, with the Taurus and Taurus USA brands of firearms being collectively referred to herein as "Taurus"), importing Taurus firearms under the "Taurus" brand name from Brazil into the State of Georgia, distributing Taurus firearms throughout the United States, including within the Commonwealth of Pennsylvania, under the "Taurus" brand name, and receiving revenues from such importation and distribution of the firearms under the "Taurus" brand name, such that specific personal jurisdiction arises under 42 Pa.C.S. §5322(a)(1)(i)(ii)(iii) & (iv);

3

Case ID: 251002020
Control No.: 25114990

(b)    committed various tortious acts and caused harm within the Commonwealth of Pennsylvania, including but not limited to the Plaintiff, by designing, manufacturing, advertising and otherwise marketing for sale, distributing, and selling  a defective Model 605 .357 caliber  revolver, Serial Number AGA9801 (hereinafter "Taurus Model 605" or 'Revolver") such that specific jurisdiction arises under 42 Pa.C.S. §5322(a)(3) and (4);

(c)    caused injury to Plaintiff, a resident of the Commonwealth of Pennsylvania arising out of an act or omission by it outside of the Commonwealth of Pennsylvania while products, materials, or things processed, serviced, manufactured, or assembled by them in Brazil and elsewhere were used or consumed within the Commonwealth of Pennsylvania in the ordinary course of commerce, trade, or use that has caused injuries to Plaintiff arising out of the design, manufacture, assembling, distribution, and marketing of the Taurus Model 605 revolver outside of the Commonwealth of Pennsylvania while the revolver processed, serviced, manufactured, or assemble by Taurus Armas or other Taurus Defendant were used or consumed in the Commonwealth of Pennsylvania in the ordinary course of commerce, trade or use, such that specific personal jurisdiction arises under 42 Pa.C.S. §5322.

12.    This Court has general personal jurisdiction over the Taurus Defendants because, as averred more fully herein, they have engaged in substantial and not isolated activity within the United States and the Commonwealth of Pennsylvania, including but not limited to the continuous, ongoing, extensive importation of thousands of firearms into the United States and the Commonwealth of Pennsylvania from Brazil under the "Taurus" brand name(s) and distributing the revolvers and other firearms throughout the United States under the "Taurus" brand name(s), such that general personal jurisdiction arises under 42 Pa.C.S. §5322(a)(1)-(iv) and (2).

Case ID: 251002020
Control No.: 25114990

13. This Court has personal jurisdiction over Defendant  Arsenal because it has committed various tortious acts which have caused harm within the Commonwealth of Pennsylvania, including but not limited injury and damages to Plaintiff, by the advertising, selling and distribution of the defective Taurus Model 605 revolver, such that specific jurisdiction arises under 42 Pa.C.S. §5322(a)(4);

14. Jurisdiction is proper against Defendant Firing Line because Firing Line is a business entity with its principal place of business in Philadelphia, Pennsylvania.

15. Venue is proper in Philadelphia County because, pursuant to Pa.R.C.P. 1006(a)(3), a transaction or occurrence took place out of which the cause of action arose in Philadelphia County.

## FACTS

16. Plaintiff incorporates the foregoing averments as if same were stated below again at length.

17. Defendants Taurus Holdings and Taurus International are subsidiaries of Defendant Taurus Armas.

18. Defendant Taurus Armas is the global parent company of Taurus Holdings, Taurus International and Taurus USA and one of the largest small firearms manufacturers in the world. It produces, distributes and sells  firearms  and other industrial products throughout the world, including the Commonwealth of Pennsylvania and manufactures distributes and sells revolvers under the brand name "Taurus" and distributes revolvers and other firearms throughout the United States and the Commonwealth of Pennsylvania under the "Taurus" brand name through co-Defendants, Taurus International and Taurus Holdings.

5

Case ID: 251002020
Control No.: 25114990

19.    Defendant Taurus Holdings is a holding company formed and owned by Taurus Armas and  the parent company of co-Defendant Taurus International, and they are both in the business of designing, manufacturing, selling, distributing, and marketing for sale firearms, including the Taurus Model 605 revolver, throughout the United States and the Commonwealth of Pennsylvania. In addition, the Taurus Defendants designed, manufactured, assembled, marketed, imported, and distributed revolvers and other firearms, including the Taurus Model 605 revolver at issue in this action, in the Commonwealth of Pennsylvania and elsewhere.

20. Taurus USA is a division of Taurus Holdings and is the importer and distributor of Taurus firearms in the United States, including the Commonwealth of Pennsylvania. It ensures compliance with United States regulations and manages marketing and sales.

21.    In addition, the Taurus Defendants manufacture, assemble, market, import, sell, and distribute revolvers and other firearms, including the subject Taurus Model 605 revolver, in the Commonwealth of Pennsylvania and elsewhere within the United States.

22.    Forty manufacturers dominated the firearms market in the United States in 2023, controlling over 92% of the total domestic output. Of those manufacturers, Taurus Defendants were the tenth largest manufacturer of firearms in terms of sales in 2022 as reported by the ATF.

23.    The subject defective Taurus Model 605 revolver was designed, manufactured, assembled, marketed for sale, distributed, and sold under the Taurus brand. Photos of the subject Taurus Model 605 revolver and packaging are attached as Exhibit A.

24.    The Taurus Model 605 revolver is a compact double action revolver designed for individuals to carry concealed.

6

Case ID: 251002020
Control No.: 25114990

25. Upon information and belief, the Taurus Model 605 revolver is manufactured or assembled (or both) by Taurus Armas and Taurus Holdings and/or Taurus International Manufacturing at the Taurus Defendants' facility located in Georgia.

26. Upon information and belief, the Taurus Model 605 revolver was manufactured by Taurus Armas in Brazil and Taurus Holdings and/or Taurus International in Georgia but was eventually remanufactured by Taurus International and/or Taurus Holdings in Georgia.

27. The Taurus Defendants' corporate structures and operations are so intertwined from an organizational standpoint and contractually for each other's responsibilities and liabilities that they are essentially acting under and within one business enterprise with regard to the averments in this Complaint.

28. This structure allows Taurus Armas to maintain a strong presence in the United States market while leveraging local manufacturing, distribution and service capabilities through its subsidiaries subject to its corporate governance.

29. The Taurus Defendants design, manufacture, and assemble nearly every part of the revolvers sold under the Taurus brands, including the cylinders, frames, barrels, forcing cones and mechanisms by which the cylinder is attached to the frame.

30. The Taurus Defendants have designed, manufactured, and distributed various revolvers, including the Taurus Model 605 revolver that is the subject of this action, with defects. These defects include but are not limited to a defect in which the cylinder, forcing cone and barrel are dangerously and defectively misaligned, which causes the bullet to scrape against the barrel upon firing, shaving off pieces of the bullet and creating a blowback of dangerous shrapnel which can seriously injure, maim, or kill an individual operating the firearm or bystanders.

7

31.    The Taurus Defendants have knowingly manufactured, marketed and sold thousands of defective misaligned revolvers to consumers throughout the United States, including to the Plaintiff.

32.    Despite knowing about the alignment defect in Taurus 605 model revolvers for years, the Taurus Defendants consciously and intentionally have failed to warn consumers or voluntarily recall them, including the Plaintiff who was seriously injured by shrapnel ejected from a defective Taurus 605 revolver.

33.    The Taurus Defendants have been alerted to this defect by other consumers in the past, offering replacements for misaligned revolvers under the company's warranty when the defect occurs in lieu of actually correcting the design and manufacture processes to eliminate the known defect.

34.    The Taurus Defendants ignored the indisputable evidence of the same defect in the Taurus 605 revolver firearm that has injured Plaintiff and which had been known to occur dating back to at least 2012. Several videos available on the Internet demonstrate this defect, up to and including injuring the videographer. Screenshots of the videos and community forums demonstrating the revolver's defect are attached hereto as Exhibit "B."

35.    Instead of recalling the Taurus Model 605 revolver from the market or stopping sales of this make of revolver until the defect can be eliminated, the Taurus Defendants have continued to sell the revolver to uninformed end users and as such chose sales and profits over safety

36.    Additionally, Taurus International and Taurus Holdings continue to receive Taurus Model 605 revolvers that are manufactured by Taurus Armas in Brazil and imported to the United States for distribution despite notice of such defect as has injured Plaintiff.

8

Case ID: 251002020
Control No.: 25114990

37.     The Taurus Defendants regularly engage in the business of distributing Taurus Model 605 make revolvers and other firearms to federally licensed sellers of firearms across the United States including such licensed dealers located in the Commonwealth of Pennsylvania and the State of New Jersey.

38.     Defendant Firing Line regularly engages in the business of offering for sale and selling Taurus Model 605 revolvers and other firearms to end-users in the Commonwealth of Pennsylvania. Defendant Firing Line additionally represents its staff as particularly knowledgeable about the firearms sold to customers. See Firing Line website representations attached as Exhibit "C."

39.     Defendant Arsenal regularly engages in the business of advertising, offering for sale, selling, distributing, and marketing Taurus Model 605 revolvers and other firearms to end-users via its extensive website and other adverting material throughout the United States, including within the Commonwealth of Pennsylvania. As such, Arsenal uses and regularly conducts business with Firing Line in the distribution, sale and registration and ownership of firearms, including the sale of revolvers to end-users in the Commonwealth of Pennsylvania. Defendant Arsenal additionally represents itself as a provider of the "highest quality" firearms. See Arsenal website representations attached as Exhibit "D."

40.     On or about August 10, 2024, Plaintiff Claude Simpkins purchased a new, never-used Taurus Model 605 Revolver from Defendants Arsenal and Firing Line.

41.     Plaintiff's status as a Pennsylvania resident necessitated the transfer of title to the Taurus 605 revolver at issue in this action and which injured Plaintiff from Arsenal to Firing Line before ownership passed to Plaintiff.

9

Case ID: 251002020
Control No.: 25114990

42.     Firing Line sold, distributed and transferred ownership of the Taurus 605 revolver to Plaintiff, Claude Simpkins. Copies of the Transfer paperwork referencing the sale to Plaintiff is attached as Exhibit "E".

43.     On or about January 30, 2025, at approximately 2:30pm, Plaintiff Claude Simpkins took his Taurus Model 605 Revolver to Range 609, a firing range in Middle Township, New Jersey to use the revolver for the first time since he purchased the gun.

44.     Plaitiff then proceeded to fire the .357 Magnum rounds from the revolver. After firing the second round from the Taurus 605 revolver, the Plaintiff felt a hot stabbing feeling pain on the left side of his face. He placed the revolver down and touched the left side of his face – discovering that his face was bleeding profusely. In essence, firing the Taurus 605 revolver resulted in him being shot in the face by the gun.

45.     Plaintiff immediately retrieved gauze from a nearby first aid kit to stop the bleeding and unloaded the remaining bullets from his revolver.

46.     The owner of the gun range spoke with Plaintiff and strongly advised him to immediately go to the emergency room of a hospital.

47.     Until the point where the Plaintiff sought to use the revolver at the firing range on January 30, the Taurus 605 revolver had not been used or altered in any way.

48.     The Plaintiff, being a retired law enforcement officer, military veteran and experienced firearm user, had at no point prior to shooting the gun at said gun range taken any action which might have manipulated or altered the alignment of the revolver's cylinder.

49.     Plaintiff left the gun range and went immediately to Cooper Cape Regional Emergency Room ("Cooper") to obtain treatment.

10

Case ID: 251002020
Control No.: 25114990

50. A CT scan performed by physicians at Cooper revealed that a "metallic foreign body measuring 4.5x4mm" had entered the left side of his face.

51. After obtaining the results from the CT scan at Cooper, the Plaintiff made an appointment at Thomas Jefferson University Health seeking further diagnosis and treatment and was seen there by Dr. Khashayar Arianpour on February 5, 2025.

52. Upon observing the Plaintiff's injuries and the results of the CT scan, Dr. Arianpour diagnosed the injuries to Plaintiff as being "consistent with a patient who presents with left malar foreign body secondary to back firing of shrapnel from the 357 magnum on January 30, 2025." A true and correct copy of the 2/5/2025 medical report from Dr. Arianpour is attached hereto as Exhibit "F."

53. The CT scan revealed that the shrapnel was lodged so deeply in the Plaintiff's face that removal required urgent surgical intervention.

54. The surgeon who performed the operation, Dr. Howard Krein, at Thomas Jefferson University Health, informed Plaintiff that because the shrapnel was embedded so deeply in his face and struck vital nerves, he would need to undergo anesthesia for the surgery.

55. Since the surgery, Plaintiff has been routinely following up with Dr. Krein to help with his recovery and deal with his ongoing medical issues directly resulting from the injuries he suffered when he fired the Taurus 605 revolver at the gun range.

56. In addition to intense ongoing pain, permanent nerve damage, and permanent scarring, and despite the fact that he is an experienced gun owner, Plaintiff now experiences moments of severe anxiety around guns, specifically regarding the possibility of blowback from shrapnel that he had never experienced before.

11

## COUNT I – NEGLIGENCE
## CLAUDE SIMPKINS v. ALL TAURUS DEFENDANTS

56. Plaintiff, Claude Simpkins, hereby incorporates the averments in the foregoing paragraphs by reference as though same were set forth fully at length herein.

57. At all times relevant to this action, the Taurus Defendants had the duty to exercise that degree of care that a reasonably prudent firearm manufacturer and/or distributor should use in the design, testing, selection, manufacture, assembly, marketing, supply, distribution and sales of its firearms, including the Taurus Model 605 revolver purchased by the Plaintiff.

58. The negligent, careless, and reckless conduct of the Defendants caused Plaintiff's injuries and the Taurus Defendants or their agents, servants, workmen, employees, or contractors acted with a total disregard for the risk of harm to the plaintiff, which conduct consisted of, but was not limited to, one of the following.

    (a)    the common design of the cylinder of the Taurus Model 605 revolver is defective;

    (b)    the common design of the barrel of the Taurus Model 605 revolver to which the cylinder is aligned is defective;

    (c)    the common design of the frame of the Taurus Model 605 revolver to which the cylinder is attached is defective;

    (d)    failing to warn the Plaintiff of the dangers involved with using the Taurus Model 605 revolver that contained the cylinder alignment defect;

    (e)    failing to properly inspect, manage, and make the revolver safe;

    (f)    failing to place any warnings on the revolver informing the user that a serious injury could occur if the revolver's cylinder is not properly aligned with the barrel upon firing, and that such misalignments are endemic to the Taurus Model 605 revolver;

    (g)    failing to design a revolver without the cylinder alignment defect.

12

Case ID: 251002020
Control No.: 25114990

(h)    designing, manufacturing, distributing, and selling a Taurus Model 605 revolver with a design defect that causes shrapnel to blow back upon the user when fired;

(i)    failing to properly test the Taurus Model 605 revolver;

(j)    failing to advise users, including the Plaintiff, of the dangerous and defective design of the Taurus Model 605 revolver, as set forth above, after being specifically notified of the same through warranty claims submitted to them and public videos discussing and testing the defect;

(k)    Taurus Defendants were negligent under the doctrine of *res ipsa loquitur* as the Plaintiff would not have suffered injuries, as set forth above, if not for the Taurus Model 605 revolver shaving metal shrapnel off of the bullet when fired.

59.    As a direct result of the conduct of the Taurus Defendants, the Plaintiff sustained serious and permanent injuries, including but not limited to, a traumatic piece of shrapnel from a .357 ammunition round shot into his face with resulting nerve injury, severe shock to his nervous system, scarring, and all of which have caused permanent nerve damage, pain, suffering, mental anguish, distress, inconvenience, loss of feeling of well-being, hypoesthesia, loss of ability to enjoy life and normal activities, embarrassment, humiliation, nervousness and loss of self-confidence, all of said injuries are permanent and will continue into the future for an indefinite period.

60.    As a result of the injuries sustained by Plaintiff herein, he has undergone in the past and will continue to undergo in the future pain and suffering.

61.    As a result of the injuries sustained by the Plaintiff herein, he has or may suffer a permanent diminution in the ability to enjoy life and life's pleasures.

62.    As a result of the injuries sustained by the Plaintiff herein, he has or may suffer permanent disability, loss of income or permanent impairment of earning power and capacity.

63.    As a result of the injuries sustained by the Plaintiff herein, he has incurred medical expenses and may incur medical expenses in the future.

13

Case ID: 251002020
Control No.: 25114990

64.    As the Taurus Defendants' actions were intentional, willful, malicious, wanton and/or egregious, as set forth above, the Plaintiff is entitled to an award of punitive damages.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendants, Taurus International Manufacturing, Inc., Taurus Holdings, Inc., and Taurus Armas S.A., in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

## COUNT II – 402A STRICT LIABILITY
## CLAUDE SIMPKINS v. ALL TAURUS DEFENDANTS

65.    Plaintiff, Claude Simpkins, hereby incorporates the averments in the foregoing paragraphs by reference as though same were set forth fully at length herein.

66.    The Taurus Defendants did design, manufacture, distribute, and sell the aforementioned Taurus Model 605 revolver, knowing of its ultimate use by persons such as Plaintiff Claude Simpkins, which was defective and/or poorly designed and/or lacked the proper warnings or instructions, and was in such a condition as to be unreasonably dangerous to the ultimate user and others, at the time of its sale.

67.    The Taurus Defendants designed the Taurus Model 605 revolver with a barrel, forcing cone and /or cylinder alignment defect, rendering it inherently dangerous and creating a substantial, clear, extreme, and unreasonable risk of serious injury or death to the purchasers and gun users, including the Plaintiff. The Taurus Defendants manufactured, assembled, marketed, distributed, and sold the Taurus Model 605 revolver with the defect. The revolver was in the same defective condition due to the misaligned cylinder from the time it left the Taurus Defendants' control until it reached the Plaintiff.

14

Case ID: 251002020
Control No.: 25114990

68.     The Taurus Model 605 revolver was sold in a substantially and unreasonably dangerous condition to an extent beyond that which would be contemplated by the ordinary consumer, including the Plaintiff.

69.     As a direct and proximate result of the facts alleged above, the Plaintiff was exposed to a clear, substantial, and unreasonable risk of serious injury from the cylinder alignment defect, and was seriously injured due to the same, as set forth above.

70.     The Taurus Defendants are strictly liable in tort for the injuries and damages to the Plaintiff that resulted from the unintentional and unwanted discharge of the Taurus Model 605 revolver, as set forth above.

72.     Plaintiff maintains that the Taurus Defendants, being the manufacturers, designers, and/or distributors, are strictly liable to the Plaintiff pursuant to the provisions of Section 402A of the Restatement (second) of Torts said defects being, as set forth above, and including but not limited to the following:

> (a)     the common design of the revolver's cylinder and forcing cone are defective;
>
> (b)     the common design of the barrel of the Taurus Model 605 revolver to which the cylinder is aligned is defective;
>
> (c)     the common design of the frame of the Taurus Model 605 revolver to which the cylinder is attached is defective;
>
> (d)     in the course of regular use, the cylinder which houses the ammunition must align with the barrel of the firearm such that the bullet will be unobstructed when fired, yet the design allowed the cylinder to function while misaligned, allowing for the bullet to strike the firearm itself;
>
> (e)     failing to provide proper and adequate signs or other warning devices to persons, like the Plaintiff, using the revolver;
>
> (f)     failing to properly inspect, manage, and make the revolver safe;

15

Case ID: 251002020
Control No.: 25114990

(g)    failing to ensure proper alignment and safe passage of the bullet during the manufacturing process;

(h)    failing to place any warnings on the revolver informing the user that a serious injury could occur if the revolver is fired, due to the alignment defect;

(i)    failing to design a revolver without the alignment defect;

(j)    failing to ensure proper timing upon firing;

(k)    allowing cylinder locking; and

(l)    improper and unsafe milling of the revolver.

72.    As a direct result of the conduct of the Taurus Defendants, the Plaintiff sustained serious and permanent injuries, including but not limited to a traumatic piece of shrapnel from a .357 ammunition round shot into his face with resulting nerve injury, severe shock to his nervous system, scarring, and all of which have caused permanent nerve damage, pain, suffering, mental anguish, distress, inconvenience, loss of feeling of well-being, hypoesthesia, loss of ability to enjoy life and normal activities, embarrassment, humiliation, nervousness and loss of self-confidence, all of said injuries are permanent and will continue into the future for an indefinite period.

73.    As a result of the injuries sustained by Plaintiff herein, he has undergone in the past and will continue to undergo in the future pain and suffering.

74.    As a result of the injuries sustained by the Plaintiff herein, he has or may suffer a permanent diminution in the ability to enjoy life and life's pleasures.

75.    As a result of the injuries sustained by the Plaintiff herein, he has or may suffer permanent disability, loss of income or permanent impairment of earning power and capacity.

76.    As a result of the injuries sustained by the Plaintiff herein, he has incurred medical expenses and may incur medical expenses in the future.

16

Case ID: 251002020
Control No.: 25114990

77.     As the Taurus Defendants' actions were intentional, willful, malicious, wanton and/or egregious, as set forth above, the Plaintiff is entitled to an award of punitive damages.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendants, Taurus International Manufacturing, Inc., Taurus Holdings, Inc., and Taurus Armas S.A., in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

<u>**COUNT III – 402B STRICT LIABILITY**</u>
<u>**CLAUDE SIMPKINS v. ALL TAURUS DEFENDANTS**</u>

78.     Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

79.     At all times material to this Complaint, the Taurus Defendants were engaged in the business of selling firearms, including the sale of the Taurus Model 605 revolvers to users or consumers.

80.     The Taurus Defendants sold the Taurus Model 605 revolver that was defective and unreasonably dangerous to the public, including the Plaintiff, but advertising, labeling, or otherwise making misrepresentations of materials facts concerning the character or quality of the Taurus Model 605 revolver, and the Plaintiff justifiably relied upon the misrepresentations to purchase the revolver. Defendants, in particular, misrepresented the safety and quality of the revolver through advertising, specifically on its website. See Taurus website representations attached as Exhibit "G."

81.     Specifically, the Taurus Defendants sold the aforementioned Taurus Model 605 revolver, knowing of its ultimate use by persons such as the Plaintiff, which was defective and/or poorly designed and/or lacked the proper warnings or instructions, and was in such a condition as

17

Case ID: 251002020
Control No.: 25114990

to be unreasonably dangerous to the ultimate user and others, including the Plaintiff, as outlined above, at the time of sale.

82.     Plaintiff's injuries, as outlined above, were caused by the defects which were present in the Taurus Model 605 revolver, and the Taurus Defendants are liable pursuant to section 402B of the Restatement (second) of Torts.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendants, Taurus International Manufacturing, Inc., Taurus Holdings, Inc., and Taurus Armas S.A., in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

## COUNT IV – BREACH OF WARRANTY
## CLAUDE SIMPKINS v. ALL TAURUS DEFENDANTS

83.     Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

84.     For the reasons set forth at length in this Complaint, which are incorporated herein, the subject Model 605 revolver was defective, unsafe, not fit for the ordinary purpose for which it was used, and was not of merchantable quality at the time it was sold.

85.     At a time prior to the January 30 injury, the Taurus Defendants expressly or in some other manner represented warranties that the subject Model 605 revolver was proper, fit, and safe for its intended uses and of merchantable quality.

86.     By designing, manufacturing, distributing, selling, servicing, and maintaining the subject Model 605 revolver and its component parts, the Taurus Defendants expressly and impliedly warranted that the subject Model 605 revolver was of merchantable quality, effective, proper, fit, and safe for ordinary and particular purposes for which it was old and free from all defects.

18

Case ID: 251002020
Control No.: 25114990

87.     The representations and warranties set forth in the preceding paragraphs formed part of the bargain for selling the subject Model 605 Revolver and were relied upon by the purchase.

88.     In truth and fact, the above representations of the Taurus Defendants were false.

89.     The subject Model 605 revolver was not effective, proper fit, or safe for its intended uses.

90.     The Taurus Defendants breached express and/or implied warranties regarding the subject Model 605 Revolver.

91.     As a direct and proximate result of the Taurus Defendant's breach of the aforementioned express and/or implied warranties, Plaintiff sustained injuries and damages set forth above.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendants, Taurus International Manufacturing, Inc., Taurus Holdings, Inc., and Taurus Armas S.A., in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

## COUNT V – 402A STRICT LIABILITY
## CLAUDE SIMPKINS v. FIRING LINE, INC.

92.     Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

93.     At all times material hereto, Defendant Firing Line, Inc. was engaged in the distribution and sale of the Taurus Model 605 revolver to users or consumers.

94.     Defendant Firing Line distributed and sold the subject Taurus Model 605 revolver that was defective and unreasonably dangerous to the Plaintiff, as a user or consumer, without substantial change in the condition in which it was sold.

19

Case ID: 251002020
Control No.: 25114990

95.     Defendant Firing Line distributed and  sold the subject Taurus Model 605 revolver, knowing of its ultimate use by persons such as the Plaintiff, which was defective and/or poorly designed and/or lacked the proper warnings or instructions, and was in such condition as to be unreasonably dangerous to the ultimate user and others, including the Plaintiff, as outlined above, at the time of its sale.

96.     Plaintiff's injuries, as outlined above, were caused by the defects which were present in the Taurus Model 605 revolver, pursuant to section 402A of the Restatement (second) of Torts.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendant Firing Line, Inc., in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

## COUNT VI – 402B STRICT LIABILITY
## CLAUDE SIMPKINS v. FIRING LINE, INC.

97.     Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

98.     At all times material, Defendant Firing Line was engaged in the business of selling firearms, including the sale of the Taurus Model 605 revolvers to users or consumers.

99.     Defendant Firing Line distributed and  sold the  Taurus Model 605 revolver that was defective and unreasonably dangerous to the public, including the Plaintiff, by advertising, labeling, or otherwise made misrepresentations of material facts concerning the character or quality of the Taurus Model 605 revolver, and the Plaintiff justifiably relied upon the misrepresentations to purchase the revolver.

100.    Specifically, the Defendant Firing Line distributed and  sold the aforementioned Taurus Model 605 revolver, knowing of its ultimate use by persons such as the Plaintiff herein,

20

Case ID: 251002020
Control No.: 25114990

which was defective and/or poorly designed and/or lacked the proper warnings or instructions, and was in such condition as to be unreasonably dangerous to the ultimate user and others, including the Plaintiff, as outlined above, at the time of its sale.

101.    Plaintiff's injuries, as outlined above, were caused by the defects which were present in the Taurus Model 605 revolver, and the Defendant Firing Line is liable pursuant to section 402B of the Restatement (Second) of Torts.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendant, Firing Line, Inc., in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

## COUNT VII – NEGLIGENCE
## CLAUDE SIMPKINS v. FIRING LINE, INC.

102.    Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

103.    At all relevant times, Defendant owed a duty to distribute the product with the exercise of reasonable care, with the necessary information provided with the product.

104.    The negligent, careless, and reckless conduct of the Defendant caused Plaintiff's injuries and Firing Line or its agents, servants, workmen, employees, or contractors acted with a total disregard for the risk of harm to the plaintiff, which conduct consisted of, but was not limited to, one of the following:

> (a)    failing to warn the Plaintiff of the dangers involved with using the Taurus Model 605 revolver that contained the cylinder alignment defect;
>
> (b)    failing to properly inspect, manage, and make the revolver safe;
>
> (c)    failing to use due care in distributing and selling the Taurus Model 605 revolver;

21

Case ID: 251002020
Control No.: 25114990

(d)    failing to make reasonable tests and/or inspections to discover the defective, hazardous and unreasonably dangerous conditions relating to the revolver's propensity for misalignment as described above.

(e)    negligently failing to place any warnings on the revolver informing the user that a serious injury could occur if the revolver's cylinder is not properly aligned with the barrel upon firing, and that such misalignments are endemic to the Taurus Model 605 revolver;

(f)    negligently failing to unambiguously warn purchasers and end users of the gun, including Plaintiff, of said defective, hazardous and unreasonably dangerous conditions relating to its design and manufacture, about which it knew or should have known through the exercise of ordinary care;

(g)    failing to discover the defective, hazardous and unreasonably dangerous conditions relating to the Taurus Model 605 revolver's propensity for misalignment between the cylinder and the barrel;

(h)    misrepresenting the dangers and hazards posed by the Taurus Model 605 revolver;

(i)    distributing and selling a Taurus Model 605 revolver with a design defect that causes shrapnel to blow back upon the user when fired;

(j)    failing to properly test the Taurus Model 605 revolver;

(k)    defendant Firing Line was negligent under the doctrine of *res ipsa loquitur* as the Plaintiff would not have suffered injuries, as set forth above, if not for the Model 605 revolver shaving metal shrapnel off of the bullet when fired; and

(l)    other negligent acts and omissions to be developed in the course of discovery.

105.    Defendant knew, or should have known, that exposing users to the dangerous and defective and hazardous conditions existing in the gun would or could give rise to serious bodily injuries to such users, up to and including death.

106.    Defendant's negligence, as alleged in this Count, directly and proximately caused shrapnel from the Taurus Model 605 revolver to strike and seriously injure Plaintiff Claude Simpkins.

22

Case ID: 251002020
Control No.: 25114990

107.    As a direct result of the conduct of Defendant Firing Line  the Plaintiff sustained serious and permanent injuries, including but not limited to, a traumatic piece of shrapnel from a .357 ammunition round shot into his face with resulting nerve injury, severe shock to his nervous system, scarring, and all of which have caused permanent nerve damage, pain, suffering, mental anguish, distress, inconvenience, loss of feeling of well-being, hypoesthesia, loss of ability to enjoy life and normal activities, embarrassment, humiliation, nervousness and loss of self-confidence, all of said injuries are permanent and will continue into the future for an indefinite period.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendant, Firing Line, Inc., in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

## COUNT VIII – BREACH OF WARRANTY
## CLAUDE SIMPKINS v. FIRING LINE, INC.

108.    Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

109.    For the reasons set forth at length in this Complaint, which are incorporated herein, the subject Model 605 revolver was defective, unsafe, not fit for the ordinary purpose for which it was used, and was not of merchantable quality at the time it was sold.

110.    At a time prior to the January 30 injury, Defendant Firing Line, Inc. expressly or in some other manner represented warranties that the subject Model 605 revolver was proper, fit, and safe for its intended uses and of merchantable quality.

111.    By distributing, selling, servicing, and maintaining the subject Model 605 revolver and its component parts, Firing Line, Inc. expressly and impliedly warranted that the subject Model 605 revolver was of merchantable quality, effective, proper, fit, and safe for ordinary and particular purposes for which it was old and free from all defects.

23

Case ID: 251002020
Control No.: 25114990

112.    The representations and warranties set forth in the preceding paragraphs formed part of the bargain for selling the subject Model 605 Revolver and were relied upon by the purchase.

113.    In truth and fact, the above representations of Firing Line, Inc. were false.

114.    The subject Model 605 revolver was not effective, proper fit, or safe for its intended uses.

115.    Firing Line, Inc. breached express and/or implied warranties regarding the subject Model 605 Revolver.

116.    As a direct and proximate result of Defendant's breach of the aforementioned express and/or implied warranties, Plaintiff sustained injuries and damages set forth above.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendant, Firing Line, Inc., in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

## COUNT IX – 402A STRICT LIABILITY
## CLAUDE SIMPKINS v. THE ARSENAL GUN SHOP LLC

117.    Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

118.    At all times material, Defendant The Arsenal Gun Shop LLC. was engaged in the sale of the Taurus Model 605 revolver to users or consumers.

119.    Defendant Arsenal distributed and sold the subject Taurus Model 605 revolver that was defective and unreasonably dangerous to the Plaintiff, as a user or consumer, without substantial change in the condition in which it was sold.

120.    Defendant Arsenal distributed and  sold the subject Taurus Model 605 revolver, knowing of its ultimate use by persons such as the Plaintiff, which was defective and/or poorly

24

Case ID: 251002020
Control No.: 25114990

designed and/or lacked the proper warnings or instructions, and was in such condition as to be unreasonably dangerous to the ultimate user and others, including the Plaintiff, as outlined above, at the time of its sale.

121.    Plaintiff's injuries, as outlined above, were caused by the defects which were present in the Taurus Model 605 revolver, pursuant to section 402A of the Restatement (second) of Torts.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendant The Arsenal Gun Shop LLC, in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

<u>**COUNT X– 402B STRICT LIABILITY**</u>
<u>**CLAUDE SIMPKINS v. THE ARSENAL GUN SHOP LLC**</u>

122.    Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

123.    At all times material, Defendant Arsenal was engaged in the business of selling firearms, including the sale of the Taurus Model 605 revolvers to users or consumers.

124.    Defendant Arsenal distributed and sold the subject Taurus Model 605 revolver that was defective and unreasonably dangerous to the public, including the Plaintiff, by advertising, labeling, or otherwise made misrepresentations of material facts concerning the character or quality of the Taurus Model 605 revolver, and the Plaintiff justifiably relied upon the misrepresentations to purchase the revolver.

125.    Specifically, the Defendant  Arsenal  sold the aforementioned Taurus Model 605 revolver, knowing of its ultimate use by persons such as the Plaintiff herein, which was defective and/or poorly designed and/or lacked the proper warnings or instructions, and was in such

25

Case ID: 251002020
Control No.: 25114990

condition as to be unreasonably dangerous to the ultimate user and others, including the Plaintiff, as outlined above, at the time of its sale.

126.    Plaintiff's injuries, as outlined above, were caused by the defects which were present in the Taurus Model 605 revolver, and the Defendant Arsenal  is liable pursuant to section 402B of the Restatement (Second) of Torts.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendant, The Arsenal Gun Shop LLC in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

<strong>COUNT XI – NEGLIGENCE<br>CLAUDE SIMPKINS v. THE ARSENAL GUN SHOP LLC</strong>

127.    Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

128.    At all relevant times, Defendant owed a duty to distribute the product with the exercise of reasonable care, with the necessary information provided with the product.

129.    The negligent, careless, and reckless conduct of the Defendant caused Plaintiff's injuries and  Arsenal or its agents, servants, workmen, employees, or contractors acted with a total disregard for the risk of harm to the plaintiff, which conduct consisted of, but was not limited to, one of the following:

(a)    failing to warn the Plaintiff of the dangers involved with using the Taurus Model 605 revolver that contained the cylinder alignment defect;

(b)    failing to properly inspect, manage, and make the revolver safe;

(c)    failing to use due care in distributing and selling the Taurus Model 605 revolver;

26

Case ID: 251002020<br>Control No.: 25114990

(d)     failing to make reasonable tests and/or inspections to discover the defective, hazardous and unreasonably dangerous conditions relating to the gun's propensity for cylinder misalignment as described above.

(e)     negligently failing to place any warnings on the revolver informing the user that a serious injury could occur if the revolver's cylinder is not properly aligned with the barrel upon firing, and that such misalignments are endemic to the Taurus Model 605 revolver;

(f)     negligently failing to unambiguously warn purchasers and end users of the gun, including Plaintiff, of said defective, hazardous and unreasonably dangerous conditions relating to its design and manufacture, about which it knew or should have known through the exercise of ordinary care;

(g)     failing to discover the defective, hazardous and unreasonably dangerous conditions relating to the Model 605 revolver's propensity for misalignment between the cylinder and the barrel;

(h)     misrepresenting the dangers and hazards posed by the Taurus Model 605 revolver;

(i)     distributing and selling a Taurus Model 605 revolver with a design defect that causes shrapnel to blow back upon the user when fired;

(j)     failing to properly test the Taurus Model 605 revolver;

(k)     Defendant Arsenal was negligent under the doctrine of *res ipsa loquitur* as the Plaintiff would not have suffered injuries, as set forth above, if not for the Taurus Model 605 revolver shaving metal shrapnel off of the bullet when fired; and

(l)     other negligent acts and omissions to be developed in the course of discovery.

130.    Defendant knew, or should have known, that exposing users to the dangerous and defective and hazardous conditions existing in the gun would or could give rise to serious bodily injuries to such users, up to and including death.

131.    Defendant's negligence, as alleged in this Count, directly and proximately caused shrapnel from the Taurus Model 605 revolver to strike and seriously injure Plaintiff Claude Simpkins.

27

Case ID: 251002020
Control No.: 25114990

132.    As a direct result of the conduct of Defendant Arsenal , the Plaintiff sustained serious and permanent injuries, including but not limited to, a traumatic piece of shrapnel from a .357 ammunition round shot into his face with resulting nerve injury, severe shock to his nervous system, scarring, and all of which have caused permanent nerve damage, pain, suffering, mental anguish, distress, inconvenience, loss of feeling of well-being, hypoesthesia, loss of ability to enjoy life and normal activities, embarrassment, humiliation, nervousness and loss of self-confidence, all of said injuries are permanent and will continue into the future for an indefinite period.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendant, The Arsenal Gun Shop LLC, in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

<u>**COUNT XII – BREACH OF WARRANTY**</u>
<u>**CLAUDE SIMPKINS v. THE ARSENAL GUN SHOP LLC**</u>

133.    Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

134.    For the reasons set forth at length in this Complaint, which are incorporated herein, the subject Model 605 revolver was defective, unsafe, not fit for the ordinary purpose for which it was used, and was not of merchantable quality at the time it was sold.

135.    At a time prior to the January 30 injury, Defendant The Arsenal Gun Shop LLC. expressly or in some other manner represented warranties that the subject Model 605 revolver was proper, fit, and safe for its intended uses and of merchantable quality.

136.    By distributing, selling, servicing, and maintaining the subject Model 605 revolver and its component parts, The Arsenal Gun Shop LLC expressly and impliedly warranted that the

28

Case ID: 251002020
Control No.: 25114990

subject Model 605 revolver was of merchantable quality, effective, proper, fit, and safe for ordinary and particular purposes for which it was old and free from all defects.

137. The representations and warranties set forth in the preceding paragraphs formed part of the bargain for selling the subject Model 605 Revolver and were relied upon by the purchase.

138. In truth and fact, the above representations of The Arsenal Gun Shop LLC were false.

139. The subject Model 605 revolver was not effective, proper fit, or safe for its intended uses.

140. The Arsenal Gun Shop LLC breached express and/or implied warranties regarding the subject Model 605 Revolver.

141. As a direct and proximate result of Defendant's breach of the aforementioned express and/or implied warranties, Plaintiff sustained injuries and damages set forth above.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendant, The Arsenal Gun Shop LLC, in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

**COUNT XIII – NEGLIGENCE**
**CLAUDE SIMPKINS v. THE JOHN DOE PERSONS AND ENTITIES**

142. Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

143. At all times relevant to this action, the John Doe Defendants had the duty to exercise that degree of care that a reasonably prudent firearm manufacturer and/or distributor should use in

29

Case ID: 251002020
Control No.: 25114990

the design, testing, selection, manufacture, assembly, marketing, supply, distribution and sales of firearms, including the Model 605 revolver purchased by the Plaintiff.

144. The negligent, careless, and reckless conduct of the Defendants caused Plaintiff's injuries and the John Doe Defendants or their agents, servants, workmen, employees, or contractors acted with a total disregard for the risk of harm to the Plaintiff, which conduct consisted of, but was not limited to, one of the following.

(a) the common design of the cylinder of the Model 605 revolver is defective;

(b) the common design of the barrel of the Model 605 revolver to which the cylinder is aligned is defective;

(c) the common design of the frame of the Model 605 revolver to which the cylinder is attached is defective;

(d) failing to warn the Plaintiff of the dangers involved with using the Model 605 revolver that contained the cylinder alignment defect;

(e) failing to properly inspect, manage, and make the revolver safe;

(f) failing to place any warnings on the revolver informing the user that a serious injury could occur if the revolver's cylinder is not properly aligned with the barrel upon firing, and that such misalignments are endemic to the Model 605 revolver;

(g) failing to design a revolver without the cylinder alignment defect.

(h) designing, manufacturing, distributing, and selling a Model 605 revolver with a design defect that causes shrapnel to blow back upon the user when fired;

(i) failing to properly test the Model 605 revolver;

(j) failing to advise users, including the Plaintiff, of the dangerous and defective design of the Model 605 revolver, as set forth above, after being specifically notified of the same through warranty claims submitted to them and public videos discussing and testing the defect;

(k) Defendants were negligent under the doctrine of *res ipsa loquitur* as the Plaintiff would not have suffered injuries, as set forth above, if not for the Model 605 revolver shaving metal shrapnel off of the bullet when fired;

30

Case ID: 251002020
Control No.: 25114990

145.    As a direct result of the conduct of the John Doe Persons and Entities, the Plaintiff sustained serious and permanent injuries, including but not limited to, a traumatic piece of shrapnel from a .357 ammunition round shot into his face with resulting nerve injury, severe shock to his nervous system, scarring, and all of which have caused permanent nerve damage, pain, suffering, mental anguish, distress, inconvenience, loss of feeling of well-being, hypoesthesia, loss of ability to enjoy life and normal activities, embarrassment, humiliation, nervousness and loss of self-confidence, all of said injuries are permanent and will continue into the future for an indefinite period.

146.    As a result of the injuries sustained by the Plaintiff herein, he has undergone in the past and will continue to undergo in the future pain and suffering.

147.    As a result of the injuries sustained by the Plaintiff herein, he has or may suffer a permanent diminution in the ability to enjoy life and life's pleasures.

148.    As a result of the injuries sustained by the Plaintiff herein, he has or may suffer a permanent disability or permanent impairment of earning power and capacity.

149.    As a result of the injuries sustained by the Plaintiff herein, he has incurred medical expenses, and may incur medical expenses in the future.

150.    As the John Doe Defendants' actions were intentional, willful, malicious, wanton and/or egregious, as set forth above, the Plaintiff is entitled to an award of punitive damages.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendants, John Doe Persons and Entities, in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

Case ID: 251002020
Control No.: 25114990

## COUNT XIV – 402A STRICT LIABILITY
## CLAUDE SIMPKINS v. THE JOHN DOE PERSONS AND ENTITIES

151.    Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

152.    The John Doe Defendants did design, manufacture, distribute, and/or sell the aforementioned Model 605 revolver, knowing of its ultimate use by persons such as Plaintiff Claude Simpkins, which was defective and/or poorly designed and/or lacked the proper warnings or instructions, and was in such a condition as to be unreasonably dangerous to the ultimate user and others, at the time of its sale.

153.    The John Doe Defendants designed the Model 605 revolver with a cylinder alignment defect, rendering it inherently dangerous and creating a substantial, clear, extreme, and unreasonable risk of serious injury or death to the purchasers and gun users, including the Plaintiff. The John Doe Defendants manufactured, assembled, marketed, distributed, and/or sold the Model 605 revolver with the defect. The revolver was in the same defective condition due to the misaligned cylinder from the time it left the John Doe Defendants' control until it reached the Plaintiff.

154.    The Model 605 revolver was sold in substantially and unreasonably dangerous condition to an extent beyond that which would be contemplated by the ordinary consumer, including the Plaintiff.

155.    As a direct and proximate result of the facts alleged above, the Plaintiff was exposed to a clear, substantial, and unreasonable risk of serious injury from the cylinder alignment defect, and was seriously injured due to the same, as set forth above.

32

Case ID: 251002020
Control No.: 25114990

156.    The John Doe Defendants are strictly liable in tort for the injuries and damages to the Plaintiff that resulted from the unintentional and unwanted discharge of the Model 605 revolver, as set forth above.

157.    Plaintiff maintains that the John Doe Defendants, being the manufacturers, designers, and/or distributors, are strictly liable to the Plaintiff pursuant to the provisions of Section 402A of the Restatement (second) of Torts said defects being, as set forth above, and including but not limited to the following:

(a)    the common design of the revolver's cylinder is defective;

(b)    the common design of the barrel of the Model 605 revolver to which the cylinder is aligned is defective;

(c)    the common design of the frame of the Model 605 revolver to which the cylinder is attached is defective;

(d)    in the course of regular use, the cylinder which houses the ammunition must align with the barrel of the firearm such that the bullet will be unobstructed when fired, yet the design allowed the cylinder to function while misaligned, allowing for the bullet to strike the firearm itself;

(e)    failing to provide proper and adequate signs or other warning devices to persons, like the Plaintiff, using the revolver;

(f)    failing to properly inspect, manage, and make the revolver safe;

(g)    failing to ensure proper cylinder alignment during the manufacturing process;

(h)    failing to place any warnings on the revolver informing the user that a serious injury could occur if the revolver is fired, due to the cylinder alignment defect;

(i)    failing to design a revolver without the cylinder alignment defect;

(j)    failing to ensure proper timing upon firing;

(k)    allowing cylinder locking; and

(l)    improper and milling of the revolver.

33

Case ID: 251002020
Control No.: 25114990

158.    As a direct result of the conduct of the John Doe Defendants, the Plaintiff sustained serious and permanent injuries, including but not limited to a traumatic piece of shrapnel from a .357 ammunition round shot into his face with resulting nerve injury, severe shock to his nervous system, scarring, and all of which have caused permanent nerve damage, pain, suffering, mental anguish, distress, inconvenience, loss of feeling of well-being, hypoesthesia, loss of ability to enjoy life and normal activities, embarrassment, humiliation, nervousness and loss of self-confidence, all of said injuries are permanent and will continue into the future for an indefinite period.

159.    As a result of the injuries sustained by Plaintiff herein, he has undergone in the past and will continue to undergo in the future pain and suffering.

160.    As a result of the injuries sustained by the Plaintiff herein, he has or may suffer a permanent diminution in the ability to enjoy life and life's pleasures.

161.    As a result of the injuries sustained by the Plaintiff herein, he has or may suffer permanent disability or permanent impairment of earning power and capacity.

162.    As a result of the injuries sustained by the Plaintiff herein, he has incurred medical expenses, and may incur medical expenses in the future.

163.    As the John Doe Defendants' actions were intentional, willful, malicious, wanton and/or egregious, as set forth above, the Plaintiff is entitled to an award of punitive damages.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendants, John Doe Persons and Entities, in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

34

Case ID: 251002020
Control No.: 25114990

**COUNT XV – 402B STRICT LIABILITY**
**CLAUDE SIMPKINS v. THE JOHN DOE PERSONS AND ENTITIES**

164.   Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

165.   At all times material to this Complaint, the John Doe Defendants were engaged in the business of selling firearms, including the sale of the Model 605 revolvers to users or consumers.

166.   The John Doe Defendants sold the subject Model 605 revolver that was defective and unreasonably dangerous to the public, including the Plaintiff, but advertising, labeling, or otherwise making misrepresentations of materials facts concerning the character or quality of the Model 605 revolver, and the Plaintiff justifiably relied upon the misrepresentations to purchase the revolver.

167.   Specifically, the John Doe Defendants sold the aforementioned Model 605 revolver, knowing of its ultimate use by persons such as the Plaintiff, which was defective and/or poorly designed and/or lacked the proper warnings or instructions, and was in such a condition as to be unreasonably dangerous to the ultimate user and others, including the Plaintiff, as outlined above, at the time of sale.

168.   Plaintiff's injuries, as outlined above, were caused by the defects which were present in the Taurus Model 605 revolver, and the John Doe Defendants are liable pursuant to section 402B of the Restatement (second) of Torts.

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendants, Taurus International Manufacturing, Inc., Taurus Holdings, Inc., and Taurus Armas S.A., in an amount in excess of Fifty Thousand Dollars ($50,000) plus punitive damages, delay damages, and such other relief as deemed just and proper.

Case ID: 251002020
Control No.: 25114990

## COUNT XVI – BREACH OF WARRANTY
## CLAUDE SIMPKINS v. THE JOHN DOE PERSONS AND ENTITIES

169.    Plaintiff repeats and incorporates by reference the averments contained in the foregoing paragraphs as if set forth at length herein.

170.    For the reasons set forth at length in this Complaint, which are incorporated herein, the subject Model 605 revolver was defective, unsafe, not fit for the ordinary purpose for which it was used, and was not of merchantable quality at the time it was sold.

171.    At a time prior to the January 30 injury, the John Doe Defendants, expressly or in some other manner, represented warranties that the subject Model 605 revolver was proper, fit, and safe for its intended uses and of merchantable quality.

172.    By distributing, selling, servicing, and maintaining the subject Model 605 revolver and its component parts, the John Doe Defendants expressly and impliedly warranted that the subject Model 605 revolver was of merchantable quality, effective, proper, fit, and safe for ordinary and particular purposes for which it was old and free from all defects.

173.    The representations and warranties set forth in the preceding paragraphs formed part of the bargain for selling the subject Model 605 Revolver, and were relied upon by the purchase.

174.    In truth and fact, the above representations of the John Doe Defendants were false.

175.    The subject Model 605 revolver was not effective, proper fit, or safe for its intended uses.

176.    The John Doe Defendants breached express and/or implied warranties regarding the subject Model 605 Revolver.

177.    As a direct and proximate result of Defendant's breach of the aforementioned express and/or implied warranties, Plaintiff sustained injuries and damages set forth above.

36

Case ID: 251002020
Control No.: 25114990

WHEREFORE, the Plaintiff, Claude Simpkins, demands judgment in his favor and against the Defendant, the John Doe persons and Entities, in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus punitive damages, delay damages, and such other relief as deemed just and proper.

Leonard Tinari LLP

Dated: October 17, 2025                By: __/s/ *Michael V. Tinari*

Michael V. Tinari, Esquire
Attorney I.D. No.: 51853
171 West Lancaster Ave., 2nd Floor
Paoli, PA 19301
Phone: 484-328-8147
Email: mtinari@lt-lawyer.com
*Attorney for Plaintiff, Claude Simpkins*

Case ID: 251002020
Control No.: 25114990

## VERIFICATION

I, Claude Simpkins, state that I am the Plaintiff in the foregoing matter and that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information and belief. I further understand that false statements made herein are subject to the penalties of 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities.

Date: 10/14/25

Claude Simpkins

Case ID: 251002020
Control No.: 25114990

# Exhibit A

Case ID: 251002020
Control No.: 25114990





Case ID: 251002020
Control No.: 25114990





Case ID: 251002020
Control No.: 25114990

# Exhibit B

Case ID: 251002020
Control No.: 25114990



Screenshot taken immediately prior to firing the round.



Screenshot taken immediately after firing the round (arrow included in video).

Case ID: 251002020
Control No.: 25114990



Second test, screenshot taken immediately prior to firing the round (arrow included in video)



Screenshot taken immediately after firing the round (arrow included in video)

Case ID: 251002020
Control No.: 25114990



**Problem with Taurus 605 .357 Update**



Kbum Guy
24.7K subscribers    Join    Subscribe                    438    👎    ↗ Share    💲 Thanks    ...

24,023 views  Jun 28, 2023



**Taurus 605 factory blem revolver we have a big problem! Now the question will they fix it?**

Hamilton outdoors
12.1K subscribers    Join    Subscribe                    280    👎    ↗ Share    💲 Thanks    ...



Case ID: 251002020
Control No.: 25114990

Feb 24, 2012

**Tigerjeebs**
Member
Joined: Jan 28, 2012
Messages: 11

Howdy. Long time lurker, first time poster. Thought I would share my experience today as a warning to others.

Despite what I've heard in the past, I decided to test the waters and purchase a Taurus 605. I'd read decent reviews saying how this was the, "Gem of the Taurus line."



There it is, chilling with my Beretta. Sure is pretty. Love a blued revolver. Was one of the reasons I was going for a Taurus, they made a blued J-Frame sized revolver for CCW.

So, went to the range today with it for the first time. Timing was seriously off, right out of the box. Gun was shaving lead off, throwing it back in my face. A nice chunk hit my ear, making it bleed. I generally prefer my lead to go toward the bad guy, strange I know.

So, took the gun back to Fin, Feather, and Fur. They were very nice, BTW. Exchanged it no problem. Tried another 605. Went down to the range in the basement. Cylinder would lock up after a shot. Would not cycle anything, factory loads. Turns out, the frame was not milled large enough and the rounds were getting stuck once the primer was hit. The firing pin was not protruding, no broken spring. I alerted the range employee because I could simply not believe my luck. He pulled out about 6 boxes of different ammo to see if any would work. Only one brand of 20 year old PMC would function. But, even removing them they were scraping on the frame.

Two horrible Tauruses in a row. Wow! Talk about quality control. Ended up returning that one, obviously. Picked up a Smith model 60. Should have done that from the start.

There it is, still has a bit of cleaner on the grip. Needless to say, that one works fine. Guess you get what you pay for. Cheers.



r/Revolvers · 1y ago
RushEcstatic9368

## Taurus 605 timing issue?

I recently came to own a Taurus 605 from 1997 and upon inspection I noticed that when pulling the trigger fast the hammer falls before the cylinder locks up. Do I need a new cylinder hand? Or should I just cut my losses? Also in single action it seems to be in time.

⬆ 5 ⬇     💬 3     ↪ Share

Add your reply

Sort by: Best ⌄     🔍 Search Comments

**Fox7285** · 1y ago

They do have issues, I would get that checked out. I had a brand new one I had to return as when I got home I realized there were copper shavings on the forcing cone from misalignment. Now I do like Taurus revolvers, but you can get a new 605 for $300 ish dollars new. I'd cut your losses and upgrade unless this is special to you.

⬆ 1 ⬇     💬 Reply     ↪ Share     ···

New to Reddit?
Create your account and connect with a world of communities.

G     Continue with Google
✉     Continue with Email
📱     Continue With Phone Number

By continuing, you agree to our User Agreement and acknowledge that you understand the Privacy Policy.

r/Revolvers · 10mo ago
Taurus 605, worth it?
8 upvotes · 9 comments

r/Revolvers · 1y ago
Does anyone have good long term experience with the newer taurus revolvers like the 605 o...
4 upvotes · 8 comments

Case ID: 251002020
Control No.: 25114990



**flgolfer29** ✔ Discussion starter
112 posts · Joined 2018

#1 · Dec 18, 2022

I've been considering a new 856 or 605 for several weeks. But I wanted to see what kind of deals could be found at a local gun show this weekend. The 856 was preferred, but the only ones available were the ultra-lite, lots of them. However, there was one 605 stainless available. We haggled a bit on price before we agreed on a deal. $330 before tax.

This afternoon, I rode out to the country to put a few rounds through it. The first cylinder full of 357 magnums I was getting peppered in the face. Two of which left visible spots. Opening the cylinder to inspect the forcing cone, there were no shavings found. The blowback seemed to lessen as additional rounds were fired.

Overall, I enjoyed 50 rounds with a mix of both magnum & 38 special. It was surprisingly accurate shooting at plastic bottles at a distance of 7-8 yards.

When I cleaned the revolver, I noticed the sideplate screws were loose. Removed sideplate, disassembled the cylinder, cleaned, and then lubed. With the pachmayr grips installed, the magnum rounds were surprisingly tolerable to fire. Another range outing later this week to see if any felt blowback remains. Regardless of whether or not it will require a trip to Taurus, it will be a keeper.



Case ID: 251002020
Control No.: 25114990



Case ID: 251002020
Control No.: 25114990

# Exhibit C

Case ID: 251002020
Control No.: 25114990



**Philadelphia, PA**

**FIRING LINE INC.**
*Where Shooting is Still Affordable*

(215) 336-1710

Home | Firearms | Shooting Range | Law Enforcement Gear | Firearms Accessories | About | Testimonials | Contact

## Very Knowledgeable and Willing to Help in Any Way

Visit us Firing Line Inc and learn from our in-depth knowledge about how to effectively conceal a firearm, choose the right firearms for home defense, and select your first firearm. Everyone who works here is very knowledgeable and willing to help. Some members are certified as a firearms armorer, which means they are certified to maintain certain firearms and replace any parts.

Purchasing Programs     Philly's Best Gun Shop     Memberships Available

Case ID: 251002020
Control No.: 25114990

# Exhibit D

Case ID: 251002020
Control No.: 25114990





Case ID: 251002020
Control No.: 25114990

# Exhibit E

Case ID: 251002020
Control No.: 25114990

| SP 4-113(4/2019) | PENNSYLVANIA STATE POLICE **APPLICATION/RECORD OF SALE** | STATE POLICE USE ONLY |
|---|---|---|

| **A** | **INSTRUCTIONS** | |
|---|---|---|

TRANSFEREE/PURCHASER ---------- COMPLETE SECTION B AT TIME OF APPLICATION.
COMPLETE SECTION C AT TIME OF SALE OR TRANSFER.
LICENSEE ------------------------------------ COMPLETE BLOCKS 1, 3, AND 4, AND SECTIONS D AND E.
TRANSFEROR/SELLER ---------------- (FOR PRIVATE SALES) COMPLETE SECTION F.

NOTE:    FORM MUST BE COMPLETED IN ITS ENTIRETY BY TYPING OR PRINTING IN BLUE OR BLACK INK

**2. TRANSACTION SERIAL NO.**
E1162821

**3. STATE IDENTIFICATION NO.**
3158

**TRANSACTION SUBJECT TO SALES TAX:  NO**
*Please explain in Section F if you selected "NO" for subject to sales tax.*

**4. APPROVAL NO./DATE**
24W0588945
08/10/2024

| **B** | **TRANSFEREE'S/PURCHASER'S INFORMATION** |
|---|---|

| 5. LAST NAME SIMPKINS | 6. JR, ETC. | 7. FIRST NAME CLAUDE | 8. MIDDLE NAME J | 9. DATE OF BIRTH 06/30/1970 | 10. AGE 54 |
|---|---|---|---|---|---|

| 11. SEX M | 12. RACE B | 13 EYE COLOR BRO | 14. HAIR COLOR BLD | 15. WEIGHT 205 | 16. HEIGHT 511 | 17 SOCIAL SECURITY NO. (Optional) 5428 | 18. COUNTY OF RESIDENCE Philadelphia |
|---|---|---|---|---|---|---|---|

| 19. STREET ADDRESS 1832 CALLOWHILL ST APT C | 20. CITY PHILADELPHIA | 21. STATE PA | 22. ZIP CODE 19130 |
|---|---|---|---|

| 23. PA. PHOTO ID/DRIVER LICENSE NO 23756931 | 24. EMPLOYER/BUSINESS NAME Retired | 25. OCCUPATION |
|---|---|---|

| 26. STREET ADDRESS | 27. CITY | 28. STATE | 29. ZIP CODE |
|---|---|---|---|

| 30. ARE YOU A UNITED STATES CITIZEN?  IF NO, COUNTRY OF BIRTH: COUNTRY OF CITIZENSHIP:                    IMMIGRATION IDENTIFICATION NUMBER: | YES |
|---|---|
| 31.  HAVE YOU EVER BEEN CONVICTED OF A CRIME ENUMERATED IN SECTION 6105(b), OR DO ANY OF THE CONDITIONS UNDER 6105(c) APPLY TO YOU?  **(READ INFORMATION ON BACK PRIOR TO ANSWERING)** | NO |
| 32.  ARE YOU NOW CHARGED WITH, OR HAVE YOU EVER BEEN CONVICTED OF A CRIME PUNISHABLE BY IMPRISONMENT FOR A TERM EXCEEDING ONE YEAR? THIS IS THE MAXIMUM SENTENCE THAT YOU "COULD HAVE RECEIVED," NOT THE ACTUAL SENTENCE YOU DID RECEIVE.  (THIS DOES NOT INCLUDE FEDERAL OR STATE OFFENSES PERTAINING TO ANTITRUST, UNFAIR TRADE PRACTICES, RESTRAINTS OF TRADE, OR REGULATION OF BUSINESS; OR STATE OFFENSES CLASSIFIED AS MISDEMEANORS AND PUNISHABLE BY A TERM OF IMPRISONMENT NOT TO EXCEED TWO YEARS.) **(READ INFORMATION ON BACK PRIOR TO ANSWERING)** | NO |
| 33.  ARE YOU THE ACTUAL BUYER OF THE FIREARM AS DEFINED UNDER 18 PA.C.S - 6102 LISTED ON THIS APPLICATION/RECORD OF SALE?  (WARNING: YOU ARE NOT THE ACTUAL BUYER IF YOU ARE ACQUIRING THE FIREARM ON BEHALF OF ANOTHER PERSON UNLESS YOU ARE LEGITIMATELY ACQUIRING THE FIREARM AS A GIFT FOR ANY OF THE THE FOLLOWING INDIVIDUALS WHO ARE LEGALLY ELIGIBLE TO OWN A FIREARM: 1) SPOUSE; 2)PARENT; 3) CHILD; 4)GRANDPARENT; 5) GRANDCHILD | YES |

34. I VERIFY THE FACTS THAT I HAVE SET FORTH IN BLOCKS 5-33 OF THIS FORM ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.  THIS VERIFICATION IS MADE SUBJECT TO BOTH THE PENALTIES OF SECTION 4904 OF THE CRIMES CODE (18 PA.C.S 4904) RELATING TO UN-SWORN FALSIFICATION TO AUTHORITIES AND THE UNIFORM FIREARMS ACT. I ALSO UNDERSTAND THAT THE MAKING OF ANY FALSE WRITTEN STATEMENT OF THE EXHIBITING OF ANY FALSE MISREPRESENTED IDENTIFICATION WITH RESPECT TO THIS APPLICATION IS A CRIME PUNISHABLE AS A FELONY.

SIGNATURE OF TRANSFEREE/PURCHASER.                    DATE OF APPLICATION:08/10/2024

| **C** | **ACKNOWLEDGMENT** |
|---|---|

35. I ACKNOWLEDGE RECEIPT OF THE FIREARM (HANDGUN/LONG-GUN) AND A SUMMARY OF THE UNIFORM FIREARMS ACT WHICH INCLUDES A SAFETY BROCHURE.

SIGNATURE OF TRANSFEREE/PURCHASER:                    DATE 08/10/2024

| **D** | **LICENSEE'S INFORMATION:    EMPLOYEE** |
|---|---|

| 36. LAST NAME J. Isabella (41694) | 37. JR., ETC. | 38. FIRST NAME Gregory | 39. MIDDLE NAME | 40. SIGNATURE |
|---|---|---|---|---|

| 41. BUSINESS NAME FIRING LINE INC. | 42. BUSINESS TELEPHONE NO. 2153361710 | 43. COUNTY OF LICENSEE Philadelphia |
|---|---|---|

| 44. BUSINESS ADDRESS 1532 SOUTH FRONT STREET | 45. CITY PHILADELPHIA | 46. STATE PA | 47. ZIP CODE 19147 |
|---|---|---|---|

| 48. DATE OF TRANSACTION 08/10/2024 | 49. TIME OF TRANSACTION 15:09:48 |
|---|---|

| **E** | **FIREARM INFORMATION** |
|---|---|

| 50. DOES THIS PURCHASE INVOLVE A PISTOL OR REVOLVER WITH A BARREL LENGTH OF LESS THAN 15 INCHES, A SHOTGUN WITH A BARREL LENGTH OF LESS THAN 18 INCHES, A RIFLE WITH A BARREL LENGTH OF LESS THAN 16 INCHES, OR A FIREARM WITH AN OVERALL LENGTH OF LESS THAN 26 INCHES? | YES |
|---|---|

| 51. MAKE TAS - TAURUS (TAS) | 52. MODEL 605 | 53. CALIBER 38 | 54. LENGTH OF BARREL 3 | 55. SERIAL NUMBER AGA980251 |
|---|---|---|---|---|

| **F** | **TRANSFEROR'S/SELLER'S INFORMATION OR EXPLANATION FOR NONTAXABLE SALES** |
|---|---|

| 56. LAST NAME THE ARSENAL GUN SHOP | 57. JR., ETC. | 58.FIRST NAME 822015076C02409 | 59. MIDDLE NAME | 60. SIGNATURE |
|---|---|---|---|---|

| 61. STREET ADDRESS 1924 COOPER STREET | 62. CITY DEPTFORD | 63. COUNTY/STATE NJ | 64. ZIP CODE 08096 |
|---|---|---|---|

Case ID: 251002020
Control No.: 25114990

88775

PH# 267-640-8426

41694

# FIRING LINE, INC.
## 1532 SOUTH FRONT STREET
### PHILADELPHIA, PA 19147
#### 215-336-1710
www.firinglineinc.com

Customer's
Order No._____      Phone
                        No._____    Date_____ 20_____

Name   CLAUDE SIMPKINS

Address_____

| QUAN. | DESCRIPTION | PRICE | AMOUNT |
|-------|-------------|-------|--------|
| 1. | TAURUS 605 | L.F. | |
| | .357 MAG. 3.0 | | 250 |
| | SER# AGA980751 | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | TAX | |
| | | TOTAL | 25 00 |
| # 24WD588945 | | DEPOSIT | |
| | | BALANCE | |

**ALL SALES FINAL. CANCELLATION FEE $50.00**
Received by_____

Case ID: 251002020
Control No.: 25114990

# Exhibit F

Case ID: 251002020
Control No.: 25114990

## Last Filed Vital Signs - documented in this encounter

| Vital Sign | Reading | Time Taken | Comments |
|---|---|---|---|
| Blood Pressure | - | - | |
| Pulse | - | - | |
| Temperature | - | - | |
| Respiratory Rate | 18 | 02/05/2025 1:54 PM EST | |
| Oxygen Saturation | - | - | |
| Inhaled Oxygen Concentration | - | - | |
| Weight | 95.3 kg (210 lb) | 02/05/2025 1:54 PM EST | |
| Height | 177.8 cm (5' 10") | 02/05/2025 1:54 PM EST | |
| Body Mass Index | 30.13 | 02/05/2025 1:54 PM EST | |

## Progress Notes - documented in this encounter

### Nurse Christine P - 02/05/2025 2:15 PM EST

Formatting of this note might be different from the original.

54 yo male who presents with shrapnel in L cheek. Bullet exploded while at gun range 1 week ago.
+pain

Review of Systems
CONST: Negative for fatigue, fever and unexpected weight change.
HENT: Negative for hearing loss, rhinorrhea and sore throat.
EYES: Negative for visual disturbance.
RESP: Negative for cough and shortness of breath.
CV: Negative for chest pain.
GI: Negative for abdominal pain.
GU: Negative for dysuria.
MUSC/SKEL: Negative for arthralgias.
SKIN: Negative.
ALL/IMM: Negative for environmental allergies.
NEURO: Positive for headaches. Negative for dizziness and weakness.
HEME: Negative for easy bruising/bleeding.

Electronically signed by Nurse Christine P at 02/05/2025 7:09 PM EST

### Khashayar Arianpour, MD - 02/05/2025 2:15 PM EST

Formatting of this note is different from the original.
Images from the original note were not included.
Otolaryngology - Head and Neck Surgery
New Patient Visit

2/5/2025

Chief Complaint
Patient presents with
Facial Laceration/Trauma

History of Present Illness, Otolaryngology Specialty-Specific Exam, and Assessment and Plan:

Claude J Simpkins is a 54 y.o. male who presents after he was at the shooting range on 1/30/2025 in Rio Grande shooting at silhouette targets when he felt something hit him in the face while using a 357 magnum. He sustained a puncture wound just over left malar region. Patient states that the puncture healed by itself and on antibiotics Keflex. He did have more tenderness which has slowly improved. He does state that the area still tender to palpation, although, he denies redness or any drainage from the site. He sustained no other injuries. He denies any droopiness or significant edema. He did undergo a CT scan that demonstrated metallic foreign body in the left malar region composing of 1 2 to fragments 1 of which is quite deep.

On physical exam, he is alert and not in any acute distress. Palpable left malar foreign body, in line with the lateral canthal line. Slightly tender to palpation. No evidence of cellulitis. Facial nerve intact across all divisions. There are no lesions, masses, or other abnormalities. The remaining head and neck exam is within normal limits.

My impression today is consistent with a patient who presents with left malar foreign body secondary to back firing of shrapnel from the 357 magnum on January 30, 2025. Patient is quite motivated have a foreign body removed given that it is causing him discomfort and is palpable. Tenderness is improving. We discussed the risks of the procedure including proximity to the facial nerve and the need for incision which would lead to a scar. He wishes to proceed. Will work to arrange surgery. Patient understands to call or come in with any new or changing symptoms..

Sincerely,

Case ID: 251002020
Control No.: 25112990

Khashayar Arianpour, MD
Facial Plastic and Reconstructive Surgery Fellow

Case ID: 251002626
Control No.: 25112990

# Exhibit G

Case ID: 251002020
Control No.: 25114990

## Taurus 650

**Black 357 Mag 3 in.**



MSRP $: **534.99**

Instruction Manual ⬇

Dealer Locator 📍

Shop Accessories 🏷

**Buy Now:**

GunBroker.com

GALLERY OF GUNS.com

GUNS.COM

GUN MADE

You asked for it, and Taurus USA delivered—reintroducing the Taurus 650 .357 Magnum. This compact, 5-shot snub-nosed revolver features a fully shrouded hammer, ensuring a snag-free draw every time. Its sleek design minimizes the revolver's profile, reducing the risk of printing when carried concealed. Perfect for everyday carry, the Taurus 650's Double Action Only (DAO) trigger system and internal hammer offer smooth, reliable performance, delivering dependable ignition on magnum primers in high-stress situations.

Case ID: 251002020
Control No.: 25114990

**MARGOLIS EDELSTEIN**
BY:    Richard F. Ostriak, Esq.
PA Bar ID No. 83824
The Curtis Center
170 S. Independence Mall W.
Suite 400E
Philadelphia, PA 19106
(215) 931-5812
*rostriak@margolisedelstein.com*

Counsel for Defendant
*Firing Line, Inc.*

*Filed and Attested by the Office of Judicial Records 18 NOV 2025 01:19 pm B. BALILONIS*

| | | |
|---|---|---|
| CLAUDE SIMPKINS, | : | PHILADELPHIA COURT OF |
| *Plaintiff* | : | COMMON PLEAS |
| | : | |
| v. | : | OCTOBER TERM, 2025 |
| | : | No.    02020 |
| TAURUS HOLDINGS, INC, TAURUS | : | |
| INTERNATIONAL MANUFACTURING, | : | |
| INC., TAURUS ARMAS SA, ARSENAL | : | |
| GUN SHOP, LLC, and FIRING LINE, INC, | : | |
| *Defendants* | : | |
| | : | |

ENTRY OF APPEARANCE

TO THE PROTHONOTARY:

    Kindly enter my appearance on behalf of Defendant, Firing Line, Inc., in the above

matter.

                            **MARGOLIS EDELSTEIN**

BY: _____
          RICHARD F. OSTRIAK, ESQ.
          The Curtis Center
          170 S. Independence Mall W.
          Suite 400E
          Philadelphia, PA 19106
          (215) 931-5812
          *rostriak@margolisedelstein.com*

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA**

*Filed and Attested by the Office of Judicial Records 19 NOV 2025 04:41 pm B. MERCEDES*

CLAUDE SIMPKINS,

    Plaintiff,

v.

TAURUS HOLDINGS, INC., TAURUS INTERNATIONAL MANUFACTURING, INC., TAURUS ARMAS S.A., FIRING LINE, INC., and THE ARSENAL GUN SHOP, LLC,

    Defendants.

CIVIL ACTION

NO. 251002020

## ANSWER TO COMPLAINT OF THE ARSENAL GUNSHOP, LLC

The Arsenal Gunshop, LLC, by way of answer to the Complaint in this matter, by and through its attorneys, sets forth as follows:

1. Admitted.

2. Answering defendant lacks sufficient knowledge and information to form a belief as to the truth of this averment and it is accordingly denied.

3. Answering defendant lacks sufficient knowledge and information to form a belief as to the truth of this averment and it is accordingly denied.

4. Answering defendant lacks sufficient knowledge and information to form a belief as to the truth of this averment and it is accordingly denied.

5. Answering defendant lacks sufficient knowledge and information to form a belief as to the truth of this averment and it is accordingly denied.

Case ID: 251002020

6. Answering defendant lacks sufficient knowledge and information to form a belief as to the truth of this averment and it is accordingly denied.

7. Admitted that The Arsenal Gunshop LLC is a New Jersey limited liability company and licensed gun broker and dealer by the ATF with a Federal Firearms License and that its principal place of business is located at 1924 Cooper Street, Deptford, NJ 08096.

8. Admitted.

9. Answering defendant lacks sufficient knowledge and information to form a belief as to the truth of this averment and it is accordingly denied.

10. Answering defendant lacks sufficient knowledge and information to form a belief as to the truth of this averment and it is accordingly denied.

11. Answering defendant lacks sufficient knowledge and information to form a belief as to the truth of this averment and it is accordingly denied.

12. Answering defendant lacks sufficient knowledge and information to form a belief as to the truth of this averment and it is accordingly denied.

13. Denied.

14. Answering defendant lacks sufficient knowledge and information to form a belief as to the truth of this averment and it is accordingly denied.

15. Answering defendant lacks sufficient knowledge and information to form a belief as to the truth of this averment and it is accordingly denied.

16. Answering Defendant incorporates its foregoing answers to the corresponding paragraphs of the Complaint as if fully set forth at length herein.

2

Case ID: 251002020

17. Answering defendant lacks sufficient knowledge and information to form a belief as to the truth of this averment and it is accordingly denied.

18. Answering defendant lacks sufficient knowledge and information to form a belief as to the truth of this averment and it is accordingly denied.

19. Answering defendant lacks sufficient knowledge and information to form a belief as to the truth of this averment and it is accordingly denied.

20. Answering defendant lacks sufficient knowledge and information to form a belief as to the truth of this averment and it is accordingly denied.

21. Answering defendant lacks sufficient knowledge and information to form a belief as to the truth of this averment and it is accordingly denied.

22. Answering defendant lacks sufficient knowledge and information to form a belief as to the truth of this averment and it is accordingly denied.

23. Answering defendant lacks sufficient knowledge and information to form a belief as to the truth of this averment and it is accordingly denied.

24. Admitted?

25. Answering defendant lacks sufficient knowledge and information to form a belief as to the truth of this averment and it is accordingly denied.

26. Answering defendant lacks sufficient knowledge and information to form a belief as to the truth of this averment and it is accordingly denied.

27. Answering defendant lacks sufficient knowledge and information to form a belief as to the truth of this averment and it is accordingly denied.

28. Answering defendant lacks sufficient knowledge and information to form a belief as to the truth of this averment and it is accordingly denied.

Case ID: 251002020

29. Answering defendant lacks sufficient knowledge and information to form a belief as to the truth of this averment and it is accordingly denied.

30. Answering defendant lacks sufficient knowledge and information to form a belief as to the truth of this averment and it is accordingly denied.

31. Answering defendant lacks sufficient knowledge and information to form a belief as to the truth of this averment and it is accordingly denied.

32. Answering defendant lacks sufficient knowledge and information to form a belief as to the truth of this averment and it is accordingly denied.

33. Answering defendant lacks sufficient knowledge and information to form a belief as to the truth of this averment and it is accordingly denied.

34. Answering defendant lacks sufficient knowledge and information to form a belief as to the truth of this averment and it is accordingly denied.

35. Answering defendant lacks sufficient knowledge and information to form a belief as to the truth of this averment and it is accordingly denied.

36. Answering defendant lacks sufficient knowledge and information to form a belief as to the truth of this averment and it is accordingly denied.

37. Answering defendant lacks sufficient knowledge and information to form a belief as to the truth of this averment and it is accordingly denied.

38. Answering defendant lacks sufficient knowledge and information to form a belief as to the truth of this averment and it is accordingly denied.

39. Admitted.

40. Admitted in part and denied in part.  Plaintiff purchased the revolver from Arsenal and Arsenal delivered the firearm to Firing Line to complete the transfer of title.

4

Case ID: 251002020

41. Admitted.

42. Answering defendant lacks sufficient knowledge and information to form a belief as to the truth of this averment and it is accordingly denied.

43. Answering defendant lacks sufficient knowledge and information to form a belief as to the truth of this averment and it is accordingly denied.

44. Answering defendant lacks sufficient knowledge and information to form a belief as to the truth of this averment and it is accordingly denied.

45. Answering defendant lacks sufficient knowledge and information to form a belief as to the truth of this averment and it is accordingly denied.

46. Answering defendant lacks sufficient knowledge and information to form a belief as to the truth of this averment and it is accordingly denied.

47. Answering defendant lacks sufficient knowledge and information to form a belief as to the truth of this averment and it is accordingly denied.

48. Answering defendant lacks sufficient knowledge and information to form a belief as to the truth of this averment and it is accordingly denied.

49. Answering defendant lacks sufficient knowledge and information to form a belief as to the truth of this averment and it is accordingly denied.

50. Answering defendant lacks sufficient knowledge and information to form a belief as to the truth of this averment and it is accordingly denied.

51. Answering defendant lacks sufficient knowledge and information to form a belief as to the truth of this averment and it is accordingly denied.

52. Answering defendant lacks sufficient knowledge and information to form a belief as to the truth of this averment and it is accordingly denied.

5

53. Answering defendant lacks sufficient knowledge and information to form a belief as to the truth of this averment and it is accordingly denied.

54. Answering defendant lacks sufficient knowledge and information to form a belief as to the truth of this averment and it is accordingly denied.

55. Answering defendant lacks sufficient knowledge and information to form a belief as to the truth of this averment and it is accordingly denied.

56. Answering defendant lacks sufficient knowledge and information to form a belief as to the truth of this averment and it is accordingly denied.

### COUNT I

56. [sic] Answering Defendant incorporates its foregoing answers to the corresponding paragraphs of the Complaint as if fully set forth at length herein.

57. The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required.  To the extent an answer is required, the allegations contained in this paragraph are denied.

58. The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required.  To the extent an answer is required, the allegations contained in this paragraph are denied.

59. The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required.  To the extent an answer is required, the allegations contained in this paragraph are denied.

60. The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required.  To the extent an answer is required, the allegations contained in this paragraph are denied.

6

61. The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required. To the extent an answer is required, the allegations contained in this paragraph are denied.

62. The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required. To the extent an answer is required, the allegations contained in this paragraph are denied.

63. The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required. To the extent an answer is required, the allegations contained in this paragraph are denied.

64. The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required. To the extent an answer is required, the allegations contained in this paragraph are denied.

WHEREFORE, The Arsenal Gunshop LLC hereby demands that judgment be entered dismissing Plaintiff's Complaint with prejudice.

**COUNT II**

65. Answering Defendant incorporates its foregoing answers to the corresponding paragraphs of the Complaint as if fully set forth at length herein.

66. The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required. To the extent an answer is required, the allegations contained in this paragraph are denied.

67. The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required. To the extent an answer is required, the allegations contained in this paragraph are denied.

7

Case ID: 251002020

68. The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required. To the extent an answer is required, the allegations contained in this paragraph are denied.

69. The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required. To the extent an answer is required, the allegations contained in this paragraph are denied.

70. The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required. To the extent an answer is required, the allegations contained in this paragraph are denied.

72. [sic] The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required. To the extent an answer is required, the allegations contained in this paragraph are denied.

73. The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required. To the extent an answer is required, the allegations contained in this paragraph are denied.

74. The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required. To the extent an answer is required, the allegations contained in this paragraph are denied.

75. The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required. To the extent an answer is required, the allegations contained in this paragraph are denied.

8

Case ID: 251002020

76. The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required. To the extent an answer is required, the allegations contained in this paragraph are denied.

77. The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required. To the extent an answer is required, the allegations contained in this paragraph are denied.

78. The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required. To the extent an answer is required, the allegations contained in this paragraph are denied.

WHEREFORE, The Arsenal Gunshop LLC hereby demands that judgment be entered dismissing Plaintiff's Complaint with prejudice.

**COUNT III**

79. Answering Defendant incorporates its foregoing answers to the corresponding paragraphs of the Complaint as if fully set forth at length herein.

80. The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required. To the extent an answer is required, the allegations contained in this paragraph are denied.

81. The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required. To the extent an answer is required, the allegations contained in this paragraph are denied.

82. The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required. To the extent an answer is required, the allegations contained in this paragraph are denied.

9

Case ID: 251002020

83. The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required.  To the extent an answer is required, the allegations contained in this paragraph are denied.

WHEREFORE, The Arsenal Gunshop LLC hereby demands that judgment be entered dismissing Plaintiff's Complaint with prejudice.

## COUNT IV

84. Answering Defendant incorporates its foregoing answers to the corresponding paragraphs of the Complaint as if fully set forth at length herein.

85. The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required.  To the extent an answer is required, the allegations contained in this paragraph are denied.

86. The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required.  To the extent an answer is required, the allegations contained in this paragraph are denied.

87. The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required.  To the extent an answer is required, the allegations contained in this paragraph are denied.

88. The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required.  To the extent an answer is required, the allegations contained in this paragraph are denied.

89. The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required.  To the extent an answer is required, the allegations contained in this paragraph are denied.

Case ID: 251002020

90. The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required. To the extent an answer is required, the allegations contained in this paragraph are denied.

91. The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required. To the extent an answer is required, the allegations contained in this paragraph are denied.

92. The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required. To the extent an answer is required, the allegations contained in this paragraph are denied.

WHEREFORE, The Arsenal Gunshop LLC hereby demands that judgment be entered dismissing Plaintiff's Complaint with prejudice.

## COUNT V

93. Answering Defendant incorporates its foregoing answers to the corresponding paragraphs of the Complaint as if fully set forth at length herein.

94. The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required. To the extent an answer is required, the allegations contained in this paragraph are denied.

95. The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required. To the extent an answer is required, the allegations contained in this paragraph are denied.

96. The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required. To the extent an answer is required, the allegations contained in this paragraph are denied.

11

Case ID: 251002020

97. The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required. To the extent an answer is required, the allegations contained in this paragraph are denied.

WHEREFORE, The Arsenal Gunshop LLC hereby demands that judgment be entered dismissing Plaintiff's Complaint with prejudice.

## COUNT VI

98. Answering Defendant incorporates its foregoing answers to the corresponding paragraphs of the Complaint as if fully set forth at length herein.

99. The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required. To the extent an answer is required, the allegations contained in this paragraph are denied.

100. The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required. To the extent an answer is required, the allegations contained in this paragraph are denied.

101. The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required. To the extent an answer is required, the allegations contained in this paragraph are denied.

102. The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required. To the extent an answer is required, the allegations contained in this paragraph are denied.

WHEREFORE, The Arsenal Gunshop LLC hereby demands that judgment be entered dismissing Plaintiff's Complaint with prejudice.

12

Case ID: 251002020

**COUNT VII**

103.    Answering Defendant incorporates its foregoing answers to the corresponding paragraphs of the Complaint as if fully set forth at length herein.

104.    The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required.  To the extent an answer is required, the allegations contained in this paragraph are denied.

105.    The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required.  To the extent an answer is required, the allegations contained in this paragraph are denied.

106.    The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required.  To the extent an answer is required, the allegations contained in this paragraph are denied.

107.    The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required.  To the extent an answer is required, the allegations contained in this paragraph are denied.

108.    The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required.  To the extent an answer is required, the allegations contained in this paragraph are denied.

WHEREFORE, The Arsenal Gunshop LLC hereby demands that judgment be entered dismissing Plaintiff's Complaint with prejudice.

Case ID: 251002020

## COUNT VIII

109.    Answering Defendant incorporates its foregoing answers to the corresponding paragraphs of the Complaint as if fully set forth at length herein.

110.    The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required.  To the extent an answer is required, the allegations contained in this paragraph are denied.

111.    The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required.  To the extent an answer is required, the allegations contained in this paragraph are denied.

112.    The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required.  To the extent an answer is required, the allegations contained in this paragraph are denied.

113.    The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required.  To the extent an answer is required, the allegations contained in this paragraph are denied.

114.    The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required.  To the extent an answer is required, the allegations contained in this paragraph are denied.

115.    The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required.  To the extent an answer is required, the allegations contained in this paragraph are denied.

14

Case ID: 251002020

116.    The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required.  To the extent an answer is required, the allegations contained in this paragraph are denied.

117.    The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required.  To the extent an answer is required, the allegations contained in this paragraph are denied.

WHEREFORE, The Arsenal Gunshop LLC hereby demands that judgment be entered dismissing Plaintiff's Complaint with prejudice.

## COUNT IX

118.    Answering Defendant incorporates its foregoing answers to the corresponding paragraphs of the Complaint as if fully set forth at length herein.

119.    Admitted.

120.    Denied.

121.    Denied.

122.    Denied.

WHEREFORE, The Arsenal Gunshop LLC hereby demands that judgment be entered dismissing Plaintiff's Complaint with prejudice.

## COUNT X

123.    Answering Defendant incorporates its foregoing answers to the corresponding paragraphs of the Complaint as if fully set forth at length herein.

124.    Admitted.

125.    Denied.

126.    Denied.

15

Case ID: 251002020

127. Denied.

WHEREFORE, The Arsenal Gunshop LLC hereby demands that judgment be entered dismissing Plaintiff's Complaint with prejudice.

## COUNT XI

128. Answering Defendant incorporates its foregoing answers to the corresponding paragraphs of the Complaint as if fully set forth at length herein.

129. Admitted.

130. Denied.

131. Denied.

132. Denied.

133. Denied.

WHEREFORE, The Arsenal Gunshop LLC hereby demands that judgment be entered dismissing Plaintiff's Complaint with prejudice.

## COUNT XII

134. Answering Defendant incorporates its foregoing answers to the corresponding paragraphs of the Complaint as if fully set forth at length herein.

135. Denied.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

140. Denied.

141. Denied.

Case ID: 251002020

142.    Denied.

WHEREFORE, The Arsenal Gunshop LLC hereby demands that judgment be entered dismissing Plaintiff's Complaint with prejudice.

## COUNT XIII

143.    Answering Defendant incorporates its foregoing answers to the corresponding paragraphs of the Complaint as if fully set forth at length herein.

144.    The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required.  To the extent an answer is required, the allegations contained in this paragraph are denied.

145.    The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required.  To the extent an answer is required, the allegations contained in this paragraph are denied.

146.    The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required.  To the extent an answer is required, the allegations contained in this paragraph are denied.

147.    The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required.  To the extent an answer is required, the allegations contained in this paragraph are denied.

148.    The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required.  To the extent an answer is required, the allegations contained in this paragraph are denied.

17

149.    The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required.  To the extent an answer is required, the allegations contained in this paragraph are denied.

150.    The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required.  To the extent an answer is required, the allegations contained in this paragraph are denied.

151.    The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required.  To the extent an answer is required, the allegations contained in this paragraph are denied.

WHEREFORE, The Arsenal Gunshop LLC hereby demands that judgment be entered dismissing Plaintiff's Complaint with prejudice.

## COUNT XIV

152.    Answering Defendant incorporates its foregoing answers to the corresponding paragraphs of the Complaint as if fully set forth at length herein.

153.    The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required.  To the extent an answer is required, the allegations contained in this paragraph are denied.

154.    The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required.  To the extent an answer is required, the allegations contained in this paragraph are denied.

155.    The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required.  To the extent an answer is required, the allegations contained in this paragraph are denied.

18

Case ID: 251002020

156.    The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required.  To the extent an answer is required, the allegations contained in this paragraph are denied.

157.    The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required.  To the extent an answer is required, the allegations contained in this paragraph are denied.

158.    The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required.  To the extent an answer is required, the allegations contained in this paragraph are denied.

159.    The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required.  To the extent an answer is required, the allegations contained in this paragraph are denied.

160.    The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required.  To the extent an answer is required, the allegations contained in this paragraph are denied.

161.    The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required.  To the extent an answer is required, the allegations contained in this paragraph are denied.

162.    The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required.  To the extent an answer is required, the allegations contained in this paragraph are denied.

Case ID: 251002020

163. The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required. To the extent an answer is required, the allegations contained in this paragraph are denied.

164. The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required. To the extent an answer is required, the allegations contained in this paragraph are denied.

WHEREFORE, The Arsenal Gunshop LLC hereby demands that judgment be entered dismissing Plaintiff's Complaint with prejudice.

## COUNT XV

165. Answering Defendant incorporates its foregoing answers to the corresponding paragraphs of the Complaint as if fully set forth at length herein.

166. The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required. To the extent an answer is required, the allegations contained in this paragraph are denied.

167. The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required. To the extent an answer is required, the allegations contained in this paragraph are denied.

168. The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required. To the extent an answer is required, the allegations contained in this paragraph are denied.

169. The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required. To the extent an answer is required, the allegations contained in this paragraph are denied.

Case ID: 251002020

WHEREFORE, The Arsenal Gunshop LLC hereby demands that judgment be entered dismissing Plaintiff's Complaint with prejudice.

## COUNT XVI

170. Answering Defendant incorporates its foregoing answers to the corresponding paragraphs of the Complaint as if fully set forth at length herein.

171. The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required. To the extent an answer is required, the allegations contained in this paragraph are denied.

172. The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required. To the extent an answer is required, the allegations contained in this paragraph are denied.

173. The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required. To the extent an answer is required, the allegations contained in this paragraph are denied.

174. The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required. To the extent an answer is required, the allegations contained in this paragraph are denied.

175. The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required. To the extent an answer is required, the allegations contained in this paragraph are denied.

176. The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required. To the extent an answer is required, the allegations contained in this paragraph are denied.

21

177. The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required. To the extent an answer is required, the allegations contained in this paragraph are denied.

178. The allegations in this paragraph are not directed to Answering Defendant and accordingly no answer is required. To the extent an answer is required, the allegations contained in this paragraph are denied.

WHEREFORE, The Arsenal Gunshop LLC hereby demands that judgment be entered dismissing Plaintiff's Complaint with prejudice.

## NEW MATTER

1. The Complaint fails to state a claim upon which relief may be granted.

2. The claims asserted the Complaint are barred by applicable statutes of limitations.

3. Some or all of plaintiff's claims are barred by the doctrine of unclean hands, waiver, laches, estoppel, and other forms of equitable relief.

4. Plaintiff may have failed to join all indispensable parties.

5. Any damages allegedly suffered by plaintiff were caused by the intentional, reckless, negligent conduct of plaintiff.

6. Any loss sustained by plaintiff was due to the acts or omissions of plaintiff or some other third party over whom the defendant exercises no control.

7. Plaintiff's claims are barred due to plaintiff's failure to mitigate his damages.

8. The allegations contained in plaintiff's complaint, in whole or in part, are not well grounded in fact, or warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and/or are interposed for an improper reason,

22

Case ID: 251002020

including but not limited to, to harass or cause unnecessary delay or needless increase in the cost of litigation or the administration of justice.

9.  At all times relevant herein, the defendant acted in a commercially reasonable manner.

10. At all times the defendant has acted in full compliance with all applicable laws, ordinances and regulations, which compliance bars plaintiff from asserting the claims in the complaint.

11. Defendant has acted with due care at all relevant times and complied with all applicable laws, regulations, and standards and otherwise conducted itself as a reasonable person.

12. Defendant violated no duty or obligation to plaintiff under common law, statute, any contract, or otherwise.

## CROSSCLAIM FOR INDEMNIFICATION

1.  Answering Defendant denies negligence or any responsibility whatsoever for the acts complained of in the Complaint filed herein.

2.  If in fact Defendant The Arsenal Gunshop LLC is found to have any responsibility in this matter then, in that event, Arsenal hereby crossclaims for indemnity pursuant to common law indemnity against all Co-defendants.

## CROSSCLAIM FOR CONTRIBUTION

Answering Defendant demands contribution from all Co-defendants under the provisions of Pa. C.S. § 8321, et seq.

Dated: November 19, 2025          /s/ Ellen M. McDowell
Ellen M. McDowell
McDowell Law, PC
46 West Main Street
Maple Shade, NJ 08052
(856) 482-5544
emcdowell@mcdowelllegal.com

23